IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., :<br>　　　　Plaintiff, :<br>v. :<br>TELES AG :<br>INFORMATIONSTECHNOLOGIEN :<br>　　　　Defendant. : | Civil Action No. 1:05CV02048<br>(RBW) |

### RENEWED MOTION FOR ORDER TO SERVE BY PUBLICATION

Pursuant to 35 U.S.C. § 293, Plaintiff, Cisco Systems, Inc., hereby moves the Court to order that Defendant, Teles AG Informationstechnologien, be served by publication as specified in the attached Proposed Order For Service By Publication.

Dated: October 27, 2005

BAKER BOTTS LLP

By: _____
Frederick G. Michaud
D.C. Bar No. 177675
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-639-7700
Fax: 202-639-7890

**Counsel for Plaintiff,**
*Cisco Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TELES AG : <br> INFORMATIONSTECHNOLOGIEN : <br> : <br> Defendant. : <br> : | Civil Action No. 1:05CV02048 <br> (RBW) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## RENEWED MOTION TO SERVE BY PUBLICATION

This is a renewed motion by Plaintiff, Cisco Systems, Inc. ("Cisco") for an order to serve the complaint by publication. The Court considered the subject of this motion on October 26, 2005, and issued an order denying the motion without prejudice. The Court was concerned that Cisco stated "on information and belief," without stating it made a reasonable inquiry, that the plaintiff/patentee had not made a written designation of a domestic representative to accept service. Cisco appreciates the Court's concern and states herein that the file of the subject patent has been reviewed by counsel and it contains no written designation. As discussed below, if there is a written designation, it should be in the patent file. Therefore, it is believed that counsel has satisfied the Court's concern, and Cisco respectfully requests that the Court grant the present motion and issue the proposed order attached hereto.

This is a declaratory judgment action filed by Plaintiff, Cisco, seeking a declaration that United States Patent 6,954,453 ("the '453 patent") is invalid and not infringed. The Defendant, Teles AG InformationStechnologien ("Teles"), owns the '453 patent and its counterpart German

patent. Teles has already sued Cisco in Germany for infringement of the German counterpart and has threatened to sue Cisco in the United States for infringement of the '453 patent.

Teles does not reside in the United States, but it has availed itself of the laws of the United States by seeking and obtaining the '453 patent in the United States Patent and Trademark Office. Thus, Teles is subject to the jurisdiction of this Court with respect to any proceedings affecting its patent. Specifically, 35 U.S.C. § 293 states:

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.

Section 302.04 of the Manual of Patent Examining Procedure (MPEP), Rev. 3, August 2005, states that "[a]n assignee of a patent or patent application who is not domiciled in the United States may, by written document signed by such assignee, designate a domestic representative. The designation of domestic representative should always be a paper separate from any assignment document, in order that the paper of designation can be retained in the appropriate application or patent file." Exhibit 1 attached hereto.

Counsel for Cisco reviewed the prosecution file of the '453 patent and did not find a paper designating a domestic representative. In addition, counsel reviewed the assignment records concerning the '453 patent and located an assingment to Teles but no designation of a domestic representative. Thus, it appears that Teles has not filed a written designation with the Patent and Trademark Office. Summons may therefore be served "by publication or otherwise

as the court directs." Cisco therefore requests that the Court grant this motion and enter the attached Order For Service By Publication. The Order provides for publication in the Daily Washington Law Reporter pursuant to the requirements of LCvR 83.22. To assure adequate notification, the Order also requires that Cisco provide Teles with a copy of this Order and the Complaint at its offices in Germany.

The Proposed Order For Service By Publication complies with the requirements of § 293 and LCvR 83.22. It provides Teles with effective notification of the action and ample opportunity to appear in the action. Thus, Cisco respectfully requests the Court to issue the Proposed Order For Service By Publication.

Dated: October 27, 2005

BAKER BOTTS LLP

By: _____
Frederick G. Michaud
D.C. Bar No. 177675
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-639-7700
Fax: 202-639-7890

**Counsel for Plaintiff,**
*Cisco Systems, Inc.*

OF COUNSEL

Bart Showalter
Douglas Kubehl
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel: 214-953-6500
Fax: 214-953-6503