# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN, <br><br> Defendant. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN, <br><br> Counterclaimant, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Counterdefendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 1:05-CV-02048 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF CISCO SYSTEMS' SUPPLEMENTAL
## FILING TO THE JOINT MEET AND CONFER STATEMENT

Plaintiff Cisco Systems, Inc. ("Cisco") submits this supplemental filing to the Joint Meet and Confer statement in order to provide the Court some important recent information concerning the final decisions in Germany invalidating the German and European counterpart patents of Defendant Teles AG's ("Teles") U.S. patent and ruling that Cisco's products did not infringe those patents. Cisco submits that this information is highly germane to the proper scheduling of this case, and particularly to the need for an early, orderly process by which this Court is to conduct a Markman hearing to construe the claims at issue here and thus significantly narrow the issues in dispute. Cisco's proposed schedule is set out in the Joint Meet and Confer Statement filed on May 23, 2006.

Briefly, Cisco initiated this case under 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that a U.S. patent issued on October 1, 2005 to Teles is invalid and not infringed by

Cisco's products. The patent at issue in the present case is United States Patent No. 6,954,453 ("the '453 Patent"), entitled "Method for Transmitting Data in a Telecommunications Network and Switch for Implementing Said Method" (copy attached hereto as Exhibit A). Teles has counterclaimed and alleged that multiple products manufactured or sold by Cisco infringe one or more claims of the '453 Patent.

Generally speaking, the technology at issue pertains to the routing of telephone calls or data transmissions by switches that provide connections to either the traditional telephone network (sometimes referred to as the "public switched telephone network") or to a "packet switched" network such as the internet. The patent, and the claims, require that an infringing device be able to dynamically switching an ongoing telephone call from a packet network to a switched network during the call, without any interruption of the call between the sender and the receiver. Cisco alleges that its products – some of which are listed in Teles' counterclaims – do not meet this fundamental requirement of the claims, and also do not meet other limitations of the claims of the '453 Patent and thus, Teles cannot prove infringement under 35 U.S.C. § 271. Cisco also alleges that the patent is invalid under various provisions of 35 U.S.C. §§ 102, 103 and 112 and that the patent is unenforceable under applicable federal law. Teles denies these allegations. Both parties agree that jurisdiction is proper in this Court.

Since the parties filed their Joint Meet and Confer Statement and discussed the scheduling issues in this case, two different German courts have issued their official rulings and opinions on Teles' European and German patents. The rulings are highly germane here because the claim language in Europe and Germany is very similar to what Cisco is facing here. We attach as Exhibit B and Exhibit C, for the Court's information, translations of the decisions of the German Patent Court, dated June 2 and 6, 2006, in which that Court has ruled (subject to appeal) that Teles' German and European patents are invalid and its claimed invention is unpatentable. We also attach, as Exhibit D, a translation of the decision of the Mannheim District Court, dated June 14, 2006, ruling (again subject to appeal) that Cisco's products do not infringe Teles' German or European patents, and thus that Teles' claims are dismissed.

As Cisco has argued in the Joint Meet and Confer Statement, in light of the already highly questionable validity of Teles' patent, and in light of the finding of non-infringement of Cisco's products by the German court, it is very important in this case that this Court cut to the heart of the matter and hold an early Markman claim construction hearing in this case. Doing so will greatly narrow the issues in dispute and save significant court and party time on this matter.

Respectfully submitted,

/s/ John A. Moustakas
John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-2000
(202) 346-4444 (fax)
jmoustakas@goodwinprocter.com

*Of Counsel:*
John C. Englander (*admitted pro hac vice*)
J. Anthony Downs (*admitted pro hac vice*)
Lana S. Shiferman (*admitted pro hac vice*)
Michael J. McNamara (*admitted pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz (*admitted pro hac vice*)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
(212) 355-3333 (fax)

DATED: June 15, 2006

- 4 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2006.

      /s/ John A. Moustakas