# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **QPSX DEVELOPMENTS 5 PTY LTD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case No. 2-05CV-268 (TJW)** |
| | § | |
| **JUNIPER NETWORKS, INC., et al.** | § | |
| | § | |
| *Defendants.* | § | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of

disputes over confidentiality of discovery materials, to adequately protect information the parties

are entitled to keep confidential, to ensure that only materials the parties are entitled to keep

confidential are subject to such treatment, and to ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R.

Civ. P. 26(c), it is hereby ORDERED THAT:

### INFORMATION SUBJECT TO THIS ORDER

1.    For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all

information or material produced for or disclosed to a receiving party that a producing party,

including any party to this action and any non-party producing information or material

voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade

secrets or other confidential technical, sales, marketing, financial, or other commercial

information, whether embodied in physical objects, documents, or the factual knowledge of

persons, and which has been so designated by the producing party.  Any CONFIDENTIAL

INFORMATION obtained by any party from any person pursuant to discovery in this litigation

may be used only for purposes of preparation and litigation of this matter.

2.    Any document or tangible thing containing or including any CONFIDENTIAL

INFORMATION may be designated as such by the producing party by marking it

"CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL-SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Deposition transcripts shall be treated as ATTORNEYS' EYES ONLY until the expiration of the time to make confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

4.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5.     Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the receiving party.

6.     The following information is not CONFIDENTIAL INFORMATION:

a.     Any information which at the time of disclosure to a receiving party is in the public domain;

b.     Any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.     Any information that the receiving party can show was already known to it prior to the disclosure;

d.     Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

e.   Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

## NO WAIVER OF PRIVILEGE

7.   Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as protected from disclosure by attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return to the producing party all copies of such inadvertently produced document(s), all copies thereof and any materials derived from or based thereon to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

## INFORMATION DESIGNATED ATTORNEYS' EYES ONLY

8.   CONFIDENTIAL INFORMATION may be additionally designated ATTORNEYS' EYES ONLY. The ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary financial or technical data or commercially sensitive competitive information, including, without limitation CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents designated ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

3

a.     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.     Technical advisers who have complied with the provisions of paragraphs 12-13 herein and who have signed the form attached hereto as Attachment A;

c.     With respect to the documents designated ATTORNEYS' EYES ONLY, information contained therein shall be made available to one (1) in-house attorney (including support staff as reasonably necessary) for each Party who act in a legal capacity for that Party, who have signed the form attached hereto as Attachment A, who are responsible for and/or working directly in the prosecution or defense of this action, and are not presently directly involved in patent procurement activities and/or in business decision-making;

d.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.     Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions;  non–technical jury or trial consulting services not including mock jurors.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

9. Except as otherwise agreed to by the parties, or ordered by the Court, in addition to all persons identified in paragraph 8, the following persons shall have access to CONFIDENTIAL information:

a. A control group of no more than two (2) individuals who are employees, managers, officers and/or members of the corporate board of directors of such receiving party with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel), provided that such individuals may not be directly involved in patent procurement activities.

(i) Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL INFORMATION to a control group, counsel for the receiving party shall first obtain from such individual a signed statement, in the form attached hereto as Attachment A, stating he or she has read and understands this Order and agrees to be bound by its terms. Attachment A shall be retained by counsel for the receiving party, and produced upon demand.

10. Any individual who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated ATTORNEYS' EYES ONLY under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application claiming ATM switching technology within two (2) years from the disclosure of such technical information or one (1) year after the conclusion of this litigation, including any appeals, whichever period is longer. To ensure compliance with this provision, Plaintiff and Defendants shall create an ethical wall between those persons with access to technical information designated ATTORNEYS' EYES ONLY under this Protective Order and those

individuals who prepare, prosecute, supervise, or assist in the prosecution of any patent application claiming ATM switching technology.

