# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CISCO SYSTEMS, INC.,                        )
                                            )
               Plaintiff,                   )
                                            )
       v.                                   )
                                            )    Civil Action No.: 1:05-CV-02048 (RBW)
TELES AG                                    )
INFORMATIONSTECHNOLOGIEN,                   )
                                            )
               Defendant.                   )
                                            )
                                            )
TELES AG                                    )
INFORMATIONSTECHNOLOGIEN,                   )
                                            )
               Counterclaimant,             )
                                            )
       v.                                   )
                                            )
CISCO SYSTEMS, INC.,                        )
                                            )
               Counterdefendant.            )
                                            )

### STIPULATED PROTECTIVE ORDER
### PURSUANT TO FED. R. CIV. P. 26

       WHEREAS, Plaintiff/Counterdefendant Cisco Systems, Inc. ("Cisco") and

Defendant/Counterclaimant Teles AG Informationstechnologien ("Teles AG") have, through

counsel, stipulated to the entry of this Protective Order to prevent the unnecessary dissemination

or disclosure of certain documents, things, and information in the possession, custody, or control

of a party that constitute or contain confidential or protected information within the meaning of

Federal Rule of Civil Procedure ("FED. R. CIV. P.")26(c); and

       WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of

this Protective Order pursuant to FED. R. CIV. P. Rule 26(c) to protect against improper

disclosure or use of confidential information produced or disclosed in this case;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, by and between counsel for Cisco and Teles AG that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the parties in this Action (defined to mean *Cisco Systems, Inc. v. Teles AG Informationstechnologien*, Civil Action No. 1:05-CV-02048 (RBW) (D.D.C. 2005) and including without limitation any adjunct subpoena proceedings incident thereto before any tribunal), or provided by or obtained from non-parties in this Action, as follows:

### SCOPE

1.  This Protective Order shall apply to all information, documents, and things (collectively "Discovery Material") within the scope of discovery in this Action including, without limitation, all testimony adduced at depositions upon oral examination or upon written questions, all documents and/or things produced, information obtained from the inspection of premises or things, all answers to interrogatories, all responses to requests for admission, information disclosed pursuant to subpoena under FED. R. CIV. P. 45 and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all hearing or trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any non-party. Unless modified or superseded, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

2.  "Producing Party" shall refer to any party to this Action that produces Discovery Material and to any non-party that produces Discovery Material. The term "Receiving Party" shall refer to any individual that receives, is shown, or is exposed to Discovery Material.

### DESIGNATION

3.  Discovery Material may be designated CONFIDENTIAL-LEVEL I when the Producing Party believes in good faith that it pertains to or contains proprietary or commercially-sensitive information, market-sensitive information, or trade secrets or other information that is

2

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 4 of 30

not generally known and which that party would normally not reveal to non-parties or would cause non-parties to maintain in confidence.

4.  Discovery Material may be designated CONFIDENTIAL-LEVEL II when the Producing Party believes in good faith that it pertains to or contains highly proprietary, commercially-sensitive technical, marketing, financial and/or licensing information.

5.  Documents or other things that are CONFIDENTIAL-LEVEL II and contain a party's source code may be designated RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE and shall be provided the following *__further__* protections:

a.  Each party producing software and/or computer source code ("Source Code") shall produce Source Code in searchable electronic form on CDs, DVDs, or hard drives bearing production identification numbers and marked as RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE;

b.  The Source Code CD's, DVD's, or hard drives shall, at the Producing Party's discretion, be produced directly to the Receiving Party or made available for inspection as follows:

In the case of production of source code by Cisco, the source code will be made available for review at the offices of outside counsel for Cisco in the District of Columbia or at a location within the control of outside counsel of record for Cisco.  In the case of production of source code by Teles AG, the source code will be made available for review at a single site in Boston, Massachusetts, at a location within the control of outside counsel of record for Teles AG.

