# EXHIBIT 5

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

David W. Long
Partner
202-383-7073
202.318.8464
longd@howrey.com

July 13, 2006

**BY E-MAIL FACSIMILE: Page 1 of 1**
Fax: 617.523.1231, Office: 617.570.1450, File: 05186.0002, User ID: 5291, email: lshiferman@goodwinprocter.com

Lana S. Shiferman, Esq.
GOODWIN PROCTER LLP
53 State Street, Exchange Place
Boston, MA 02109

    Re:    *Cisco Systems, Inc. v. Teles AG Informationstechnologien,*
             Civil Action No. 1:05-CV-02048 (RBW), D. D.C..

Dear Lana:

    Thank you for speaking with us today following our letter of June 2, 2006, concerning Cisco's proposed procedures for handling software source code under the Protective Order. Our discussion included two issues related to Cisco's pending motion on the Protective Order.

    First, as mentioned in our letter of June 2, we do not understand why Cisco believes that all of the source code produced in this case requires the extraordinary procedures Cisco seeks in the Protective Order. As we discussed, for example, software source code generally is structured as a collection of different software modules or subroutines – *e.g.*, a software module may handle display of text on the LCD screen, another software module may handle VOIP call setup, etc. Every portion of the source code to be produced in this case could not raise the issues that Cisco claims to support the extraordinary procedures it seeks here – e.g., it is not clear that source code that controls display of text somehow implicates the "national security concerns" on which Cisco's motion is premised. In our June 2 letter, we asked Cisco to identify any specific source code in the accused products or otherwise at issue in this case that you believe require the procedures of Cisco's proposed protective order and why Cisco believes that specific source code requires those extraordinary procedures. We would appreciate a response that we can consider in trying to resolve the dispute here, and in briefing the issue for the court.

    Second, we asked what procedures your firm will use in maintaining the Cisco source code at your facilities. You indicated that your firm will follow the procedures in Cisco's proposed Protective Order. We will proceed with that understanding as we try to resolve this dispute and brief the issue for the court. Please let us know if your firm will use any procedure other than what is set forth in Cisco's proposed order.

    Please call me if you have any questions or concerns.

Sincerely,

*/s/ David W. Long*
David W. Long

cc: J. Anthony Downs