IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Plaintiff/ ) | Civil Action No. |
| Counterclaim-Defendant, ) | 1:05-CV-02048 (RBW) |
| ) | |
| v. ) | ECF Case |
| ) | |
| TELES AG INFORMATIONSTECHNOLOGIEN, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |
| ) | |

PLAINTIFF CISCO SYSTEMS INC.'S REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF PLAINTIFF'S PROPOSED PROTECTIVE ORDER

Before responding to Teles' opposition to Cisco's proposed protective order, Cisco notes preliminarily that the majority of Teles' brief is presently irrelevant because Teles made an error in submitting its opposition. Specifically, Teles failed to address Cisco's actual proposed order, as submitted with Cisco's motion (as Exhibit A to the Shiferman Decl.), but instead commented and addressed an *earlier* draft version of the order that Cisco changed in important ways before filing the present motion. Because Teles's brief quotes from, and argues against, the outdated draft order, most of the concerns raised by Teles in its Opposition Brief have already been addressed in the version of Cisco's Proposed Protective Order submitted to the Court with Cisco's initial motion.[1]

---

[1] Teles apparently failed to read Cisco's moving papers and proposed Protective Order, and instead attached an old version of Cisco's Proposed Protective Order to its Opposition Brief as Exhibits 2 and 3 without informing the Court that these versions do not reflect Cisco's current position. Thus, Teles' Exhibit 2 does not reflect Cisco's position on the motion, and the red-lined document in Teles' Exhibit 3 does not accurately reflect the differences between the parties' positions.

Turning to the substance of the remaining dispute, Teles focuses on two issues. The crux of the first argument raised by Teles is that Teles would be inconvenienced by Cisco's proposed Protective Order, as a result of allegedly limited access to the source code at Goodwin Procter's offices. However, this issue is simply not present in the version of Cisco's proposed Protective Order actually submitted to the Court with Cisco's motion. To the extent there is any inconvenience suffered by Teles in obtaining access to review the source code portion of Cisco's production, such inconvenience is substantially outweighed by the prejudice suffered by Cisco if its source code is compromised through publication (even if such publication is inadvertent). Cisco's Proposed Protective Order addresses Teles' convenience and strikes an appropriate balance between these two concerns. Cisco has already addressed Teles's concerns about access in its proposed order.

Teles also focuses on Cisco's alleged encroachment of its "opinion work product." *See Teles Opposition Brief* at 7-11. Teles's concern here is false and is dealt with in the provisions that are contained in Cisco's Protective Order. To support its argument, Teles appears to have raised straw man arguments by assuming that – at all relevant times – Cisco will act in bad faith to intrude into the work product of Teles' counsel. Cisco has no intention of improperly intruding into counsel's work product, but in order to alleviate any concerns relating to that issue, Cisco attaches a further revised Proposed Protective Order (McNamara Declaration, Exh. A). These further revisions should eliminate any basis for concern by Teles. Tellingly, none of the case law cited by Teles to support its "work product" objections stands for the proposition that the security measures suggested by Cisco encroach, in any way, upon Teles' privileged or work product material. In order to protect Cisco's highly confidential material, this Court should enter Cisco's Revised Proposed Protective. *Id.*

# ARGUMENT

I. **Any Inconvenience Experienced by Teles is Vastly Outweighed by the Prejudice to Cisco if Its Source Code is Inadvertently Leaked by Opposing Counsel**

Cisco acknowledges that there is, by definition, some inconvenience for Teles' attorneys and expert witness to review source code in Goodwin Procter's Washington, DC offices, rather than in Howrey's offices. However, this inconvenience is minor, and is offset by the provisions of the proposed Order that will allow Teles' counsel ready access to the code on short notice at Goodwin's offices. Moreover, Teles does not dispute that the source code Teles will be reviewing in this case includes one of Cisco's core pieces of intellectual property and most valuable assets: Cisco's Call Manager software and Cisco's Interworking Operating System (collectively referred to as "IOS"). (Stewart Decl., para. 4.) Asking Teles' attorneys to walk eight blocks or take a taxi less than a mile to review this portion of Cisco's overall document production is not unduly burdensome when balanced against the prejudice Cisco will suffer if this material is inadvertently disclosed to the public. (*Id.* at para. 2, 5, 14-16.)

