**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., )<br>)<br>    Plaintiff, )<br>  v. )<br>  )  Civil Action No.: 1:05-CV-02048 (RBW)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>    Defendant. )<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>    Counterclaimant, )<br>  v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>    Counterdefendant. )<br>) | |

### TELES' [PROPOSED] SUR-REPLY TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant/Counterclaimant Teles AG Informationstechnologien ("Teles") respectfully submits this Sur-Reply in response to Plaintiff/Counterdefendant Cisco Systems Inc.'s ("Cisco") Reply concerning the entry of a Protective Order in this case. Cisco's Reply improperly submits a newly revised proposed Protective Order that, according to Cisco, purportedly resolves the issues raised in Teles' opposition papers. Cisco's revised proposed Protective Order, however, continues to be unreasonably burdensome and invasive of protected attorney work-product. The nominal comfort Cisco might have under its extraordinary

procedures of producing software only at its counsel's facilities for inspection does not justify the substantial burdens imposed by such procedures, particularly where Teles' counsel will maintain the software using security measures that will meet – if not exceed – the security measures to be used by Cisco. The Court should reject Cisco's revised Protective Order and adopt Teles' proposed Protective Order.

As an initial matter, Cisco erroneously argues that "the majority of Teles' brief is presently irrelevant" because "Teles failed to address Cisco's actual proposed order … but instead commented and addressed an *earlier* draft version of the order." (Cisco Reply at 1). Teles, however, fully considered Cisco's actual proposed Order – indeed, Teles included Cisco's actual proposed order as Teles Exhibit 2 in conjunction with the redline comparison (Teles Exhibit 3) made between Cisco's proposed order (Teles Exhibit 2) and Teles' proposed order (Teles Exhibit 1). Teles' Opposition brief, however, inadvertently referenced Cisco's after-hours notice requirements as being "two to four days," rather than "24 hours," Cisco's Reply brief erroneously seized on this single briefing error to argue that "the majority" of Teles' brief is "irrelevant." But that plainly is not the case.

Cisco's revised Protective Order would unreasonably burden Teles' investigation of the facts and invade Teles' work production, because the revised Protective Order: (1) requires Teles' counsel to review Cisco source code at the offices and watchful eyes of Cisco's outside counsel or employees; (2) requires Teles to provide Cisco's outside counsel 24 hours advance notice before any attempt to review the source code "after hours"; (3) imposes an arbitrary page limit on how many pages of source code Teles may print; and (4) requires Teles to produce the hard copies to Cisco upon completion of Teles' review (including an arbitrary date

in December 2006 by which such review must be completed – well prior to fact discovery or the start of expert discovery). The burdens and costs imposed on Teles' counsel under such procedures are manifest. And, further, Cisco cannot be allowed to invade Teles' protected work product.

Cisco's proposed procedures effectively allow Cisco's counsel to look over Teles' shoulder at every step because – even under Cisco's revised Protective Order -- Cisco's attorneys retain de facto supervision over Teles' review of source code. *See* Cisco's Revised Protective Order (D.E. #26, Exhibit B) ¶¶ 5(d), 5(e), 5(h), 5(i), and 5(o). Such requirements plainly invade Teles' protected attorney opinion work product. For example, the cases are uniform – and Cisco appears to agree – that counsel's selection of a subset of pages from a large volume of pages is fundamentally protected attorney work-product. *See* Cisco Reply at 6 ("the 'selection and compilation of documents is often more crucial than legal research'") (quoting *American National Red Cross v. Travelers Indemnity*, 896 F. Supp. 8 (D.D.C. 1994). But Cisco's proposed order would invade that precise and fundamental privileged work-product – *i.e.*, Cisco's proposed order would require Teles' counsel to divulge the specific source code pages that counsel selects to print from the entire volume of source code (which Cisco says could be "millions of lines" of code). Such an invasion of fundamental protected work product cannot stand.

Importantly, Cisco's Reply does not dispute that the multi-layered security protocol that Teles' outside counsel will provide is equal to – if not greater than – the security provided by Cisco. To be clear, the issue here is not whether the source code will receive some form of protection (it will receive the same if not better security protection). Rather, the issue is

whether the vague comfort that Cisco seeks by having source code stored at its counsel (or some outside vendor) rather than Teles' counsel substantially justifies the invasion of attorney opinion work product and the cost and expenses associated with doing so. Cisco's revised Protective Order – for the same reasons as the originally submitted protective order – should be rejected and Teles' Protective Order adopted.

Dated: July 27, 2006.

                                        Respectfully Submitted,

                                        /s/ Mark Whitaker
                                        Mathew J. Moore, No. 453773
                                        David W. Long, No. 458029
                                        Mark L. Whitaker, No. 435755
                                        Andreas Stargard, No. 484303
                                        Howrey LLP
                                        1299 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20004
                                        Tel.: (202) 783-0800
                                        Fax: (202) 383-6610

                                        *Attorneys for Teles AG Informationstechnologien*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>Defendant. )<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>Counterclaimant, )<br>v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>Counterdefendant. )<br>) | Civil Action No.: 1:05-CV-02048 (RBW) |

## [PROPOSED] ORDER

Before this Court is a Motion for Leave to File a Sur-reply. After careful consideration, it has been determined that Defendant has met its burden of showing good cause for such a ruling.

Accordingly, IT IS HEREBY ORDERED, that the Motion is GRANTED and the Sur-Reply is ENTERED.

So ORDERED AND SIGNED this _____ day of _____, 2006

_____
Honorable Reggie B. Walton
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2006, true and correct copies of the foregoing:

1. **TELES' MOTION TO FILE A SUR-REPLY TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER;**

2. **TELES' [PROPOSED] SUR-REPLY TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER;** and

3. **PROPOSED ORDER.**

were served upon counsel for the parties via CM/ECF. This will send notification of such filings to the following and the documents are available for viewing and downloading from CM/ECF.

> John A. Moustakas
> GOODWIN PROCTER LLP
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> Tel.: (202) 346-2000
> Fax: (202) 346-4444
> jmoustakas@goodwinprocter.com

*Of Counsel:*
John C. Englander (*admitted pro hac vice*)
J. Anthony Downs (*admitted pro hac vice*)
Lana S. Shiferman (*admitted pro hac vice*)
Michael J. McNamara (*admitted pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz (*admitted pro hac vice*)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
(212) 355-3333 (fax)


            /s/ Mark Whitaker