UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>) <br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>Defendant. )<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN, )<br>)<br>Counterclaimant, )<br>v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>Counterdefendant. )<br>) | Civil Action No.: 1:05-CV-02048 (RBW) |

**ANSWER AND FIRST AMENDED COUNTERCLAIMS OF
TELES AG INFORMATIONSTECHNOLOGIEN TO CISCO SYSTEMS, INC.'S
<u>ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT</u>**

Defendant Teles AG Informationstechnologien ("Teles") by and through its undersigned counsel, hereby answers plaintiff Cisco Systems, Inc.'s ("Cisco") Original Complaint and Request for Declaratory Judgment ("Complaint") as follows.

Each and every allegation in the Complaint that is not specifically admitted herein is denied.

## PARTIES

1. Upon information and belief, Teles admits that Cisco is a corporation organized and existing under the laws of the state of California, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

2. Teles admits that it is a corporation with its principal place of business at Dovestr. 2-4, D-10587 Berlin, Germany. Teles also admits that it is identified as the assignee of issued United States Patent No. 6,954,453 ("the '453 Patent").

## JURISDICTION AND VENUE

3. Teles admits that Cisco purports to allege an action for a declaration that each claim of the '453 Patent is invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq,* Teles does not dispute that subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4. For purposes of this action only, Teles does not dispute that, pursuant to 35 U.S.C. § 293, venue is proper in this district.

## FACTS

5. Admitted.

6. Teles does not dispute that Cisco has a reasonable apprehension that Teles will sue Cisco for infringement of the '453 Patent.

7. Teles admits the specific statements made in the English translation of the press release attached to the Complaint as Exhibit B. Teles denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Denied.

## REQUEST FOR DECLARATORY JUDGEMENT

9. Teles incorporates by reference its response to paragraphs 1 through 8 as though fully set herein.

10. Teles admits that a ripe and justiciable controversy exists between the parties regarding whether the '453 Patent is valid, and if so, whether Cisco has infringed it.

11. Teles admits that Cisco has a reasonable apprehension of suit relating to its infringement of the '453 Patent. Teles denies the remaining allegations contained in paragraph 11.

12. Denied.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Cisco's complaint, Teles respectfully requests that this Honorable Court grant the following relief:

A. an order denying the relief sought in paragraphs A through D under "Prayer For Relief" of Cisco's Complaint;

B. a declaration that Cisco infringes one or more valid claims of the '453 Patent;

C. an award to Teles of its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes;

D. an award of damages adequate to compensate for the infringement under 35 U.S.C. § 284, as well as increased damages up to three times the amount of damages found or assessed as appropriate under § 284;

E. injunctive relief under 35 U.S.C. § 283 to prevent the violation of any right

secured by the '453 Patent; and

F.  award to Teles any other relief, in law and in equity, to which the Court finds Teles is justly entitled.

## FIRST AMENDED COUNTERCLAIMS

Counterclaimant Teles AG Informationstechnologien ("Teles"), by their attorneys, complain against Counterdefendant Cisco Systems, Inc. ("Cisco"), and for its causes of action alleges and states as follows:

## JURISDICTION AND VENUE

1. Teles incorporates by reference its responses above to paragraphs 1 through 13 of Cisco's Complaint.

2. This action arises under 28 U.S.C. § 1338(a), the patent laws of the United States, 35 U.S.C. § 1 et seq.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a), 35 U.S.C. §§ 271 and 281, and the pendent jurisdiction of this Court.

4. Venue for Teles' Counter-Claim is proper within this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## NATURE OF THE CASE

Teles files these counterclaims seeking legal and equitable relief (e.g., damages and injunctive relief) from Cisco's past and continued infringement of Teles' patent rights.

## FACTS

5. Teles is a corporation with its principal place of business at Dovestr. 2-4, D-10587 Berlin, Germany.

4

6. Teles is the assignee of issued United States Patent No. 6,954,453 ("the '453 Patent"), entitled "Method For Transmitting Data In A Telecommunications Network And Switch For Implementing Said Method," that was issued by the U.S. Patent and Trademark Office ("Patent Office") on October 11, 2005. The claims of the '453 Patent are presumed valid under 35 U.S.C. § 282. The '453 Patent is attached as Exhibit A.

