IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., § | |
| § | |
| Plaintiff/Counterclaim-Defendant, § | |
| § | |
| v. § | |
| § | |
| TELES AG § | CIVIL ACTION NO. 1:05-CV-02048 (RBW) |
| INFORMATIONSTECHNOLOGIEN, § | |
| § | |
| Defendant/Counterclaim-Plaintiff. § | |

**PLAINTIFF CISCO SYSTEMS INC.'S REPLY TO DEFENDANT TELES AG INFORMATIONSTECHNOLOGIEN'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff Cisco Systems, Inc. ("Cisco") replies to the First Amended Counterclaims of Defendant Teles AG Informationstechnologien ("Teles") by specifically denying each and every allegation contained therein, except those that are specifically admitted, modified, or qualified in this Reply.

**JURISDICTION AND VENUE**

1.      Paragraph 1 of Teles' First Amended Counterclaims incorporates Paragraphs 1 through 12 of Teles' Answer, which responds to Paragraphs 1 through 12 of Cisco's Complaint. Cisco admits this paragraph to the extent set forth in Cisco's Complaint and denies the remaining allegations in Paragraph 1 of Teles' First Amended Counterclaims.

2.      Cisco admits that Teles purports to state a claim under 28 U.S.C. § 1338(a) and the patent laws of the United States, 35 U.S.C. § 1 et seq.  Cisco denies the remaining allegations in Paragraph 2 of Teles' First Amended Counterclaims.

3. Cisco admits that this Court has jurisdiction over this action under one or more of 28 U.S.C. §§ 1331, 1332(a) and 1338(a). Cisco denies the remaining allegations in Paragraph 3 of Teles' First Amended Counterclaims.

4. Cisco admits that venue is proper in this district for the purposes of this action. Cisco denies the remaining allegations in Paragraph 4 of Teles' First Amended Counterclaims.

## NATURE OF THE CASE

Cisco admits that Teles purports that its Counterclaims seek legal and equitable relief from infringement. Cisco denies all allegations of infringement of Teles' patent rights contained within Teles' First Amended Counterclaims. Cisco denies the remaining allegations in this unnumbered paragraph of Teles' First Amended Counterclaims.

## FACTS

5. Upon information and belief, Cisco admits the allegations in Paragraph 5 of Teles' First Amended Counterclaims.

6. Cisco admits that the face of U.S. Patent No. 6,954,453 (the "'453 patent") identifies Teles as the assignee of the '453 patent. Cisco also admits that the '453 patent bears the title "Method For Transmitting Data In A Telecommunications Network And Switch for Implementing Said Method" and that the '453 patent indicates that it was issued on October 11, 2005 (the "'453 patent issue date"). Cisco further admits that 35 U.S.C. § 282 provides that patents "shall be presumed valid." Cisco denies the remaining factual allegations in Paragraph 6 of Teles' First Amended Counterclaims. Teles' statement that the claims of the '453 patent are presumed valid is a conclusion of law that requires no response from Cisco.

7. Cisco admits that the face of U.S. Patent No. 7,145,902 (the "'902 patent") identifies Teles as the assignee of the '902 patent. Cisco also admits that the '902 patent bears

the title "Method For Transmitting Data In A Telecommunications Network And Switch for Implementing Said Method." Cisco further admits that the face of the patent indicates that is issued from a patent application filed as a continuation of the application from which the '453 patent issued. Cisco denies the remaining factual allegations in Paragraph 7 of Teles' First Amended Counterclaims.

8. Cisco admits that the October 3, 2006 Interview Summary states that "Applicant's attny., Vince Deluca, agreed to cancel 105-117 in view of the newly cited references …." Cisco denies the remaining factual allegations in Paragraph 8 of Teles' First Amended Counterclaims.

9. Cisco admits that the October 3, 2006 Notice of Allowability states that "Claims 105-117 are cancelled as requested by the Applicant." Cisco denies the remaining factual allegations in Paragraph 9 of Teles' First Amended Counterclaims.

