**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., ) <br> ) <br> Plaintiff/ ) <br> Counterclaim-Defendant, ) <br> ) <br> v. ) <br> ) <br> TELES AG INFORMATIONSTECHNOLOGIEN, ) <br> ) <br> Defendant/ ) <br> Counterclaim-Plaintiff. ) | Civil Action No.: <br> 1:05-CV-02048 (RBW) |

**CISCO'S MOTION TO STAY THIS CASE PENDING
REEXAMINATION OF THE '902 PATENT**

Cisco Systems, Inc. ("Cisco") hereby moves for a stay of this case pending the U.S. Patent Office's final decision on Cisco's Request for *Inter Partes* Reexamination of U.S. Patent No. 7,145,902 (the '902 patent).

The '902 patent is the principal patent at issue in this lawsuit, with Teles AG Informationstechnologien ("Teles") asserting that nearly 200 different Cisco products infringe 33 different claims of the patent. Last year, the German Patent Court ruled that two counterpart patents to the '902 patent (i.e., patents from the same patent specification, with similar claims) were invalid. *See* D.I. 20, *Plaintiff Cisco Systems' Supplemental Filing to the Joint Meet and Confer Statement* at Exs. B-C.[1]  Cisco's current Request for *Inter Partes* Reexamination, a portion of which is submitted with this motion as Exhibit 1,[2] identifies multiple pieces of prior

---

[1] Almost simultaneously, a separate German Court ruled that Cisco did not infringe the Teles' counterpart patents. The Superior Court of Mannheim rejected Teles' claims, based on essentially the same theories asserted here, that Cisco was infringing EP 0 929 884 B1 and DE 196 42 063. *See* D.I. 20, *Plaintiff Cisco Systems' Supplemental Filing to the Joint Meet and Confer Statement* at Ex. D.

[2] Given the number of claims at issue, the complete reexamination request, with all its claim charts, is quite voluminous. Accordingly, Cisco has included only the narrative portion of the request, without the detailed claim-

art (including art relied upon by the German Patent Court) that either anticipate or render obvious every one of the 33 claims of the '902 patent asserted by Teles.  The Request also points out the critical fact that, after the '902 patent issued, the United States Supreme Court issued its decision in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. ___ (2007), slip op. at 11 (Exhibit 2), in which the Court greatly strengthened the obviousness test, making it more likely that patents will be invalidated as obvious.  The Patent Office will, in response to Cisco's Request, first make a determination of whether the Request raises a "substantial new question of patentability," and if so, will reopen the examination of the claims and ultimately decide in contested proceedings whether the '902 claims as currently written should be invalidated.[3]

The principal reason to grant the stay is avoid the waste of time and resources that will necessarily occur if the parties and the Court are required to contest the validity of the '902 claims simultaneously in both the PTO and in this Court.  In this regard, the fact that Cisco is challenging the '902 patent in an "*inter partes*" reexamination is important, as it means that the Cisco and Teles will in effect be litigating the validity of the '902 patent before the PTO, with certain potential estoppel effects for this lawsuit.  Both parties will have a chance to argue the validity issues in the PTO in this *inter partes* proceeding.  When similar proceedings were held

---

by-claim analysis in the claim charts.  The additional pages (roughly 400 pages) and the exhibits (roughly 800 pages) are available if the Court would like to see them.

[3] Reexamination proceedings allow the PTO to evaluate patentability of the reexamined claims with greater scrutiny.  Once a request for reexamination is made, the PTO will grant the reexamination request if the requester has raised a substantial new question of patentability.  35 U.S.C. §§ 303(a), 312.  When reexamination is granted, the PTO examines the patent using the same procedures that it would use to examine a newly-filed patent application, but at an *expedited* pace.  35 U.S.C. §§ 305, 314; Manual of Patent Examining Procedure § 2286 (8th ed., 3rd rev.).  In other words, the PTO may reject one or more claims as unpatentable in light of the prior art.  37 C.F.R. § 1.104(c).  In response, the patentee may cancel claims or amend them to distinguish them from the prior art.  35 U.S.C. §§ 305, 314; 37 C.F.R. §1.530(j).  In an *inter partes* reexamination -- the kind requested for the '902 patent -- the party who requested the reexamination can file written comments regarding the rejection of the claims and/or the patent owner's response thereto.  35 U.S.C. § 314(b)(2).  The statutes expressly contemplate that litigation pending at the time of the inter partes reexamination may be stayed.  35 U.S.C. § 318.  Following the conclusion of an inter partes reexamination, the third party who requested the reexamination may be estopped from making certain invalidity arguments in any subsequent or pending litigations.  *See* 35 U.S.C. § 315(c).

