# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

CISCO SYSTEMS, INC.,            )
170 West Tasman Drive,          )
San Jose, California 95134      )
        Plaintiff,      )
                        )   CIV. A. NO. _____
                        )
v.                              )
                        )
TELES AG                        )
INFORMATIONSTECHNOLOGIEN        )
Dovestr. 2-4, D-10587 Berlin, Germany )
        Defendant.      )
                        )

**PLAINTIFF'S ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Cisco Systems, Inc., files this Original Complaint and Request for Declaratory Judgment against Defendant Teles AG Informationstechnologien...

**PARTIES**

1.  Plaintiff Cisco Systems, Inc. ("Cisco"), is a corporation organized and existing under the laws of the state of California, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

2.  Defendant Teles AG Informationstechnologien ("Teles"), is a foreign corporation with its principal place of business at Dovestr. 2-4, D-10587 Berlin, Germany. Teles is identified as the assignee of issued United States Patent No. 6,954,453 ("the '453 Patent"), the subject of this suit. A copy of the '453 Patent is attached hereto as Exhibit "A."

**JURISDICTION AND VENUE**

3.  This is an action for a declaration that each claim of the '453 Patent is invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.* Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory

DAL01:876010.1

Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4.  Teles is not a United States resident and, on information and belief, has not filed a written designation of an agent for service of process pursuant to 35 U.S.C. § 293. Accordingly, pursuant to 35 U.S.C. § 293, venue is proper in this district and this Court has personal jurisdiction over Teles.

## FACTS

5.  Teles has sued Cisco in Germany alleging that Cisco infringes certain of its German and European patents.

6.  Cisco has a reasonable apprehension that Teles will sue Cisco for infringement of the '453 Patent. Among the information supporting this reasonable apprehension is a press release issued by Teles on or about October 17, 2005. A copy of this press release is attached hereto as Exhibit "B."

7.  Teles states in its press release that it is the owner of the '453 Patent, issued by the United States Patent and Trademark Office on October 11, 2005. Teles asserts that the '453 Patent is an "analogue" to the German and European patents on which it is currently suing Cisco in Germany. In the press release, Teles threatens to sue Cisco in the United States for infringement of the '453 Patent as an expansion of the preexisting patent infringement litigation Teles is currently pursing against Cisco in Germany.

8.  Cisco believes and asserts that it does not infringe any valid claim of the '453 Patent.

## REQUEST FOR DECLARATORY JUDGMENT

9.  Plaintiff incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

2

DAL01:876010.1

10. By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '453 patent is valid, and if so, whether Cisco has infringed it. *See* Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, 2202.

11. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding Teles' threats to sue Cisco for patent infringement in the United States. Cisco has reasonable apprehension that Teles will file a patent infringement lawsuit at least because Teles has previously filed a patent action against Cisco in Germany on patents claimed by Teles to be "analogues" to the '453 Patent, and because Teles has threatened to expand that lawsuit into the United States. Accordingly, Cisco asks this Court to declare that each and every claim of the '453 Patent is invalid and/or not infringed.

12. Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against Teles in accordance with the provisions of 35 U.S.C. § 285 or other statutes.

## PRAYER FOR RELIEF

THEREFORE, Cisco respectfully requests that this Honorable Court grant the following relief against Teles:

A. a declaration that all claims of the '453 Patent are invalid;

B. a declaration that Cisco does not infringe any of the claims of the '453 Patent;

C. an award to Cisco of its costs and expenses, including reasonable attorneys fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and,

D. an award to Cisco any other relief, in law and in equity, to which the Court finds Cisco is justly entitled.

3

DAL01:876010.1

Dated: Oct. 18, 2005

_____
David M. Schlitz
Bar No. 333369
Frederick G. Michaud
Bar No. 177675
BAKER BOTTS LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 639-7700

*Attorneys for Plaintiff,*
*Cisco Systems, Inc.*

Of Counsel:

Bart Showalter, Esq.
Douglas Kubehl, Esq.
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
(214) 953-6500—phone
(214) 953-6503—fax

4