# EXHIBIT 6

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

July 25, 2007


**VIA EMAIL**

Lana S. Shiferman, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

> Re:  <u>Cisco Systems, Inc. v. Teles AG Informationstechnologien – Civil
> Action No. 1:05-CV-02048</u>

Dear Lana:

We reviewed Cisco's responses to Teles AG Informationstechnologien's ("Teles") Second Set of Interrogatories (Nos. 9-16). We found deficiencies in Cisco's responses that we would like to discuss with you in order to avoid, or at least limit, the need to involve the Court through a motion to compel. Please include in your supplemental responses, due July 27, supplementation to Interrogatory Nos. 9-16, as discussed below.

**Interrogatory No. 9**: Cisco claims that it has been practicing some accused features that constitute prior art. These features are "Dial Peer Hunting" and "Dial-on-Demand Routing." Please explain (1) What do you mean by "Dial Peer Hunting" and "Dial-on-Demand Routing"; (2) why Cisco believes those are accused features (Teles' infringement claim charts did not expressly use those terms); (3) why those features would be prior art; and (4) why those features invalidate the patents. Please supplement to provide this information.

In its response to this interrogatory, Cisco relies on German proceedings for its non-willfulness argument. Cisco, however, fails to explain how those foreign proceedings on foreign patents relate to Cisco's non-infringement and invalidity contentions in this case. Cisco's bare assertion here to establish any good faith belief is unacceptable, particularly in light of the Court's early admonishment to Cisco that "That [foreign litigation] is not determinative here." *See* 6/20/06 Hearing Tr. p. 4, lines 2-6. Cisco must explain why those proceedings are relevant here so that we have a fair opportunity to plan further discovery accordingly.

Cisco states that it has not put any opinions of counsel on the privilege log. Judge Walton's February 15, 2007 Scheduling Order, however, ordered that Cisco "identify on a privilege log any existing opinions of counsel…" *See* 2/15/07 Court Order. Cisco's failure to do so shows either that (1) it has opinions and is not complying with the Court's Order or (2) it never had opinions and was wasting our time and the Court's time. Please explain and show cause why we should not seek sanctions for Cisco's action here.

# HOWREY LLP

Lana. S. Shiferman, Esq.
July 25, 2007
Page 2

Further, Cisco fails to identify "all persons who made the decision to continue the activity accused of infringement." A company acts only through individuals, and someone at Cisco had to make the decision about whether to sell and continue selling the accused infringing products. And the decision maker(s) must have relied on advice of individuals and supporting documents. Teles is entitled to know who that person(s) was and on what material they did rely so that we may plan further discovery accordingly (e.g., depositions or third-party discovery). Please identify such person(s) and those materials they relied on.

**Interrogatory No. 10**: Cisco improperly seeks to limit its response to specific products identified in the definition of "Accused Products" from Teles' first document request. On June 8, 2007, however, Teles sent Cisco a letter identifying a list of additional accused products. Cisco must provide a complete response based on "Cisco's Accused Products" as defined in the interrogatories and Teles' June 8 letter. Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

**Interrogatory No. 11**: This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request. Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

**Interrogatory No. 12**: This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request. Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

In addition, Cisco objects to producing information before October 11, 2005 - the date the '453 Patent issued. The commercial success of the products is relevant to validity – Cisco seeks that very information from us – and is relevant prior to the date the patent issued. Please withdraw this objection and provide a full response, else state the basis and authority on which Cisco relies to support this objection.

**Interrogatory No. 13**: This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request. Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

In addition, this Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 12, in that Cisco's response is limited to information before October 11, 2005 - the date the '453 Patent issued. Please supplement accordingly.

# HOWREY LLP

Lana. S. Shiferman, Esq.
July 25, 2007
Page 3

**Interrogatory No. 14**:  This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request.  Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

**Interrogatory No. 15**:  This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request.  Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

In addition, this Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 12, in that Cisco's response is limited to information before October 11, 2005 - the date the '453 Patent issued.  Please supplement accordingly.

**Interrogatory No. 16**:  This Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 10, in that Cisco's response is limited to only specific products used in the definition of "Accused Products" from our first document request.  Please confirm whether Cisco's response would be different when considering all of the products identified by Teles to date and, if not, explain what is different as to those products.

In addition, this Interrogatory response has the same deficiencies as Cisco's response to Interrogatory No. 12, in that Cisco's response is limited to information before October 11, 2005 - the date the '453 Patent issued.  Please supplement accordingly.

The above deficiencies, unfortunately, are only some of the problems with Cisco's responses, and are meant to be illustrative and representative, rather than comprehensive, as Teles' review and consideration of Cisco's interrogatory responses continue.  Teles would like to meet and confer with Cisco to discuss these discovery issues.  Please let us know when you would be available to confer.  And please contact us if you have any questions or concerns.

Sincerely,

*Monica B. Lateef*

Monica B. Lateef

cc:    J. Anthony Downs