# EXHIBIT 7

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

August 1, 2007

**VIA EMAIL**

Lana S. Shiferman, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

Re:  Cisco Systems, Inc. v. Teles AG Informationstechnologien – Civil Action No. 1:05-CV-02048

Dear Lana:

We reviewed Cisco's supplemental responses to Teles AG Informationstechnologien's ("Teles") Interrogatories Nos. 2 and 6. Cisco's responses have essentially the same deficiencies that we have discussed for some time now, and we would like to discuss them with you in order to avoid, or at least limit, the need to involve the Court.

**Interrogatory No. 2 (Validity)**: Cisco's response to this interrogatory remains deficient in many respects (not counting the additional supplementation that Cisco must submit by August 8).

Cisco does not identify what it contends to be the date of invention for references that it contends constitute prior art under 102(g). Unless you promptly instruct us otherwise, we will rely on Cisco not asserting a date of invention earlier than the filing date given for such references. But even such an assumption precludes many references from constituting prior art because their filing dates are after the filing dates of the German and U.S. applications on which the asserted patents are entitled to priority. For example, Cisco states that the reference EP 0 886 860 has a "filing date" of "6/10/98" which is after, for example, the PCT application from which the '453 Patent issued that has a filing date of October 7, 1997. Cisco also fails to provide any prior art dates for some references – e.g., references at footnotes 2 and 3 in Cisco's supplemental response. Further, in some instances Cisco does not provide the basis for which references would constitute prior art – e.g., see Cisco's listing of references in the middle of page 7 of Cisco's supplemental response. Cisco must provide its basis for asserting that such references constitute prior art so that we can plan discovery accordingly.

Cisco lists several references without providing sufficient information to determine what those references are – see, e.g., references listed on pages 1, 9 to 11 of Cisco's supplemental response. Cisco must provide production Bates Nos. for all such references so that we know exactly what Cisco considers to constitute these references and can plan discovery accordingly.

# HOWREY LLP

Lana. S. Shiferman, Esq.
August 1, 2007
Page 2

At page 13 of Cisco's response, Cisco "refers Teles to documents" by simply stating undescriptive Bates Nos. – e.g., "CISCO 00128898-907" – without providing any explanation about what those documents are, why Cisco is referring to them, whether and how they constitute prior art or other relevant information. Cisco must give such an explanation for those documents.

Cisco also claims that it has been practicing some accused features that constitute prior art – i.e., "Dial Peer Hunting" and "Dial-on-Demand Routing." Please explain (1) what do you mean by "Dial Peer Hunting" and "Dial-on-Demand Routing" and what documents describe those features; (2) why are those features prior art – e.g., dates of publication or sale – and what documents support such prior art dates ; and (4) how do the asserted claims cover those features.

Cisco's response as to obviousness remain significantly deficient for all the reasons we have discussed for several months now and we expect substantial supplementation by the time Cisco supplements its responses on August 8.

Cisco baldly contends without any explanation that claim 34 of the '453 patent and its dependent claims are invalid because they are indefinite and they claim both a system and a method for using that system. Cisco must describe and explain its assertions here – e.g., what terms are indefinite and why, and what is the claim language Cisco asserts claims both a system and method for using it.

Further, Cisco argues that the '453 and the '902 patents are unenforceable due to inequitable conduct, but its response remains deficient for all of the reasons we have discussed for months now. As it stands, Cisco's response does not establish inequitable conduct because Cisco has not met its burden of showing intent and materiality – e.g., what does the supposedly withheld references disclose that was not disclosed in references of record such that it is not cumulative. And Cisco fails to explain why the alleged violation for the '453 Patent had an "immediate and necessary relation" to the '902 Patent and why such violation "cannot [be] cure[d]." Cisco must supplement this response by the time it files its supplemental responses on August 8.

**Interrogatory No. 6 (Infringement)**: In response to this interrogatory, Cisco provided Teles with Appendix I. This "supplemental" Appendix is **identical** to the Appendix I Cisco provided on March 5, 2007 and June 19, 2007. As it was then, Appendix I remains insufficient for all the reasons we have discussed at great length for several months now. Cisco has failed to identify what specifically about Teles' claims, the Cisco products do not meet. Cisco just lists the claims without identifying specific claim language. Please identify the specific terms in the claim that Cisco asserts are not met in the accused products.

Also, Cisco relies on the German proceedings for its argument that Teles' invention does not encompass the infringement scenarios outlined in Teles' response to Cisco's interrogatories. Cisco, however, fails to explain how those foreign proceedings on foreign patents relate to

**HOWREY** LLP

Lana. S. Shiferman, Esq.<br>
August 1, 2007<br>
Page 3

Cisco's non-infringement contentions in this case. Cisco's assertion here is unacceptable, particularly in light of the Court's early admonishment to Cisco that "That [foreign litigation] is not determinative here." *See* 6/20/06 Hearing Tr. p. 4, lines 2-6. Cisco must explain why those proceedings are relevant here so that we have a fair opportunity to plan further discovery accordingly.

The above deficiencies, unfortunately, are only some of the problems with Cisco's responses, and are meant to be illustrative and representative, rather than comprehensive, as Teles' review and consideration of Cisco's interrogatory responses continue. Teles would like to meet and confer with Cisco, this week or early next week, to discuss these discovery issues as well as those outlined in our letter of July 25, 2007.

**Depositions**: We would like to continue our discussion of the location and timing of depositions. When we last discussed this issue, Cisco was agreeable to take depositions of Teles witnesses in Berlin and, in return, Teles was agreeable to take Cisco witness depositions at locations convenient for them. The main hold-up was Cisco concern about its ability to take depositions in Berlin even if voluntary based on some change in German law. We consulted our German counsel and are not aware of any such change in law, and we were awaiting more information from you on what particular German law provision was of concern. Could you let us know the status of your inquiry?

Please let us know when you would be available to confer. And please contact us if you have any questions or concerns.

Sincerely,

*[signature]*

Monica B. Lateef

cc: J. Anthony Downs