# EXHIBIT 10

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CISCO SYSTEMS, INC.,

      Plaintiff,

      v.

TELES AG
INFORMATIONSTECHNOLOGIEN

      Defendant.

Civil Action No.: 1:05-CV-02048(RBW)

TELES AG
INFORMATIONSTECHNOLOGIEN

      Counterclaimant,

      v.

CISCO SYSTEMS, INC.,

      Counterdefendant.

## DECLARATION OF VINCENT M. DELUCA

I, Vincent M. DeLuca, declare and state as follows:

1.  I am an attorney at law licensed to practice and in good standing in the District of Columbia and the Commonwealth of Virginia. I am also registered to practice and in good standing before the United States Patent and Trademark Office.

2.  I have been working in the field of patent prosecution since 1982, first serving as a Patent Examiner in the United States Patent and Trademark Office (1982-1986), during which time I was responsible for deciding issues of patentability for over 450 patent applications, then as a registered patent agent and since 1987 as a registered patent attorney specializing in electronics and computer-related patents. In particular, I have past experience in both *ex parte* and *inter partes* reexaminations.

1

**REEXAMINATIONS IN GENERAL:**

3.  *Ex parte* and *inter partes* reexaminations follow different procedural paths, with *inter partes* reexaminations offering multiple opportunities for Third Party Requesters to participate in the proceeding.  Exhibit A, attached hereto, contrasts side-by-side the two types of reexaminations using illustrations of their respective procedural flow chart taken directly from the USPTO Manual of Patent Examining Procedure.  This comparison illustrates the additional steps and complications inherent in *inter partes* reexamination proceedings, as compared to *ex parte* reexamination proceedings.  They have been highlighted to show important reexamination milestones in yellow and Third Party requester actions in red.  Exhibit B addresses *ex parte* reexamination procedure from filing through Federal Circuit appeal.  Exhibit C addresses *inter partes* reexamination procedure from filing through Federal Circuit appeal.

**PENDENCY RANGES IN *INTER PARTES* REEXAMINATIONS:**

4.  The statistics discussed below were calculated based a review conducted by my firm of all *inter partes* reexaminations filed since November 1999, when the Office established this type of reexamination, and all *ex parte* reexaminations filed on or after August 1, 2005, shortly after the Office instituted the Central Reexamination Unit, both through August 29, 2007.  The Office maintains this public information on the Patent Application Information Retrieval (PAIR) database of its www.uspto.gov web site.  To review individual records, the user enters the reexamination control number into the PAIR search screen to retrieve the record.

5.  The *inter partes* reexamination data points collected for these calculations were:

(1) Filing Date: The date that the Office assigned a Request for Reexamination its filing date if it meets the filing requirements of 37 CFR §§ 1.915.

- 2 -

(2) Reexamination Order Date: The date the Office issued an Order granting or denying the Request.

(3) First Office Action: Date the Office issued a first Office action.

(4) Action Closing Prosecution: Date the Office issued an Action Closing Prosecution.

(5) Right of Appeal Notice: Date the Office issued a Right of Appeal Notice.

(6) BPAI Decision:  Date the Office's Board of Patent Appeals and Interferences ("BPAI") issued a decision on an appeal.

(7) Federal Circuit Decision: Date the Federal Circuit issued a decision on appeal from the BPAI's decision.  The review found that no *inter partes* reexamination progressed to this point of appeal to the Federal Circuit.

(8) Reexamination Certificate:  Date the Office issued a Reexamination Certificate that concludes the reexamination process.

