# EXHIBIT 21

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

David W. Long
Partner
202-383-7073
202.318.8464
longd@howrey.com

August 28, 2007

**BY E-MAIL: Page 1 of 2**
Fax: 617.523.1231, Office: 617.570.1450, File: 05186.0002, User ID: 5291, email: lshiferman@goodwinprocter.com

Lana S. Shiferman, Esq.
GOODWIN PROCTER LLP
53 State Street, Exchange Place
Boston, MA 02109

Re:   *Cisco Systems, Inc. v. Teles AG Informationstechnologien*,
      Civil Action No. 1:05-CV-02048 (RBW), D. D.C..

Dear Lana:

Thank you for speaking with me today about the Patent Office's rejection of Cisco's request for reexamination of the '902 Patent. This letter is a follow-up to some of the issues we discussed seeking information that will allow us to better assess whether and to what extent to seek Court intervention. This includes the precise information that would have been conveyed had Cisco legitimately attempted to confer with us prior to filing its motion to stay.

**Cisco's Motion to Stay.** Please confirm whether Cisco will withdraw its motion to stay or agree to continue discovery – e.g., produce requested Cisco equipment and permit source code inspection – in light of the Patent Office's rejection of Cisco's reexamination request.

**Cisco's '902 Reexamination Request.** Please confirm whether and when Cisco will attempt to correct the substantial deficiencies in its reexamination request. You had indicated that Cisco would attempt to do so today or tomorrow. If Cisco intends to use the '902 reexamination request as a basis for the Court to stay this case in any respect, please tell us:

1. Which prior art references identified in Cisco's response to Interrogatory No. 2 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '902 Patent.

2. Which invalidity and unenforceability defenses identified in Cisco's response to Interrogatory No. 2 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '902 Patent.

3. Whether Cisco would assert any prior art references, invalidity defenses or unenforceabililty defenses **NOT** currently identified in Cisco's response to Interrogatory No. 2 if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '902 Patent.

AMSTERDAM  BRUSSELS  CHICAGO  HOUSTON  IRVINE  LONDON
LOS ANGELES  MENLO PARK  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

DM US:20238504 1

# HOWREY<sub>LLP</sub>

Lana S. Shiferman
August 28, 2007
Page 2

    4.    Which non-infringement contentions identified in Cisco's response to Interrogatory No. 6 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '902 Patent.

    5.    Which discovery requests (e.g., interrogatories, document requests and depositions) Cisco will **NOT** pursue, but will withdraw, if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '902 Patent.

**Cisco's '453 Reexamination Request**. You indicated today that Cisco may file today or tomorrow a request for reexamination of the '453 Patent. Please confirm whether and when Cisco will file that reexamination request. Please also let us know whether Cisco intends to use the '453 reexamination request as a basis for the Court to stay this case in any respect. If so, please tell us:

    1.    Which prior art references identified in Cisco's response to Interrogatory No. 2 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '453 Patent.

    2.    Which invalidity and unenforceability defenses identified in Cisco's response to Interrogatory No. 2 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '453 Patent.

    3.    Whether Cisco would assert any prior art references, invalidity defenses or unenforceability defenses **NOT** currently identified in Cisco's response to Interrogatory No.2 if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '453 Patent.

    4.    Which non-infringement contentions identified in Cisco's response to Interrogatory No. 6 that Cisco will **NOT** assert in this case if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '453 Patent.

    5.    Which discovery requests (e.g., interrogatories, document requests and depositions) Cisco will **NOT** pursue, but will withdraw, if the reexamination request is granted and the Patent Office confirms the patentability of one or more asserted claims of the '453 Patent.

I look forward to your prompt response. Again, a timely response is important to evaluate the merits and good faith basis for Cisco's motion to stay. Please call if you have any questions or concerns.

Sincerely,

*/s/ David W. Long*

David W. Long

cc: J. Anthony Downs

GOODWIN | PROCTER

Lana S. Shiferman
617.570.1450
lshiferman@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 29, 2007

**VIA EMAIL**

David Long, Esq.
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2402

Re:   *Cisco Systems, Inc. v. Teles AG Informationstechnologien* --
      **Civil Action No. 1:05-CV-02048**

Dear David:

We are in receipt of your letter dated August 28, 2007, in which you raise several questions regarding Cisco's intent with respect to issues related to its reexamination request.

First, the notice to which you refer incorrectly as a "rejection" was in fact a Notice of Failure to Comply with Filing Requirements, informing Cisco of certain technical deficiencies and making no substantive determination as to the merits of Cisco's request. In fact, Cisco's request for *inter partes* reexamination of the '902 patent remains pending. As I informed you yesterday, Cisco is in the process of preparing a replacement statement to the PTO as provided under the Rules and expects to file the replacement statement shortly.

Second, as represented to the Court during the August 10, 2007 hearing, Cisco intends to file a request for reexamination of the '453 patent and that intent has not changed. We will file as soon as possible.

Third, based on the above, the grounds for both Cisco's Motion to Stay and the temporary stay granted by the Court remain unchanged, and Cisco does not intend to withdraw its Motion to Stay. In fact, the imminent filing of the request for reexamination of the '453 patent will only serve to further strengthen the grounds for staying this litigation. As for continuing discovery, the Court has made clear that the "proceedings in the instant action, including, but not limited to, discovery in its entirety, shall be temporarily stayed until this Court has resolved plaintiff's motion to stay," and Cisco does not believe that anything has occurred to change the Court's Order.

LIBA/1825719.1

# GOODWIN | PROCTER

David Long, Esq.
August 29, 2007
Page 2

Finally, with respect to the various hypothetical questions you raise concerning the potential effect of the reexamination requests, we think it is sufficient to say that the potential preclusive effects of the reexamination on the ongoing litigation remain to be determined, but that Cisco does expect and believe that the reexamination filings will result, if not in the complete invalidation of the asserted claims, then in a substantial narrowing of the issues in dispute.

Please contact me if you have any further questions.

Sincerely,

Lana S. Shiferman

cc:    J. Anthony Downs, Esq.

LIBA/1825719.1