# EXHIBIT 23

Case 1:05-cv-02048-RBW    Document 50-25    Filed 09/21/2007    Page 1 of 3



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

## MEMORANDUM

**DATE:** May 3, 2007

**TO:** Technology Center Directors

**FROM:** Margaret A. Focarino
Deputy Commissioner
for Patent Operations

**SUBJECT:** Supreme Court decision on *KSR Int'l. Co., v. Teleflex, Inc.*

The Supreme Court has issued its opinion in *KSR*, regarding the issue of obviousness under 35 U.S.C. § 103(a) when the claim recites a combination of elements of the prior art. *KSR Int'l Co. v. Teleflex, Inc.*, No 04-1350 (U.S. Apr. 30, 2007). A copy of the decision is available at http://www.supremecourtus.gov/opinions/06pdf/04-1350.pdf. The Office is studying the opinion and will issue guidance to the patent examining corps in view of the *KSR* decision in the near future. Until the guidance is issued, the following points should be noted:

(1) The Court reaffirmed the *Graham* factors in the determination of obviousness under 35 U.S.C. § 103(a). The four factual inquiries under *Graham* are:
    (a) determining the scope and contents of the prior art;
    (b) ascertaining the differences between the prior art and the claims in issue;
    (c) resolving the level of ordinary skill in the pertinent art; and
    (d) evaluating evidence of secondary consideration.

*Graham v. John Deere*, 383 U.S. 1, 17-18, 148 USPQ 459, 467 (1966).

(2) The Court did not totally reject the use of "teaching, suggestion, or motivation" as a factor in the obviousness analysis. Rather, the Court recognized that a showing of "teaching, suggestion, or motivation" to combine the prior art to meet the claimed subject matter could provide a helpful insight in determining whether the claimed subject matter is obvious under 35 U.S.C. § 103(a).

(3) The Court rejected a rigid application of the "teaching, suggestion, or motivation" (TSM) test, which required a showing of some teaching, suggestion, or motivation in the prior art that would lead one of ordinary skill in the art to combine the prior art elements in the manner claimed in the application or patent before holding the claimed subject matter to be obvious.

(4) The Court noted that the analysis supporting a rejection under 35 U.S.C. § 103(a) should be made explicit, and that it was "important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the [prior art] elements" in the manner claimed. The Court specifically stated:

> Often, it will be necessary . . . to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an **apparent reason** to combine the known elements in the fashion claimed by the patent at issue. To facilitate review, this analysis **should be made explicit**.

*KSR*, slip op. at 14 (emphasis added).

**Therefore, in formulating a rejection under 35 U.S.C. § 103(a) based upon a combination of prior art elements, it remains necessary to identify the reason why a person of ordinary skill in the art would have combined the prior art elements in the manner claimed.**

2