# EXHIBIT 24



UNITED STATES PATENT AND TRADEMARK OFFICE

PTOL-2076 (8/06)

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Requester's Name and Address:   GOODWIN PROCTER LLP
PATENT ADMINISTRATOR
EXCHANGE PLACE
BOSTON, MA 02109-2881

Patent Number: 7,145,902    Request Receipt Date: 08/08/2007

Control Number: 95/001,001
Date Mailed: 08/22/2007

**NOTICE OF FAILURE TO COMPLY WITH *INTER PARTES* REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.915(d))**

The Central Reexamination Unit (CRU) in the United States Patent and Trademark Office (USPTO) has received a request for *inter partes* reexamination. The request cannot be processed, because the below-identified filing date requirements for an *inter partes* reexamination request have not been satisfied. If a fully compliant response is not received within 30 days of the mailing date of this notice, the request will be treated as a prior art citation under 37 CFR 1.501 or closed from public view, at the Office's option. A **filing date** will **NOT** be assigned to the request until the deficiencies noted below are corrected (37 CFR 1.919(a)):

The following items required by **37 CFR 1.915** are missing:

☐ 1. The *inter partes* reexamination filing fee under 37 CFR 1.20(c)(2) – see Attached Form PTO-2057.

☐ 2. An identification of the patent by its patent number, and of every claim of the patent for which reexamination is requested.

☐ 3. A citation of the patents and printed publications that are presented to raise a substantial new question of patentability.

☒ 4. A statement pointing out each substantial new question of patentability based on the cited patents & printed publications, and a detailed explanation of the pertinency and manner of applying the patents & printed publications to every claim for which reexamination is requested.

☐ 5. A legible copy of every patent or printed publication (other than U.S. patents or U.S. patent publications) relied upon or referred to in (3) and (4) above, accompanied by an English language translation of all the necessary and pertinent parts of any non-English language document.

☐ 6. A legible copy of the entire patent including the front face, drawings, and specification/claims (in **double** column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.

☐ 7. A certification by the third party requester that a copy of the request has been served in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the request must be supplied to the Office.

☐ 8. A certification by the third party requester that the estoppel provisions of 37 CFR 1.907 do not prohibit the *inter partes* reexamination.

☐ 9. A statement identifying the real party in interest to the extent necessary for a subsequent person filing an *inter partes* reexamination request to determine whether that person is a privy of the real party in interest.

☐ 10. Other item: See Attachment.

☒ Explanation of above item(s): See Attachment.

Any written correspondence in response to this notice must include a submission pursuant to the attached instructions. **The instructions for a detailed explanation for an *inter partes* reexamination request differ from those for an *ex parte* reexamination request.** Any written correspondence in response to this notice should be mailed to the Central Reexamination Unit (CRU), ATTN: "Box *Inter Partes* Reexam" at the USPTO address indicated at the top of this notice. Any "replacement documents" may be facsimile transmitted to the CRU at the FAX number indicated below. A REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.915(b)(3) MAY NOT BE FACSIMILE TRANSMITTED.

*/Patricia Volpe/*

Patent Reexamination Specialist, Central Reexamination Unit
(571) 272-6825 ; FAX No. (571) 273-9900

cc:  Patent Owner's Name and Address:    NOVAK DRUCE & QUIGG, LLP
1300 EYE STREET, N.W.
SUITE 1000, WEST TOWER
WASHINGTON, DC 20005

RECEIVED
AUG 24 2007
NOVAK DRUCE - DC

ATTACHMENT TO PTOL-2076

Control Number: 95/001,001
Patent Number: 7,145,902
Request Receipt Date: 08/08/2007

**Please read the instructions that accompany this Notice and Attachment.**

A request for *inter partes* reexamination (or for *ex parte* reexamination) must now meet all the applicable statutory and regulatory requirements before a filing date is accorded to the request. See MPEP 2227 Part B.1 and MPEP 2217, Part I. See also *Clarification of Filing Date Requirements for Ex Parte and Inter Partes Reexamination Proceedings*, 71 Fed. Reg. 44219 (August 4, 2006), 1309 *Off. Gaz. Pat. Office* 216 (August 29, 2006) (final rule.)

The request submitted on August 08, 2007, cannot be processed because all of the filing date requirements for an *Inter Partes* reexamination have not been satisfied. The Request for Reexamination does not comply with the filing requirement of an *Inter Partes* reexamination proceeding under 37 CFR 1.915(b)(3). A statement pointing out **each substantial new question** of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested.

