# EXHIBIT 26

Case 1:05-cv-02048-RBW   Document 50-28   Filed 09/21/2007   Page 1 of 3

# GOODWIN | PROCTER

Lana S. Shiferman
617.570.1450
lshiferman@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

September 5, 2007

**VIA EMAIL**

David Long, Esq.
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2402

Re:   *Cisco Systems, Inc. v. Teles AG Informationstechnologien* --
      **Civil Action No. 1:05-CV-02048**

Dear David:

I write in response to your letter received earlier today regarding Cisco's reexamination requests and the participation of Teles' litigation counsel in the reexamination proceedings.

With respect to Cisco's request for *inter partes* reexamination of the '902 patent, Cisco does intend to file a replacement statement addressing the issues raised by the PTO and expects that to do so sometime this week or early next week. As you may not yet know, the *ex parte* reexamination filing for the '453 patent was accepted by the PTO and a filing date of August 30, 2007 was afforded to that filing.

As for the language of the Protective Order, Cisco believes that the language of paragraph 19 is clear and unambiguous and no further clarification by the Court is necessary. Teles' counsel and experts who have had access to Cisco's confidential information are precluded from participating in any ongoing prosecution of any patent application related to the patents-in-suit and/or any reexamination of the patents-in-suit. Teles agreed to this provision. Indeed, a reexamination is in this respect no different than any other prosecution, and it was intended by the parties when negotiating the Protective Order that the same protections must apply to prevent a party, such as Teles, from using confidential and trade secret information obtained from the opposing party, here Cisco, when prosecuting Teles' new patents or responding to reexamination filings on its existing patents. Otherwise, persons who have had access to Cisco's confidential information would be able to misuse that information to direct the strategy and direction of prosecution or reexamination. It is not feasible to expect that anyone would be able to separate or erase the knowledge that they have gained from Cisco's confidential information and that knowledge would permeate the reexamination proceedings to Cisco's extreme prejudice. Ultimately, your proposed change would eviscerate the protections that both parties agreed to. We note as well that Teles already has separate counsel for dealing with the Patent Office in the pending continuation or in related patents.

LIBA/1827128.1

# GOODWIN | PROCTER

David Long, Esq.
September 5, 2007
Page 2

Moreover, we strongly disagree with your characterization of my letter as stating that the prohibition of paragraph 19 only applies "if the reexamination is granted." Nothing in my letter or in the language of paragraph 19 restricts the Protective Order in this manner. Participation in the reexamination proceedings by Teles' litigation counsel at any point after filing would violate the terms of the Protective Order. Moreover, any participation in the pending reexamination filings by persons who have had access to Cisco's confidential information would be patently unfair and cause Cisco irreparable harm. Please confirm promptly in writing that you and other persons who have had access to Cisco's confidential information have abided by the Protective Order to date, and have not, and are not, participating in any response to the reexamination filings.

Please contact me if you have any further questions.

Sincerely,

Lana S. Shiferman

cc:   J. Anthony Downs, Esq.

LIBA/1827128.1