# EXHIBIT 28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 1:05-CV-02048 (RBW) |
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) ) ) |
| Defendant. | ) ) ) |
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| CISCO SYSTEMS, INC., | ) ) |
| Counterdefendant. | ) ) |

**JOINT MEET AND CONFER STATEMENT**

Plaintiff Cisco Systems, Inc. ("Cisco") filed this case seeking a declaratory judgment that Cisco does not infringe United States Patent No. 6,954,453 ("the '453 patent"), entitled "Method for Transmitting Data in A Telecommunications Network And Switch for Implementing Said Method" and that the '453 patent is invalid. The patent was issued on October 1, 2005 to Defendant Teles AG Informationstechnologien ("Teles"). Teles has since filed an Answer and Counterclaims in which it asserts that certain products of Cisco infringe the '453 patent. The Parties having met and conferred pursuant to Local Civil Rule 16.3(c) before the Initial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 31, 2006, and for good cause, submit the following report and Proposed Order to the Court.

documents have not been produced for any number of reasons, including a disagreement among counsel as to the scope of prior document requests. An arbitrary limit on the sets of document requests that may be served would compel the parties into motion practice to resolve the disagreement that otherwise could be resolved by a simple, rephrased document request. Cisco provides no compelling basis to depart from the normal course or for the particular arbitrary number sets of document request it proposes.

        d.    Maximum number of fact depositions, including Rule 30(b)(6) depositions, will be limited to 15, absent further agreement of the parties or leave of the court. All fact depositions shall be limited to a single day, absent further agreement of the parties. The deposition of each individual Rule 30(b)(6) designee shall be limited to a single day.

3.    Any motion to amend pleadings or join any parties must be filed no later than **October 18, 2006**.

4.    Any discovery dispute shall be brought to the Court's attention by motion, but only after the parties' good faith attempt to resolve the dispute has failed. *See* LCvR 7(m).

5.    The parties shall serve Initial Disclosures, not later than fourteen calendar days after the Rule 16 conference, which is currently set for May 31, 2006.

**Position of Cisco Systems**

6.    *Plaintiffs/Counter-defendants will notify Defendants/Counter-plaintiffs whether they intend to rely on an opinion of counsel and produce all related documents by April 2, 2007.*

Defendant Teles in its counterclaims has alleged that Cisco's supposed infringement was "willful." One possible defense against such an allegation would involve Cisco asserting that it could not have willfully infringed because it relied upon advice of counsel. Because asserting such an approach to a willfulness defense involves potentially the waiver of the attorney-client privilege for a certain scope of documents and information, an alleged infringer such as Cisco is

faced with a "Hobson's choice" of either (i) having to disclose the contents of privileged communications concerning the patent in suit, or (ii) foregoing such a defense to willfulness.

The Federal Circuit has cautioned that the parties should not lightly or prematurely be forced into this decision:

> Proper resolution of the dilemma of an accused infringer who must chose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be protected by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to chose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991); *see also Sage Prod., Inc. v. Decon Indus., Inc.* 1994 WL 791601, *2 (C.D. Cal. 1994) (alleged infringer "is trapped in a catch-22" when deciding whether to assert the advice of counsel defense). Because the decision regarding the waiver of the attorney client privilege is so critical, the Federal Circuit has endorsed bifurcation of trial proceedings regarding the issue of willfulness, so that the parties are not prematurely faced with this type of critical "Hobson's choice." Cisco, however, is not requesting a separate trial on this issue. Rather, Cisco requests that the Court adopt a compromise approach that will protect the interests identified by the Federal Circuit while maintaining a single trial. Moreover, Cisco is not seeking postponement of *all* discovery regarding willfulness. Rather, Cisco's proposal is narrowly-tailored to address only the date upon which Cisco must state whether it will rely on opinions of counsel, if any, and produce all related documents encompassed in the waiver of the attorney client privilege that is the by-product of a reliance on the opinion of counsel. Aside from this limited area, discovery may proceed unhindered. Many courts have adopted procedures for delaying the waiver accompanied by a reliance of counsel opinion, stopping short of bifurcation, yet providing the party, here, Cisco, with sufficient protection in the form of time. *See e.g., Kos Phar., Inc. v. Barr*

*Labs., Inc.* 218 F.R.D. 387 (S.D.N.Y. 2003); *William Reber, LLC v. Samsung Elec. Am., Inc.*, 220 F.R.D. 533, 540 (N.D. Ill. 2004); *A.L. Hansen Manuf. Co. v. Bauer Prods., Inc.* 2003 WL 1125911, *6 (N.D. Ill. May 18, 2004).

Cisco should not be forced to make this choice early in the case, particularly prior to a Markman hearing at which the Court determines the scope of the claims and helps define for the parties what really is in dispute and what products might really be at issue. Accordingly, Cisco proposes the inclusion of this provision in the Court's scheduling order so as to set a date certain by which Cisco is to indicate whether it will rely upon an advice of counsel defense or not. This date is close to the end of fact discovery, but would still allow sufficient time – more than two months – for Teles to take necessary discovery concerning the defense.

**Position of Teles AG**

6.    *Plaintiffs/Counter-defendants shall respond to willfulness discovery served by Defendants/Counter-plaintiffs per the timelines required by the Federal Rules of Civil Procedure.*

Teles proposes that all discovery – including discovery of willful infringement – should be conducted together as is routine in patent and other cases. Cisco's request to delay an aspect of willfulness discovery until just before the cut-off to serve written discovery is highly unusual and prejudicial to Teles. Such late disclosure may foreclose Teles from deposing the appropriate people who may come to light as a result of the opinion of counsel or, if Teles is permitted to reserve such depositions, it will incur increased costs as a result of having to depose some of the same witnesses more than once.

Accordingly, Cisco should indicate whether they intend to rely on opinion of counsel and discovery should proceed accordingly in the normal course typically followed in patent and other cases. Cisco should not be permitted to wait until the day before the close of fact discovery to decide whether it intends to rely on an opinion of counsel. The separation of issues where

provided any exceptional or compelling reasons as to why the parties should deviate from allowing discovery to proceed as is customary in the majority of patent cases.

26. **Pretrial Conference and Trial.** The Court will schedule the Pretrial Conference on no earlier than 30 days after ruling on dispositive motions. The Federal Rules of Civil Procedure and Local Civil Rule 16 shall govern the pretrial conference.

Respectfully submitted,

/s/ John A. Moustakas
John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-2000
(202) 346-4444 (fax)
jmoustakas@goodwinprocter.com

*Of Counsel:*
John C. Englander (*admitted pro hac vice*)
J. Anthony Downs (*admitted pro hac vice*)
Lana S. Shiferman (*admitted pro hac vice*)
Michael J. McNamara (*admitted pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz (*admitted pro hac vice*)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
(212) 355-3333 (fax)

/s/ Mark Whitaker
Matthew Moore, No. 453773
David Long, No. 458029
Mark Whitaker, No. 435755
Andreas Stargard, No. 484303
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783 – 0800
(202) 383 – 6610 (fax)