# EXHIBIT 29

1

```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
```

CISCO SYSTEMS, INC.,
    PLAINTIFF,

VS.                                   C. A. NO. 05-2048

TELES A.G.
INFORMATIONSTECHNOLOGIEN
    DEFENDANT,

WASHINGTON, D. C.
JUNE 20, 2006

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE REGGIE B. WALTON

FOR THE PLAINTIFF:    TONY DOWNS, ESQ.
                      MARVA DESKINS, ESQ.

FOR THE DEFENDANT:    MARK WHITAKER, ESQ.
                      DAVID LONG, ESQ.

COURT REPORTER:    PHYLLIS MERANA
                    6816 U. S. COURTHOUSE
                    3RD & CONSTITUTION AVE., N.W.
                    WASHINGTON, D. C.  20001

1  JOINING OF ADDITIONAL PARTIES. THAT'S ACCEPTABLE.
2          HAS INITIAL DISCLOSURE ALREADY OCCURRED BECAUSE
3  THE DATE BY WHICH THAT WAS TO OCCUR WAS JUNE 14TH.
4          I DO APOLOGIZE FOR LAST WEEK OR THE WEEK BEFORE
5  LAST, WHENEVER WE WERE HERE, BUT I JUST HAD TO GET OUT OF
6  TOWN BECAUSE I HAD A HEARING I HAD TO CONDUCT IN BOSTON. I
7  HAD TO CATCH A PLANE.
8          MR. DOWNS: WE AGREED ON JULY 5TH.
9          MR. WHITAKER: THAT'S CORRECT, YOUR HONOR.
10         THE COURT: VERY WELL. THAT'S FINE.
11         THERE IS ALSO A DISPUTE -- I DON'T KNOW IF I NEED
12 TO RESOLVE THAT AT THIS TIME OR NOT -- RELATED TO A DEFENSE
13 THAT MAY BE RAISED IN THIS CASE PREDICATED ON THE OPINION OF
14 COUNSEL. AND CISCO WANTS THAT TO BE DELAYED UNTIL APRIL 2ND
15 OF NEXT YEAR, AND THAT DISCOVERY, THEREFORE, ON THAT ISSUE
16 WOULD NOT GO FORWARD UNTIL THAT DATE.
17         TELES TAKES EXCEPTION TO THAT, AND I ASSUME IS
18 SAYING THAT CISCO SHOULD HAVE TO PLAY ITS HAND AT THIS POINT
19 AS TO HOW IT'S GOING TO PROCEED IN THAT REGARD.
20         IS THERE ANYTHING COUNSEL WANTS TO SAY IN
21 REFERENCE TO THAT?
22         MR. DOWNS: YOUR HONOR, IF I MAY. THE REASON WE
23 ASKED FOR THIS IS, IF YOU ARE FAMILIAR WITH WILLFULNESS, ONE
24 POSSIBLE DEFENSE IS TO DISCLOSE YOUR ATTORNEY OPINIONS THAT
25 YOU RELIED ON IN SAYING WE DON'T INFRINGE. AND THAT COMES

1  AT A HUGE COST, WHICH IS YOU END UP WAIVING SOME
2  ATTORNEY-CLIENT PRIVILEGE.
3      AND ESPECIALLY IN A CASE LIKE THIS ONE, WHERE WE
4  HAVE ALREADY GOT A FINDING WE DON'T INFRINGE THE EUROPEAN
5  COUNTERPARTS, WE DON'T WANT TO HAVE TO BE FORCED TO EITHER
6  DECIDE WHETHER TO DEFEND ON THAT GROUND OR TO WAIVE OUR
7  PRIVILEGES.  IT IS KIND OF A HOBSON'S CHOICE, WE CALL IT.
8  AND WE DON'T WANT TO HAVE TO BE IN THAT POSITION UNTIL WE
9  KNOW REALLY WHETHER WE NEED TO DO THAT.  AND THAT'S TOWARDS
10  THE END OF DISCOVERY, HOPEFULLY AFTER WE HAVE HAD SOME KIND
11  OF CLAIM CONSTRUCTION --
12      THE COURT:  DOESN'T YOUR POSITION, HOWEVER,
13  REGARDING THE EXTENSIVE LITIGATION THAT HAS TAKEN PLACE
14  ALREADY COUNTER AGAINST THAT?
15      MR DOWN:  WELL, CERTAINLY IT WOULD BE SOMETHING
16  THAT WE WOULD ARGUE, THAT WE CAN'T BE WILLFUL BECAUSE WE
17  HAVE BEEN FOUND NOT TO INFRINGE IN EUROPE, WHICH IS SIMILAR,
18  AND ALSO WE FILED OUR LAWSUIT IMMEDIATELY UPON THE ISSUANCE
19  OF THIS U.S. PATENT.  WE WENT IN AND SAID, "WE DON'T
20  INFRINGE," BECAUSE WE REALLY DON'T.  THAT'S OUR BELIEF, AND
21  IT HAS BEEN CONFIRMED IN EUROPE.
22      THE COURT:  I GUESS MY POINT IS IN LIGHT OF THE
23  EXTENSIVE LITIGATION THAT HAS TAKEN PLACE IN EUROPE, IT
24  SEEMS TO ME THAT YOU ALL SHOULD KNOW HOW YOU WANT TO PLAY
25  YOUR HAND IN REFERENCE TO THIS.