# EXHIBIT 30

```
                                                                    1

 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
 2

 3   CISCO SYSTEMS, INC.,            :
              PLAINTIFF,             :
 4                                   :
      VS.                            :   C. A. NO. 05-2048
 5                                   :
     TELES AG                        :
 6     INFORMATIONSTECHNOLOGIEN,     :
       ET AL,                        :
 7              DEFENDANT,           :
                                     :
 8                                       WASHINGTON, D. C.
                                         JANUARY 26, 2007
 9

10              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE REGGIE B. WALTON
11

12   FOR THE PLAINTIFF:              LANA SHIFERMAN, ESQ.
                                     MARVA DESKINS, ESQ.
13

14   FOR THE DEFENDANTS:             DAVID LONG, ESQ.
                                     MARK WHITAKER, ESQ.
15                                   JOERN GENDNER, ESQ.

16

17
     COURT REPORTER:                 PHYLLIS MERANA
18                                   6423 U. S. COURTHOUSE
                                     3RD & CONSTITUTION AVE., N.W.
19                                   WASHINGTON, D. C. 20001

20

21

22

23

24

25
```

2

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2            THE DEPUTY CLERK:  CIVIL ACTION 05-2048, CISCO
 3   SYSTEMS, INC. VERSUS TELES AG INFORMATIONSTECHNOLOGIEN,
 4   ET AL.
 5            COUNSEL, CAN YOU PLEASE IDENTIFY YOURSELVES FOR
 6   THE RECORD?
 7            MS. SHIFERMAN:  LANA SHIFERMAN FROM GOODWIN
 8   PROCTER ON BEHALF OF CISCO SYSTEMS, AND WITH ME HERE IS
 9   MARVA DESKINS, ALSO FROM GOODWIN PROCTER.
10            THE COURT:  GOOD MORNING.
11            MR. LONG:  GOOD MORNING, YOUR HONOR.  DAVID LONG
12   WITH HOWREY ON BEHALF OF TELES.  WITH ME TODAY IS MY
13   PARTNER, MARK WHITAKER.  AND WE ALSO HAVE THE PLEASURE OF
14   HAVING TODAY JOERN GENDNER FROM TELES, IN-HOUSE COUNSEL.
15            THE COURT:  GOOD MORNING.
16            WHAT'S THE STATUS OF THE DISCOVERY AT THIS POINT?
17   I DID APPROVE THE FILING OF TELES' ANSWER IN THE FIRST
18   AMENDED COUNTERCLAIM.
19            MS. SHIFERMAN:  YOUR HONOR, IF I MAY.  LANA
20   SHIFERMAN ON BEHALF OF CISCO SYSTEMS.
21            WHERE WE STAND IN DISCOVERY, NOW THAT YOU HAVE
22   APPROVED THAT COMPLAINT, WE HAVE A NEW PATENT IN THE CASE.
23   WE NOW HAVE TWO PATENTS.  AND THE DEFENDANTS HAVE AGREED,
24   NOW THAT THE NEW PATENT IS IN THE CASE, TO PROVIDE
25   TELES -- I AM SORRY -- TO PROVIDE CISCO WITH A LIST OF THE
```

4

1  PRODUCE DAMAGES.  WHAT WE WOULD SUGGEST IS TO FURTHER DELAY
2  THE PRODUCTION RELATED TO THE FINANCIALS.  WE ARE NOT
3  TALKING ABOUT ANY OTHER TYPES OF INFORMATION:  MARKETING,
4  PRIOR ART, OR ANYTHING LIKE THAT.  WE ARE JUST TALKING ABOUT
5  THE FINANCIALS, AND THAT SHOULD NOT AFFECT DISCOVERY OR
6  PREJUDICE TELES IN ANY WAY.
7         WE THINK THAT THAT SHOULD BE DELAYED UNTIL JUNE
8  1ST.  THAT WOULD STILL LEAVE ALMOST THREE MONTHS.  AND THE
9  FACT DISCOVERY -- FOR DISCOVERY TO PROCEED WITH RESPECT TO
10 THAT VERY SINGLE ISSUE OF DAMAGES, IT WOULD NOT REALLY
11 ENTAIL ANY WITNESSES OTHER THAN A FINANCIAL WITNESS ON
12 BEHALF OF CISCO.
13         EXPERT DISCOVERY IS NOT DUE TO START UNTIL THE
14 CLOSE OF FACT DISCOVERY IN THIS CASE, THOUGH THIS SHOULD NOT
15 AFFECT THE DRAFTING AND PRODUCTION AND EXCHANGE OF EXPERT
16 REPORTS.  AND WE BELIEVE, GIVEN THE CIRCUMSTANCES IN THIS
17 CASE, IT IS WARRANTED.  WE ARE NOT ASKING FOR BIFURCATION OR
18 A SEPARATE TRIAL, BUT JUST A FURTHER DELAY.
19         THERE IS ONE OTHER ISSUE THAT I THINK WE MAY HAVE
20 REACHED AT LEAST CLOSE AGREEMENT ON, AND THAT IS A DATE FOR
21 THE ELECTION OF RELIANCE ON THE OPINION OF COUNSEL.
22         WHEN WE DEALT WITH THAT ISSUE ORIGINALLY, THAT WAS
23 DELAYED UNTIL JANUARY WHEN THE CLOSE OF FACT DISCOVERY WAS
24 MARCH.  SO APPROXIMATELY TWO MONTHS BEFORE THE CLOSE OF FACT
25 DISCOVERY, AND THAT WAS BECAUSE OF THE PREJUDICE THAT COMES

1  TO CISCO WITH MAKING THAT ELECTION.

2  EITHER WE HAVE TO ELECT NOT TO RELY ON OPINION OF

3  COUNSEL AND TAKE THE PREJUDICE THAT COMES WITH THAT, OR WE

4  HAVE TO ELECT TO RELY ON THE OPINION AND THEN PRODUCE

5  OTHERWISE PRIVILEGED DOCUMENTS THAT WOULD NOT OTHERWISE BE

6  PRODUCED IN THIS CASE.  AND THAT IS A SIGNIFICANT AND

7  IMPORTANT DECISION THAT CISCO SHOULD NOT HAVE TO MAKE UNTIL

8  IT KNOWS WHAT THE CLAIMS ARE AT ISSUE IN THIS CASE, THE

9  PRODUCTS, THE DEFENSES, THE POSITIONS -- THE CLAIM

10 CONSTRUCTIONS.

11 AND WHAT WE WOULD LIKE TO DO IS JUST CHANGE THE

12 SCHEDULE ON THE ELECTION TO BE COMMENSURATE WITH THE CURRENT

13 DISCOVERY SCHEDULE BEFORE THE PARTIES HAD AGREED THAT IT WAS

14 JANUARY WHEN THE CLOSE OF DISCOVERY WAS MARCH.  WE WOULD

15 PROPOSE JUNE 1ST AS THE ELECTION DATE WITH THE DISCOVERY

16 CLOSING IN AUGUST.

17 MR. LONG:  GOOD MORNING, YOUR HONOR.  DAVID LONG

18 WITH HOWREY ON BEHALF OF TELES.

19 I THINK WE ARE AT TWO ISSUES REALLY FOR THE COURT

20 TO CONSIDER.  FIRST IS THE DAMAGES DISCOVERY.  THE PARTIES

21 ALREADY DID A LOT OF BRIEFING ON THIS ISSUE, AND THE COURT

22 CONSIDERED IT AND ISSUED AN ORDER THAT WE WOULD PROCEED WITH

23 DAMAGES AFTER THE STATUS CONFERENCE.

24 ONE OF THE ISSUES THAT WE RAISED -- AND I THINK

25 THE COURT UNDERSTOOD WHY -- WAS THAT THE PARTIES CAN GET

