# EXHIBIT 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., )<br>)<br>   Plaintiff/ )<br>   Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>TELES AG INFORMATIONSTECHNOLOGIEN, )<br>)<br>   Defendant/ )<br>   Counterclaim-Plaintiff. )<br>) | Civil Action No.<br>1:05-CV-02048 (RBW)<br><br>ECF Case |

**PLAINTIFF CISCO SYSTEMS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT TELES AG INFORMATIONSTECHNOLOGIEN'S SECOND SET OF INTERROGATORIES (NOS. 9-16)**

Pursuant to Fed. R. Civ. P. 33 and Local Civil Rule 26.2 of the United States District Court for the District of Columbia, Cisco Systems, Inc. ("Cisco") hereby objects and responds to Defendant Teles AG Informationstechnologien's ("Defendant" or "Teles") Second Set of Interrogatories (Nos. 9-16) ("Interrogatories").

**GENERAL OBJECTIONS**

Cisco makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories:

1. Cisco incorporates by reference the General Objections set forth in *Cisco's Responses to Teles AG Informationstechnologien's First Set of Interrogatories (Nos. 1-8)*.

2. Cisco incorporates by reference the General Objections set forth in *Cisco's Responses to Teles AG Informationstechnologien's Supplemental First Set of Interrogatories (Nos. 1-8)*.

1

separately stated with respect to any response. Nor shall any response to an Interrogatory be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action.

All of the responses set forth below are made without waiving or intending to waive any objection, including but not limited to objections as to competency, relevancy, materiality, authenticity, privilege, or admissibility. Cisco restricts its responses provided herein to Teles' asserted claims 34-38 of the '453 Patent and asserted claims 36, 37, 41, 54-58, 60-62, 64, 66, 68, 69, 71, 75, 77, 79, 82, 84, 87, 90-92, 95, 98, 100, 102 and 104 of the '902 Patent (collectively the "Asserted Claims"). Cisco reserves the right to revise or supplement its responses to the Interrogatories at any time should additional responsive information be discovered and/or additional claims be asserted. Cisco also reserves the right to assert additional objections at any time.

## SPECIFIC OBJECTIONS

### INTERROGATORY NO. 9:

Explain in detail all reasons why Cisco contends that its accused infringement of the Patents-in-Suit has been conducted by Cisco in good faith and not willful, and identify separately all persons who made the decision to continue the activity accused of infringement, and all persons and documents such decision maker(s) consulted or reviewed in making its decision(s).[1]

### OBJECTIONS AND RESPONSE:

In addition to the foregoing General Objections, Cisco objects to this Interrogatory as vague and ambiguous at least to the extent it calls for information regarding Cisco's "accused infringement" and "the activity accused of infringement." Cisco objects to this Interrogatory as overly broad and unduly burdensome to the extent is calls for information regarding "all persons who made the decision to continue the activity accused of infringement" and "all persons and

---

[1] Cisco has elected not to rely on opinions of counsel to support its claim that any infringement has not been willful. But Cisco still must include in its response to this interrogatory an identification of individuals – including attorneys – consulted by the decision makers and identify any written legal opinions, such as where they are listed on the privilege log.

4

three infringement scenarios asserted by Teles in this case, and the Superior Court of Mannheim found that Cisco's Accused Products did not infringe any claims of the European counterpart patents asserted by Teles in that case. *See id.* For the same reasons, Cisco does not infringe the asserted claims in this litigation. For further details of the non-infringement arguments and decisions in Germany, Cisco refers Teles to the German decision, and to the briefing that formed the basis for the decision by the Superior Court of Mannheim, which is available to Teles. The same rationale and evidence that informed the German decision of non-infringement applies also to the claims at issue in this case.

Further responding, Cisco states that there are no legal opinions identified in Cisco's privilege logs. Cisco reserves its right to supplement this interrogatory as necessary.

**INTERROGATORY NO. 10:**

Individually for each feature in Cisco's Accused Products that constitutes a PSTN Fallback Feature (as defined for these discovery requests), describe the feature, identify which Cisco Accused Products include that feature and when that feature has been made available for each such product. [footnote omitted]

**OBJECTIONS AND RESPONSE:**

In addition to the foregoing General Objections, Cisco objects to this Interrogatory as vague and ambiguous at least with respect to the phrase "made available." Cisco also objects to this Interrogatory as vague, ambiguous and unduly burdensome at least to the to the extent that it calls for information regarding the "PSTN Fallback Feature" as it seeks information regarding functionalities and/or features that are not specifically identified. Teles' definition of "PSTN Fallback Feature" is open-ended and not limited in any reasonable fashion. Cisco objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Cisco objects to this Interrogatory as vague and ambiguous to the extent that it calls for information regarding "Cisco's Accused Products." The definition of "Cisco's Accused

7

Cisco objects to this Interrogatory as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding "the top three purchasers by gross sales" over time. Cisco states that it has provided Teles revenue data for the Accused Products for the relevant time period. *See* CISCO 00309079; CISCO 00309080.

DATED: July 17, 2007

*[signature]*

John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000
jmoustakas@goodwinprocter.com

J. Anthony Downs
John C. Englander
Lana S. Shiferman
Michael J. McNamara
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
jdowns@goodwinprocter.com
jenglander@goodwinprocter.com
lshiferman@goodwinprocter.com
mmcnamara@goodwinprocter.com

Benjamin Hershkowitz
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
bhershkowitz@goodwinprocter.com

**Attorneys for Plaintiff/Counterclaim Defendant Cisco Systems, Inc.**

21