# EXHIBIT 36

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-2048 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER

In accordance with the Court's oral orders issued during the teleconference conducted on July 12, 2007 and July 13, 2007, it is hereby:

**ORDERED** that Karsten M. Gutsche, having executed Attachment A agreeing to be bound by and comply with the terms of the Stipulated Protective Order, shall be allowed access to Cisco's confidential information pursuant to the terms of the Stipulated Protective Order entered in this case. It is further

**ORDERED** that Teles will be held fully responsible for any violation of the terms of the Stipulated Protective Order by Karsten M. Gutsche and be subject to monetary or other sanctions in the event that Mr. Gutsche violates the Stipulated Protective Order and Cisco has no direct recourse against him before this Court for said violation. It is further

**ORDERED** that Cisco will be held fully responsible for any violation of the terms of the Stipulated Protective Order by Johannes Lang and/or Christof Karl and be subject to monetary or other sanctions in the event that Mr. Lang and/or Mr. Karl violate the Stipulated Protective Order and Teles has no direct recourse against them before this Court for said violation. It is further

**ORDERED** that Cisco will make product samples (subject to Cisco's objections[1] and to availability) requested by Teles available at Teles' option either for: (1) purchase at cost[2]; or (2)

---

[1] Cisco's objections are reserved and not ruled upon by the Court in this Order to the extent such objections are not inconsistent with this Order.

[2] For purposes of this Order, cost is defined as list price for the requested product less Cisco's profit margin for that product, which Cisco represented to be approximately $31,000 based on an average profit margin of 50% for the

inspection by Teles at Cisco's facilities in San Jose, CA, said inspection to occur outside the presence of Cisco's representatives. Teles will make product samples (subject to Teles' objections[3] and to availability) requested by Cisco available at Cisco's option either for: (1) purchase at cost[4]; or (2) inspection by Cisco at Teles' facilities in Germany, said inspection to occur outside the presence of Teles' representatives. It is further

**ORDERED** that by July 27, 2007, Cisco will supplement its response to Teles' Interrogatory No. 2 in the following manner: (1) identify the priority date (e.g., date of invention, filing date, date of publication, date of offer for sale, etc.) and the 35 U.S.C. § 102 basis on which Cisco relies for asserting that a reference is prior art to asserted claims of the patents-in-suit for each of the references identified in Appendix A, to the extent known at this time; and (2) provide claim charts for certain additional references identified in Appendix A that describe the basis for why those references are pertinent to Cisco's arguments that the asserted claims are invalid. By August 8, 2007, Cisco will provide a basis, in narrative form, describing why the remaining references or combinations of references identified in Appendix A (the references for which a claim chart has not yet been provided) are pertinent to Cisco's arguments that the asserted claims are invalid based on 35 U.S.C. § 102 and/or 35 U.S.C. § 103.[5] By August 8, 2007, Cisco also will supplement its response to Interrogatory No. 3 concerning its inequitable conduct contentions. It is further

**ORDERED** that by July 27, 2007, Cisco will supplement its response to Teles' Interrogatory No. 6 to provide further details for Cisco's contentions why Cisco's Accused Products do not infringe the asserted claims. It is further

**ORDERED** that by July 27, 2007, Teles will supplement its response to Cisco's Interrogatory No. 3 based on information available to Teles at this time. Teles will further supplement its response to this interrogatory in a timely manner upon the production of the requested discovery, e.g.. schematics, functional block diagrams, structural block diagrams, depositions of Cisco engineers, etc, as the discovery becomes available. It is further

**ORDERED** that by July 27, 2007, Teles will supplement its response to Cisco's Interrogatory No. 5 to describe, in narrative form, how each of the products identified by Teles practice the inventions of the asserted patent claims. It is further

**ORDERED** that the parties, subject to their respective written objections, shall substantially complete the production of responsive, non-privileged and relevant documents of which they are aware after a reasonable search by August 8, 2007, or such other date as to which the parties mutually agree. It is further

---

specific product samples that Teles requested in its letter of June 8, 2007.

[3] Teles' objections are reserved and not ruled upon by the Court in this Order to the extent such objections are not inconsistent with this Order.

[4] For purposes of this Order, cost is defined as list price for the requested product less Teles' profit margin for that product.

[5] The parties disagree whether Cisco must update the narratives with claim charts as discovery progresses, which is an issue not addressed by this Order and that the Court may consider along with any other issues, raised by either party, concerning the sufficiency of interrogatory responses during the next status conference, currently scheduled for August 10, 2007.

**ORDERED** that Teles shall produce emails responsive to Cisco's document requests (found after a reasonable search conducted in the manner set forth by Teles during the July 13 hearing) and subject to Teles' objections[6]) on a rolling basis to be completed by August 31, 2007. Teles will provide Cisco reasonable notice if it determines that it cannot meet the August 31, 2007 deadline, and Teles will be provided a reasonable extension of the deadline. The emails produced by Teles shall be treated the same as printouts of Source Code material produced as CONFIDENTIAL – LEVEL II SOURCE CODE under the Protective Order entered in this case, and the Protective Order is hereby modified accordingly.

**SO ORDERED** this 2nd day of August, 2007.

_____
Honorable Reggie B. Walton
United States District Judge

---

[6] Teles' objections are reserved and not ruled upon by the Court in this Order to the extent such objections are not inconsistent with this Order.