IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>    Plaintiff, <br>  v. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN, <br><br>    Defendant. | Civil Action No.: <br> 1:05-CV-02048 (RBW) |
| TELES AG INFORMATIONSTECHNOLOGIEN, <br><br>    Counterclaimant, <br>  v. <br><br> CISCO SYSTEMS, INC., <br><br>    Counterdefendant. | |

**TELES' RESPONSE TO THE COURT'S ORDER OF AUGUST 22, 2007
INQUIRING AS TO WHAT PARTS OF THE CASE SHOULD PROCEED
IF A STAY PENDING REEXAMINATION IS GRANTED**

In its Order of August 22, 2007, the Court requested that both parties make recommendations as to whether "it will be prudent to sever the '902 patent claim from the remaining claims in the instant action and proceed with litigation as to such claims that will not be impacted by the plaintiff's Motion to Stay This Case Pending Reexamination of the '902 Patent." *See* Docket Entry No. 48.

Pursuant to the Court's request, Teles responds as follows:

I.  **The Litigation Should Proceed On The '453 Patent Infringement Causes of Action**

Should the Court grant Cisco's motion to stay, this litigation still should proceed on Cisco's declaratory judgment action that it does not infringe the '453 Patent as well as Teles' counterclaim action that Cisco infringes the '453 Patent.

Since at least 2004, Cisco has been investigating and challenging the validity of Teles' patents issued here and abroad. In October 2005, within a week of Teles' '453 Patent issuing, Cisco filed the instant case seeking a declaratory judgment that the '453 Patent is invalid and not infringed. The following year, the Patent Office indicated that it would grant Teles the '902 Patent. Teles informed Cisco about the imminent issuance of the '902 Patent and Teles' belief that Cisco would infringe that patent as well. Cisco agreed that the parties would amend their pleadings to add the '902 Patent to the instant action, rather than Teles filing a separate action on the '902 Patent.

Teles would not have suggested or agreed to add the '902 Patent to this pending case, but would have filed a separate action, had Teles known Cisco would use the '902 Patent as an excuse to stay the entire litigation and derail the '453 Patent infringement actions started a year earlier.

Tellingly, Cisco's Motion to Stay is predicated entirely upon its Request for *Inter Partes* Reexamination of the '902 Patent, not the '453 Patent. While Cisco has similarly filed an *ex parte* reexamination request directed to the claims of the '453 Patent, Cisco chose not to base its motion on any reexamination of the '453 Patent, because Cisco knew it would be legally and procedurally improper to cite this request as a basis for a stay under the circumstances

Specifically, Cisco knew it could not justify its delay in seeking a stay based on reexamination of the '453 Patent for at least two reasons. First, Cisco has been aware of the prior art it asserts against the '453 Patent for years and has no excuse for waiting until now to seek reexamination. Second, it was Cisco – not Teles – that initially chose to

litigate the validity of the '453 Patent in court, rather than the Patent Office, when Cisco filed its declaratory judgment action almost two years ago. Cisco should not be permitted to use its '902 Patent stay request as a procedural ploy to obtain a stay of the '453 Patent causes of action that Cisco was unwilling to seek and could not obtain in the first instance. In sum, Cisco plainly chose this Court as its preferred forum for resolving all issues relating to the '453 patent and fairness dictates that choice should be honored.

## II. The Litigation Should Proceed On All Portions Of The '902 Patent Infringement Cause of Action Not Subject To Cisco's Reexamination Request

As discussed in Teles' opposition to Cisco's motion to stay the '902 Patent, filed concurrently with this paper, reexamination of the '902 Patent concerns only a tiny fraction of the issues in this case (See Teles' Opposition Brief at 17-22). When Cisco first filed its motion to stay, it told the Court that the reexamination could substantially reduce the issues raised in this litigation. But when Teles later asked Cisco to support those bare words with specifics, Cisco could not identify a single issue or discovery request that would be resolved or withdrawn after reexamination – e.g., not a single prior art reference, invalidity defense, unenforceability defense, noninfringement contention, deposition, document request, interrogatory, etc. (See Teles' Opposition Brief at 17-18).

Therefore, the case should proceed on all portions of Teles' counterclaim action for infringement of the '902 Patent – e.g., infringement, damages, injunctive relief and validity – except those that Cisco raised or could have raised in its request for reexamination of the '902 Patent filed in the Patent Office.

For the foregoing reasons, the Court should move forward and decide all issues related to the '453 patent, as well as all issued related to the '902 patent that deal with damages, inequitable conduct, infringement, and any remaining validity issues that are not based on patents and publications.

DATED: September 21, 2007             Respectfully submitted,

                                      TELES AG
                                      INFORMATIONSTECHNOLOGIEN
                                      By its attorneys,

                                      /s/David W. Long
                                      David W. Long, No. 458029
                                      Mark Whitaker, No. 435755
                                      HOWREY LLP
                                      1299 Pennsylvania Ave., NW
                                      Washington, DC 20004
                                      Tel.: (202) 783-0800
                                      Fax: (202) 383-6610

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 21, 2007, true and correct copies of the within and foregoing documents were served upon counsel of record for all parties via CM/ECF.

/s/David W. Long
David W. Long, No. 458029