IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
CISCO SYSTEMS, INC.,                        )
                                            )
            Plaintiff/                      )   Civil Action No.
            Counterclaim-Defendant,         )   1:05-CV-02048 (RBW)
                                            )
   v.                                       )   ECF Case
                                            )
TELES AG INFORMATIONSTECHNOLOGIEN,          )
                                            )
            Defendant/                      )
            Counterclaim-Plaintiff.         )
                                            )
_____

**CISCO SYSTEMS INC.'S RESPONSE TO THE COURT'S ORDER OF
AUGUST 22, 2007 INQUIRING WHETHER ANY CLAIMS IN THE INSTANT
ACTION SHOULD PROCEED IF PLAINTIFF'S MOTION TO STAY THIS
CASE PENDING REEXAMINATION OF THE '902 PATENT IS GRANTED**

In its Order dated August 22, 2007, the Court requested that the parties advise the Court "whether it will be prudent to sever the '902 patent claim from the remaining claims in the instant action and proceed with litigation as to such claims that will not be impacted by the plaintiff's Motion to Stay This Case Pending Reexamination of the '902 Patent." *See* Order [Docket No. 48]. Pursuant to this Request, Cisco responds as follows[1]:

Cisco believes that if the Court grants the pending Motion to Stay, then this case should be stayed in its entirety, with no exception made for the '453 claims. On August 30, 2007, after the Court issued its Order, Cisco filed a second request for reexamination, this time of the '453

---

[1] As represented to the Court during a September 24, 2007 call with Judge Walton's clerk, Cisco only saw the August 22, 2007 docket entry, which did not reference the Court's request that the parties "advise the Court by September 21, 2007 whether it will be prudent to sever the '902 patent claim from the remaining claims in the instant action . . . ." On the telephone call, Cisco informed the clerk of its intention to respond to the Court's request in the Order [Docket No. 48] by the end of the day on September 24th.

patent claims asserted against Cisco. *See* Exhibit A (granting the filing date of 8/30/07 for the *ex parte* reexamination request for the '453 patent). The reason that Cisco's original Motion for Stay referenced only the '902 patent was that, at the time the Motion was filed, Cisco had not yet completed and filed its '453 patent reexamination request. Now, however, the second request has been filed (as we represented to the Court that it would be) and is pending in the Patent Office. Thus, all the claims from both patents that are asserted against Cisco in this case are now the subject of reexamination filings in the Patent Office.

Although the '902 reexamination request is *inter partes*, and the '453 request is *ex parte*, the fundamental rationale for staying this action applies in whole to both patents. For both patents, the accused Cisco products are the same, the technology is the same, the discovery is nearly entirely overlapping, and the invalidity issues before the Patent Office are similar (although not identical). If the '902 patent proceedings are stayed, but the '453 claims are allowed to proceed, this would create significant inefficiencies if the cases had to be litigated *seriatum*, and would create as well an increased potential for inconsistent results.[2] There is no reason that the litigation of the '453 patent should proceed if the litigation of the '902 patent is

---

[2] As the Court is aware, the '902 patent is a divisional of the '453 patent and they share the same specification. As such, the history, subject matter, and claims of the two patents, while not identical, are related to a very high degree and are highly entangled. Proceeding with the litigation of one patent, while staying litigation with respect to the other, could end up in duplicative discovery, duplicative briefing, etc. If one patent is litigated while the other is stayed for reexamination by the Patent Office, there could also be inconsistent results between the Court and the PTO. Specifically, if this Court and the reexamination proceedings move forward in parallel with respect to these closely related patents, this Court and the PTO may reach inconsistent or even opposite conclusions with respect to certain common claim elements and limitations, or even with respect to the scope and meaning of the prior art that is before the PTO.

Moreover, other issues besides validity are directly affected by the reexamination proceedings. Claim construction of the claims will be illuminated by the USPTO's discussions about the scope and validity of the claims. And, the claim construction will have a critical impact on questions of infringement and unenforceability of the current claims. In fact, it may well turn out that interim decisions made by this Court related to claim construction, infringement and unenforceability on one set of claims would be rendered irrelevant if the issued claims are invalidated or narrowed as a result of the reexamination filings. Questions of damages and injunctive relief are also dependent on the finality of the claims. Thus, proceeding with even a part of the litigation in the face of the pending reexamination requests invites inefficiency and confusion.

stayed. Indeed, just as it made sense for Teles to seek to bring the '902 patent into this case and have it litigated together with the '453 patent (rather than file a separate action), it makes sense to stay proceedings as to *both* patents now that *both* are under reexamination.

As such, the underlying premise for the Court's inquiry is gone and Cisco submits that there is no basis for severing the claims related to the '453 patent. There are no "claims that will not be impacted" by Cisco's Motion to Stay. Put another way, by filing for reexamination of both the '902 patent and '453 patent, Cisco has raised a serious challenge to the validity of *all* of the asserted claims. Thus, the 33 asserted claims from the '902 patent, and the 4 asserted claims from the '453 patent are all affected and impacted by the reexamination filings and are, in their entirety, within the scope of the reasons for granting a stay.

At the time this Response is being filed, the parties are in the middle of full briefing on the Motion to Stay. Cisco will submit further arguments in its forthcoming reply to Teles' Opposition to Cisco's Motion to Stay, and will address therein not only the '902 reexamination request, but also the '453 reexamination request.

For the foregoing reasons and for the reasons in Cisco's forthcoming reply, if the Court grants the pending Motion to Stay, then this case should be stayed in its entirety.

DATED: September 24, 2007                    Respectfully Submitted,

                                                                             CISCO SYSTEMS, INC.
                                                                             By its attorneys,

/s/ Lana S. Shiferman
John A. Moustakas (#442076)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-2000
(202) 346-4444 (fax)

*Of Counsel:*
J. Anthony Downs
John C. Englander
Lana S. Shiferman
Michael J. McNamara
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

Benjamin Hershkowitz
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2007, a true and correct copy of the within and foregoing documents were served upon counsel of record for all parties via CM/ECF.

                                                      /s/ Lana S. Shiferman
                                                      Lana S. Shiferman