# EXHIBIT 12

```
                                                                    1

              UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA


 CISCO SYSTEMS, INC.,            :
         PLAINTIFF,              :
                                 :
 VS.                             :   C. A. NO. 05-2048
                                 :
 TELES A.G.                      :
 INFORMATIONSTECHNOLOGIEN        :
         DEFENDANT,              :
                                 :

                                     WASHINGTON, D. C.
                                     JUNE 20, 2006


               TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE REGGIE B. WALTON


 FOR THE PLAINTIFF:              TONY DOWNS, ESQ.
                                 MARVA DESKINS, ESQ.


 FOR THE DEFENDANT:              MARK WHITAKER, ESQ.
                                 DAVID LONG, ESQ.




 COURT REPORTER:                 PHYLLIS MERANA
                                 6816 U. S. COURTHOUSE
                                 3RD & CONSTITUTION AVE., N.W.
                                 WASHINGTON, D. C.  20001
```

7

1  PROPOSED A SCHEDULING CONFERENCE IN OCTOBER OR A STATUS
2  CONFERENCE IN OCTOBER. IT IS CONCEIVABLE THAT AT THAT TIME
3  WE COULD GO FORWARD FROM THERE. BUT WAITING ANY LONGER, I
4  THINK --
5           THE COURT: YOU MEAN GO FORWARD FROM THERE ON WHAT
6  PURELY ARE DAMAGES?
7           MR. WHITAKER: THAT'S RIGHT. YES, YOUR HONOR.
8           MR. LONG: YOUR HONOR, IF I MAY SPEAK TO THE
9  MARKMAN ISSUE AS WELL, AS FAR AS MARKMAN HEARINGS, IN LARGE
10 PART, EXPERIENCE HAS SHOWN THAT THEY ARE DISFAVORED BY
11 COURTS. A LOT OF COURTS -- EVEN A DECISION FROM JUDGE GREEN
12 OF THIS COURT HAS HELD THAT WHAT HAPPENS IS PARTIES -- IF
13 THEY DO IT PREMATURELY IN THE CASE, THERE IS A LOT OF
14 GUESSING ABOUT WHAT THE ISSUES MAY BE, AND THE COURT ENDS UP
15 SPENDING A LOT OF TIME AND A LOT OF ITS RESOURCES CONSTRUING
16 CLAIMS IN A VACUUM AND CLAIM TERMS THAT ULTIMATELY DO NOT
17 MATTER.
18          I THINK JUDGE GREEN SAID THAT FREE-STANDING
19 MARKMAN HEARINGS EARLY IN THE CASE WAS SOMETHING SHE HAD
20 MISGIVINGS ABOUT AND THAT IT BORDERS ON AN ADVISORY OPINION.
21 AND THAT IS FAIRLY UNIVERSAL. THAT THE PREFERRED MODE AND
22 EXPERIENCE HAS SHOWN, IN CONSTRUING THE CLAIMS, IT IS REALLY
23 IN THE CONTEXT OF THE FACTS OF THE CASE. TYPICALLY, FOR
24 EXAMPLE, A DISPOSITIVE MOTION.
25          THE COURT: MAYBE I SHOULD HAVE YOU ALL BACK AFTER

8

1  THIS WEEK BECAUSE I AM GOING OUT TO SAN DIEGO TO PARTICIPATE
2  IN SOME TRAINING ON PATENT LITIGATION.  SO MAYBE MY FEDERAL
3  COLLEAGUES THROUGHOUT THE COUNTRY CAN GIVE ME INSIGHT ON
4  WHETHER YOUR POSITION IS CORRECT OR NOT.
5          MR. LONG:  I THINK THAT WOULD BE VERY VALUABLE.
6  AND I THINK YOU WILL FIND THAT IS THE CASE.
7          WHAT WE PROPOSE DOING THEN IS GETTING SOME
8  DISCOVERY -- ESPECIALLY INITIAL DISCOVERY ON THE LIABILITY
9  ISSUES.
10         ONE THING YOU WILL NOTICE IN THE PLAINTIFF'S
11 PROPOSED SCHEDULE, IT IS MISSING SEVERAL VERY IMPORTANT
12 THINGS, IF THE INTENT IS REALLY TO CONSTRUE THE CLAIM TERMS
13 AT ISSUE.
14         FOR EXAMPLE, THEIR PROPOSED SCHEDULE DOES NOT
15 REQUIRE THEM TO TELL US WHAT THEIR NONINFRINGEMENT POSITION
16 IS.  SO IT IS HARD TO GET A CONCRETE DISPUTE ON WHAT THE
17 CLAIM CONSTRUCTION ISSUE IS.
18         THEIR PROPOSED SCHEDULE DOES NOT REQUIRE THEM TO
19 TELL US WHAT THEIR INVALIDITY ISSUES ARE.  AND WHETHER OR
20 NOT THE PATENT IS INVALID GOES TO THE SCOPE OF THE CLAIMS
21 AND, HENCE, WHAT MARKMAN CONSTRUCTION IS NEEDED.
22         WHAT WE PROPOSE TO DO IS DO THIS IN A MEASURED WAY
23 WITH COOPERATION BETWEEN COUNSEL WHERE WE DO DISCOVERY AT
24 THE ONSET.  AND WE PROPOSE A STATUS CONFERENCE IN OCTOBER.
25 AT THAT TIME, IF THE PARTIES HAVE BEEN FORTHRIGHT IN

9

1  DISCOVERY, WE WILL BE IN A POSITION THEN TO KNOW WHAT THE
2  CONCRETE CLAIM DISPUTES ARE AND THEN TO SUGGEST TO THE COURT
3  IF A MARKMAN HEARING IS NEEDED, OR PERHAPS A DISPOSITIVE
4  MOTION, OR OTHERWISE REALLY GET SOME EXPERIENCE AND LET THIS
5  CASE MATURE SO WE KNOW WHAT ACTUALLY NEEDS THE COURT'S
6  ATTENTION AND WHAT DOES NOT.
7          MR. DOWNS: YOUR HONOR, MAY I SPEAK BRIEFLY ON
8  THAT?
9          THE COURT: YES.
10         MR. DOWNS: THIS ISN'T A CASE THAT IS BEING
11 LITIGATED IN A VACUUM. WE HAVE BEEN LITIGATING AGAINST EACH
12 OTHER ON THESE SAME PRODUCTS, ON THE SAME ISSUES, AND
13 ESSENTIALLY THE SAME CLAIM LANGUAGE FOR A YEAR. THERE WERE
14 MULTIPLE BRIEFS IN GERMANY BACK AND FORTH. SO THEY KNOW OUR
15 POSITION. WE KNOW WHAT THEIR POSITION IS. AND WE KNOW,
16 BASED ON ALMOST IDENTICAL CLAIM LANGUAGE, THAT WE DON'T
17 INFRINGE.
18         AND WHAT I SUGGESTED IN OUR PROPOSAL IS AN ORDERLY
19 PROCESS OF WE EACH IDENTIFY THE CLAIM TERMS WE WANT TO HAVE
20 CONSTRUED. WE FOCUS THOSE. WE HAVE A DISCUSSION. WE ONLY
21 BRIEF THE STUFF THAT IS REALLY IN DISPUTE. WE HAVE A
22 PROCESS FOR WORKING THAT OUT SO THAT BY THE TIME WE GET TO A
23 TIME FOR A CLAIM CONSTRUCTION, WE HAVE FOCUSED ISSUES ON
24 WHAT WE ARE TALKING ABOUT.
25         THE COURT: WELL, FIRST OF ALL, IN REFERENCE TO