# EXHIBIT 13

II

110TH CONGRESS
1ST SESSION
**S. 1145**

To amend title 35, United States Code, to provide for patent reform.

---

## IN THE SENATE OF THE UNITED STATES

APRIL 18, 2007

Mr. LEAHY (for himself, Mr. HATCH, Mr. SCHUMER, Mr. CORNYN, and Mr. WHITEHOUSE) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

# A BILL

To amend title 35, United States Code, to provide for patent reform.

1  *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*

3  **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

4  (a) SHORT TITLE.—This Act may be cited as the
5  "Patent Reform Act of 2007".

6  (b) TABLE OF CONTENTS.—The table of contents of
7  this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Reference to title 35, United States Code.
Sec. 3. Right of the first inventor to file.
Sec. 4. Inventor's oath or declaration.
Sec. 5. Right of the inventor to obtain damages.
Sec. 6. Post-grant procedures and other quality enhancements.
Sec. 7. Definitions; patent trial and appeal board.

28

## SEC. 6. POST-GRANT PROCEDURES AND OTHER QUALITY ENHANCEMENTS.

(a) REEXAMINATION.—Section 303(a) is amended to read as follows:

"(a) Within 3 months after the owner of a patent files a request for reexamination under section 302, the Director shall determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. On the Director's own initiative, and at any time, the Director may determine whether a substantial new question of patentability is raised by patents and publications discovered by the Director, is cited under section 301, or is cited by any person other than the owner of the patent under section 302 or section 311. The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office.".

(b) REEXAMINATION.—Section 315(c) is amended by striking "or could have raised".

(c) REEXAMINATION PROHIBITED AFTER DISTRICT COURT DECISION.—Section 317(b) is amended—

    (1) in the subsection heading, by striking "FINAL DECISION" and inserting "DISTRICT COURT DECISION"; and

1    (2) by striking "Once a final decision has been
2    entered" and inserting "Once the judgment of the
3    district court has been entered".
4    (d) EFFECTIVE DATES.—Notwithstanding any other
5 provision of law, sections 311 through 318 of title 35,
6 United States Code, as amended by this Act, shall apply
7 to any patent that issues before, on, or after the date of
8 enactment of this Act from an original application filed
9 on any date.
10    (e) POST-GRANT OPPOSITION PROCEDURES.—
11    (1) IN GENERAL.—Part III is amended by add-
12    ing at the end the following new chapter:
13 **"CHAPTER 32—POST-GRANT REVIEW**
14 **PROCEDURES**

"Sec.
"321. Petition for post-grant review.
"322. Timing and bases of petition.
"323. Requirements of petition.
"324. Prohibited filings.
"325. Submission of additional information; showing of sufficient grounds.
"326. Conduct of post-grant review proceedings.
"327. Patent owner response.
"328. Proof and evidentiary standards.
"329. Amendment of the patent.
"330. Decision of the Board.
"331. Effect of decision.
"332. Relationship to other pending proceedings.
"333. Effect of decisions rendered in civil action on future post-grant review
         proceedings.
"334. Effect of final decision on future proceedings.
"335. Appeal.

15 **"§ 321. Petition for post-grant review**
16    "Subject to sections 322, 324, 332, and 333, a per-
17 son who is not the patent owner may file with the Office

30

1 a petition for cancellation seeking to institute a post-grant
2 review proceeding to cancel as unpatentable any claim of
3 a patent on any ground that could be raised under para-
4 graph (2) or (3) of section 282(b) (relating to invalidity
5 of the patent or any claim). The Director shall establish,
6 by regulation, fees to be paid by the person requesting
7 the proceeding, in such amounts as the Director deter-
8 mines to be reasonable.

9 **"§ 322. Timing and bases of petition**

10   "A post-grant proceeding may be instituted under
11 this chapter pursuant to a cancellation petition filed under
12 section 321 only if—

13       "(1) the petition is filed not later than 12
14     months after the grant of the patent or issuance of
15     a reissue patent, as the case may be;

16       "(2)(A) the petitioner establishes a substantial
17     reason to believe that the continued existence of the
18     challenged claim in the petition causes or is likely to
19     cause the petitioner significant economic harm; or

20       "(B) the petitioner has received notice from the
21     patent holder alleging infringement by the petitioner
22     of the patent; or

23       "(3) the patent owner consents in writing to the
24     proceeding.

31

**"§ 323. Requirements of petition**

"A cancellation petition filed under section 321 may be considered only if—

"(1) the petition is accompanied by payment of the fee established by the Director under section 321;

"(2) the petition identifies the cancellation petitioner; and

"(3) the petition sets forth in writing the basis for the cancellation, identifying each claim challenged and providing such information as the Director may require by regulation, and includes copies of patents and printed publications that the cancellation petitioner relies upon in support of the petition; and

"(4) the petitioner provides copies of those documents to the patent owner or, if applicable, the designated representative of the patent owner.

