# EXHIBIT 14

II

Calendar No. 348

110TH CONGRESS
1ST SESSION

# H. R. 1908

IN THE SENATE OF THE UNITED STATES

SEPTEMBER 10, 2007
Received and read the first time

SEPTEMBER 11, 2007
Read the second time and placed on the calendar

# AN ACT

To amend title 35, United States Code, to provide for patent reform.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "Patent Reform Act of 2007".

(b) TABLE OF CONTENTS.—The table of contents of this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Reference to title 35, United States Code.
Sec. 3. Right of the first inventor to file.
Sec. 4. Inventor's oath or declaration.
Sec. 5. Right of the inventor to obtain damages.
Sec. 6. Post-grant procedures and other quality enhancements.

ble protective order shall be redacted to exclude information subject to the order.

"(d) IDENTITY WITHHELD.—Upon the written request of the person citing prior art or written statements under subsection (a), the person's identity shall be excluded from the patent file and kept confidential.".

(b) REEXAMINATION.—Section 303(a) is amended to read as follows:

"(a) Within three months after the owner of a patent files a request for reexamination under section 302, the Director shall determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. On the Director's own initiative, and at any time, the Director may determine whether a substantial new question of patentability is raised by patents and publications discovered by the Director, is cited under section 301, or is cited by any person other than the owner of the patent under section 302 or section 311. The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously considered by the Office.".

(c) CONDUCT OF INTER PARTES PROCEEDINGS.—Section 314 is amended—

  (1) in the first sentence of subsection (a), by striking "conducted according to the procedures established for initial examination under the provisions of sections 132 and 133" and inserting "heard by an administrative patent judge in accordance with procedures which the Director shall establish";

  (2) in subsection (b), by striking paragraph (2) and inserting the following:

  "(2) The third-party requester shall have the opportunity to file written comments on any action on the merits by the Office in the inter partes reexamination proceeding, and on any response that the patent owner files to such an action, if those written comments are received by the Office within 60 days after the date of service on the third-party requester of the Office action or patent owner response, as the case may be."; and

  (3) by adding at the end the following:

  "(d) ORAL HEARING.—At the request of a third party requestor or the patent owner, the administrative patent judge shall conduct an oral hearing, unless the judge finds cause lacking for such hearing.".

 (d) ESTOPPEL.—Section 315(c) is amended by striking "or could have raised".

 (e) REEXAMINATION PROHIBITED AFTER DISTRICT COURT DECISION.—Section 317(b) is amended—

(1) in the subsection heading, by striking "FINAL DECISION" and inserting "DISTRICT COURT DECISION"; and

(2) by striking "Once a final decision has been entered" and inserting "Once the judgment of the district court has been entered".

(f) POST-GRANT OPPOSITION PROCEDURES.—

(1) IN GENERAL.—Part III is amended by adding at the end the following new chapter:

## "CHAPTER 32—POST-GRANT REVIEW PROCEDURES

"Sec.
"321. Petition for post-grant review.
"322. Timing and bases of petition.
"323. Requirements of petition.
"324. Prohibited filings.
"325. Submission of additional information; showing of sufficient grounds.
"326. Conduct of post-grant review proceedings.
"327. Patent owner response.
"328. Proof and evidentiary standards.
"329. Amendment of the patent.
"330. Decision of the Board.
"331. Effect of decision.
"332. Settlement.
"333. Relationship to other pending proceedings.
"334. Effect of decisions rendered in civil action on post-grant review proceedings.
"335. Effect of final decision on future proceedings.
"336. Appeal.

### "§ 321. Petition for post-grant review

"Subject to sections 322, 324, 332, and 333, a person who is not the patent owner may file with the Office a petition for cancellation seeking to institute a post-grant review proceeding to cancel as unpatentable any claim of a patent on any ground that could be raised under para-

graph (2) or (3) of section 282(b) (relating to invalidity of the patent or any claim). The Director shall establish, by regulation, fees to be paid by the person requesting the proceeding, in such amounts as the Director determines to be reasonable.

