**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., Plaintiff, v. TELES AG INFORMATIONSTECHNOLOGIEN, Defendant. | Civil Action No.: 1:05-CV-02048 (RBW) |
| TELES AG INFORMATIONSTECHNOLOGIEN, Counterclaimant, v. CISCO SYSTEMS, INC., Counterdefendant. | |

**TELES' MOTION TO FILE A SUR-REPLY TO CISCO'S MOTION TO STAY THIS CASE PENDING REEXAMINATION OF THE '902 PATENT**

Teles respectfully moves the Court for leave to file the attached Sur-Reply to Cisco's extended Reply supporting its Motion To Stay This Case Pending Reexamination of the '902 Patent. The attached Sur-Reply is required for at least six reasons.

**1. Cisco's Reply Exceeds The Page Limit**. First, Cisco's Reply brief violated the Court's imposed page limit. After the Court allowed Cisco to increase its Reply brief from 25 to 30 pages,[1] Cisco also squeezed nearly 10 pages of substantive arguments into single-spaced footnotes with small font. The huge difference between the length of Cisco's 12-page opening

[1] *See* Minute Order of Oct. 5, 2007.

brief and its overly-extended Reply brief manifests the new arguments and relief to which Teles' eight-page Sur-Reply must respond.

**2. Cisco's Reply Raises New '453 Patent Arguments**. Second, Cisco's extended Reply raises a new argument: Stay this case based on Cisco's request to reexamine the '453 Patent. Cisco's excuse for not raising this argument sooner is that, "at the time the Motion was filed, Cisco had not yet completed and filed its '453 patent reexamination request."[2] But that's not why Cisco withheld this argument, because Cisco actually argued in that Motion that a stay is proper "based on a party's contemplated filing for reexamination," as Cisco contemplated for the '453 Patent.[3]

Rather, by waiting until after Teles filed its opposition brief, Cisco could prevent Teles from responding under the regular briefing schedule to Cisco's new '453 Patent arguments. Indeed, Teles relied on Cisco's failure to seek any relief on the '453 Patent in opposing Cisco's Motion. Also, the Court ordered the parties to tell the Court by September 21 whether "it will be prudent to sever the '902 patent claim from the remaining claims in the instant action" – *i.e.*, whether to proceed with the '453 Patent infringement actions. Teles timely responded that "Cisco should not be permitted to use its '902 Patent stay request as a procedural ploy to obtain a stay of the '453 Patent causes of action that Cisco was unwilling to seek and could not obtain in the first instance."[4] Cisco did not file a response on September 21. But, after Teles' response shed light on Cisco's procedural gambit on the '453 Patent, Cisco then indicated that it would

---

[2] Cisco Late-Response of Sep. 24, 2007 at 2 (Dkt. #52).

[3] Cisco Opening Br. of Aug. 8, 2007 at 5 (Dkt. #47).

[4] Teles' Response of Sep. 21, 2007 at 2-3 (Dkt. #51).

now add the '453 Patent reexamination request as a new basis for Cisco's stay motion.[5] The attached Sur-Reply allows Teles to respond to Cisco's new argument. *See* Sur-Reply at 7 ("Stay Is Not Proper Given The Posture Of This Case").

**3. Cisco Reply Seeks Remedy**. Third, Cisco's Reply brief seeks a new remedy, asking the Court to essentially stay this case until the Patent Office decides whether to grant reexamination and issues an initial Office Action. The attached Sur-Reply allows Teles to explain why this new request for relief should be denied. *See* Sur-Reply at 3 ("Wait For Nothing").

**4. Cisco Reply Raises New "Lost Profits" Arguments**. Fourth, Cisco's Reply brief raises a new argument that "lost profits" would somehow compensate Teles for Cisco's unlawful exploitation of Teles' patented VoIP technology during this critical time in the VoIP market. The attached Sur-Reply allows Teles to explain that after-the-fact and speculative "lost profits" cannot remedy the harm caused to Teles during a stay. *See* Sur-Reply at 1 ("A Stay Prejudices Teles By Prolonging Cisco's Infringement").

**5. Cisco Reply Raises New Reexamination Statistics**. Fifth, Cisco's Reply brief raises new arguments about the duration and results of reexaminations. The attached Sur-Reply allows Teles to respond to these new arguments. *See* Sur-Reply at 4, 6 ("Length of Stay" and "Slim Chance Claims Will Be Cancelled/Amended").

**6. Cisco Reply Requires Clarifying The Record**. Finally, Cisco's Reply brief makes new arguments about the current patent reform efforts and the patent file histories that are not supported by the actual records. The attached Sur-Reply allows Teles to clarify and submit

---

[5] Cisco Late Response of Sep. 24, 2007 at 3 (Dkt. #52).

documents showing what actually happened in Congress and the file histories. *See* Sur-Reply at 4, 5 ("Legislative History" and "No New Prior Art")

In accordance with Local Rule 7(m), Teles met and conferred with Cisco regarding the filing of this Sur-reply. Cisco stated that it opposes Teles' motion to file a Sur-Reply.

For the foregoing reasons, Teles respectfully moves the Court to accept Teles' Sur-Reply, attached hereto.

Dated: October 23, 2007.

Respectfully Submitted,

/s/ David W. Long
David W. Long, No. 458029
Mark L. Whitaker, No. 435755
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

*Attorneys for Teles AG Informationstechnologien*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 23, 2007, true and correct copies of the foregoing:

1. **TELES' MOTION TO FILE A SUR-REPLY TO CISCO'S MOTION TO STAY THIS CASE PENDING REEXAMINATION OF THE '902 PATENT;**

2. **TELES' [PROPOSED] SUR-REPLY TO CISCO'S MOTION TO STAY THIS CASE PENDING REEXAMINATION OF THE '902 PATENT;** and

3. **PROPOSED ORDER.**

were served upon counsel for the parties via CM/ECF. This will send notification of such filings to the following and the documents are available for viewing and downloading from CM/ECF.

John A. Moustakas
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-2000
Fax: (202) 346-4444
jmoustakas@goodwinprocter.com

*Of Counsel:*
John C. Englander (*admitted pro hac vice*)
J. Anthony Downs (*admitted pro hac vice*)
Lana S. Shiferman (*admitted pro hac vice*)
Michael J. McNamara (*admitted pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

/s/ David W. Long