IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 1:05-CV-02048(RBW)<br>) |
| v. | )<br>) |
| TELES AG INFORMATIONSTECHNOLOGIEN | )<br>)<br>) |
| Defendant. | ) |
| TELES AG INFORMATIONSTECHNOLOGIEN | )<br>)<br>)<br>) |
| Counterclaimant, | )<br>) |
| v. | )<br>) |
| CISCO SYSTEMS, INC., | )<br>) |
| Counterdefendant. | )<br>) |

**MEMORANDUM IN SUPPORT OF TELES AG
INFORMATIONSTECHNOLOGIEN'S MOTION TO MODIFY THE
PROTECTIVE ORDER**

This is a patent case in which Cisco Systems, Inc. ("Cisco") filed over two years ago a declaratory judgment that it did not infringe Teles AG Informationstechnologien's ("Teles") U.S. Patent No. 6,954,453 (the "'453 Patent"). About a year later, in the Fall of 2006, Cisco and Teles agreed that Teles would amend its counterclaims to include its infringement contentions for the related U.S. Patent No. 7,145,902 (the "'902 Patent"). On August 8, 2007, after having litigated the issues related to validity in this Court for almost two years, Cisco suddenly and unexpectedly sought reexamination of the '902

patent from the Patent and Trademark Office ("the Patent Office").[1] Cisco immediately sought a stay of the proceedings in this Court pending the ultimate outcome of the reexamination – arguing that the party's validity litigation would move to the Patent Office – but informed Teles that the Protective Order barred Teles' litigation counsel (Howrey LLP) from participating in the reexaminations. Teles now seeks to modify the protective order for the limited purpose of allowing Teles' litigation counsel to continue litigating patent validity in the Patent Office reexamination.

I.      **Background**

After a hearing, the parties negotiated and agreed to acceptable language on contested issues of a proposed Protective Order, and the Court entered the stipulated protective order on November 15, 2006. In addition to those contested issues, the proposed Protective Order included many other boilerplate provisions that were not discussed or considered at any length by the parties. One of these boilerplate provisions, a so called "Prosecution Bar" at paragraph 19[2] of the Protective Order, became a center

---

[1] On August 30, 2007 Cisco request reexamination of the '453 patent from the Patent and Trademark Office

[2] The relevant portion of Paragraph 19 of the Protective Order reads as follows:

> 19. Any person who receives, sees, reviews, or otherwise has access to information designated CONFIDENTIAL LEVEL II shall not (i) prepare or participate in the prosecution of any patent application for the Receiving Party; (ii) prepare or participate in the prosecution of any patent application in subject areas related to that of any patent in suit on behalf of any entity (except on behalf of the Producing Party) whether or not a party; or (iii) prosecute any patent application related in any way to any patent in suit (including any continuation, continuation in part, or divisional relationship, including any parent or child relationship, and including any reexamination or interference proceeding). The prohibition set forth in the preceding sentence shall be in effect from the time such person receives, sees, reviews, or otherwise has access to such Confidential Materials through and including two (2) years following the termination of the Action, Including any appeals thereof.

2

of dispute after Cisco's surprise move to seek reexamination of the patents at issue in this case.

## II.     ANALYSIS

A Protective Order may be modified upon a showing of good cause.[3]  Courts generally will consider the nature of the protective order, forseeability at the time of issuance of the modification requested, the parties' reliance on the order, and whether good cause exists for the modification.[4]

### A.     Teles' Litigation Counsel Is Not The Type Of "Competitive Decisionmaker" Normally Subject To A "Prosecution Bar"

The "Prosecution Bar" provision of the Protective Order at issue here is generally used to prevent individuals who **routinely** prosecute patents on behalf of a party such that they are tantamount to "competitive decisionmakers" from gaining access to confidential competitive information.  A concern is that a "competitive decisionmaker" may be tempted to use, or may inadvertently use, confidential information for competitive advantage unrelated to the resolution of the legal dispute in which that confidential information was produced.  Whether an attorney is a "competitive decisionmaker" is determined on a "counsel by counsel" basis by examining "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."[5]

---

[3] Fed. R. Civ. Pro. 26(c); *Alexander v. FBI*, 186 F.R.D. 99, 100 (D.D.C. 1998).

[4] *Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006).

[5] *U.S. Steel Corp v. United States*, 730 F.2d 1465, 1468 at n.3 (Fed. Cir. 1984).

While some cases have held that attorneys who generally prosecute patents are "competitive decisionmakers," and thus should not be given access to confidential information, other courts have disagreed and even found this approach to be in conflict with the Federal Circuit's holding in *U.S. Steel*.[6] In *MedImmune*, the district court concluded that "shaping" patent applications in and of itself did not amount to competitive decisionmaking.[7] Consequently, the court concluded that where counsel did no more than bring patents before the Patent Office and did not participate in his client's internal decisionmaking process *vis a vis* its competitors, to conclude that he was a competitive decisionmaker and could not receive confidential information amounted to nothing more than a *per se* ban on patent prosecution attorneys contrary to the holding in *U.S. Steel*.[8]

Under the above standard, Teles's litigation counsel are not competitive decisionmakers. Litigation counsel do not advise Teles as to its pricing, product design, or other business decisions it should take based on its position relative to Cisco. Even if the process of "shaping" a company's patent prosecution strategy could be defined as competitive decisionmaking, that does not apply to Teles' litigation counsel – we do not prosecute patents for Teles, which uses another law firm to perform its general patent prosecution. Here, Teles' litigation counsel do not seek to engage in general patent prosecution, but seek only to continue assisting Teles in litigating against Cisco's validity challenge – in this case, in the Patent Office reexaminations sought be Cisco. Even Cisco

---

[6] *See MedImmune, Inc. v. Centocor, Inc.,* 271 F. Supp. 2d 762, 774 n. 13 (D. Md. 2003).

