IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

CISCO SYSTEMS, INC.,

          Plaintiff/
          Counterclaim-Defendant,

      v.

TELES AG INFORMATIONSTECHNOLOGIEN,

          Defendant/
          Counterclaim-Plaintiff.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.
1:05-CV-02048 (RBW)

ECF Case

## DECLARATION OF JOHN N. STEWART IN OPPOSITION TO TELES' MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER

I, John N. Stewart, declare as follows:

1.      I am a Vice President and the Chief Security Officer of Defendant Cisco Systems, Inc. ("Cisco"). Except as otherwise stated, I have personal knowledge of the facts stated herein. I previously submitted a Declaration in this case on July 10, 2006.

2.      I am informed and understand that the Court in this lawsuit between Cisco and Teles AG ("Teles") entered a Stipulated Protective Order that (i) enabled Teles' counsel to view Cisco's highly confidential documents and information, including Cisco's IOS operating system source code, under certain terms and conditions, and that (ii) prohibited Teles's counsel who had access to Cisco's highly confidential information from participating in any prosecution or reexamination of the patents-in-suit or related patents. I also am informed and understand that Teles agreed to these provisions and that as a result certain of Teles' litigation counsel (and at least one consultant retained by Teles) have had access to and have reviewed in detail Cisco's

highly confidential documents and Cisco's IOS source code. I am also informed and understand that Teles now asks the Court to modify the Stipulated Protective Order to allow those very same litigation counsel – who are now familiar with Cisco's highly confidential information and its source code – to participate in the reexamination of the patents that Teles is asserting against Cisco. I also am informed and understand that, according to reexamination procedures, Teles has the ability to propose amendments to its current patent claims during the reexamination in order to try to avoid having its patent invalidated. Apparently, Teles' counsel would like to participate in the reexamination, and thus to be able to advise and assist Teles in making decisions during the reexamination, including decisions concerning how and in what manner to amend the patent claims.

3.     The IOS source code that Teles' counsel has had access to, pursuant to the Stipulated Protective Order, is used in many different Cisco products. Knowledge of IOS source code could enable a skilled person to understand in great detail how Cisco's products work, what features these products have, and how these products carry out certain functions, in ways that would not be apparent from any publicly available information. If an attorney having access to Cisco's source code were allowed to participate in drafting patents or in determining the course of a prosecution or reexamination of a patent that is being or could be asserted against Cisco, knowledge of IOS source code could enable the attorney to tailor patent claims that would read on Cisco's products.

3

4.      I am also informed that Cisco has produced, under the protection of this Court's Stipulated Protective Order, documents and information about the development and history of Cisco's products that is not available to the public.  Such information, too, could be used by an attorney involved in drafting patents or in determining the course of a prosecution or reexamination of a patent that is being or could be asserted against Cisco to enable the attorney to tailor patent claims that would read on Cisco's products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 11, 2008 in San Jose, California.

_____

John N. Stewart