11.    Documents or other things that are designated Confidential and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE" and shall be provided the following further protections:

    a.    Each party producing software and/or computer source code ("Source Code") shall produce Source Code in searchable electronic form on CDs, DVDs, or hard drives bearing production identification numbers and marked as "RESTRICTED CONFIDENTIAL-SOURCE CODE;"

    b.    The Source Code CD's, DVD's, or hard drives shall, at the producing party's discretion, be produced directly to the receiving party or made available for inspection as follows:

In the case of production of source code by QPSX, the source code will be made available for review at a single secure site for each Defendant, in either Dallas, Texas or Houston, Texas, at a location within the control of outside counsel of record for each Defendant. In the case of production of source code at a secure site by any of the Defendants, the source code will be made available for review at a single secure site, in either Dallas, Texas or Houston, Texas, at a location within the control of outside counsel of record for QPSX.

As an alternative, any producing party may make its source code available for review at a single secure site in either Dallas, Texas or Houston, Texas within the control of a third party (i.e., escrow company) according to the additional terms detailed in Sections 11(d) & (e). If a producing party exercises this option, it assumes the payment of all costs related thereto.

c.    The Source Code will be viewed only on non-networked computers in secure, locked areas of the designated offices of the receiving party ("Source Code Custodian") except as provided herein;

d.    **For Third Party Control of Source Code.** The third party secure site shall be provided at the producing party's expense and shall be available from the date of this Order until close of expert discovery in this matter on three (3) business day's written notice of the first use and on twenty-four (24) hours notice of any subsequent use. If the secure site is used on consecutive days, 15 hours notice of use shall be sufficient (e.g., notice of use should be made by 5:00 pm on one day of intended use beginning at 8:00 am the next day). A party reviewing the source code is not limited to inspections during normal business hours.

e.    **For Third Party Control of Source Code.** The third party secure site shall be provisioned with all of the tools that are available to employees of the producing party that develop, maintain, or operate the computer source code either as source code or as executable code, including compilers, linkers, debugging programs, and any other tools useful in analyzing the computer source code. The third party secure site shall be provisioned with a printer, watermarked printer paper and toner to allow printouts to be made from the source code.

f.    Access to information designated RESTRICTED CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and the persons described in paragraph 8, except 8(c) (in-house counsel). A receiving party may include excerpts of Source Code in  a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"); each excerpt of Source Code quoted in a Source Code

Document shall be insubstantial when compared to the entire Source Code produced by the producing party – as an example, excerpts of approximately 25 to 40 lines in length would be allowed;

g.   To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

h.   Source Code shall be viewed within the designated United States offices of the Source Code Custodian. No electronic copies of Source Code shall be made, except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up copies of the information on each such computer. However, to the extent portions of Source Code are quoted in a Source Code Document, Source Code Custodians and the persons described in paragraph 8, except 8(c) (in-house counsel), shall be permitted to store and access Source Code Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 8, except 8(c) (in-house counsel), may also send Source Code Documents to authorized persons via electronic mail;

i.   Documents containing Source Code stored on a computer or computer network shall be password protected so as to limit access to authorized persons;

j.   With respect to any source code made available at the office of Source Code Custodian, the Source Code Custodian and the party's technical advisors shall be limited to no more than 500 pages of printouts or photocopies of the Source Code. Any and all such printouts or

8

photocopies shall be marked "RESTRICTED CONFIDENTIAL-SOURCE CODE."

k.    The receiving party shall maintain a log of all files that are printed or photocopied.

l.    Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE" and shall continue to be treated as such.

m.    If the receiving party or its technical advisor makes printouts or photocopies of portions of Source Code, the receiving party shall keep the printouts or photocopies in a secured locked area in the office of the outside counsel or technical advisor.    The receiving party may also temporarily keep the printouts or photocopies at: (i) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).

## DISCLOSURE OF TECHNICAL ADVISERS

12.    Information designated by the producing party as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE, and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation subject to the provisions of paragraph 11 above ("Protected Information"), may be furnished and disclosed to the receiving party's technical advisers. The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult.

13.    No disclosure of Protected Information to a technical adviser shall occur until a signed form attached hereto as Attachment A stating that the technical adviser has read and

9

understands this Order and agrees to be bound by its terms has been provided to the producing party.