As an alternative, any Receiving Party may request that the Producing Party make its source code available for review at a single secure site in

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 5 of 30

the District of Columbia or Boston, Massachusetts within the control of a third party (i.e. escrow company) according to the additional terms detailed in Sections 4(h) & 4(i) below. If a Receiving Party exercises this option, it assumes the payment of all costs related thereto.

    c. The Source Code will be viewed only on non-networked computers in secure, locked areas of the offices of the location designated for inspection ("Source Code Custodian") except as provided herein.

    d. Source code inspection may be conducted during normal business hours, 9 a.m. to 6 p.m. local time, Monday through Friday (excluding holidays) and other days and/or times upon reasonable request;

    e. The Receiving Party's outside attorneys must give at least twenty-four (24) hours notice to the Producing Party's outside attorneys that it will be sending an individual authorized under paragraphs 17 and 20 below to inspect the RESTRICTED CONFIDENTIAL - LEVEL II– SOURCE CODE Discovery Material;

    f. Each time a person inspects the Source Code, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE Discovery Material including the name of the person accessing, the date and time in and out, and whether any paper copies were made;

    g. The source code inspection may be supervised by the Producing Party's outside attorneys and/or others working with such counsel in a manner that will not interfere with the Receiving Party's confidential communications or otherwise invade the Receiving Party's attorney work product;

    h. **For Third Party Control of Source Code.** The third party secure site shall be provided at the Receiving Party's expense and shall be available from the date of this Order until close of expert discovery in this matter on three (3) business day's written notice of the first use and on twenty-four (24) hours notice of any subsequent use. If the secure site is used on

consecutive days, 15 hours notice of use shall be sufficient (e.g., notice of use should be made by 5:00 pm on one day of intended use beginning at 8:00 am the next day).

      i.  **For Third Party Control of Source Code.**  The third party secure site shall be provisioned with a printer, watermarked printer paper and toner to allow printouts to be made from the source code pursuant to the procedure set forth in subparagraph (m) of this paragraph.

      j.  Access to information designated RESTRICTED CONFIDENTIAL - LEVEL II - SOURCE CODE shall be limited to Source Code Custodians and the persons described in paragraph 17.  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"); each excerpt of Source Code quoted in a Source Code Document shall be insubstantial when compared to the entire Source Code produced by the Producing Party – for example, excerpts of approximately 25 to 40 lines in length;

      k.  To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE;

      l.  Source Code shall be viewed within the designated United States offices of the Source Code Custodian.  No electronic copies of Source Code shall be made, except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up copies of the information on each such computer.  However, to the extent portions of Source Code are quoted in a Source Code Document, Source Code Custodians and the persons described in paragraph 17 shall be permitted to store and access those necessary portions or excerpts of the Source Code Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 17 may also send necessary portions or excerpts of Source Code Documents to authorized persons via electronic mail;

Case 1:05-cv-02048-RBW   Document 24   Filed 07/11/2006   Page 7 of 30

m. Documents containing necessary portions or excerpts of Source Code stored on a computer or computer network shall be password protected so as to limit access to authorized persons;

n. With respect to any source code made available at the office of Source Code Custodian, the Source Code Custodian and the party's technical advisors shall be limited to no more than 500 pages of printouts or photocopies of the Source Code. Any and all such printouts or photocopies shall be marked RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE and shall not be taken from the location of inspection by the Receiving Party's outside attorneys or the authorized individuals under paragraph 17. Instead, the Producing Party's outside attorneys will produce a paper copy of the portions of the RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE material printed during the source code inspection. The Producing Party's outside attorneys will promptly give these paper copies production numbers and ship them for overnight delivery to the Receiving Party's outside attorneys within two (2) days of the source code inspection. The Producing Party will consider any reasonable request that it expedite its production of paper copies of these relevant portions of the "RESTRICTED CONFIDENTIAL - LEVEL II - SOURCE CODE" Material;

o. Receiving Party shall keep a log including: (a) the name of all persons accessing the RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE materials; and (b) the date and time of access of the RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE materials. The log will not be made available to the Producing Party unless the Producing Party determines that there has been a problem or violation of the provision described herein.

p. Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE and shall continue to be treated as such;

q. If the Receiving Party or its technical advisor receives such printouts or photocopies of portions of Source Code, the Receiving Party shall keep the printouts or

photocopies in a secured locked area in the office of the outside counsel or technical advisor. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition);

r.   All RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE material be given to or left with the Court Reporter or any other individual.

s.   Receiving Party shall not convert any of the information contained in the hard copies into an electronic format, except as explicitly allowed elsewhere within this order, and then only according to the additional restrictions on RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE materials contained in this Order;

t.   The outside counsel for the Receiving Party shall notify the Producing Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE Discovery Material;

u.   Export Control Requirements:  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE:

i.      The Receiving Party acknowledges that the RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE source code received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The Receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer RESTRICTED CONFIDENTIAL - LEVEL II-SOURCE CODE of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.  The Receiving Party acknowledges that RESTRICTED

CONFIDENTIAL - LEVEL II – SOURCE CODE  disclosed by the Producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography;

        ii.    The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the Producing Party's RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such HIGHLY RESTRICTED CONFIDENTIAL source code, subject to ECCN 5E002 -- without U.S. Government authorization.  The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to inspect the RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE, access to hard copes of RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE, or placement on a project requiring receipt or review of the Producing Party's HIGHLY RESTRICTED CONFIDENTIAL source code.  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

6.  It is expressly contemplated and agreed that non-parties may invoke all provisions of this Protective Order that are available to a Producing Party, and that the parties will treat all Discovery Material designated CONFIDENTIAL-LEVEL I, CONFIDENTIAL-LEVEL II or RESTRICTED CONFIDENTIAL – SOURCE CODE (collectively "Confidential Material") by a non-party in accordance with the terms of this Protective Order.

7.  Until the Protective Order is signed by the Court, but after it is stipulated to by the parties, all Discovery Material produced by any party or non-party and designated as

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 10 of 30

CONFIDENTIAL-LEVEL I or CONFIDENTIAL-LEVEL II shall be available to outside counsel only. Documents designated RESTRICTED CONFIDENTIAL - LEVEL II – SOURCE CODE shall not be produced until the Protective Order is signed by the Court.

8. The Producing Party may designate documents and things that constitute or contain CONFIDENTIAL-LEVEL I or CONFIDENTIAL-LEVEL II material with the legend CONFIDENTIAL-LEVEL I, CONFIDENTIAL-LEVEL I - SUBJECT TO PROTECTIVE ORDER, CONFIDENTIAL-LEVEL II, or RESTRICTED CONFIDENTIAL - LEVEL II - SUBJECT TO PROTECTIVE ORDER. The confidentiality designation shall be placed clearly only on the first page and those pages or portions of the documents and things that the Producing Party reasonably believes in good faith constitute or contain CONFIDENTIAL or RESTRICTED CONFIDENTIAL material. Documents and things that constitute or contain CONFIDENTIAL or RESTRICTED CONFIDENTIAL material shall be labeled or marked with the appropriate legend when the document or thing is produced to the party or parties seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.

Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL or RESTRICTED CONFIDENTIAL subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated in accordance with the provisions of this Protective Order.

Orally conveyed information may be designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL provided that it is so designated at the time of disclosure and provided further that the Producing Party confirms the scope of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL disclosure in writing to the Receiving Party within ten (10) days of such disclosure.

Inspection of documents or things produced by any party shall be conducted by persons eligible under paragraphs 16 and 17 below. Such persons shall treat all information in such documents or things as containing CONFIDENTIAL-LEVEL II material until copies are

produced and thereafter only to the extent that such information is designated CONFIDENTIAL-

LEVEL I or CONFIDENTIAL – LEVEL II.