Cisco takes the protection of its source code very seriously specifically because disclosure of that source code could result in wide spread weakness in the security measures implemented in Cisco's source code. No one can state that disclosure of the source code will absolutely result in hackers breaching the security measures implemented in Cisco's products, but the possibility clearly exists. Teles dismisses the declaration on John Stewart in its Opposition Brief, stating that "Cisco's security concerns are overstated." (Opp. Br. at 7.) This could not be further from the truth. Indeed, Cisco has an entire organization, headed by Mr. Stewart as Chief Security Officer, dedicated to the security of Cisco's confidential information, including its source code. Cisco would not fund such an entire organization if security of its source code was not incredibly important. The security and confidential nature of Cisco's source

3

code is helps in preserving the security of the information traveling over the Internet through Cisco's products and the competitive advantage Cisco enjoys in the marketplace. Its importance cannot be overstated, and the threat to the security of critical information that flows through Cisco's products is real. (McNamara *Decl.*, Exh. C).

Most of Teles's arguments in its Opposition concerning the alleged "inconvenience" of reviewing the code at Goodwin's offices (or at a third party location) can be disregarded by the Court because Teles' was citing the provisions of the superseded draft protective order, not the proposed Order that Cisco has actually submitted to the Court. Teles simply fails to note that Cisco's proposal as set out in its proposed protective order is to provide its source code at the Washington, DC offices of Goodwin Procter, less than a mile from Howrey's Washington, DC offices.[2] Cisco's current proposal requires a mere twenty-four (24) hour notice for after hours access to Goodwin's facilities any day of the week (not the four day notice referenced in Teles' Opposition) and provides for exceptions to even the requested 24 hour notice requirement. (McNamara Decl., Exh. A, para. 5(e)). Under Cisco's proposal, Goodwin's facilities would be open to Teles' access seven days a week, twenty-four hours a day, not simply during work days as Teles has stated. (*Id.* at para. 5(d)). Teles' attorneys also would have unfettered access to Cisco's source code, allowing for *full* inspection, not the "limited" inspection that Teles repeatedly alleges in its opposition brief. (*Id.* at para. 5(m-o)). Teles' attorneys would also have the ability to print large amounts of source code, up to 1500 pages, on watermarked paper using an attached printer. (*Id.* at para. 5(o)). Nothing in Cisco's revised proposed protective order calls for the "supervision" alluded to in Teles' opposition. (McNamara Decl., Exh. B, paras. h, and m-o).

---

[2] In discussions with Howrey, they represented that they would store Cisco's source code in a supposedly secure location within Howrey's Washington, D.C. offices.

## II. Nothing in Cisco's Proposed Protective Order Imposes Upon Teles' Work Product or Privileged Material

Besides complaining about alleged "inconvenience," Teles also wrongly asserts that Cisco's proposed Order would intrude upon Teles' protected work product or privileged material. But neither Cisco's Proposed Protective Order nor Cisco's Revised Proposed Protective Order call for monitoring the source code actually reviewed by Teles' attorneys during their review as suggested by Teles' Opposition at pages 8-11, nor does it call for monitoring the source code printed by Teles' attorneys during their review as suggested by Teles' Opposition at pages 13-14. During Teles' review, Cisco's proposed protective order, attached herewith, simply calls for a log of the personnel who access Cisco's source code, and requires Teles' to keep a log of the portions of the source code that are printed out. (McNamara Decl., Exh. A, para. 5(o)). Personnel of the Source Code Custodian unrelated to the litigation will monitor the status of the log and the printed portions of Cisco's source code will be provided to Cisco upon completion of Teles' review. (*Id.*) None of this creates any intrusion on Teles's protected work product information.