7. Teles is the assignee of United States Patent No. 7,145,902 ("the '902 Patent"), entitled "Method For Transmitting Data In A Telecommunications Network And Switch For Implementing Said Method." The '902 Patent issued from a patent application filed as a continuation of the application from which the '453 Patent issued. The '902 Patent is attached as Exhibit B.

8. During prosecution of the '902 Patent, Teles cancelled application claims 105-117, reserving the right to pursue those claims in another patent application. *See* October 3, 2006 Interview Summary, attached as Exhibit C.

9. The Patent Office agreed and cancelled those application claims 105-117. *See* Notice of Allowability, attached as Exhibit D.

10. The Patent Office issued and published the '902 Patent on December 5, 2006. The published '902 Patent erroneously includes claims 105-117, which had been cancelled during prosecution.

11. On December 7, 2006, Teles filed a request for a Certificate of Correction seeking to correct the Patent Office's erroneous listing of claims 105-117 on the published '902 Patent. *See* Request for Certificate of Correction, attached as Exhibit E. The Patent Office has since issued the Certificate of Correction, attached as Exhibit F.

12. Teles assertion of infringement of the '902 Patent is not based on infringement of claims 105-117, because those claims were cancelled during prosecution of the '902 Patent (with reservation of rights to pursue those claims in related applications), but erroneously appear in the published '902 Patent.

13. The allowed claims of the '902 Patent are presumed valid under 35 U.S.C. § 282.

14. Upon information and belief, Cisco is a corporation organized and existing under the laws of the state of California, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

15. Upon information and belief, Cisco (or others acting in concert with Cisco) makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or from the United States, products, methods or services relating to the transmission of data in a telecommunications network ("Cisco Products/Services") including:

- the 2600 Series Multiservice Platforms (*e.g.*, Cisco 2691 Multiservice Platforms, Cisco 2651XM Multiservice Routers, Cisco 2650XM Multiservice Routers, Cisco 2621XM Multiservice Routers, Cisco 2620XM Multiservice Routers, Cisco 2612XM Multiservice Routers, Cisco 2611XM Multiservice Routers, and Cisco 2610XM Multiservice Routers).

- the 2800 Series Integrated Services Routers (*e.g.*, Cisco 2851 Integrated Services Routers, Cisco 2811 Integrated Services Routers, and Cisco 2821 Integrated Services Routers)

- the 3600 Series Multiservice Platforms (*e.g.*, Cisco 3662 Telco Versatile DCN Access

6

Platforms)

- the 3700 Series Multiservice Access Routers (*e.g.*, Cisco 3745 Multiservice Access Routers and Cisco 3725 Multiservice Access Routers)

- the 3800 Series Integrated Services Routers (*e.g.*, Cisco 3845 Integrated Services Routers and Cisco 3825 Integrated Services Routers)

- the 7200 Series Routers (*e.g.*, Cisco 7204VXR Routers and Cisco 7206VXR Routers)

- the 7500 Series Routers (*e.g.*, Cisco 7507 Routers and Cisco 7513 Routers)

### COUNT I: INFRINGEMENT OF THE '453 PATENT

16. Teles incorporates and realleges the allegations of Paragraphs 1 through 15 of its Counterclaim as though fully set forth herein.

17. Upon information and belief, Cisco activities with respect to the Cisco Products/Services has been and continues to infringe the '453 Patent, either directly or indirectly, (e.g., contributory or induced infringement) under 35 U.S.C. § 271.

18. Upon information and belief, the infringing acts by Cisco of manufacturing, marketing, using, selling, importing, and/or offering for sale, at least the devices, services and/or software outlined in paragraphs 1 through 15 of this Counterclaim, and claimed in the '453 Patent, have occurred within this judicial district.

19. Upon information and belief, Cisco will continue to infringe the '453 Patent unless enjoined by this Court.

20. Upon information and belief, Cisco's infringement of the '453 Patent is, has been, and continues to be willful and deliberate, and without regard for Teles' rights in the '453 Patent.