10. Cisco admits that the face of the '902 patent indicates that it was issued on December 5, 2006. Cisco further admits that the '902 patent erroneously includes claims numbered 105-117. Cisco denies the remaining factual allegations in Paragraph 10 of Teles' First Amended Counterclaims.

11. Cisco admits that a request for a Certificate of Correction seeking to correct the Patent Office's erroneous listing of claims 105-117 on the '902 patent was filed on December 7, 2006. Cisco admits that the Certificate of Correction dated January 23, 2006 states "Claims 105-117 were cancelled and should not appear in the patent." Cisco denies the remaining factual allegations in Paragraph 11 of Teles' First Amended Counterclaims.

12. Cisco admits that Teles' assertion of infringement is not based on claims 105-117 of the '902 patent. Cisco denies the remaining factual allegations in Paragraph 12 of Teles' First Amended Counterclaims.

13. Teles' statement that the claims of the '902 patent are presumed valid is a conclusion of law that requires no response from Cisco. To the extent that a response is required, Cisco denies the factual allegations in Paragraph 13 of Teles' First Amended Counterclaims.

14. Admitted.

15. Cisco admits that it places or has placed the following products in the stream of commerce:

- Cisco 2691 Multiservice Platforms, Cisco 2651XM Multiservice Routers, Cisco 2650XM Multiservice Routers, Cisco 2621XM Multiservice Routers, Cisco 2620XM Multiservice Routers, Cisco 2611XM Multiservice Routers, Cisco 2610XM Multiservice Routers, and Cisco 2612XM Multiservice Routers.

- Cisco 2851 Integrated Services Routers, Cisco 2811 Integrated Services Routers and Cisco 2821 Integrated Services Routers;

- Cisco 3662 Telco Versatile DCN Access Platforms;

- Cisco 3745 Multiservice Access Routers and Cisco 3725 Multiservice Access Routers;

- Cisco 3845 Integrated Services Routers and Cisco 3825 Integrated Services Routers;

- Cisco 7204VXR Routers and Cisco 7206VXR Routers; and

- Cisco 7507 Routers and Cisco 7513 Routers.

Cisco denies the remaining factual allegations in Paragraph 15 of Teles' First Amended Counterclaims.

## COUNT I:  INFRINGEMENT OF THE '453 PATENT

16. Cisco incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II:  INFRINGEMENT OF THE '902 PATENT

23. Cisco incorporates its responses to Paragraphs 1 through 22 as though fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## DEFENSES

### FIRST DEFENSE
### NON-INFRINGEMENT OF THE '453 PATENT

30.    Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 29 as though fully set forth herein.

31.    Cisco has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '453 patent.

### SECOND DEFENSE
### INVALIDITY OF THE '453 PATENT

32.    Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 31 as though fully set forth herein.

33.    One or more of the claims of the '453 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
### UNENFORCEABILITY OF THE '453 PATENT

34.    Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 33 as though fully set forth herein.

35.    On information and belief, the '453 patent is unenforceable because the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted and/or misrepresented material information in connection with the prosecution of the application which matured into the '453 patent in violation of the duty of candor to the United States Patent and Trademark Office ("PTO") prescribed in 37 C.F.R. § 1.56, including, without limitation, for the reasons set forth in Paragraphs 36 through 42.

36.    The '453 patent identifies it as issuing from U.S. Patent Application Serial No. 09/147,970 ("the '970 application"), which was filed on March 23, 1999 ("the '970 filing date").

The '453 patent further identifies the '970 application as claiming priority from international application PCT/DE97/02363 (the "PCT application"), which is identified as filed under the provisions of the Patent Cooperation Treaty on October 7, 1997 (the "PCT filing date"). The PCT application claims priority from two applications identified as being filed in Germany: DE 196 42 063 (the "DE '063 application"), identified as being filed on October 7, 1996; and DE 196 45 368 (the "DE '368 application"), identified as being filed on October 23, 1996.