before in the German Patent Court, Teles lost, and its counterpart patents were invalidated. Even issues outside of the pure invalidity of the Teles claims will be affected by the Reexamination proceedings. For example, the claim construction of the claims – which this Court has yet to consider or decide – will be illuminated by the discussions about the scope and validity of the claims. Questions of infringement and unenforceability of the current claims may turn out ultimately to be irrelevant if the claims are invalidated or narrowed as a result of the Reexamination.[4]

      This is an appropriate time in this litigation for a stay. The '902 patent was added into this case just over six months ago. Although documents and interrogatory responses have been exchanged and progress has been made in discovery, there have been no depositions taken or scheduled and no expert reports submitted, and fact discovery is still months from its scheduled close. Moreover, other than in connection with recent discovery disputes, the Court has not yet been forced to expand considerable resources on the case. The parties have not briefed, and this Court has not considered, the critical issues of claim construction that pervade the more than 30 claims at issue in this litigation. There is not even a schedule for the Court to resolve the *Markman* issues or for briefing and resolution of important and expected summary judgment issues.

      In fact, a stay of ongoing litigation is contemplated as part of the statutory scheme associated with an *inter partes* reexamination, *see* 35 U.S.C. § 318, and a large number of courts have recognized the inherent benefits of a stay in similar situations. Not only will the stay prevent a waste of resources for both the Court and the parties, but as courts have recognized, the additional prosecution history generated during the reexamination will influence the litigation

---

[4] If no stay is granted, many of the interim positions taken by the parties and substantive orders issued by the Court will need to be reevaluated. The grant of the requested stay will maximize the likelihood that neither the Court nor

proceedings going forward. This Court will gain the benefit of the PTO's expert analysis of the prior art. An *inter partes* reexamination, particularly one involving the same parties as in the underlying litigation, as we have here, presents even more compelling reasons to grant a stay -- as both parties will be bound by the decision of the PTO and will be subject to estoppel effects from the reexamination proceedings. As such, if any further litigation is warranted after the Reexamination, it will be necessarily simplified. Ultimately, a stay pending reexamination will preserve the Court's time and resources and spare both parties considerable expense.

## ARGUMENT

**I.    THIS COURT HAS DISCRETION TO GRANT A STAY OF THIS CASE PENDING REEXAMINATION OF THE '902 PATENT**

District courts are vested with the "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)).

"Congress instituted the reexamination process to shift the burden [of] reexamination from the courts to the PTO." *Broadcast Innovation, L.L.C. v. Charter Comm'n., Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 WL 1897165 at *3 (D. Colo. July 11, 2006) (quoting *Canady v. Erbe Eletromedizin, GmbH*, 271 F. Supp. 2d 64, 78 (D. D.C. 2002) (indicating that Congress implemented reexamination to provide a vehicle for settling validity disputes more quickly and less expensively than the often protracted litigation involved in such cases, thereby reducing the burden on the courts)). Indeed, the legislative history surrounding reexamination supports district courts liberally granting stays pending reexamination. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("When a district court stays patent validity proceedings before

---

the parties will expend their assets addressing invalid claims.

it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved"); *eSoft, Inc. v. Blue Coat Sys., Inc.*, No. 06-cv-00442-EWN-PAC, 2007 WL 549843 at *2 (D. Colo. Feb. 16, 2007); *Broadcast Innovation*, 2006 WL 1897165 at *3 ("Early drafts of the reexamination statute expressly provided for a stay of court proceedings during all reexamination proceedings . . . [but] an express provision was ultimately deemed unnecessary . . .") (citations omitted).

A stay is especially appropriate in the case of a *inter partes* reexamination, where Congress expressly contemplated that a stay pending an *inter partes* reexamination may be granted. *See* 35 U.S.C. § 318. Moreover, because the statute "imposes estoppel restraints on a third-party requester. . . . [and] the third-party requester will be estopped from seeking review of factual determinations made in the *inter partes* reexamination . . . an *inter partes* reexamination can have no other effect but to streamline ongoing litigation. For these reasons, courts have an even more compelling reason to grant a stay when an *inter partes* reexamination is proceeding with the same parties, which is precisely the case here." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05 CV 81 DF, 2006 WL 2501494 (Slip Op.) at *3 (E.D. Tex. July 14, 2006) (internal citation omitted) (Exhibit 3).