6.  The Office's individual *inter partes* patent reexaminations records show the following

pendency ranges:

| Pendency | Lowest Pendency | Highest Pendency |
|---|---|---|
| (1) Filing Date to<br>(2) Reexamination Order Date | 13 days | 3 months |
| (2) Reexamination Order Date to<br>(3) First Office Action | 0 days | 2.1 years |
| (3)  First Office action to<br>(4) Action Closing Prosecution | 0.4 years | 5.2 years |
| (4) Action Closing Prosecution to<br>(5) Right of Appeal Notice | 1.9 months | 1.8 years |
| (5) Right of Appeal Notice to<br>(6) BPAI Decision | 3.1 years | 3.6 years |
| (6) BPAI Decision to<br>(7) Federal Circuit Decision | N/A | N/A |
| (7) Federal Circuit Decision to<br>(8) Reexamination Certificate | N/A | N/A |

7.  Importantly, with respect to reexaminations that progress from the Right of Appeal

Notice to a BPAI Decision, only two *inter partes* reexaminations have had a BPAI Decision to

date.  In each case, the reexaminations were remanded to the Examiner for further consideration.

As of the review, both are still pending.  No *inter partes* reexaminations have progressed through

from a Board of Patent Appeals decision to appeal to the Court of Appeals for the Federal

Circuit.

8.  Using the pendency ranges in the above table, it is clear that *inter partes*

reexaminations can and usually do extend over a period of several years.  See Exhibit D, attached

hereto, which presents the pendency ranges from the above table in a timeline graphical form.

- 4 -

9.  In addition, Exhibit D shows in green the percentage of reexaminations resolved at each corresponding stage of the proceeding.  This includes the eight issued Reexamination Certificates and the eight denied Requests to date.  The yellow bar represents that, out of just over 300 *inter partes* reexaminations filed, 92.7% received a Filing Date, 84.1% received a Reexamination Order, 70.4% received a first Office action, 22.9% received an Action Closing Prosecution, 11.3% received a Right of Appeal Notice, and only 0.7% reached BPAI decision (i.e., the two described above).  Only 3.3% (i.e., 8) of all *inter partes* reexaminations received a reexamination certificate at some point during the reexamination, but none of them were issued after full consideration on the merits to final appeal decisions (see below).   The red bar represents the percentages of the remaining reexamination requests that have not yet reached or completed the corresponding procedural stage.

## THE EIGHT COMPLETED *INTER PARTES* REEXAMINATIONS:

10. Out of over 300 *inter partes* Reexamination Requests filed, it appears that there have been only eight cases that have been concluded, i.e., where Reexamination Certificates issued.  A Reexamination Certificate may issue following an appeal, but it can issue sooner if the Patent Owner ceases to participate in the proceedings (as shown below).  *See* MPEP § 2287 (*ex parte*) and MPEP § 2687 (*inter partes*).  There has never been a reexamination certificate issued after a Patent Owner or Third-Party appeal.  Thus, no *inter partes* reexamination has ever proceeded through each step in the entire reexamination process in the nearly eight years since the inception of the *inter partes* reexamination option.

11. Of the eight reexamination certificates issued, a review of the Office's publicly available documents shows that, in six of these eight cases, the Patent Owner failed to timely respond to an Office action and thus the claims were canceled for procedural reasons at the

- 5 -

Examiner level. With respect to the remaining two cases, in one instance, the Patent Owner failed to file the required appeal brief to the BPAI, and as a result all claims were cancelled for procedural reasons. In the other case, a review of the record shows that the Patent Owner simply disclaimed all of the claims after an animal rights group challenged the patent in reexamination. These results indicate that all of the *inter partes* Reexamination Certificates issued to date were issued because of inaction and default by the Patent Owner and none were issued because of any final adjudication on the merits..

12. Out of all of the *inter partes* reexaminations filed, and of all of the *ex parte* reexaminations filed on or after August 1, 2005, through August 29, 2007 and for which a reexamination certificate has issued in either type of reexamination, it appears that not a single reexam has resulted in any claims being canceled based exclusively on prior art of record (*i.e.*, prior art references already considered by the Office when it originally issued the patent). Moreover, given the fact that only eight *inter partes* Reexamination Certificates have issued and the circumstances surrounding their issuance, the rate that claims were subject to cancellation or amendment in those eight completed *inter partes* reexaminations would not appear to be a predictable indicator of the rate of such cancellation or amendment for all *inter partes* reexaminations. However, the Office's statistics regarding *ex parte* reexaminations – a much larger sample size – indicates that all claims are cancelled in such reexaminations approximately 10% of the time. *See* Exhibit E.