Reexamination was requested for U.S. Patent No. 7,145,902 (in this instance claims 36, 37, 41, 54-58, 60-62, 64, 66, 68, 69, 71, 75, 77, 79, 82, 84, 87, 90-91, 92, 95, 98, 100, 102, 104, 118, and 119-125 is requested).

**The Identification of Each Substantial New Question of Patentability Is Unclear**

The identification of the substantial new questions of patentability raised by the requester results in a large number of permutations of proposed rejections, which the requester desires the Office to consider. There must be an explanation in the request for **each** of the permutations of rejections that the requester desires the Office to consider, yet an explanation for each permutation is not provided. The alternative combinations for each proposed SNQ must be addressed.

"E.   STATEMENT POINTING OUT EACH SUBSTANTIAL NEW QUESTION OF PATENTABILITY"

For example, on page 20 of the request submission dated 08/08/07 it is stated:

"Additionally, for the reasons set forth in the discussion and claim charts below, various combinations of prior art render the challenged claims invalid for obviousness, specifically:

--     Claim 36 of the '902 patent is obvious under 35 U.S.C. 103(a) over Focsaneanu '910 in view of Farese '685 **and** Jonas '792 **or** Arango '078;"

The request asserts that there are 39 substantial new questions of patentability (see pages 19 -24). Requester has provided (see pages 20 – 24) 33 distinct proposed obviousness (103) rejections without a corresponding detailed explanation. For example, for Claim 68 alone, Requester is proposing to combine seven references:

**"Claim 68 of the '902 patent is obvious under 35 U.S.C. 103(a) over Focsaneanu '910 in view of Jonas '792 or Arango '078 or Farese '685 or Matsukawa '411 or Yoshida '516 and Lucent"**

While the corresponding claim chart provides (see pages 369 – 414) an exemplary job of explaining each reference separately the request fails to explain how each reference is combined with each of the above references presented for claim 68 which requester desires the Office to look at.

### A Separate Detailed Explanation of the Manner of Applying Each Alternative Proposed Combination of Documents Is Required

There must be an explanation in the request for **each** of the proposed rejections that the requester desires the Office to look at; yet such is not provided.

There must be an explanation for each of the alternative proposed combinations of the documents, therefore, the requester has failed to, and must, explain how <u>each proposed alternative combination</u> is to be applied to the claims for which reexamination is requested.

MPEP 2617 I states, in pertinent part:

> "Thus, for example, once the request has cited documents (patents and printed publications) and proposed combinations of the documents as to patent claims 1-10 (for example), **the request must explain how all of the proposed combinations of each and every cited document apply to each of claims 1-10** . . ." (emphasis added.)

> "The explanation **must not** lump together the proposed rejections or the proposed combinations of references . . ." (emphasis in original)

> "Any failure to provide the required explanation for any document, combination, or claim will be identified in a 'Notice of Failure to Comply with Ex Parte Reexamination Request Filing Requirements' . . ."

*Examples of inappropriate language:*

- Claim 1 is unpatentable under 35 U.S.C. 103 as being obvious over Smith **and/or** Charles.

- Claim 2 is unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Jones **or** Harvey. (This could however be used if both Jones and Harvey provide a minor teaching which can be articulated in a sentence or two.)

- Claims 3 - 10 are unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of either Jones **and** Cooper **or** Harvey **and** Cooper.

*Examples of appropriate language:*

- Claim 1 is unpatentable under 35 U.S.C. 103 as being obvious over Smith.

- Claim 1 is unpatentable under 35 U.S.C. 103 as being obvious over Charles.

- Claim 2 is unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Jones.

- Claim 2 is unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Harvey.

- Claims 3 - 10 are unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Jones, and further in view of Cooper.

- Claims 3 - 10 are unpatentable under 35 U.S.C. 103 as being obvious over Smith in view of Harvey, and further in view of Cooper.

Each statement that is argued by the requester as identifying an SNQ and each accompanying detailed explanation must not lump together proposed combinations of the documents. The requester, for example, has failed to separately explain how each of the alternative combinations is to be applied to each of patent claims 36, 37, 41, 54-58, 60-62, 64, 66, 68-69, 71, 75, 77, 79, 82, 84, 87, 90-92, 95, 98, 100, 102, 104, 118-125.

Specifically, there are statements in the alternative but the alternatives are never specifically addressed. The requester has allege alternatives in the 103 statements but then supplies only claim charts in the inclusive "and" form with no explanation for each of the various possible alternative combinations, which is required.