```
 1  THAT'S ALL.
 2          MR. LONG:  OKAY.
 3          THE COURT:  YOU CAN JUST E-MAIL IT TO US.  THAT'S
 4  FINE.
 5          MR. LONG:  OKAY.  CAN I GET THE E-MAIL ADDRESS?
 6          THE DEPUTY CLERK:  I WILL GET THE E-MAIL ADDRESS
 7  FOR YOU.
 8          MR. LONG:  OKAY.  THANK YOU, YOUR HONOR.
 9          MS. SHIFERMAN:  YOUR HONOR, IF I MAY, IS IT
10  POSSIBLE THAT WE CAN SUBMIT THAT ON MONDAY, JUST GIVEN
11  TRAVEL CONSIDERATIONS, SO I CAN LOOK AT IT?
12          THE COURT:  THAT'S FINE.
13          MS. SHIFERMAN:  THANK YOU.
14          THE COURT:  THANK YOU.  HAVE A GOOD WEEKEND.
15          MR. LONG:  THANK YOU, YOUR HONOR.
16          (WHEREUPON, THE ABOVE-ENTITLED MATTER WAS
17  ADJOURNED.)
18
19                  CERTIFICATE OF REPORTER
20     THIS RECORD IS CERTIFIED BY THE UNDERSIGNED REPORTER TO
21  BE THE OFFICIAL TRANSCRIPT OF THE PROCEEDINGS INDICATED.
22                              [signature]
23                              PHYLLIS MERAÑA
24
25
```