**"§ 324. Prohibited filings**

"A post-grant review proceeding may not be instituted under paragraph (1), (2), or (3) of section 322 if the petition for cancellation requesting the proceeding identifies the same cancellation petitioner and the same patent as a previous petition for cancellation filed under the same paragraph of section 322.

•S 1145 IS

### "§ 325. Submission of additional information; showing of sufficient grounds

"The cancellation petitioner shall file such additional information with respect to the petition as the Director may require. The Director may not authorize a post-grant review proceeding to commence unless the Director determines that the information presented provides sufficient grounds to proceed.

### "§ 326. Conduct of post-grant review proceedings

"(a) IN GENERAL.—The Director shall—

"(1) prescribe regulations, in accordance with section 2(b)(2), establishing and governing post-grant review proceedings under this chapter and their relationship to other proceedings under this title;

"(2) prescribe regulations setting forth the standards for showings of substantial reason to believe and significant economic harm under section 322(2) and sufficient grounds under section 325;

"(3) prescribe regulations establishing procedures for the submission of supplemental information after the petition for cancellation is filed; and

"(4) prescribe regulations setting forth procedures for discovery of relevant evidence, including that such discovery shall be limited to evidence directly related to factual assertions advanced by ei-

33

ther party in the proceeding, and the procedures for obtaining such evidence shall be consistent with the purpose and nature of the proceeding.

"(b) POST-GRANT REGULATIONS.—Regulations under subsection (a)(1)—

"(1) shall require that the final determination in a post-grant proceeding issue not later than one year after the date on which the post-grant review proceeding is instituted under this chapter, except that, for good cause shown, the Director may extend the 1-year period by not more than six months;

"(2) shall provide for discovery upon order of the Director;

"(3) shall prescribe sanctions for abuse of discovery, abuse of process, or any other improper use of the proceeding, such as to harass or to cause unnecessary delay or unnecessary increase in the cost of the proceeding;

"(4) may provide for protective orders governing the exchange and submission of confidential information; and

"(5) shall ensure that any information submitted by the patent owner in support of any amendment entered under section 328 is made avail-

1   able to the public as part of the prosecution history
2   of the patent.
3   "(c) CONSIDERATIONS.—In prescribing regulations
4   under this section, the Director shall consider the effect
5   on the economy, the integrity of the patent system, and
6   the efficient administration of the Office.
7   "(d) CONDUCT OF PROCEEDING.—The Patent Trial
8   and Appeal Board shall, in accordance with section 6(b),
9   conduct each post-grant review proceeding authorized by
10  the Director.
11  **"§ 327. Patent owner response**
12  "After a post-grant proceeding under this chapter
13  has been instituted with respect to a patent, the patent
14  owner shall have the right to file, within a time period
15  set by the Director, a response to the cancellation petition.
16  The patent owner shall file with the response, through af-
17  fidavits or declarations, any additional factual evidence
18  and expert opinions on which the patent owner relies in
19  support of the response.
20  **"§ 328. Proof and evidentiary standards**
21  "(a) IN GENERAL.—The presumption of validity set
22  forth in section 282 shall not apply in a challenge to any
23  patent claim under this chapter.
24  "(b) BURDEN OF PROOF.—The party advancing a
25  proposition under this chapter shall have the burden of

35

proving that proposition by a preponderance of the evidence.

**"§ 329. Amendment of the patent**

"(a) IN GENERAL.—In response to a challenge in a petition for cancellation, the patent owner may file 1 motion to amend the patent in 1 or more of the following ways:

"(1) Cancel any challenged patent claim.

"(2) For each challenged claim, propose a substitute claim.

"(3) Amend the patent drawings or otherwise amend the patent other than the claims.

"(b) ADDITIONAL MOTIONS.—Additional motions to amend may be permitted only for good cause shown.

"(c) SCOPE OF CLAIMS.—An amendment under this section may not enlarge the scope of the claims of the patent or introduce new matter.

**"§ 330. Decision of the Board**

"If the post-grant review proceeding is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written decision with respect to the patentability of any patent claim challenged and any new claim added under section 329.

**"§ 331. Effect of decision**

"(a) IN GENERAL.—If the Patent Trial and Appeal Board issues a final decision under section 330 and the time for appeal has expired or any appeal proceeding has terminated, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable and incorporating in the patent by operation of the certificate any new claim determined to be patentable.

"(b) NEW CLAIMS.—Any new claim held to be patentable and incorporated into a patent in a post-grant review proceeding shall have the same effect as that specified in section 252 for reissued patents on the right of any person who made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by such new claim, or who made substantial preparations therefore, prior to issuance of a certificate under subsection (a) of this section.