**"§ 322. Timing and bases of petition**

"A post-grant proceeding may be instituted under this chapter pursuant to a cancellation petition filed under section 321 only if—

"(1) the petition is filed not later than 12 months after the issuance of the patent or a reissue patent, as the case may be; or

"(2) the patent owner consents in writing to the proceeding.

**"§ 323. Requirements of petition**

"A cancellation petition filed under section 321 may be considered only if—

"(1) the petition is accompanied by payment of the fee established by the Director under section 321;

"(2) the petition identifies the cancellation petitioner;

"(3) for each claim sought to be canceled, the petition sets forth in writing the basis for cancellation and provides the evidence in support thereof, in-

cluding copies of patents and printed publications, or written testimony of a witness attested to under oath or declaration by the witness, or any other information that the Director may require by regulation; and

"(4) the petitioner provides copies of the petition, including any evidence submitted with the petition and any other information submitted under paragraph (3), to the patent owner or, if applicable, the designated representative of the patent owner.

**"§ 324. Prohibited filings**

"A post-grant review proceeding may not be instituted under section 322 if the petition for cancellation requesting the proceeding—

"(1) identifies the same cancellation petitioner and the same patent as a previous petition for cancellation filed under such section; or

"(2) is based on the best mode requirement contained in section 112.

**"§ 325. Submission of additional information; showing of sufficient grounds**

"(a) IN GENERAL.—The cancellation petitioner shall file such additional information with respect to the petition as the Director may require. For each petition submitted under section 321, the Director shall determine if

the written statement, and any evidence submitted with the request, establish that a substantial question of patentability exists for at least one claim in the patent. The Director may initiate a post-grant review proceeding if the Director determines that the information presented provides sufficient grounds to believe that there is a substantial question of patentability concerning one or more claims of the patent at issue.

"(b) NOTIFICATION; DETERMINATIONS NOT REVIEWABLE.—The Director shall notify the patent owner and each petitioner in writing of the Director's determination under subsection (a), including a determination to deny the petition. The Director shall make that determination in writing not later than 60 days after receiving the petition. Any determination made by the Director under subsection (a), including whether or not to institute a post-grant review proceeding or to deny the petition, shall not be reviewable.

**"§ 326. Conduct of post-grant review proceedings**

"(a) IN GENERAL.—The Director shall prescribe regulations, in accordance with section 2(b)(2)—

"(1) establishing and governing post-grant review proceedings under this chapter and their relationship to other proceedings under this title;

"(2) establishing procedures for the submission of supplemental information after the petition for cancellation is filed; and

"(3) setting forth procedures for discovery of relevant evidence, including that such discovery shall be limited to evidence directly related to factual assertions advanced by either party in the proceeding, and the procedures for obtaining such evidence shall be consistent with the purpose and nature of the proceeding.

In carrying out paragraph (3), the Director shall bear in mind that discovery must be in the interests of justice.

"(b) POST-GRANT REGULATIONS.—Regulations under subsection (a)(1)—

"(1) shall require that the final determination in a post-grant proceeding issue not later than one year after the date on which the post-grant review proceeding is instituted under this chapter, except that, for good cause shown, the Director may extend the 1-year period by not more than six months;

"(2) shall provide for discovery upon order of the Director;

"(3) shall provide for publication of notice in the Federal Register of the filing of a petition for post-grant review under this chapter, for publication

    of the petition, and documents, orders, and decisions relating to the petition, on the website of the Patent and Trademark Office, and for filings under seal exempt from publication requirements;

"(4) shall prescribe sanctions for abuse of discovery, abuse of process, or any other improper use of the proceeding, such as to harass or to cause unnecessary delay or unnecessary increase in the cost of the proceeding;

"(5) may provide for protective orders governing the exchange and submission of confidential information; and

"(6) shall ensure that any information submitted by the patent owner in support of any amendment entered under section 329 is made available to the public as part of the prosecution history of the patent.