[7] *Id*.

[8] *Id.*

4

admits that reexaminations are not really "patent prosecution" in the usual sense, but is more akin to litigation, the very purpose for which Teles hired litigation counsel: "Cisco and Teles will in effect be litigating the validity of the '902 Patent before the PTO…".[9]

Because Teles' litigation counsel are not "competitive decisionmakers," the Protective Order should be clarified for the limited purpose of allowing Teles' litigation counsel (Howrey LLP) to continue assisting Teles litigate Cisco's validity challenges by participating in the Patent Office reexaminations.

### B. Cisco's Surprise Reexamination Requests Were Not Foreseeable When The Protective Order Was Considered Nearly Two Years Earlier

Cisco chose to bring this declaratory judgment action to litigate the '453 Patent validity in this Court and Cisco agreed to add the '902 Patent to this case. All during this time, Cisco never breathed a word about seeking reexamination of those patents. As such, Teles devoted its resources towards resolving the litigation in the venue Cisco had chosen as quickly and as favorably as possible. Meanwhile, Cisco watched over two years as Teles invested considerable resources getting its Howrey litigation team up to speed on the technology and prior art involved in Cisco's validity challenges in this case.

By seeking reexamination, Cisco has tried to continue the invalidity litigation in the Patent Office. However, Cisco now also maintains that, while the reexamination process is basically litigation in front of the Patent Office,[10] under the Protective Order, Teles can no longer rely on its chosen litigation counsel and must instead spend considerable additional resources on bringing new counsel up to speed for the

---

[9] *Cisco's Motion to Stay this Case Pending Reexamination of the '902 Patent* at 2.

[10] *Id.*

5

reexamination. While the cost involved to bring new counsel up to speed may be negligible to a large corporation like Cisco, the cost to a small company such as Teles is very significant. But Cisco maintains that Teles must bear that cost, even though it is Cisco—not Teles—that has spread the validity litigation into the Patent Office.

### C. Prejudice To Teles In Proceeding Without Continued Assistance By Its Litigation Counsel Outweighs Any Prejudice To Cisco

Cisco generally complains that it will be prejudiced if Teles' litigation counsel continues to defend Teles against Cisco's invalidity challenge in the Patent Office reexaminations because "[s]hould Teles' litigation counsel now be allowed to participate in the reexamination, information learned from Cisco's own confidential documents could be the **basis for claim amendments** during reexamination, **strengthening Teles' infringement case**."[11] Cisco's argument is flawed for at least two reasons.

First, as Cisco knows, the scope of patent claims cannot be broadened during reexamination – they can only be narrowed.[12] As a result, even if patent claims are amended during reexamination, they cannot cover any accused products that the original patent claims did not already cover. In other words, if Cisco's accused products do not infringe the existing patent claims, then those products could not infringe any of those claims if amended during reexamination. So Cisco's excuse that Teles' litigation counsel could suggest amendments to "strengthen Teles' infringement case" is simply unfounded.

Second, Cisco itself has waived any concern about Teles' litigation counsel having knowledge of why Cisco's products infringe Teles' patents, because Cisco itself

---

[11] *Cisco's Reply in Further Support of Its Motion to Stay this Case Pending Reexamination of the '902 Patent* at 27 (emphasis added).

[12] *See* 35 U.S.C. § 314(a); MPEP § 2666.01.

6

injected Teles' litigation infringement positions into the reexaminations. In requesting reexamination, Cisco provided to the Patent Office and relied on Teles' infringement charts that Teles' litigation counsel created after reviewing Cisco's confidential information.[13] Having opened the door and placed at issue in the reexamination Teles' litigation counsel's knowledge of Cisco's products, Cisco cannot be heard to complain now.

### III.    Conclusion.

Teles respectfully requests that this Court modify the current protective order to allow current litigation counsel, Howrey LLP, to participate in the reexaminations of the '902 and '453 patents.

DATED: January 8, 2008              Respectfully submitted,


                                    By:      /S/   David W. Long
                                             One of its Attorneys

                                             David W. Long, No. 458029
                                             Mark Whitaker, No. 435755
                                             Andreas Stargard, No. 484303
                                             Howrey LLP
                                             1299 Pennsylvania Ave., NW
                                             Washington, DC 20004
                                             Tel.: (202) 783-0800
                                             Fax: (202) 383-6610

---

[13] Cisco's Request for Reexamination of the '902 Patent.

7

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 8, 2008, a true and correct copy of the within and foregoing were served via CM/ECF and first class mail to the following persons listed below:

> Lana S. Shiferman, Esq.
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> Phone: (617) 570-1000
> Fax:   (617) 227-8591
> E-mail: lshiferman@goodwinprocter.com
>
> J. Anthony Downs, Esq.
> GOODWIN PROCTER LLP
> Exchange Place
> 53 State Street
> Boston, MA
> Tel.: (617) 570-1000
> Fax: (617) 523-1231
> JDowns@goodwinprocter.com

_____/s/ David W. Long_____