14.    A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice to the producing party, who shall have ten (10) days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

15.    A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

16.    If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) day period shall operate as an approval of disclosure of the Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

17.    The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good

cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information would result in a clearly defined and serious injury to the objecting party's business, and (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to the objecting party's competitors.

18.    If the Court has not ruled on the motion within thirty (30) days from the conclusion of the briefing period, the parties agree to file a joint motion for expedited consideration of the objecting party's motion.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

19.    The parties shall use reasonable care when designating documents or information as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE designation with respect to any document or information contained therein.

20.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE designation. The burden of demonstrating

11

the confidential nature of any information shall at all times be and remain on the designating party.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

21.    CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

22.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

a.    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information which has been produced by that party;

b.    A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information of which he or she has prior knowledge, including any CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information that refers to matters of which the witness has personal

12

knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c.    Non-parties may be examined or testify concerning any document containing CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE.

13

23.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

briefs, and other documents submitted to the Court which have been designated as

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-

SOURCE CODE or which contain information so designated, shall be filed in sealed envelopes

or other appropriate sealed containers on which shall be endorsed the title of this matter, an

indication of the nature of the contents of such sealed envelope or other container, the words

"CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," and a statement

substantially in the following form:

> This envelope contains confidential information filed in this case
> by (name of party) and is not to be opened nor the contents thereof
> to be displayed or revealed except by order of the Court presiding
> over this matter.

Outside attorneys of record for the parties are hereby authorized to be the persons who may

retrieve confidential exhibits and/or other confidential matters filed with the Court upon

terminaton of this litigation without further order of this Court, and are the persons to whom

such confidential exhibits or other confidential matters may be returned by the Clerk of the

Court, if they are not so retreived.  No material or copies thereof so filed shall be released except

by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

24.    Nothing in this Order shall prohibit the transmission or communication of

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-

SOURCE CODE information between or among qualified recipients

    a.    By hand delivery;

    b.    In sealed envelopes or containers via mail or an established freight,

           delivery or messenger service; or

      c.    By telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

25.    CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL, ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL-SOURCE CODE information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE information, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NONPARTY USE OF THIS PROTECTIVE ORDER

26.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE information pursuant to the terms of this Protective Order.

27.    A nonparty's use of this Protective Order to protect its CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE

information does not entitle that nonparty access to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL-SOURCE CODE information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

28.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

29.    Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right, or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity may obtain the return of those materials by notifying the recipient(s), as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, and providing a privilege log for the inadvertently produced materials. The recipient(s) shall then gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.

30.    Inadvertent or unintentional production of documents or information containing CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information which are not designated CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately notify the other parties of the error in writing and provide

16

replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

31.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody CONFIDENTIAL or ATTORNEYS' EYES ONLY information which were received from the producing party, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, that all CONFIDENTIAL and ATTORNEYS' EYES ONLY information, not embodied in physical objects and documents, shall remain subject to this Order and each party shall return all RESTRICTED CONFIDENTIAL-SOURCE CODE information to the producing party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition

transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and ATTORNEYS' EYES ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the party must provide a Certificate of Destruction to the producing party.

32.   If at any time documents containing CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

33.   This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

34.   The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information produced under the protection of this Agreed Protective Order

shall be resolved by the United States District Court for the Easter District of Texas, Marshall
Division.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **QPSX DEVELOPMENTS 5 PTY LTD,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Case No. 2-05CV-268 (TJW)** |
| **v.** | § | |
| | § | |
| **JUNIPER NETWORKS, INC., et al.** | § | |
| | § | |
| *Defendants.* | | |

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

### CONFIDENTIAL AGREEMENT

I reside at _____.

1. My present employer is _____.

2. My present occupation or job description is _____.

3. I have read the Agreed Protective Order dated _____, 2006, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled QPSX Developments 5 PTY Ltd v. Juniper Networks, Inc. et al.

4. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my

1

personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material.

5.    I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

6.    In accordance with paragraph fourteen (14) of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and the cases in which I have testified as an expert at trial or by deposition within the preceding four (4) years.

7.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.

_____