9.   Any response to written interrogatories or requests for admission or any testimony

adduced at a deposition upon written questions (or any portion of any of the foregoing and the

first page) that constitutes or contains CONFIDENTIAL-LEVEL I or CONFIDENTIAL-LEVEL

II material shall be labeled or marked with the legend CONFIDENTIAL or CONFIDENTIAL --

SUBJECT TO PROTECTIVE ORDER or similar confidentiality designation by the party

providing the response or testimony.  Any response or testimony that constitutes or contains

CONFIDENTIAL -LEVEL I or CONFIDENTIAL LEVEL II material shall be labeled or marked

with the appropriate legend, as described in paragraph 8 above, when the response or testimony

is served upon the party seeking discovery.  Subject to the provisions of paragraphs 10 and 12

through 15 below, responses or testimony served without a legend designating the material

confidential shall not be CONFIDENTIAL -LEVEL I or CONFIDENTIAL-LEVEL II subject to

this Protective Order unless otherwise agreed by the parties or ordered by the Court.

10. With respect to testimony adduced at depositions upon oral examination, any party or

non-party may designate the entire testimony or portions thereof (including exhibits) as

CONFIDENTIAL -LEVEL I or CONFIDENTIAL - LEVEL II by denominating by page and

line those portions of the deposition which are to be considered CONFIDENTIAL -LEVEL I or

CONFIDENTIAL - LEVEL II within thirty (30) days of receiving the transcript and so

informing all other parties of the designation.  Additionally, a party may orally designate

testimony as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II by indicating on the

record at the time the testimony is given that the entire testimony or portions thereof shall be

designated as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II.  The parties agree

to mark all copies of such deposition transcripts with the legend "Contains CONFIDENTIAL (-

LEVEL I/ - LEVEL II) Information" or CONFIDENTIAL(-LEVEL I/ - LEVEL II) -- SUBJECT

TO PROTECTIVE ORDER or similar confidentiality designation.  If the testimony is not

otherwise designated at the time of the deposition or during the thirty (30) day period after the
deposition, the testimony will be deemed to be not confidential subject to the protective order.

Counsel for the designating party may also request that all persons other than the witness,
the court reporter, those individuals specified in paragraphs 16 and 17, and counsel for the
witness (if a non-party witness) leave the deposition room during the portion of the deposition
that inquires into matters deemed CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II
by the designating party. The failure of individuals other than those specified in the previous
sentence to leave the deposition room during any portion of the deposition that inquires into
matters deemed CONFIDENTIAL - LEVEL II or CONFIDENTIAL - LEVEL II by the
designating party shall constitute justification for counsel to instruct the witness that he or she
shall not answer the question.

11. In determining the scope of Discovery Material which a party may designate as
CONFIDENTIAL- LEVEL I or CONFIDENTIAL - LEVEL II, each party acknowledges the
importance of client access to information necessary to client decision-making in the prosecution
or defense of litigation, and therefore agrees that designations of Discovery Material as
CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II and responses to requests to
permit further disclosure of CONFIDENTIAL -LEVEL I or CONFIDENTIAL - LEVEL II
Discovery Material shall be made in good faith and not (1) to impose burden or delay on an
opposing party or (2) for tactical or other advantage in litigation.

### INADVERTENT PRODUCTION/DESIGNATION

12. If a party through inadvertence produces or provides discovery of any
CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material without labeling or
marking it with a confidentiality designation as provided in paragraphs 7 through 9 of this
Protective Order, the Producing Party may give written notice to the Receiving Party or parties
that the material is CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II and should be
treated as such in accordance with the provisions of this Protective Order. Upon receipt of such
notice the Receiving Party shall thereafter treat such materials and information contained therein

11

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 13 of 30

as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated. The Producing Party will as soon as possible, but no later than five (5) business days, provide the Receiving Party with properly marked materials, and the Receiving Party will return the unmarked materials or certify that they have been destroyed. If, prior to receiving notice, the Receiving Party has disseminated the CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II Discovery Material to individuals not authorized to receive it hereunder, it shall undertake a best effort to correct any disclosure of such materials collecting the Discovery Material or to otherwise assure that the recipient(s) (if authorized to received such Discovery Material) replace such Discovery Material with the properly marked replacement copy and maintain its confidentiality, Disclosure of such materials prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL -LEVEL I or CONFIDENTIAL - LEVEL II material shall not be deemed a violation of this Protective Order.

13. Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to FED. R. CIV. P. Rule 26(c) or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege, work product immunity, or any other protection from disclosure under FED. R. CIV. P. Rule 26 or of material the disclosure of which might constitute a breach of an agreement with a non-party, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the Producing Party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

14. There is no waiver of or impairment to any claim of the attorney-client privilege, work product immunity, or any other applicable protection from disclosure should material(s) be

produced, which the Producing Party believes is protected from disclosure by such privilege or immunity and which were inadvertently produced. Within five (5) business days of receiving written notice from the Producing Party, the Receiving Party shall return the originals and all copies of the privileged or immune material(s). Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record may not be used for any purpose other than preparation of a motion to compel in this Action. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced document, the Producing Party shall include the inadvertently produced privileged document in the privilege log produced in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making a motion to the Court, but such motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

### USE

15. Material marked, labeled, or otherwise designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II as described in paragraphs 3 through 11 of this Protective Order may be offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, but shall be subject to paragraphs 16 through 27 below and to any further order regarding confidentiality that the Court may enter. Use at trial of such material, shall be governed by this Protective Order.

Should the need arise for any of the parties to disclose CONFIDENTIAL-LEVEL I or

CONFIDENTIAL - LEVEL II material during any hearing or trial before the Court, including

through argument or the presentation of physical evidence, such party may do so only after

providing notice to counsel for the Producing Party sufficient to allow said counsel to move for

an appropriate protective order, and after informing the Court of the confidential nature of such

information.

## DISCLOSURE

16. In the absence of written permission from the Producing Party or further order by the

Court, CONFIDENTIAL - LEVEL I material may be disclosed only to the following persons:

    a.   Outside counsel of record in this Action engaged by Cisco to represent it in

connection with this litigation, including Goodwin Procter LLP, and its support personnel

including law clerks, paralegal, secretarial, clerical, and other employees who assist outside

counsel in this case, provided such individuals agree to be bound by this Protective Order;

    b.   Outside counsel of record in this Action engaged by Teles AG to represent it

in connection with this litigation, including Howrey LLP, and its support personnel including

law clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this

case, provided such individuals agree to be bound by this Protective Order;

    c.   No more than one (1) in-house counsel for Cisco who act in a legal capacity

for the Receiving Party and who have a need to receive CONFIDENTIAL material and who are

pre-approved in writing by Teles AG and who presently are not directly involved in patent

prosecution activities and/or in other competitive decision-making (including decisions related to

licensing technology or intellectual property), and any stenographic, clerical or paralegal

employees working with them whose function in this litigation requires access to material

designated as CONFIDENTIAL material, provided such individuals agree to be bound by this

Protective Order and provided that disclosure to such persons shall be made only on the

conditions set forth herein:

14

d.   No more than one (1) in-house counsel for Teles AG who act in a legal capacity for the Receiving Party and who have a need to receive CONFIDENTIAL material and who are pre-approved in writing by Cisco and who presently are not directly involved in patent prosecution activities and/or in other competitive decision-making (including decisions related to licensing technology or intellectual property), and any stenographic, clerical or paralegal employees working with them whose function in this litigation requires access to material designated as CONFIDENTIAL material, provided such individuals agree to be bound by this Protective Order and provided that disclosure to such persons shall be made only on the conditions set forth herein:

e.   any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) through (d) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

f.   any court reporter recording or transcribing testimony;

g.   any translator, interpreter, typist, or transcriber used by the interpreter;

h.   this Court, its clerk, and court personnel;

i.   any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person; and

j.   any other person agreed to by the Producing Party in writing.

17. In the absence of written permission from the Producing Party or further order by the Court, CONFIDENTIAL - LEVEL II material may be disclosed only to the following persons:

a.   Outside counsel of record in this Action engaged by Cisco to represent it in connection with this litigation, including Goodwin Procter LLP, and its support personnel including law clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this case, provided such individuals agree to be bound by this Protective Order;

b.   Outside counsel of record in this Action engaged by Teles AG to represent it in connection with this litigation, including Howrey LLP, and its support personnel including

15

law clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this case, provided such individuals agree to be bound by this Protective Order;

      c.  any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) through (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, provided such individuals agree to be bound by this Protective Order;

      d.  any court reporter recording or transcribing testimony;

      e.  any translator, interpreter, typist, or transcriber used by the interpreter;

      f.  this Court, its clerk, and court personnel;

      g.  any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL - LEVEL II material sought to be disclosed to that person; and

      h.  any other person agreed to by the Producing Party in writing.