As stated in Cisco's original motion, Cisco's proposal is to provide Teles with a secure review site at the Washington, D.C. offices of Cisco's counsel for review of Cisco's source code. (See Cisco's Motion at 12.) Cisco will even exceed the requirements of the Federal Rules by making the source code available at Goodwin in an electronic form that is easily and readily reviewable by counsel, instead of producing it on paper. Moreover, Cisco will not monitor the actions of Teles' outside counsel and/or experts while they are reviewing the source code. The supervisions proposed by Cisco during Teles' review are maintenance of an entry log and the requirement that ***Teles' counsel*** keep a log of those portions of the code that are printed out by counsel to take away from the review site, both of which will be monitored by personnel of the

5

Source Code Custodian unrelated to the litigation.[3]  Teles is also required to provide Cisco with a copy of Cisco's source code which Teles printed after completion of Teles' review of Cisco's source code.  (McNamara Decl., Exh. A, para 5(o).  This is exactly the process undertaken during an inspection of documents and does not intrude upon Teles' protected work product.  None of the case law cited by Teles supports its position that this information and these security efforts rise to the level of intrusion upon privileged or work product information.

Teles relies on various cases to support its argument that Cisco is imposing on its protected work product, but none of these cases bear on the instant situation.  For example, the case of *American National Red Cross v. Travelers Indemnity,* 896 F.Supp. 8 (D.D.C. 1995), concerned a deponent's refusal to identify the documents that support the defendant's affirmative defenses.  The court held that work product privilege did apply because defendant's attorneys had to cull "through hundreds of thousands of pages of documents, transcripts...in an effort to select and compile facts and documents relevant to each affirmative defense." *Id.* at 13.  The court went on to hold that in cases involving "extensive document discovery, the 'selection and compilation of documents is often more crucial than legal research.'" *Id*.  The other cases cited by Teles provide similar protections.  These cases have nothing to do with the situation presented in this case.  Cisco is not requesting that Teles identify the specific documents it intends to rely upon in putting on its case.  The Proposed Protective Order would require Teles to provide to Cisco with the names of the individuals accessing the source code and keep a log of the source code printed.  Cisco's Proposed Protective Order would also require Teles to provide Cisco's

---

[3]  Cisco's Proposed Protective Order has been altered to explicitly describe certain procedures that Cisco understood to be part of the protective order all along and removed certain provisions relating to the receiving party's printing of source code in order to come to an agreement with Teles.  A black line document highlighting the differences between Cisco's Proposed Protective Order submitted with its initial motion as Exhibit A to the Shiferman Decl. and the Proposed Protective Order submitted herewith as Exhibit A to the McNamara Decl. is attached as Exhibit B thereto.

source code printed by Teles following Teles' review of said source code in order to give Cisco and Teles a common set of documents to reference. No case cited by Teles supports the position that this is protected work product or privileged information.

## **CONCLUSION**

The security of Cisco's widely-used products depends on the strict protection of Cisco's confidential source code. Cisco's proposed review protocol is both reasonable and necessary in light of the serious risk associated with the potential disclosure of source code associated with Cisco's products. Any periodic inconvenience to Teles' counsel or experts is outweighed by the potential harm to Cisco and its customers if any disclosure occurred. None of the arguments raised in Teles' Opposition Brief alters this conclusion. Accordingly, Cisco respectfully requests that the Court enter its proposed protective order, including specific protections for source code.

| | |
|---|---|
| DATED: July 24, 2006<br><br>*Of Counsel:*<br>J. Anthony Downs<br>John C. Englander<br>Lana S. Shiferman<br>Michael J. McNamara<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000<br>jdowns@goodwinprocter.com<br>jenglander@goodwinprocter.com<br>lshiferman@goodwinprocter.com<br>mmcnamara@goodwinprocter.com<br><br>Benjamin Hershkowitz<br>GOODWIN PROCTER LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 813-8800<br>bhershkowitz@goodwinprocter.com | /s/ John A. Moustakas<br>John A. Moustakas (#442076)<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.,<br>Washington, D.C. 20001<br>(202) 346-4000<br>jmoustakas@goodwinprocter.com<br>Attorneys for Plaintiff/Counterclaim Defendant Cisco Systems, Inc. |

## CERTIFICATE OF SERVICE

      I hereby certify that true copy of the above document was served upon the attorney of record for each other party through the electronic service by the Court filing system.

                                                      /s/ Michael J. McNamara  
                                                      Michael J. McNamara

LIBA/1711802.2