21. As a direct and proximate result of Cisco's infringement of the '453 Patent, Teles

has been damaged to an extent not yet determined.

22.     Teles is entitled to monetary damages, adequate to compensate for the infringement, increased damages under 35 U.S.C. §284, together with interest, costs and attorneys' fees, and is entitled to injunctive relief enjoining Cisco from further infringement of the '453 Patent.

## COUNT II: INFRINGEMENT OF THE '902 PATENT

23.     Teles incorporates and realleges the allegations of Paragraphs 1 through 22 of its Counterclaim as though fully set forth herein.

24.     Upon information and belief, Cisco activities with respect to the Cisco Products/Services has been and continues to infringe the '902 Patent, either directly or indirectly, (e.g., contributory or induced infringement) under 35 U.S.C. § 271.

25.     Upon information and belief, the infringing acts by Cisco of manufacturing, marketing, using, selling, importing, and/or offering for sale, at least the devices, services and/or software outlined in paragraphs 1 through 22 of this Counterclaim, and claimed in the '902 Patent, have occurred within this judicial district.

26.     Upon information and belief, Cisco will continue to infringe the '902 Patent unless enjoined by this Court.

27.     Upon information and belief, as of at least December, 2006, Cisco's infringement of the '902 Patent is, has been, and continues to be willful and deliberate, and without regard for Teles' rights in the '902 Patent.

28.     As a direct and proximate result of Cisco's infringement of the '902 Patent, Teles has been damaged to an extent not yet determined.

29. Teles is entitled to monetary damages, adequate to compensate for the infringement, increased damages under 35 U.S.C. §284, together with interest, costs and attorneys' fees, and is entitled to injunctive relief enjoining Cisco from further infringement of the '902 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, counterclaimant Teles requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

A. a judgment that Cisco infringes the '453 Patent;

B. a judgment that Cisco infringes the '902 Patent;

C. an injunction enjoining Cisco and those in privy with it from infringing the '453 Patent;

D. an injunction enjoining Cisco and those in privy with it from infringing the '902 Patent;

E. an accounting for damages arising from the infringement by Cisco and those in privy with it;

F. an award of damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284;

G. a judgment that infringement of the '453 Patent was willful, and an award to Teles of increased damages in accordance with 35 U.S.C. § 284.

H. a judgment that infringement of the '902 Patent was willful, and an award to Teles of increased damages in accordance with 35 U.S.C. § 284.

     I.     a declaration that this is an exceptional case and that Teles be granted its reasonable attorneys' fees in accordance with 28 U.S.C. § 285; and

     J.     a grant to Teles of any such other relief as the Court may deem just, equitable, or proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) Counterclaimant requests a trial by jury.

Respectfully Submitted,

Dated: February 15, 2007

HOWREY LLP

/s/ Mark Whitaker
Mathew J. Moore, No. 453773
David W. Long, No. 458029
Mark L. Whitaker, No. 435755
Andreas Stargard, No. 484303
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

*Attorneys for Teles AG Informationstechnologien*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 15, 2007, a true and correct copy of the foregoing **ANSWER AND FIRST AMENDED COUNTERCLAIMS OF TELES AG INFORMATIONSTECHNOLOGIEN TO CISCO SYSTEMS, INC.'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMEN**T was served upon counsel for the parties via CM/ECF. This will send notification of such filings to the following and the documents are available for viewing and downloading from CM/ECF.

> John A. Moustakas
> GOODWIN PROCTER LLP
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> Tel.: (202) 346-2000
> Fax: (202) 346-4444
> jmoustakas@goodwinprocter.com

*Of Counsel:*
John C. Englander (*admitted pro hac vice*)
J. Anthony Downs (*admitted pro hac vice*)
Lana S. Shiferman (*admitted pro hac vice*)
Michael J. McNamara (*admitted pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz (*admitted pro hac vice*)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
(212) 355-3333 (fax)

/s/ Mark Whitaker