37. The '453 patent identifies Messrs. Sigram Schindler, Andreas Illg, Karsten Lüdtke and Franck Paetsch as named inventors. On information and belief, Sigram Schindler founded Teles in 1983, has remained with the company since its founding and is presently its Chief Executive Officer.

38. Prior to the issuance of the '453 patent, the DE '368 application was challenged in a nullity action filed in Germany by Quintum Technologies Inc. (the "Quintum nullity") against Teles. The complaint in the Quintum nullity cited prior art references and systems. Upon information and belief, a number of these references and systems were not disclosed to the PTO during the prosecution of the '970 application, including:

- TAXI System, User Manual, Manual Version 2.0 (English Version), December 1995;
- IDB 64/2, Benutzer-Handbuch, Software Release 4.11, March 1996;
- Hans-Jochen Schneider, Lexikon der Informatik und Datenverarbeitung, 2d ed., 1986;
- Manu Malek, Integrated Voice and Data Communications Overview, IEEE Communications Magazine, vol. 26, no. 6, June 1988;

- Claude Wacker, Interconnection of LANs using ISDN, 2nd Joint European Networking Conference, May 1991;

- Vocaltec Introduces The Internet Phone Telephony Gateway Linking Traditional and Internet Telephone Networks, Press Release, March 8, 1996;

- Vocaltec Links Phones to Web, Discount Long Distance Digest News, August 2, 1996;

- NetWare MultiProtocol Router for ISDN 3.1 Installation and ISDN Configuration Guide, 1996;

- Telefonieren auf dem Novell-Netz, LANline, February 1995;

- LAN und TK-Funktionen wachsen zusammen, LANline, July 1995;

- Das LAN wird zur Telefonanlange, ntz, vol. 4/1995;

- Realisierung von LAN-Diensten über TK-Anlagen, ntz, vol. 12/1992;

- Christian J. Jenny and Karl Kümmerle, Distributed Processing Within an Integrated Circuit/Packet-Switching Node, IEEE Transactions on Communication, vol. Com-24, no. 10, October 1976;

- Gino J. Coviello and Robert E. Lyons, Conceptual Approaches to Switching in Future Military Networks, IEEE Transactions on Communication, vol. Com-28, no. 9, September 1980;

- Brij Bhushan and Holger Opderbeck, The Evolution of Data Switching for PBX's, IEEE Journal on Selected Areas in Communication, vol. Sac-3, no. 4, July 1985;

- Tohru Kohashi, et al., Integrated Circuit and Packet Switching Applications to a Loop System for Local Area Networks, IEEE Journal on Selected Areas in Communication, vol. Sac-3, no. 4, July 1985;

- Mark J. Karol and Michael G. Hluchyj, Using a Packet Switch for Circuit-Switched Traffic: A Queuing System with Periodic Traffic Input, IEEE Transactions on Communication, vol. 37, no. 6, June 1989; and

- William Stallings, ISDN and Broadband ISDN with Frame Relay and ATM, 3d ed., April 1995.

39. Upon information and belief, Sigram Schindler was involved in the Quintum nullity.

40. Upon information and belief, the prior art references and systems identified in Paragraph 38 of this Reply were known to the inventors and/or their agents during the prosecution of the '970 application.

41. The prior art disclosed in Paragraph 38 of this Reply is material and should have been disclosed to the PTO during the prosecution of the '970 application.

42. Upon information and belief, the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted and/or misrepresented material information in connection with the prosecution of the '970 application, which matured into the '453 patent, in violation of the duty of candor to the PTO prescribed in 37 C.F.R. § 1.56.

**FOURTH DEFENSE**
**<u>NON-INFRINGEMENT OF THE '902 PATENT</u>**

43. Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 42 as though fully set forth herein.