Moreover, the fact that the PTO has not yet granted Cisco's reexamination request does not prohibit this Court from granting a stay of this litigation pending resolution of the reexamination. Given the liberal policy favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request. *See, e.g., ASCII Corp. v. STD Entm't U.S.A., Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay based on party's contemplated filing for reexamination); *Hewlett-Packard Co. v. Acuson Corp.,* No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993)

(granting stay before Patent Office had granted reexamination request); *Graham-White Mfg. Co. v. Ell-Con Nat'l, Inc.*, No. 6:05-0396-HFF-WMC, 2006 WL 2716439, at *1 (D. S.C. Sept, 22, 2006) (same).

## II.   A STAY PENDING REEXAMINATION OF THE '902 PATENT IS PROPER UNDER THE PRESENT CIRCUMSTANCES

When examining whether to grant a motion to stay, district courts consider: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; (3) whether discovery is complete and whether a trial date has been set; and (4) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party. *See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004); *EchoStar*, 2006 WL 2501494 at *3-4. No one factor controls. *Broadcast Innovation*, 2006 WL 1897165 at *4. Instead, courts look at the totality of the circumstances and weigh the benefits of a stay against the costs. *Id.* Here, this Court should stay this litigation pending the outcome of the *inter partes* reexamination of the '902 patent[5] as the benefits significantly outweigh any potential costs.

### A.   A Stay Will Simplify the Issues and Streamline the Litigation by Reducing the Issues in this Case, Eliminating or Narrowing the Asserted Claims, and Eliminating the Risk of Inconsistent Adjudication

Staying this case pending the outcome of the *inter partes* reexamination of the '902 patent would allow this Court and the parties to benefit from the PTO's elimination and/or narrowing of claims. The reexamination procedure exists at least in part to eliminate the need to

---

[5] While the PTO has not yet acted on the request for reexamination, this does not and should not prevent this Court from staying this action. Not only do the proceedings in the German Courts regarding Teles' foreign counterparts indicate that a grant of reexamination is likely, last year's statistics from the PTO indicate that 91 percent of all reexaminations, both *ex parte* and *inter partes*, were granted (2006 USPTO PERFORMANCE & ACCOUNTABILITY REP., at Table 13a & 13b), and courts will grant motions to stay before the reexamination request has been granted. *See, e.g., Graham-White Mfg. Co.*, 2006 WL 2716439 at *1; *ASCII*, 844 F. Supp at 1381. Furthermore, if this Court grants a stay before the PTO decides whether to reexamine the patents-in-suit, this Court can lift or dissolve the stay if the PTO decides against reexamination. *See Broadcast Innovation*, 2006 WL 1897165 at *2 (citations omitted).

try invalidity issues and/or facilitate the trial of issues by providing district courts with the "PTO's expert analysis of the prior art" and view of the claims.  *EchoStar*, 2006 WL 2501494 at \*4 (citing cases); *Gould*, 705 F.2d at 1342; *see also Canady*, 271 F. Supp. 2d at 68.  If Teles cancels claims to distinguish its alleged invention from the prior art, that cancellation will eliminate the need to try issues related to that claim.  *See id.*  Given the very large number of claims from the '902 patent that Teles presently asserts, the removal of *any* claims would help make this case more manageable for the parties, reduce complexity for the Court and minimize prejudice to Cisco.  *See Reroof Am., Inc. v. United Structures of Am., Inc.*, No. 98-1378, 1999 WL 674517, at \*6 (Fed. Cir. Aug. 30, 1999) ("If anything, the risk that a jury will be unduly influenced by the mere number of claims presented by the plaintiff is a justification for a court's attempting to limit the number of claims tried.").  Even if claims survive reexamination, the record of the proceedings at the PTO will inform the parties and the Court of the PTO's expert view on the scope of such claims, which ultimately controls the outcome of any infringement analysis.  *See Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1344-45 (Fed. Cir. 2002) (discussing infringement analysis).

In the instant case, staying this action will simplify this case by allowing the PTO to resolve at least some of the issues that the parties would otherwise look to the Court to resolve.  At a minimum, a stay will likely eliminate the issue of the invalidity of the '902 patent because either the PTO will invalidate the asserted claims of the '902 patent or Cisco will suffer the estoppel effects required by the statute.  *See* 35 U.S.C. § 315(c).