## THE ADDITIONAL SUBSTANTIVE REVIEW OF THE `902 PATENT:

13. On August 2, 2006, subsequent to paying the issue fee for patent issuance in response to a Notice of Allowance mailed on May 31, 2006, I submitted a Petition to Withdraw Application from Issue in order to submit newly discovered prior art for the Examiner's

consideration.  *See* Exhibit F.  After the Notice of Allowance was withdrawn, the Office

additionally considered both US Patent No. 6,574,216 (Farris) and US Patent No. 5,903,558

(Jones).  This is reflected in the Examiner's Interview Summary, dated October 3, 2006.  Exhibit

G.  These references were not raised in the Information Disclosure Statement in support of the

Petition to Withdraw from Issue, so their consideration originated from within the Office itself.

14. While the Office does not formally notify applicants that their applications have been

selected for an additional examination, based on my experience both as an Examiner and as a

practicing patent attorney over the last twenty-five years, this is the most likely explanation for

the Office's late citation of the Farris and Jones patents.

15. Additional or secondary examination of an application conventionally involves

random selection by the Office of Quality Review from among patent applications that have been

allowed by the primary examiner, after the first Notice of Allowance has been mailed.

Additionally, from time to time various Technology Centers within the Examining Corps have

instantiated ad hoc groups of experienced Examiners whose purpose is to review tentatively

approved patent applications from within the Technology Center as part of an internal, unofficial

initiative to improve quality, prior to any Notice of Allowance being mailed.

16.  Evidence of a secondary examination with regard to the claims of the '902 patent

came when I received a telephone call from the Examiner on or about October 3, 2006,

informing me that the Patent Office had reviewed or was reviewing certain previously approved

claims in light of two newly cited prior art documents (i.e. the Farris and Jones patents identified

above), and had questions regarding those claims; while the remaining claims (which later issued

in the '902 patent) were still considered allowable subsequent to the additional review.  In order

to expedite the issuance of the now twice examined and approved claims instead of prolonging

- 7 -

prosecution in pursuit of the identified questioned claims, I agreed to cancel those claims from the application and continued to pursue them instead by adding them to a continuation application that was already pending and continues to be pending to date.

17. Thus, it is clear that the prior art raised in the *inter partes* reexamination request has already been considered by the Patent Office no less than twice during the original prosecution of the '902 patent.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of September 2007, in Washington, D.C.

Vincent M. DeLuca

# EXHIBIT A



*Ex Parte* Reexamination - PROCEDURE PRIOR TO APPEAL (applicable rule section)



*Inter Partes* Reexamination (applicable rule section) PROCEDURE BEFORE APPEAL

# EXHIBIT B

**\*\*>**





*Ex Parte* Reexamination – **PROCEDURE FROM TIME OF APPEAL**
(applicable rule section)

# EXHIBIT C

2601.01                MANUAL OF PATENT EXAMINING PROCEDURE

**>



Inter Partes Reexamination (applicable rule section)
PROCEDURE BEFORE APPEAL

OPTIONAL INTER PARTES REEXAMINATION                2601.01



*Inter Partes* Reexamination (applicable rule section)
**APPEAL PROCEDURE**
**Single Third Party Requester**

Go to flowchart
(procedure before appeal):

Exr. Issues Action.
Is it ACP?

on previous chart

**Right of Appeal Notice** (1.953)
[sets time for response
30 days/one month]

**(5)**

Either or both parties
may file a **Notice of Appeal**
(41.61(a))

If a party does not file a
notice of appeal *and* his/her opponent
does, the party may file a **Notice of
Cross Appeal** (14 days after service of
opponent's Notice of Appeal) (41.61(b))