For another example, page 311 lists alternatives not specifically addressed. See also page 349 which states claim 41 ...and Jonas *or* Arango but the alternative is not addressed nor whether the alternative is meant to replace Jonas or Jonas and Farese. Same for pages 461, 351, 354, 355, 357, 358, 361, 362, 364, 367, 369, 415, 461, 468, 473, 498, 503, 507, 534, 541, 546, 547, 566, 574, 578, 600, 603, 626, 628, 628, 633, and 645.

Additionally, for some of the multiple dependents, requestor has identified the claim for reexam, but does not have an explanation of applying the patents to the claims in their entirety. For example, claim 54 is a multiple dependent on claims 35 or 36. However, there is only a proposed rejection for 54/36. There is no proposed rejection for claim 35 or 54/35. Claims 55-58, 60-62, 64, and 66 are similarly listed as claims for which the reexam is requested with no explanation of applying the patents to the claims in their entirety. Are we to assume that the requestor only meant that reexam is requested for 54 as dependent on claim 36 (and not 54 as dependent on claim 35) because there is no proposed rejection for claim 35? Technically there is not a statement pointing out the SNQ for **every claim** for which the reexam is requested.

As to the documents that are explained in the request, they must be explained for each of the patent claims (for which a substantial new question of patentability is identified) as to each of the combinations resulting from requester's alternative substantial new questions proposed. Since the request relies upon grounds which suggest multiple combinations of references, and there is no analysis as to how a substantial new question is raised under 35 USC 103 for each of the proposed rejections under 35 U.S.C. 103, there is no explanation as to the pertinency and manner of applying the cited prior art to each claim identified in the request.

Without explanation for each of the possible grounds, the request lacks the "detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested."

In view of the above discussion, the request does not provide a "statement pointing out each substantial new question of patentability based on the cited patents and printed publications, and a detailed explanation of the pertinency and manner of applying the patents and printed publications to every claim for which reexamination is requested, as is required by 37 CFR 1.915(b)(3).

## **CONCLUSION**

In accordance with 37 CFR 1.915(b), a filing date for the reexamination request will <u>not</u> be granted **at this time.**

Requester has the option to respond to this identification of a defect by <u>using the appropriate option(s) set forth below</u>:

A replacement statement and explanation pursuant to 37 CFR 1.915(b)(3), as detailed in the attached instructions. A statement identifying a substantial new question of patentability and an accompanying explanation must be provided for **EACH** of the documents that the requester desires the Office to consider.

Separately explaining <u>each</u> of the combination permutations that results from the given identification of the substantial new question of patentability or statement of the proposed rejections. It is to be noted that withdrawal of individual references <u>from a proposed combination</u> with multiple permutations will reduce the number of combinations that need to be addressed <u>separately</u>.

A replacement Form PTO/SB/08, PTO-1449, or equivalent listing ONLY those references (with proper page designation, where appropriate) discussed in a proposed rejection (or statement identifying a substantial new question) and in a corresponding explanation under 37 CFR 1.915(b)(3).

**Failure to submit a proper response to this Notice may result in the termination of the request, with no filing date accorded.**

## INSTRUCTIONS TO NOTICE OF FAILURE TO COMPLY WITH *INTER PARTES* REEXAMINATION REQUEST FILING REQUIREMENTS (37 CFR 1.915)

### HOW TO REPLY TO THIS NOTICE

Any written correspondence in response to this notice must include either a **replacement document**, or, **if item #4 is checked and/or it is otherwise specifically required by the Office, a paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3)** that either replaces the originally-filed statement and explanation or provides a previously missing statement and explanation. A replacement document either replaces an originally-filed document, or provides a previously missing document, that contains part(s) of the request other than the statement and explanation as set forth in 37 CFR 1.915(b)(3). For example, a replacement to the originally-filed listing of cited patents and printed publications, PTO/SB/08 (formerly designated as PTO-1449) or its equivalent, is a replacement document.

If a paper containing a replacement statement and explanation, or a replacement document (other than a replacement certificate of service), is submitted by a third party requester, it must be accompanied by a certification that a copy of the replacement statement and explanation under 37 CFR 1.915(b)(3), or that a copy of the replacement document, has been served in its entirety on the patent owner at the address provided for in 37 CFR 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy of the replacement statement and explanation (or replacement document) must be supplied to the Office.

### REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.915(b)(3) (ITEM #4 IS CHECKED)

The **statement and explanation under 37 CFR 1.915(b)(3)** (see item #4) must discuss EVERY **patent or printed publication cited in the information disclosure statement** in at least one proposed rejection or statement identifying a substantial new question of patentability (SNQ), AND in a corresponding detailed explanation (see the below discussion). Furthermore, EVERY **claim for which reexamination is requested** must be discussed in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation. If item #4 is missing or incomplete, a paper containing a **replacement statement and explanation under 37 CFR 1.915(b)(3) is required.**

A paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3) may NOT be facsimile transmitted. It must be received by first class mail or by U.S. Postal Service (USPS) Express Mail.

If an originally-filed information disclosure statement cites patents or printed publications that are NOT discussed in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation in the originally-filed request, then the requester must file either (a) a **replacement document, i.e., a replacement PTO/SB/08 (former PTO-1449)** or its equivalent, listing ONLY those patents and printed publications that are so discussed, or (b) a paper containing a **replacement statement and explanation under 37 CFR 1.915(b)(3).** If the first option is chosen, the replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any previously cited references that are being omitted by the replacement PTO/SB/08 or its equivalent. The requester may, if desired, file both a replacement PTO/SB/08 or its equivalent and a paper containing a replacement statement and explanation, if the replacement statement and explanation discusses EVERY patent or printed publication, cited in the replacement PTO/SB/08 or its equivalent, in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation.

Requester is NOT required to, and should not, additionally file a replacement copy of any exhibits, references, etc., or other replacement parts of the request (i.e., replacement documents) if a defect requiring a replacement document is not specifically identified by this notice.

Examples of When a Replacement Statement and Explanation under 37 CFR 1.915(b)(3) Is Required:

1. The originally-filed request fails to discuss EVERY patent or printed publication cited in the originally-filed information disclosure statement in at least one proposed rejection or statement identifying an SNQ and in the corresponding detailed explanation, and the requester does not wish to file a replacement PTO/SB/08 (formerly designated as PTO-1449) or its equivalent listing ONLY those patents and printed publications that are so discussed.

2. The originally-filed request discusses every patent or printed publication cited in the information disclosure statement in at least one proposed rejection or statement identifying an SNQ, but **fails to discuss EVERY patent or printed publication cited in the information disclosure statement in a** detailed explanation **that corresponds to the proposed rejection or statement identifying an SNQ.**

3. The originally-filed request fails to discuss EVERY CLAIM for which reexamination is requested in at least one proposed rejection or statement identifying an SNQ, and in the corresponding detailed explanation.

Instructions to PTOL-2076 Notice of Failure to Comply                                                                                                        3

**Examples of Proposed Rejections and Statements Identifying a Substantial New Question of Patentability (SNQ)**

Proposed rejections

Claims 1-3 are obvious over reference A in view of reference B.
Claims 4-6 are obvious over reference A in view of references B and C.
Claims 7-10 are obvious over reference Q in view of reference R.

Statements identifying a substantial new question of patentability

A substantial new question of patentability as to claims 1-3 is raised by reference A in view of reference B.
A substantial new question of patentability as to claims 4-6 is raised by reference A in view of references B and C.
A substantial new question of patentability as to claims 7-10 is raised by reference Q in view of reference R.

**A proposed rejection or statement identifying an SNQ must be repeated with any *replacement* detailed explanation that corresponds to the proposed rejection or statement identifying an SNQ, in any paper containing a replacement statement and explanation under 37 CFR 1.915(b)(3).**

In addition, the requester should include an explanation of *how the SNQ is raised.*

1. Assume that claim 1 of the patent recites, as one of the limitations, widget W. Requester would state that the XYZ reference, cited in the information disclosure statement, contains a teaching of widget W as recited in claim 1, and that this teaching was not present during the prior examination of the patent under reexamination (i.e., the teaching is "new"). Requester would also state that he believes that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable. For this reason, requester would state that this teaching by the XYZ reference raises a substantial new question of patentability (SNQ) with respect to at least claim 1 of the patent. Similarly, if dependent claim 6 adds widget H, the requester would state that the ABC reference, cited in the information disclosure statement, contains a teaching of widget H as recited in claim 6, that this teaching was not present during the prior examination of the patent, that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable, and that this teaching raises an SNQ with respect to dependent claim 6 of the patent.