**"§ 332. Relationship to other pending proceedings**

"Notwithstanding subsection 135(a), sections 251 and 252, and chapter 30, the Director may determine the manner in which any reexamination proceeding, reissue proceeding, interference proceeding (commenced before the effective date of the Patent Reform Act of 2007), derivation proceeding, or post-grant review proceeding, that is pending during a post-grant review proceeding, may

37

proceed, including providing for stay, transfer, consolidation, or termination of any such proceeding.

**"§ 333. Effect of decisions rendered in civil action on future post-grant review proceedings**

"If a final decision has been entered against a party in a civil action arising in whole or in part under section 1338 of title 28 establishing that the party has not sustained its burden of proving the invalidity of any patent claim—

  "(1) that party to the civil action and the privies of that party may not thereafter request a post-grant review proceeding on that patent claim on the basis of any grounds, under the provisions of section 311, which that party or the privies of that party raised or had actual knowledge of; and

  "(2) the Director may not thereafter maintain a post-grant review proceeding previously requested by that party or the privies of that party on the basis of such grounds.

**"§ 334. Effect of final decision on future proceedings**

"(a) IN GENERAL.—If a final decision under section 330 is favorable to the patentability of any original or new claim of the patent challenged by the cancellation petitioner, the cancellation petitioner may not thereafter,

38

based on any ground which the cancellation petitioner raised during the post-grant review proceeding—

    "(1) request or pursue a reexamination of such claim under chapter 31;

    "(2) request or pursue a derivation proceeding with respect to such claim;

    "(3) request or pursue a post-grant review proceeding under this chapter with respect to such claim; or

    "(4) assert the invalidity of any such claim, in any civil action arising in whole or in part under section 1338 of title 28.

"(b) EXTENSION OF PROHIBITION.—If the final decision is the result of a petition for cancellation filed on the basis of paragraph (2) of section 322, the prohibition under this section shall extend to any ground which the cancellation petitioner raised during the post-grant review proceeding.

**"§ 335. Appeal**

"A party dissatisfied with the final determination of the Patent Trial and Appeal Board in a post-grant proceeding under this chapter may appeal the determination under sections 141 through 144. Any party to the post-grant proceeding shall have the right to be a party to the appeal.".


39

1   (f) CONFORMING AMENDMENT.—The table of chap-
2 ters for part III is amended by adding at the end the fol-
3 lowing:

> "32. Post-Grant Review Proceedings ........................... 321".

4   (g) REGULATIONS AND EFFECTIVE DATE.—
5       (1) REGULATIONS.—The Under Secretary of
6     Commerce for Intellectual Property and Director of
7     the United States Patent and Trademark Office (in
8     this subsection referred to as the "Director") shall,
9     not later than the date that is 1 year after the date
10    of the enactment of this Act, issue regulations to
11    carry out chapter 32 of title 35, United States Code,
12    as added by subsection (e) of this section
13       (2) APPLICABILITY.—The amendments made
14    by subsection (e) shall take effect on the date that
15    is 1 year after the date of the enactment of this Act
16    and shall apply to patents issued before, on, or after
17    that date, except that, in the case of a patent issued
18    before that date, a petition for cancellation under
19    section 321 of title 35, United States Code, may be
20    filed only if a circumstance described in paragraph
21    (2), (3), or (4) of section 322 of title 35, United
22    States Code, applies to the petition.
23       (3) PENDING INTERFERENCES.—The Director
24    shall determine the procedures under which inter-
25    ferences commenced before the effective date under

paragraph (2) are to proceed, including whether any such interference is to be dismissed without prejudice to the filing of a cancellation petition for a post-grant opposition proceeding under chapter 32 of title 35, United States Code, or is to proceed as if this Act had not been enacted. The Director shall include such procedures in regulations issued under paragraph (1).

**SEC. 7. DEFINITIONS; PATENT TRIAL AND APPEAL BOARD.**

(a) DEFINITIONS.—Section 100 (as amended by this Act) is further amended—

(1) in subsection (e), by striking "or inter partes reexamination under section 311"; and

(2) by adding at the end the following:

"(k) The term 'cancellation petitioner' means the real party in interest requesting cancellation of any claim of a patent under chapter 31 of this title and the privies of the real party in interest.".

(b) PATENT TRIAL AND APPEAL BOARD.—Section 6 is amended to read as follows:

**"§ 6. Patent Trial and Appeal Board**

"(a) ESTABLISHMENT AND COMPOSITION.—There shall be in the Office a Patent Trial and Appeal Board. The Director, the Deputy Director, the Commissioner for Patents, the Commissioner for Trademarks, and the ad-