"(c) CONSIDERATIONS.—In prescribing regulations under this section, the Director shall consider the effect on the economy, the integrity of the patent system, and the efficient administration of the Office.

"(d) CONDUCT OF PROCEEDING.—The Patent Trial and Appeal Board shall, in accordance with section 6(b), conduct each post-grant review proceeding authorized by the Director.

**"§ 327. Patent owner response**

"After a post-grant proceeding under this chapter has been instituted with respect to a patent, the patent owner shall have the right to file, within a time period set by the Director, a response to the cancellation petition. The patent owner shall file with the response, through affidavits or declarations, any additional factual evidence and expert opinions on which the patent owner relies in support of the response.

**"§ 328. Proof and evidentiary standards**

"(a) IN GENERAL.—The presumption of validity set forth in section 282 shall not apply in a challenge to any patent claim under this chapter.

"(b) BURDEN OF PROOF.—The party advancing a proposition under this chapter shall have the burden of proving that proposition by a preponderance of the evidence.

**"§ 329. Amendment of the patent**

"(a) IN GENERAL.—In response to a challenge in a petition for cancellation, the patent owner may file one motion to amend the patent in one or more of the following ways:

    "(1) Cancel any challenged patent claim.

    "(2) For each challenged claim, propose a substitute claim.

"(3) Amend the patent drawings or otherwise amend the patent other than the claims.

"(b) ADDITIONAL MOTIONS.—Additional motions to amend may be permitted only for good cause shown.

"(c) SCOPE OF CLAIMS.—An amendment under this section may not enlarge the scope of the claims of the patent or introduce new matter.

**"§ 330. Decision of the Board**

"If the post-grant review proceeding is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written decision addressing the patentability of any patent claim challenged and any new claim added under section 329.

**"§ 331. Effect of decision**

"(a) IN GENERAL.—If the Patent Trial and Appeal Board issues a final decision under section 330 and the time for appeal has expired or any appeal proceeding has terminated, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable and incorporating in the patent by operation of the certificate any new claim determined to be patentable.

"(b) NEW CLAIMS.—Any new claim held to be patentable and incorporated into a patent in a post-grant review proceeding shall have the same effect as that speci-

fied in section 252 for reissued patents on the right of any person who made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by such new claim, or who made substantial preparations therefor, before a certificate under subsection (a) of this section is issued.

**"§ 332. Settlement**

"(a) IN GENERAL.—A post-grant review proceeding shall be terminated with respect to any petitioner upon the joint request of the petitioner and the patent owner, unless the Patent Trial and Appeal Board has issued a written decision before the request for termination is filed. If the post-grant review proceeding is terminated with respect to a petitioner under this paragraph, no estoppel shall apply to that petitioner. If no petitioner remains in the proceeding, the panel of administrative patent judges assigned to the proceeding shall terminate the proceeding.

"(b) AGREEMENT IN WRITING.—Any agreement or understanding between the patent owner and a petitioner, including any collateral agreements referred to in the agreement or understanding, that is made in connection with or in contemplation of the termination of a post-grant review proceeding, must be in writing. A post-grant review proceeding as between the parties to the agreement or understanding may not be terminated until a copy of the

agreement or understanding, including any such collateral agreements, has been filed in the Office. If any party filing such an agreement or understanding requests, the agreement or understanding shall be kept separate from the file of the post-grant review proceeding, and shall be made available only to Government agencies on written request, or to any person on a showing of good cause.

**"§ 333. Relationship to other proceedings**

"(a) IN GENERAL.—Notwithstanding subsection 135(a), sections 251 and 252, and chapter 30, the Director may determine the manner in which any reexamination proceeding, reissue proceeding, interference proceeding (commenced with respect to an application for patent filed before the effective date provided in section 3(k) of the Patent Reform Act of 2007), derivation proceeding, or post-grant review proceeding, that is pending during a post-grant review proceeding, may proceed, including providing for stay, transfer, consolidation, or termination of any such proceeding.

"(b) STAYS.—The Director may stay a post-grant review proceeding if a pending civil action for infringement of a patent addresses the same or substantially the same questions of patentability raised against the patent in a petition for post-grant review.