    18. As used in paragraphs 16 and 17, "outside consultant" shall include independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action.

    19. Any person who receives, sees, reviews, or otherwise has access to information designated CONFIDENTIAL - LEVEL II shall not (i) prepare or participate in the prosecution of any patent application for the Receiving Party; (ii) prepare or participate in the prosecution of any patent application in subject areas related to that of any patent in suit on behalf of any entity (except on behalf of the Producing Party) whether or not a party; or (iii) prosecute any patent application related in any way to any patent in suit (including any continuation, continuation in part, or divisional relationship, including any parent or child relationship, and including any re-examination or interference proceeding).  The prohibition set forth in the preceding sentence shall be in effect from the time such person receives, sees, reviews, or otherwise has access to

such Confidential Materials through and including two (2) years following the termination of the Action, including any appeals thereof.

Further, to ensure compliance with the protections intended by this paragraph, each law firm appearing as counsel in the Action, and any in-house counsel permitted access to Confidential Materials under the terms of this Protective Order, is to implement an "Ethical Barrier" to prevent disclosure of such Confidential Materials to any attorneys, employees or other staff who are not permitted access to Confidential Materials under the terms of this Protective Order.

This paragraph shall not be construed, however, to prevent such persons from generally discussing patents or patent applications relating to the subject matter of the patent in suit with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no Discovery Material may be disclosed to such other persons.

20. Trial counsel desiring to disclose Confidential Materials to in-house counsel/corporate representatives specified in subparagraphs (c) or (d) of paragraphs 16 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such in-house counsel/corporate representative, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such in-house counsel/corporate representative. No Confidential Materials shall be disclosed to such in-house counsel/corporate representative until after the expiration of a ten (10) business days commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during those ten (10) business days opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such corporate representative, except by mutual agreement of the parties or further order of the Court. The party desiring disclosure of such Confidential Materials shall have the burden of filing a motion with the Court seeking leave to make such disclosure.

21. If counsel wish to disclose material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II to the persons described in subparagraphs (e) or (g) of paragraph 16 and subparagraphs (c) or (e) of paragraph 17, counsel shall provide a copy of this order and obtain a signed Confidentiality Agreement in the form of the annexed Exhibit A from each such person who would require access to material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL. Counsel seeking to disclose the CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II Discovery Material shall retain the original of each such signed Confidentiality Agreement.

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall not be disclosed to any outside consultant or expert described in subparagraph (e) of paragraph 16 and subparagraph (c) of paragraph 17 until ten (10) business days after service on the Producing Party of the Confidentiality Agreement attached as Exhibit A along with the outside consultant's or expert's curriculum vitae or equivalent resume setting forth such person's present residence and/or business address, current employer and job title, any company or companies by which that person was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said person may have entered into during the past five (5) years, said service to be made by facsimile or e-mail. If the identity of the entity for which the work was performed and/or the subject matter of that work is deemed proprietary by the consultant or expert, then the fact that information is being withheld on that basis shall be disclosed.

22. The parties also recognize that, in order to assist in the preparation of their respective cases, counsel may desire to utilize the services of an agent to perform computerized legal support and management services, including vendors retained for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, materials that may contain CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II information. Such disclosure shall be made only on the following conditions. Any such vendor shall have no business, employment, consulting, or other relationship with any of the parties to this Action, shall be a vendor regularly engaged in the provision of computerized legal

18

support and management services, and shall not be engaged in any way in data communications, telecommunications or computer networking businesses.