44.     Cisco has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and enforceable claim of the '902 patent.

### FIFTH DEFENSE
### INVALIDITY OF THE '902 PATENT

45.     Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 44 as though fully set forth herein.

46.     One or more of the claims of the '902 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

### SIXTH DEFENSE
### UNENFORCEABILITY OF THE '902 PATENT

47.     Cisco incorporates by reference and re-alleges each and every allegation contained in its responses to Paragraphs 1 through 46 as though fully set forth herein.

48.     The '902 patent is unenforceable as a result of inequitable conduct in the prosecution of the related '453 patent before the U.S. Patent & Trademark Office ("PTO"). Acts constituting inequitable conduct include, without limitation, at least those set forth in Paragraphs 49 through 56.

49.     The '453 patent identifies it as issuing from U.S. Patent Application Serial No. 09/147,970 ("the '970 application"), which was filed on March 23, 1999 ("the '970 filing date"). The '453 patent further identifies the '970 application as claiming priority from international application PCT/DE97/02363 (the "PCT application"), which is identified as filed under the provisions of the Patent Cooperation Treaty on October 7, 1997 (the "PCT filing date"). The PCT application claims priority from two applications identified as being filed in Germany: DE 196 42 063 (the "DE '063 application"), identified as being filed on October 7, 1996; and DE 196 45 368 (the "DE '368 application"), identified as being filed on October 23, 1996.

50. The '453 patent identifies Messrs. Sigram Schindler, Andreas Illg, Karsten Lüdtke and Franck Paetsch as named inventors. On information and belief, Sigram Schindler founded Teles in 1983, has remained with the company since its founding and is presently its Chief Executive Officer.

51. Prior to the issuance of the '453 patent, the DE '368 application was challenged in a nullity action filed in Germany by Quintum Technologies Inc. (the "Quintum nullity") against Teles. The complaint in the Quintum nullity cited prior art references and systems. Upon information and belief, a number of these references and systems were not disclosed to the PTO during the prosecution of the '970 application, including:

- TAXI System, User Manual, Manual Version 2.0 (English Version), December 1995;
- IDB 64/2, Benutzer-Handbuch, Software Release 4.11, March 1996;
- Hans-Jochen Schneider, Lexikon der Informatik und Datenverarbeitung, 2d ed., 1986;
- Manu Malek, Integrated Voice and Data Communications Overview, IEEE Communications Magazine, vol. 26, no. 6, June 1988;
- Claude Wacker, Interconnection of LANs using ISDN, 2nd Joint European Networking Conference, May 1991;
- Vocaltec Introduces The Internet Phone Telephony Gateway Linking Traditional and Internet Telephone Networks, Press Release, March 8, 1996;
- Vocaltec Links Phones to Web, Discount Long Distance Digest News, August 2, 1996;

- NetWare MultiProtocol Router for ISDN 3.1 Installation and ISDN Configuration Guide, 1996;

- Telefonieren auf dem Novell-Netz, LANline, February 1995;

- LAN und TK-Funktionen wachsen zusammen, LANline, July 1995;

- Das LAN wird zur Telefonanlange, ntz, vol. 4/1995;

- Realisierung von LAN-Diensten über TK-Anlagen, ntz, vol. 12/1992;

- Christian J. Jenny and Karl Kümmerle, Distributed Processing Within an Integrated Circuit/Packet-Switching Node, IEEE Transactions on Communication, vol. Com-24, no. 10, October 1976**;**

- Gino J. Coviello and Robert E. Lyons, Conceptual Approaches to Switching in Future Military Networks, IEEE Transactions on Communication, vol. Com-28, no. 9, September 1980**;**

- Brij Bhushan and Holger Opderbeck, The Evolution of Data Switching for PBX's, IEEE Journal on Selected Areas in Communication, vol. Sac-3, no. 4, July 1985;

- Tohru Kohashi, et al., Integrated Circuit and Packet Switching Applications to a Loop System for Local Area Networks, IEEE Journal on Selected Areas in Communication, vol. Sac-3, no. 4, July 1985;

- Mark J. Karol and Michael G. Hluchyj, Using a Packet Switch for Circuit-Switched Traffic: A Queuing System with Periodic Traffic Input, IEEE Transactions on Communication, vol. 37, no. 6, June 1989; and

- William Stallings, ISDN and Broadband ISDN with Frame Relay and ATM, 3d ed., April 1995.