If the Court does not stay this case and proceeds in parallel with the reexamination, the Court runs the risk of inconsistent adjudications.[6] *Gioello Enters., Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340 *1 (D. Del. Jan. 29, 2001). The requests for reexamination involve issues that are or will be before this Court if this case is not stayed. If both this Court and the reexamination proceedings move forward in parallel, this Court might invalidate one or more claims that the PTO might find patentable, or vice versa. If this Court were to find a claim invalid, that finding would not bind the PTO, and it could reach the opposite conclusion any time thereafter. *See Broadcast Innovations*, 2006 WL 1897165 at *7. Staying this litigation would eliminate the risk of such inconsistencies. *Gioello Enters.*, 2001 WL 125340 at *2.

The fact that the few asserted claims of the '453 patent are not subject to this pending reexamination request does not provide a basis for denying a stay. The 33 claims that Teles has asserted from the '902 patent, as we have stated, constitute the vast bulk of Teles' case. Moreover, as the Court is aware, the '902 patent is a divisional of the '453 patent, and as such "claims the same invention claimed in an earlier application [the '453 patent], although there may be some variation in the scope of the subject matter claimed. . . . Therefore, even though the ['453 patent] does not contain precisely the same claims of the other patent[] that [is] under review or reexamination, there is a sufficient correlation among all of the patents for the court to conclude that a stay is appropriate." *Alloc, Inc. v. Unilin Décor N.V.*, No. Civ. A. 03-253-GMS, 2003 WL 21640372 *2 (D. Del. July 11, 2003) (quoting *Transco Prods., Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994)).

---

[6] The PTO does not have the authority to stay a reexamination. The Court's issuance of a stay is the only way to avoid the potential for conflict. *See Gioello Enters., Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340 *2 (D. Del. Jan. 29, 2001) (citing cases).

Accordingly, staying this action pending reexamination will simplify the issues and streamline the litigation for the Court and the parties by eliminating and/or narrowing asserted claims and reducing the risk of inconsistent litigations.

### B.     The Simplification of the Issues Will Reduce the Burden Borne by the Court and the Parties

The simplification of the issues that would result from staying this action will reduce the burden on the parties and this Court by, for example, narrowing further fact and all expert discovery going forward to trial.  *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA, 1995 WL 20470 *2 (N.D. Cal. Jan. 13, 1995); *see Alloc, Inc.*, 2003 WL 21640372 at *2 ("it is beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation").  On the other hand, "if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims."  *EchoStar*, 2006 WL 2501494 at *3.

Moreover, if no claims survive reexamination, this Court may dispense with the '902 patent entirely.  *See, e.g., Pegasus Dev. Corp. v. DIRECTV, Inc.*, No. Civ. A. 00-1020-GMS, 2003 WL 21105073 *2 (D. Del. May 14, 2003).  If some claims survive but the PTO narrows their scope, the change in the relative positions of the parties may encourage settlement.  *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, 2007 WL 772891, No. 4:06-CV-126 (Slip op.) at *2 (W.D. Mich. Mar. 12, 2007).  More importantly, if claims survive in an altered form, the parties will be forced to reevaluate their positions on infringement and invalidity, and revise their infringement and invalidity contentions.  Such analysis is time-consuming, expensive and

9

burdensome. Moreover, forcing the parties to take positions without knowing the ultimate claim language at issue is prejudicial.

### C. Substantial Discovery Remains and No Trial Date Has Been Set

As noted in the Introduction, this case is still in the relatively early stages of discovery and the limited progress that has occurred weighs in favor of staying this case so that the parties and the Court may reap the benefits of the reexamination proceedings. Despite the passage of calendar time since this case began, the '902 patent only entered the case by amendment just over 6 months ago. Documents have been produced and interrogatories answered. But substantial discovery remains -- additional document production will be necessary, both parties are still responding to interrogatories (with more to follow), no depositions have been scheduled or taken, and no expert reports have been exchanged.

Similarly, the current schedule does not include any post-discovery activities -- no claim construction schedule has been set, and a definitive trial has not been scheduled. Given the status of this case and the amount of discovery and pre-trial filings that remain, a stay is particularly appropriate in this case. *See, e.g.*, *Target Therapeutics, Inc.*, 1995 WL 20470 at *2 (motion to stay granted when no significant or costly discovery had taken place and no trial date set); *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 64-66 (D. N.J. 1992) (motion to stay granted when filed 16 months after initiation of trial, some depositions taken, the final pre-trial order had not been submitted, and substantial discovery remained).