If 3PR files a notice of appeal or cross appeal,
**3PR brief** is due 2 months from last-filed
notice of appeal or cross appeal
(41.66(a) & 41.67)

If patent owner files notice of appeal or cross appeal,
**patent owner brief** is due 2 months from last-filed
notice of appeal or cross appeal
(41.66(a) & 41.67)

Patent owner respondent brief is due
1 month from service of 3PR brief
(41.66(b) & 41.68)

**3PR respondent brief** is due
1 month from service of patent owner brief
(41.66(b) & 41.68)

If examiner changes position on any
rejection or finding of patentability,
prosecution must be reopened

**Examiner's Answer**
(41.66(c) & 41.69)

No change in examiner's position

**3PR appellant**
may file **rebuttal brief**
within 1 month of
Examiner's Answer
(41.71)

Patent Owner appellant
may file **rebuttal brief**
within 1 month of
Examiner's Answer
(41.71)

**Board Decision**
(see next 2 Flow Charts)

**(6)**

OPTIONAL INTER PARTES REEXAMINATION                                    2601.01



*Inter Partes* Reexamination (applicable rule section)
**Procedure Following Board Decision for Reexaminations**
**Commenced Under On or After November 2, 2002**

Rev. 5, Aug. 2006

# EXHIBIT D



# EXHIBIT E

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

### *Ex Parte* Reexamination Filing Data  - June 30, 2007

1.  Total requests filed since start of ex parte reexam on 07/01/81 . . . . . . . . . . . . . . . . . 8732[1]

    a.  By patent owner                  3446     39%
    b.  By other member of public        5121     59%
    c.  By order of Commissioner         165      2%

2.  Number of filings by discipline

    a.  Chemical Operation               2634     30%
    b.  Electrical Operation             2890     33%
    c.  Mechanical Operation             3208     37%

3.  Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 511 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | 2007 | 477 |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | | |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4.  Number known to be in litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2145     25%

5.  Determinations on requests  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8373

    a.  No. granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7662 . . . . . . . . 92%

        (1)  By examiner                  7551
        (2)  By Director (on petition)     111

    b.  No. denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 711 . . . . . . . . . 8%

        (1)  By examiner                  676
        (2)  Order vacated                 35

---

[1]Of the requests received through June 30,  2007, 28 requests have not yet been accorded a filing date, and preprocessing of 25 requests was terminated, for failure to comply with the requirements of 37 CFR 1.510.  See Clarification of Filing Date Requirements for *Ex Parte* and *Inter Partes* Reexamination Proceedings, Final Rule, 71 Fed. Reg. 44219 (August 4, 2006).

6.   Total examiner denials (includes denials reversed by Director) . . . . . . . . . . . . . . . . . . . . 787

    a.  Patent owner requester    442    56%
    b.  Third party requester    345    44%

7.   Overall reexamination pendency  (Filing date to certificate issue date)

    a.  Average pendency    23.4 (mos.)
    b.  Median pendency    18.2 (mos.)

8. Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a.  All claims confirmed | 23% | 29% | 13% | 26% |
| b.  All claims cancelled | 7% | 12% | 21% | 10% |
| c.  Claims changes | 70% | 59% | 66% | 64% |

9.   Total ex parte reexamination certificates issued (1981 - present) . . . . . . . . . . . . . . . . . 5795

    a.  Certificates with all claims confirmed    1513    26%
    b.  Certificates with all claims canceled    596    10%
    c.  Certificates with claims changes    3686    64%

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates - PATENT OWNER REQUESTER . . . . . . . . . . . . . . . . . . . . . . . . . . . 2503

      (1)  All claims confirmed    578    23%
      (2)  All claims canceled    181    7%
      (3)  Claim changes    1744    70%

    b.  Certificates - 3rd PARTY REQUESTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3149