2. Assume that claim 1 of the patent recites, as one of its limitations, limitation W. Assume either that reference XYZ was applied in a rejection during the prior examination of the patent, or that the teachings of reference XYZ are purely cumulative to a reference cited in a rejection during the prior examination of the patent. Assume further that reference ABC teaches that the limitation W would have been either inherent given the teachings of reference XYZ, or would have been obvious in view of the combination of XYZ and ABC. Reference ABC was cited in an information disclosure statement but was never discussed or applied in a rejection *in combination with the XYZ reference* during the prior examination of the patent under reexamination. **Requester would state** that reference XYZ was present during the prior examination of the patent under reexamination because it was applied in a rejection during the prosecution of the patent, and that reference ABC was cited in an information disclosure statement but never applied in a rejection (or never discussed), **in combination with the XYZ reference** during the prior examination of the patent under reexamination  Requester would then state (1) that the **combination** of the XYZ reference and the ABC reference, both of which are cited in the information disclosure statement, contains a teaching of limitation W as recited in claim 1, (2) that this teaching provided by the **combination** of the XYZ and ABC references was not presented during the prior examination of the patent under reexamination, (3) that a reasonable examiner would consider this teaching important in determining whether or not the claims are patentable, and (4) that the presentation of this teaching raises a SNQ with respect to claim 1 of the patent.

Example of a Detailed Explanation

Assume, for example, that a requester believes that the XYZ reference, alone, anticipates claims 1-5. The <u>requester would expressly propose a rejection of claims 1-5 under 35 USC 102(b) as being anticipated by the XYZ reference</u>. In a claim chart, the requester would then show how each limitation of claims 1-5 is anticipated by the XYZ reference. If the requester believes that the XYZ reference, in view of the ABC reference, renders obvious claims 6-10, <u>the requester would expressly propose a rejection of claims 6-10 under 35 USC 103 as being obvious over the XYZ reference in view of the ABC reference</u>. In a claim chart, the requester would then show which limitations of claims 6-10 are taught by the XYZ reference, and which limitations of claims 6-10 are taught by the ABC reference. The requester should quote each pertinent teaching in the prior art reference, referencing each quote by page, column and line number, and any relevant figure numbers. Finally, for a proposed rejection, the requester must show how these two references are combined, and the teaching in either the XYZ or the ABC references which provides the motivation to combine these references in order to render claims 6-10 obvious.

Instructions to PTOL-2076 Notice of Failure to Comply                                                                                                                4

### REPLACEMENT DOCUMENTS

**If the originally-filed PTO/SB/08 (former PTO-1449) or its equivalent lists patents or printed publications that are NOT discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation **in the originally-filed request**, the requester may file a paper containing a **replacement PTO/SB/08 (former PTO-1449) or its equivalent** listing ONLY those patents and printed publications that are so discussed. The replacement PTO/SB/08 or its equivalent should include a cover letter expressly withdrawing from the request any previously cited references that are now being omitted by the replacement PTO/SB/08 or its equivalent. Similarly, if **any patent or printed publication discussed** in at least one proposed rejection or statement identifying an SNQ AND in the corresponding detailed explanation **in the originally-filed request is not listed in the originally-filed PTO/SB/08 (former PTO-1449)** or its equivalent, the requester must file a **replacement PTO/SB/08 (former PTO-1449) or its equivalent** listing all of the patents and printed publications, including the previously omitted reference(s), and provide copies of the missing references if copies were not provided with the originally-filed request.

If a copy of a patent, printed publication, or an English-language translation of a patent or printed publication, that is cited in the PTO/SB/08 (former PTO-1449) or its equivalent, is illegible, missing, or incomplete (i.e., it does not contain all of the pages indicated in the PTO/SB/08 (former PTO-1449) or its equivalent), a replacement copy of the patent or printed publication is required.

If a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent, or a copy of the entire patent for which reexamination is requested as described in item #6, is missing, or if the copy that was received by the Office was illegible or incomplete, a replacement document (i.e., a replacement copy of the disclaimer, certificate of correction, reexamination certificate, or entire patent under reexamination as described in item #6) is required.

If the requester fails to correctly identify the patent number or the claims for which reexamination is requested on the transmittal form for the request (PTO/SB/57, or an equivalent) as described in item #2, and the patent number and the claims for which reexamination is requested are correctly identified in the originally-filed request, a **replacement transmittal form** is required.

If a certificate of service on the patent owner, as described in item #7, is missing, or if the certificate of service received by the Office is inaccurate or incomplete, a replacement certificate of service is required.

Replacement documents may be facsimile transmitted. A paper containing a replacement statement and explanation may NOT be facsimile transmitted.