"(c) EFFECT OF COMMENCEMENT OF PROCEEDING.—The commencement of a post-grant review proceeding—

"(1) shall not limit in any way the right of the patent owner to commence an action for infringement of the patent; and

"(2) shall not be cited as evidence relating to the validity of any claim of the patent in any proceeding before a court or the International Trade Commission concerning the patent.

**"§ 334. Effect of decisions rendered in civil action on post-grant review proceedings**

"If a final decision is entered against a party in a civil action arising in whole or in part under section 1338 of title 28 establishing that the party has not sustained its burden of proving the invalidity of any patent claim—

"(1) that party to the civil action and the privies of that party may not thereafter request a post-grant review proceeding on that patent claim on the basis of any grounds, under the provisions of section 321, which that party or the privies of that party raised or could have raised; and

"(2) the Director may not thereafter maintain a post-grant review proceeding that was requested, before the final decision was so entered, by that

party or the privies of that party on the basis of such grounds.

**"§ 335. Effect of final decision on future proceedings**

"If a final decision under section 330 is favorable to the patentability of any original or new claim of the patent challenged by the cancellation petitioner, the cancellation petitioner may not thereafter, based on any ground that the cancellation petitioner raised during the post-grant review proceeding—

"(1) request or pursue a reexamination of such claim under chapter 31;

"(2) request or pursue a derivation proceeding with respect to such claim;

"(3) request or pursue a post-grant review proceeding under this chapter with respect to such claim;

"(4) assert the invalidity of any such claim in any civil action arising in whole or in part under section 1338 of title 28; or

"(5) assert the invalidity of any such claim in defense to an action brought under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337).

**"§ 336. Appeal**

"A party dissatisfied with the final determination of the Patent Trial and Appeal Board in a post-grant pro-

ceeding under this chapter may appeal the determination under sections 141 through 144. Any party to the post-grant proceeding shall have the right to be a party to the appeal.''.

(g) CONFORMING AMENDMENT.—The table of chapters for part III is amended by adding at the end the following:

**"32. Post-Grant Review Proceedings ........................................ 321".**

(h) REPEAL.—Section 4607 of the Intellectual Property and Communications Omnibus Reform Act of 1999, as enacted by section 1000(a)(9) of Public Law 106–113, is repealed.

(i) EFFECTIVE DATES.—

(1) IN GENERAL.—The amendments and repeal made by this section shall take effect at the end of the 1-year period beginning on the date of the enactment of this Act.

(2) APPLICABILITY TO EX PARTE AND INTER PARTES PROCEEDINGS.—Notwithstanding any other provision of law, sections 301 and 311 through 318 of title 35, United States Code, as amended by this section, shall apply to any patent that issues before, on, or after the effective date under paragraph (1) from an original application filed on any date.

(3) APPLICABILITY TO POST-GRANT PROCEEDINGS.—The amendments made by subsections

(f) and (g) shall apply to patents issued on or after the effective date under paragraph (1).

(j) REGULATIONS.—The Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (in this subsection referred to as the "Director") shall, not later than the date that is 1 year after the date of the enactment of this Act, issue regulations to carry out chapter 32 of title 35, United States Code, as added by subsection (f) of this section.

**SEC. 7. DEFINITIONS; PATENT TRIAL AND APPEAL BOARD.**

(a) DEFINITIONS.—Section 100 (as amended by this Act) is further amended by adding at the end the following:

"(k) The term 'cancellation petitioner' means the real party in interest requesting cancellation of any claim of a patent under chapter 32 of this title and the privies of the real party in interest.".

(a) PATENT TRIAL AND APPEAL BOARD.—Section 6 is amended to read as follows:

**"§ 6. Patent Trial and Appeal Board**

"(a) ESTABLISHMENT AND COMPOSITION.—There shall be in the Office a Patent Trial and Appeal Board. The administrative patent judges shall constitute the Patent Trial and Appeal Board. The administrative patent