Counsel desiring to disclose CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material to a vendor for the purposes of this paragraph shall first obtain a signed Confidentiality Agreement in the form of Exhibit A attached hereto, from a representative of the vendor who may require access to such material. Counsel shall retain the original of each such signed Confidentiality Agreement. The vendor shall be required to return to the party's counsel all copies of CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II materials as soon as the information contained therein has been encoded and loaded into the computer.

The vendor shall be required to provide limited and secured access to the information stored in the computer, and the vendor shall guarantee that the vendor will supply access codes only to those persons associated with the party retaining or employing the agent and who are entitled, under this Protective Order, to have access to CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material and that only persons in possession of said access codes can obtain access to the information stored in the computer.

23. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material to any person not otherwise entitled to access under this Protective Order, the parties (which in the case of CONFIDENTIAL-LEVEL I or CONFIDENTIAL-LEVEL II material produced and so designated by a non-party, shall include such non-party) may, without leave of the Court, unanimously agree to allow such access. In the absence of unanimous agreement, any party may move the Court for an Order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material after first signing a Confidentiality Agreement in the form of Exhibit A attached hereto. Counsel for the party seeking to provide access to or disseminate the CONFIDENTIAL or TECHNICAL CONFIDENTIAL Discovery Material shall retain the original of each such signed Confidentiality Agreement.

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 21 of 30

Nothing in this Order shall preclude any party to this Action or its attorneys from (a) showing at a deposition or otherwise a document designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II to an individual who either prepared, properly received, or properly reviewed the document beforehand, (b) using at a deposition of an officer, employee, former employee, or expert of a Producing Party any document that such Producing Party designated CONFIDENTIAL -LEVEL I or CONFIDENTIAL - LEVEL II, or (c) disclosing or using, in any manner or for any purpose, any information or documents from a party's own files which the party itself has designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II.

24. Material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II, including all information derived therefrom, and all copies, notes, summaries, abstracts, excerpts, indices, and descriptions of such material shall be held in confidence, shall not be made public by any party or person entitled under the terms of this Protective Order to access to such material, and shall not be used for any purpose other than in connection with this Action.

25. If CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material is disclosed to or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure must immediately inform the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, shall make every effort to prevent disclosure by each unauthorized person who received such information.

## USE IN COURTROOM PROCEEDINGS

26. Subject to any overriding rules imposed by the Court in this Action, if any material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II is to be filed with the Court in connection with any proceedings herein, such material shall be filed with the Clerk of the Court in sealed envelopes or other appropriate sealed containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and the notation

"CONTAINS CONFIDENTIAL (or TECHNICAL CONFIDENTIAL) INFORMATION SUBJECT TO PROTECTIVE ORDER. This envelope contains materials that have been designated as CONFIDENTIAL-LEVEL I (or CONFIDENTIAL - LEVEL II) filed in this case by (name of party), and may not be opened or the contents thereof displayed or revealed or copied except by Order of the Court or consent of the parties."

Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal. Filing or lodging such information or items under seal shall be made in compliance with Local Civil Rule 5.1(j). Material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II and filed under seal shall be maintained by the Clerk of the Court separate from the public records in this Action and shall be released only to Court personnel, to persons entitled to access to such materials under this Protective Order, or as further ordered by the Court.

## OBJECTION TO DESIGNATIONS

27. The acceptance by the Receiving Party of material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II shall not constitute an admission, waiver, or concession, or permit an inference that such material is, in fact, confidential and properly subject to protection under Fed. R. Civ. P.26 (c) or any other basis. The Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to the designation. This Protective Order shall not be construed to foreclose any party from moving the Court for an order that material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II is not confidential. Before filing such motion, the process for resolving the dispute shall be as follows:

(a)      The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

21

(b)    The objecting party shall have the burden of conferring either in person or by telephone with the Producing Party (as well as any other interested parties) in a good faith effort to resolve the dispute.