52.     Upon information and belief, Sigram Schindler was involved in the Quintum nullity.

53.     Upon information and belief, the prior art references and systems identified in Paragraph 51 of this Reply were known to the inventors and/or their agents during the prosecution of the '970 application.

54.     The prior art disclosed in Paragraph 51 of this Reply is material and should have been disclosed to the PTO during the prosecution of the '970 application.

55.     Upon information and belief, the applicants, and/or individuals acting on behalf of the applicants, deliberately and knowingly withheld, omitted and/or misrepresented material information in connection with the prosecution of the '970 application, which matured into the '453 patent, in violation of the duty of candor to the PTO prescribed in 37 C.F.R. § 1.56.

56.     The '902 patent identifies itself as issuing from U.S. Patent Application Serial No. 11/165,280 (the "'280 application), which was filed on June 22, 2005 (the "'280 filing date"). The '902 patent further identifies the '280 application as a division of the '970 application. Upon information and belief, the violation of the duty of candor by the applicants and/or individuals acting on behalf of the applicants bears an "immediate and necessary relation" to the '902 patent and the claims thereof, and therefore renders the '902 patent unenforceable under the doctrine of infectious unenforceability.  Disclosing the references withheld during the prosecution of the '970 application during the prosecution of the '280 application cannot cure the applicants' violation of the duty of candor during the prosecution of the '970 application and its infection of the '280 application.

**PRAYER FOR RELIEF**

THEREFORE, Cisco respectfully requests that this Honorable Court grant the following relief:

(A)   a judgment that Cisco does not infringe any valid claim of the '453 patent;

(B)   a judgment that each and every claim of the '453 patent is invalid;

(C)   a judgment that each and every claim of the '453 patent is unenforceable due to inequitable conduct;

(D)   a judgment that Cisco does not infringe any valid claim of the '902 patent;

(E)   a judgment that each and every claim of the '902 patent is invalid;

(F)   a judgment that each and every claim of the '902 patent is unenforceable due to infectious inequitable conduct;

(G)   a finding that, pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable laws, this is an exceptional case that merits awarding Cisco its costs and expenses, including reasonable attorneys' fees; and

(H)   any other relief, in law or equity, to which this Court finds Cisco justly entitled.

Respectfully submitted,

Dated: March 7, 2007

_/s/ John A. Moustakas_____
John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.,
Washington, D.C. 20001
(202) 346-4000
jmoustakas@goodwinprocter.com

**Attorneys for Plaintiff/Counterclaim Defendant Cisco Systems, Inc.**

Of Counsel:

J. Anthony Downs
John C. Englander
Lana S. Shiferman
Michael J. McNamara
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
jdowns@goodwinprocter.com
jenglander@goodwinprocter.com
lshiferman@goodwinprocter.com
mmcnamara@goodwinprocter.com

Benjamin Hershkowitz
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
bhershkowitz@goodwinprocter.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 7, 2007, a true and correct copy of the foregoing *Plaintiff's Reply to Defendant's First Amended Counterclaims* was served upon counsel for the parties via CM/ECF. This will notify the following individual(s) of such filings and that the documents are available for viewing and downloading from CM/ECF.

> Mark L. Whitaker
> David Long
> HOWREY SIMON ARNOLD & WHITE, LLP
> 1299 Pennsylvania Avenue, NW
> Washington, DC 20004
> (202) 383-7222
> whitakerm@howrey.com

      /s/ John A. Moustakas
      John A. Moustakas