In fact, Courts have even granted stays in cases that have been pending for several years and have scheduled trial dates. For example, in *Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985), the Federal Circuit upheld a stay that was granted by the District Court five years after commencement of the litigation and 20 days before scheduled trial date. More recently, Judge Gritzner in the District Court for the Southern District of Iowa granted a motion to stay

pending a reexamination eight years after the commencement of the case. *See Middleton, Inc. v. Minn. Mining & Mfg., Co.*, No. 4:03-CV-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004). Not only was the case eight years old at the time that the stay was granted, but three summary judgment motions were pending and trial was less then two months away. *See id.* Judge Gritzner found "a high likelihood that results of the PTO's reexamination would have a dramatic effect on the issues before the Court up to, and including dismissal of the entire action if the patent claims are found to be unpatentable." *See id.* at *10. Courts have also found stays proper where discovery has been completed. *See, e.g., Grayling Indus., Inc. v. GPAC, Inc.*, 19 U.S.P.Q.2d 1872 (N.D. Ga. 1991) (stay granted where discovery was complete and only trial remained); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886 (W.D. Okla. 1985) (stay granted after substantial discovery, pre-trial conference and scheduled trial date).

Here, the case has been pending less than two years, a new patent was added to the case approximately 6 months ago, substantial discovery remains to be completed, and no trial date has been scheduled. Given the present circumstances, a stay is wholly appropriate.

### D.    Failure to Stay the Case Will Prejudice Cisco

For all the reasons stated above, both parties would benefit from a stay by avoiding unnecessary discovery and foregoing pre-trial and/or trial activities addressing claims that may be eliminated or narrowed. *See Broadcast Innovation*, 2006 WL 1897165 at *10 ("if the claims are narrowed, *both* sets of parties will have benefited by avoiding the needless waste of resources before this Court"). To the extent that a trial is ultimately necessary and Teles is able to meet is burden of proving that Cisco's accused products infringe the remaining claims, Teles will be made whole through monetary damages that will continue to accumulate during any stay.

On the other hand, forcing Cisco to engage in such unnecessary activities would prejudice Cisco -- especially since doing so would force Cisco to address all of the unreasonably

large number of claims that Teles is presently asserting against Cisco. *See Reroof*, 1999 WL 674517 at *6 ("If anything, the risk that a jury will be unduly influenced by the mere number of claims presented by the plaintiff is a justification for a court's attempting to limit the number of claims tried"). Accordingly, the lack of prejudice to Teles, especially when compared to the prejudice Cisco would otherwise suffer, favors granting the requested stay.

## CONCLUSION

For the reasons mentioned above, the Court should stay this matter pending the PTO's *inter partes* reexamination of the '902 Patent.

DATED: August 9, 2007

Respectfully Submitted,

CISCO SYSTEMS, INC.
By its attorneys,

/s/ Lana S. Shiferman
John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-2000
(202) 346-4444 (fax)

*Of Counsel:*
J. Anthony Downs
John C. Englander
Lana S. Shiferman
Michael J. McNamara
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

## LOCAL RULE 7(M) CERTIFICATION

Pursuant to Local Rule 7(m), Cisco states that on August 9, 2007, during a previously scheduled meet and confer regarding discovery disputes, in an attempt to meet and confer regarding the relief sought in the foregoing Motion To Stay This Case Pending Reexamination of the '902 Patent, Lana Shiferman, counsel for Cisco, notified David Long, counsel for Teles, regarding Cisco's intent to file the foregoing motion later the same day, in advance of the Status Conference scheduled for August 10, 2007.  Upon request, Ms. Shiferman provided Mr. Long with an oral explanation of the basis for the relief sought.  Mr. Long indicated that he did not believe that the filing of the Request for *Inter Partes* Reexamination warranted a stay and further stated that he believed that Cisco's attempt at a meet and confer was insufficient at least because it did not provide him with sufficient time to study the underlying Request for *Inter Partes* Reexamination, analyze the law, or confer with his client.

Given the schedule in this case and the nature of the motion, Cisco believes that it was necessary to file the foregoing motion as expeditiously as possible.  Further, Cisco states that is has a reasonable belief that Teles is unlikely to agree to the full relief sought in the foregoing motion.

/s/ Lana S. Shiferman
Lana S. Shiferman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2007 true and correct copies of the within and foregoing documents were served upon counsel of record for all parties via CM/ECF.

/s/ Lana S. Shiferman
Lana S. Shiferman