      (1)  All claims confirmed    917    29%
      (2)  All claims canceled    385    12%
      (3)  Claim changes    1847    59%

    c.  Certificates - COMM'R INITIATED REEXAM . . . . . . . . . . . . . . . . . . . . . . . . . . . 143

      (1)  All claims confirmed    18    13%
      (2)  All claims canceled    30    21%
      (3)  Claim changes    95    66%

C:\Documents and Settings\LKryza\My Documents\zkryza\Reexam Reports\REXSTATz xp Jun2007.wpd

# EXHIBIT F

<table>
<tr><td rowspan="6"><strong>IN THE<br>UNITED STATES<br>PATENT AND TRADEMARK<br>OFFICE</strong></td><td><em>Application Number</em></td><td>11/165,280</td></tr>
<tr><td><em>Filing Date</em></td><td>06/22/2005</td></tr>
<tr><td><em>First Named Inventor</em></td><td>Sigram<br>SCHINDLER</td></tr>
<tr><td><em>Group Art Unit</em></td><td>2616</td></tr>
<tr><td><em>Examiner Name</em></td><td>Afsar M Qureshi</td></tr>
<tr><td><em>Attorney Docket Number</em></td><td>8096.002.DVUS01</td></tr>
</table>

*Title of the Invention: METHOD FOR TRANSMITTING DATA IN A TELECOMMUNICATIONS NETWORK AND SWITCH FOR IMPLEMENTING SAID METHOD*

## PETITION TO WITHDRAW APPLICATION FROM ISSUE UNDER 37 CFR § 1.313

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

The undersigned hereby petitions the Commissioner to withdraw the present application from issue for consideration of a request for continued examination in compliance with 37 CFR § 1.114, filed simultaneously herewith. The issue fee was paid on June 1, 2006.

Withdrawal of this application from issue is necessary because Applicants desire to have the Examiner consider the prior art references cited in the Information Disclosure Statement submitted with the request for continued examination, which came to Applicants' attention only after the issue fee had been paid.

Accordingly, the Commissioner is requested to grant this petition for consideration of the accompanying request for continued examination, and to withdraw the application from issue at this time. The required fee for this Petition as set forth in 37 CFR 1.17(h) is being paid by credit card authorization.

Serial No. 11/165,280
August 2, 2006
Page 2

Please charge any fee or credit any overpayment pursuant to 37 CFR 1.16 or 1.17 to Novak Druce Deposit Account No. 14-1437.

| RESPECTFULLY SUBMITTED, | | | | | |
|---|---|---|---|---|---|
| NAME AND REG. NUMBER | Vincent M. DeLuca<br>Attorney for Applicants<br>Registration No. 32,408 | | | | |
| SIGNATURE | *Vincent M DeLuca* | | DATE | 2 August 2006 | |
| Address | Novak, Druce, DeLuca & Quigg LLP<br>1300 I Street, N.W., Suite 400 East Tower | | | | |
| City | Washington | State | D.C. | Zip Code | 20005 |
| Country | U.S.A. | Telephone | 202-659-0100 | Fax | 202-659-0105 |

# EXHIBIT G

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/165,280 | SCHINDLER ET AL. |
| | Examiner | Art Unit | |
| | Afsar M. Qureshi | 2616 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Afsar M. Qureshi*.                                    (3)_____.

(2) *V. Deluca*.                                                (4)_____.

   Date of Interview: *03 October 2006*.

   Type:  a)☒  Telephonic  b)☐  Video Conference
         c)☐  Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes   e)☐ No.
   If Yes, brief description: _____.

Claim(s) discussed: *105-128*.

Identification of prior art discussed: *Yes*.

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.


Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Applicant's attny., Vince Deluca, agreed to cancel claims 105-117 in view of the newly cited references (Farris et al. (US 6,574,216) and Jones et al. (US 5,903,558)*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

**AFSAR QURESHI**
**PRIMARY EXAMINER**
             10/3/06
_____
Examiner's signature, if required

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.