(c)    Failing agreement, the objecting party may move the Court for a ruling that the material sought to be protected is not entitled to such a designation.  On such a motion, the party challenging confidentiality shall have the burden of proving that the material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II does not constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of FED. R. CIV. P. Rule 26(c)(7), or, as the case may be, that the designation as CONFIDENTIAL-LEVEL I or CONFIDENTIAL  - LEVEL II is NOT necessary under the circumstances.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

**RETURN/DESTRUCTION OF MATERIALS**

Upon the completion of this litigation (including all appeals), the ultimate disposition of CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material shall be subject to a final Order of the Court.  In the absence of such an Order, each party that is subject to this Protective Order shall either destroy or return to the Producing Party all items containing the Producing Party's CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material, including all copies of such matter that may have been made and documents or materials containing CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material.  Such items include, but are not limited to, all documents and things produced in the litigation containing

CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material, as well as all transcripts, audio recordings and video recordings of depositions, hearings or trial containing CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material. The party returning or destroying items containing another party's CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material shall certify by letter that all items containing the Producing Party's CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material have been returned and/or destroyed, as appropriate. Notwithstanding the provisions of this paragraph, each party's outside trial counsel may retain one complete set of trial transcripts and exhibits, deposition transcripts and exhibits, pleadings, and correspondence, but any CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material shall remain subject to the provisions of this Order.

## EXEMPTED MATERIALS

28. The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II by the Producing Party shall not apply to any information which: (a) the Producing Party agrees in writing or on record should not be designated as CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II; (b) the Producing Party agrees in writing or on record, or the Court rules, is already public knowledge; (c) the Producing Party agrees in writing or on record, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees or agents in violation of this Protective Order; (d) the Producing Party agrees in writing or on record, or the Court rules, has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another; (e) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Confidential Material, or (f) information that was submitted to a governmental entity without request for

23

confidential treatment. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II if that person already has or obtains legitimate possession thereof. The objecting party shall bear the burden of proof to remove the designation based on grounds (a) through (d).

## MISCELLANEOUS PROVISIONS

29. This Protective Order shall not be construed to prevent any of the parties, or any non-party, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any non-party believed to be violating their rights.

30. With respect to any CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and shall continue to be binding upon all persons to whom CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material is disclosed hereunder. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order. Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

31. If at any time CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material is subpoenaed by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL-LEVEL I or CONFIDENTIAL - LEVEL II materials. If the Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) business day notice period, such material in response thereto.

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 27 of 30

32. All notices required by any paragraphs of this Protective Order shall be made by facsimile to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a document signed by an attorney for the noticed party.

Date: _____    _____

Counsel for Plaintiffs


Date: _____    _____

HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800

*Counsel for Defendant*

SO ORDERED, this_____day of_____, 2006


_____
United States District Court Judge

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br><br>Defendant. )<br>_____ )<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br><br>Counterclaimant, )<br><br>v. )<br><br>CISCO SYSTEMS, INC., )<br><br>Counterdefendant. )<br>_____ ) | Civil Action No.: 1:05-CV-02048 (RBW) |

## CONFIDENTIALITY AGREEMENT

I, _____ declare that:

1.    My present residential address

is _____.

2.    My present employer is _____

and the address of my present employer is

_____.

3.    My present occupation or job description is

_____.

4.    I have received and carefully read the Protective Order in this Action dated

Case 1:05-cv-02048-RBW    Document 24    Filed 07/11/2006    Page 29 of 30

_____, and understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as CONFIDENTIAL-LEVEL I, CONFIDENTIAL - LEVEL II or

RESTRICTED CONFIDENTIAL-LEVEL II– SOURCE CODE to anyone other than those

persons identified in paragraph 9 of the Protective Order to the extent that such persons are

qualified to review such information.  I further understand that I am not to disclose to persons

other than those persons identified in paragraphs 9 or 10 of the Protective Order any words,

substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to

me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the

Protective Order.

5.      At the termination of this Action or at any time requested by counsel of record in

this Action, I will return to counsel of record in this Action all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials including or

reflecting Confidential Materials which have come into my possession, and will return all

documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in

violation of a Court Order and subject to sanctions or other remedies that may be imposed by the

Court and potentially liable in a civil Action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the

foregoing is true and correct.

Case 1:05-cv-02048-RBW     Document 24     Filed 07/11/2006     Page 30 of 30

Executed on: _____          Name:_____