# EXHIBIT 2

**From:** Whitaker, Mark [mailto:WhitakerMark@howrey.com]
**Sent:** Monday, May 22, 2006 11:51 AM
**To:** Downs, J Anthony; Shiferman, Lana
**Cc:** Long, David; Lateef, Monica
**Subject:** Draft Stipulated Protective Order

Tony and Lana,

Attached is a draft stipulated protective order in the Cisco/Teles matter for your review.  Teles reserves the right to further modify/edit the draft prior to filing with the Court.  Please contact me if you have any questions.

For this afternoon's teleconference, please use the following dial-in number and passcode:

Telephone number:  (800) 957-3506
Passcode:  769009

Regards,
Mark

*Mark L. Whitaker*
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 383-7222
(202) 318-8723 (fax)
(202) 549-0276 (mobile)
whitakerm@howrey.com

<<Protective Order (2) 5-22-06 (2).doc>>

----------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co

The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

**CONFIDENTIAL DRAFT**
**January 15, 2008**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br>v.<br><br>TELES AG<br>INFORMATIONSTECHNOLOGIEN,<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) )  Civil Action No.: 1:05-CV-02048 (RBW) |
| TELES AG<br>INFORMATIONSTECHNOLOGIEN,<br><br>      Counterclaimant,<br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>      Counterdefendant. | ) ) ) ) ) ) ) ) ) ) |

**STIPULATED PROTECTIVE ORDER**
**PURSUANT TO FED. R. CIV. P. 26**

WHEREAS, Plaintiff/Counterdefendant Cisco Systems, Inc. ("Cisco") and

Defendant/Counterclaimant Teles AG Informationstechnologien ("Teles AG") have, through

counsel, stipulated to the entry of this Protective Order to prevent the unnecessary dissemination

or disclosure of certain documents, things, and information in the possession, custody, or control

of a party that constitute or contain confidential or protected information within the meaning of

Rule 26(c) of the Federal Rules of Civil Procedure ("F.R.Civ.P."); and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of

this Protective Order pursuant to Rule 26(c), F.R.Civ.P., to protect against improper disclosure or

use of confidential information produced or disclosed in this case;

**CONFIDENTIAL DRAFT**
**May 22, 2006**

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND

ORDER OF THE COURT, by and between counsel for Cisco and Teles AG that the terms and

conditions of this Protective Order shall govern the handling of documents, depositions,

pleadings, exhibits, and all other information exchanged by the parties in this Action (defined to

mean, *Cisco Systems, Inc. v. Teles AG Informationstechnologien*, Civil Action No. 1:05-CV-

02048 (RBW) (D.D.C. 2005)), or provided by or obtained from non-parties in this Action, as

follows:

### SCOPE

1.      This Protective Order shall apply to all information, documents, and things

(collectively "Discovery Material") within the scope of discovery in this Action including,

without limitation, all testimony adduced at depositions, all documents or things responsive to

requests for the production of documents and things, all answers to interrogatories, all responses

to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil

Procedure, as well as all hearing or trial transcripts, matters in evidence, and any other

information furnished, directly or indirectly, by or on behalf of any party to this Action or any

non-party, to the extent such Discovery Material is designated "CONFIDENTIAL" or

"TECHNICAL CONFIDENTIAL" in accordance with this Protective Order.

2.      "Producing Party" shall refer to any party to this Action that produces Discovery

Material and to any non-party that produces Discovery Material.  The term "Receiving Party"

shall refer to any individual that receives, is shown, or is exposed to Discovery Material.

### DESIGNATION

3.      Discovery Material may be designated CONFIDENTIAL when the Producing

Party believes in good faith that it pertains to or contains proprietary or commercially-sensitive

information, market-sensitive information, or trade secrets or other information that is not generally known and which that party would normally not reveal to non-parties or would cause non-parties to maintain in confidence.

      4.    Discovery Material may be designated TECHNICAL CONFIDENTIAL (including TECHNICAL CONFIDENTIAL-SOURCE CODE) when the Producing Party believes in good faith that it pertains to or contains highly proprietary, commercially-sensitive technical or marketing information.  Documents or other things that are designated Confidential and contain a party's source code may be designated "TECHNICAL CONFIDENTIAL – SOURCE CODE" and shall be provided the following further protections:

      a.    Each party producing software and/or computer source code ("Source Code") shall produce Source Code in searchable electronic form on CDs, DVDs, or hard drives bearing production identification numbers and marked as "TECHNICAL CONFIDENTIAL – SOURCE CODE;"

      b.    The Source Code CD's, DVD's, or hard drives shall, at the producing party's discretion, be produced directly to the receiving party or made available for inspection as follows:
In the case of production of source code by Cisco, the source code will be made available for review at the offices of outside counsel for Teles AG, in the District of Columbia at a location within the control of outside counsel of record for Teles AG.  In the case of production of source code at a secure site by Teles AG, the source code will be made available for review at the offices of outside counsel in Boston, Massachusetts, at a location within the control of outside counsel of record for Cisco.

c.      The Source Code will be viewed only on non-networked computers in secure, locked areas of the designated offices of the receiving party ("Source Code Custodian") except as provided herein;

d.      Access to information designated TECHNICAL CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and the persons described in paragraph 15. A receiving party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents");

g.      To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as TECHNICAL CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as TECHNICAL CONFIDENTIAL-SOURCE CODE;

h.      Source Code shall be viewed within the designated United States offices of the Source Code Custodian. No electronic copies of Source Code shall be made, except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up copies of the information on each such computer. However, to the extent portions of Source Code are quoted in a Source Code Document, Source Code Custodians and the persons described in paragraph 15, shall be permitted to store and access

4

Source Code Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 15, may also send Source Code Documents to authorized persons via electronic mail;

i.   Documents containing Source Code stored on a computer or computer network shall be password protected so as to limit access to authorized persons;

j.   With respect to any source code made available at the office of Source Code Custodian, the Source Code Custodian and the party's technical advisors shall mark any and all such Source Code printouts or photocopies "TECHNICAL CONFIDENTIAL-SOURCE CODE";

k.   Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled "TECHNICAL CONFIDENTIAL-SOURCE CODE" and shall continue to be treated as such;

l.   If the receiving party or its technical advisor makes printouts or photocopies of portions of Source Code, the receiving party shall keep the printouts or photocopies in a secured locked area in the office of the outside counsel or technical advisor.  The receiving party may also temporarily keep the printouts or photocopies at: (i) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).

5.    It is expressly contemplated and agreed that non-parties may invoke all provisions of this Protective Order that are available to a Producing Party, and that the parties will treat all Discovery Material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL by a non-party in accordance with the terms of this Protective Order.

6.    Until the Protective Order is signed by the Court, but after it is stipulated to by the parties, all Discovery Material produced by any party or non-party and designated as CONFIDENTIAL or TECHNICAL CONFIDENTIAL shall be available to outside counsel only.

7.    The Producing Party may designate documents and things that constitute or contain CONFIDENTIAL or TECHNICAL CONFIDENTIAL material with the legend "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "TECHNICAL CONFIDENTIAL," or "TECHNICAL CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The confidentiality designation shall be placed clearly only on the first page and those pages or portions of the documents and things that the Producing Party reasonably believes in good faith constitute or contain CONFIDENTIAL or TECHNICAL CONFIDENTIAL material. Documents and things that constitute or contain CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall be labeled or marked with the appropriate legend when the document or thing is produced to the party or parties seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.

Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL or TECHNICAL CONFIDENTIAL subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of paragraph 10 of this Protective Order.

CONFIDENTIAL DRAFT
May 22, 2006

Inspection of documents or things produced by any party shall be conducted by persons eligible under paragraphs 14 and 15 below.  Such persons shall treat all information in such documents or things as containing CONFIDENTIAL or TECHNICAL CONFIDENTIAL material until copies are produced and thereafter only to the extent that such information is designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL.

8.    Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing and the first page) that constitutes or contains CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall be labeled or marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or similar confidentiality designation by the party providing the response or testimony.  Any response or testimony that constitutes or contains CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall be labeled or marked with the appropriate legend, as described in paragraph 7 above, when the response or testimony is served upon the party seeking discovery.  Responses or testimony served without a legend designating the material confidential shall not be CONFIDENTIAL or TECHNICAL CONFIDENTIAL subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court.

9.    With respect to testimony adduced at depositions upon oral examination, any party or non-party may designate the entire testimony or portions thereof (including exhibits) as CONFIDENTIAL or TECHNICAL CONFIDENTIAL by indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or TECHNICAL CONFIDENTIAL.  The parties agree to mark all copies of such deposition transcripts with the legend "Contains CONFIDENTIAL Information" or

7

"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or similar confidentiality designation.

Counsel for the designating party may also request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 14 and 15, and counsel for the witness (if a non-party witness) leave the deposition room during the portion of the deposition that inquires into matters deemed CONFIDENTIAL or TECHNICAL CONFIDENTIAL by the designating party. The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition that inquires into matters deemed CONFIDENTIAL or TECHNICAL CONFIDENTIAL by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the question.

CONFIDENTIAL DRAFT
May 22, 2006

## INADVERTENT PRODUCTION/DESIGNATION

10.     If a party through inadvertence produces or provides discovery of any CONFIDENTIAL or TECHNICAL CONFIDENTIAL material without labeling or marking it with a confidentiality designation as provided in paragraphs 7 through 9 of this Protective Order, the Producing Party may give written notice to the Receiving Party or parties that the material is CONFIDENTIAL or TECHNICAL CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the Receiving Party or parties shall return the unmarked materials and not retain copies thereof, must treat such materials and information contained therein as CONFIDENTIAL or TECHNICAL CONFIDENTIAL, and shall undertake a best effort to correct any disclosure of such materials contrary to the redesignation.  Disclosure of such materials prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall not be deemed a violation of this Protective Order.

11.     Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Rule 26(c), F.R.Civ.P., or any other provision of the Federal Rules of Civil Procedure.  Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL or TECHNICAL CONFIDENTIAL material deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege, work product immunity, or any other protection from disclosure under Rule 26, F.R.Civ.P., or of material the disclosure of which might constitute a breach of an agreement with a non-party, so long as the withheld materials are identified in the manner

**CONFIDENTIAL DRAFT**
**May 22, 2006**

required by the Federal Rules of Civil Procedure by the Producing Party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

12.     There is no waiver of or impairment to any claim of the attorney-client privilege, work product immunity, or any other applicable protection from disclosure should material(s) be produced, which the Producing Party believes is protected from disclosure by such privilege or immunity and which were inadvertently produced. Within five (5) business days of receiving written notice from the Producing Party, the Receiving Party shall return the originals and all copies of the privileged or immune material(s). Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making a motion to the Court.

**USE**

13.     Material marked, labeled, or otherwise designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL as described in paragraphs 3 through 10 of this Protective Order may be offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, but shall be subject to paragraphs 14 through 21 below and to any further order regarding confidentiality that the Court may enter. Use at trial of such material, shall be governed by this Protective Order.

CONFIDENTIAL DRAFT
May 22, 2006

Should the need arise for any of the parties to disclose CONFIDENTIAL or

TECHNICAL CONFIDENTIAL material during any hearing or trial before the Court, including

through argument or the presentation of physical evidence, such party may do so only after

providing notice to counsel for the Producing Party sufficient to allow said counsel to move for

an appropriate protective order, and after informing the Court of the confidential nature of such

information.

**DISCLOSURE**

14.    In the absence of written permission from the Producing Party or further order by

the Court, CONFIDENTIAL material may be disclosed only to the following persons:

(a)    Outside counsel of record in this Action engaged by Cisco to represent it in

connection with this litigation, including Goodwin Procter LLP, and its support personnel

including law clerks, paralegal, secretarial, clerical, and other employees who assist outside

counsel in this case;

(b)    Outside counsel of record in this Action engaged by Teles AG to represent it in

connection with this litigation, including Howrey LLP, and its support personnel including law

clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this

case;

(c)    In-house counsel for Cisco who has a need to receive CONFIDENTIAL material

and is pre-approved in writing by Teles AG, and any stenographic, clerical or paralegal

employees working with them whose function in this litigation requires access to material

designated as CONFIDENTIAL material;

(d)    In-house counsel for Teles AG who has a need to receive CONFIDENTIAL

material and is pre-approved in writing by Cisco, and any stenographic, clerical or paralegal

11

employees working with them whose function in this litigation requires access to material designated as CONFIDENTIAL material;

(e)    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) through (d) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(f)    any court reporter recording or transcribing testimony;

(g)    any translator, interpreter, typist, or transcriber used by the interpreter;

(h)    this Court, its clerk, and court personnel;

(i)    any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person; and

(j)    any other person agreed to by the Producing Party in writing.

15.    In the absence of written permission from the Producing Party or further order by the Court, TECHNICAL CONFIDENTIAL material may be disclosed only to the following persons:

(a)    Outside counsel of record in this Action engaged by Cisco to represent it in connection with this litigation, including Goodwin Procter LLP, and its support personnel including law clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this case, including for example, any other attorneys, patent agents, or other personnel at these law firms whose duties and responsibilities include preparation or prosecution of patent applications;

(b)    Outside counsel of record in this Action engaged by Teles AG to represent it in connection with this litigation, including Howrey LLP, and its support personnel including law

clerks, paralegal, secretarial, clerical, and other employees who assist outside counsel in this case;

      (c)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) through (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

      (d)     any court reporter recording or transcribing testimony;

      (e)     any translator, interpreter, typist, or transcriber used by the interpreter;

      (f)     this Court, its clerk, and court personnel;

      (g)     any person who authored and/or was an identified original recipient of the particular TECHNICAL CONFIDENTIAL material sought to be disclosed to that person; and

      (h)     any other person agreed to by the Producing Party in writing.

      16.     The use of a jury study group for litigation support or an accounting firm for expert assistance shall be considered to be an "outside consultant." Similarly, the use of any organization to assist in the preparation of demonstrative or other types of exhibits shall be considered to be an "outside consultant."

      If counsel wish to disclose material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL to the persons described in subparagraphs (e) or (g) of paragraph 14 and subparagraphs (c) or (e) of paragraph 15, counsel shall provide a copy of this order and obtain a signed Confidentiality Agreement in the form of the annexed Exhibit A from each such person who would require access to material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL. Counsel shall retain the original of each such signed Confidentiality Agreement. Service of the Confidentiality Agreement shall not be required for a jury study

group or for any other organization used to assist in the preparation of demonstrative or other types of exhibits.

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall not be disclosed to any outside consultant or expert described in subparagraph (e) of paragraph 14 and subparagraph (c) of paragraph 15 until ten (10) days after service on the Producing Party of the Confidentiality Agreement attached as Exhibit A along with the outside consultant's or expert's curriculum vitae or equivalent resume setting forth such person's present residence and/or business address, current employer and job title, any company or companies by which that person was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said person may have entered into during the past five (5) years, said service to be made by facsimile. If the identity of the entity for which the work was performed and/or the subject matter of that work is deemed proprietary by the consultant or expert, then the fact that information is being withheld on that basis shall be disclosed.

17.    Counsel for the Producing Party may, within said ten (10) day period, serve a notice of objection if a reasonable basis for such objection exists; in such event, disclosure will not then be made to such outside consultant or expert. Within five (5) days after service of said objection, counsel for the objecting party may move the Court for an order denying disclosure of any CONFIDENTIAL or TECHNICAL CONFIDENTIAL material to the outside consultant or expert as to whom a notice of objection has been served. In such event, no such disclosure shall be made until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion shall operate as a waiver of any objection and disclosure may then be made to such outside consultant or expert. The recipient of any CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall maintain such information in a secure and safe area and shall

exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her own proprietary information.

18.     The parties also recognize that, in order to assist in the preparation of their respective cases, counsel may desire to utilize the services of an agent to perform computerized legal support and management services, including vendors retained for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, materials that may contain CONFIDENTIAL or TECHNICAL CONFIDENTIAL information. Such disclosure shall be made only on the following conditions. Any such vendor shall have no business, employment, consulting, or other relationship with any of the parties to this Action, shall be a vendor regularly engaged in the provision of computerized legal support and management services, and shall not be engaged in any way in the cosmetics or hair dye businesses.

Counsel desiring to disclose CONFIDENTIAL or TECHNICAL CONFIDENTIAL material to a vendor for the purposes of this paragraph shall first obtain a signed Confidentiality Agreement in the form of Exhibit A attached hereto, from a representative of the vendor who may require access to such material. Counsel shall retain the original of each such signed Confidentiality Agreement. The vendor shall be required to return to the party's counsel all copies of CONFIDENTIAL or TECHNICAL CONFIDENTIAL materials as soon as the information contained therein has been encoded and loaded into the computer.

The vendor shall be required to provide limited and secured access to the information stored in the computer, and the vendor shall guarantee that the vendor will supply access codes only to those persons associated with the party retaining or employing the agent and who are

entitled, under this Protective Order, to have access to CONFIDENTIAL or TECHNICAL

CONFIDENTIAL material and that only persons in possession of said access codes can obtain

access to the information stored in the computer.

19.    In the event that the parties desire to provide access to or disseminate

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material to any person not otherwise

entitled to access under this Protective Order, the parties (which in the case of CONFIDENTIAL

or TECHNICAL CONFIDENTIAL material produced and so designated by a non-party, shall

include such non-party) may, without leave of the Court, unanimously agree to allow such

access.  In the absence of unanimous agreement, any party may move the Court for an Order that

such person be given access thereto.  In the event that the motion is granted, such person may

have access to CONFIDENTIAL or TECHNICAL CONFIDENTIAL material after first signing

a Confidentiality Agreement in the form of Exhibit A attached hereto.  Counsel shall retain the

original of each such signed Confidentiality Agreement.

Nothing in this Order shall preclude any party to this Action or its attorneys from (a)

showing at a deposition or otherwise a document designated CONFIDENTIAL or TECHNICAL

CONFIDENTIAL to an individual who either prepared, received, or reviewed the document

beforehand, (b) using at a deposition of an officer, employee, former employee, or expert of a

Producing Party any document that such Producing Party designated CONFIDENTIAL or

TECHNICAL CONFIDENTIAL, or (c) disclosing or using, in any manner or for any purpose,

any information or documents from a party's own files which the party itself has designated

CONFIDENTIAL or TECHNICAL CONFIDENTIAL.

20.    Material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL,

including all information derived therefrom, and all copies, notes, summaries, abstracts, excerpts,

16

indices, and descriptions of such material shall be held in confidence, shall not be made public by any party or person entitled under the terms of this Protective Order to access to such material, and shall not be used for any purpose other than in connection with this Action.

21.     If CONFIDENTIAL or TECHNICAL CONFIDENTIAL material is disclosed to or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the designating party, shall make every effort to prevent disclosure by each unauthorized person who received such information.

## USE IN COURTROOM PROCEEDINGS

22.     Subject to any overriding rules imposed by the Court in this Action, if any material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL is to be filed with the Court in connection with any proceedings herein, such material shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and the notation

> "CONTAINS CONFIDENTIAL (or TECHNICAL CONFIDENTIAL) INFORMATION SUBJECT TO PROTECTIVE ORDER. This envelope, containing documents that are filed in this case by (name of party), is not to be opened or the contents thereof displayed or revealed except by Order of the Court or consent of the parties."

Material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL and filed under seal shall be maintained by the Clerk of the Court separate from the public records in this Action and shall be released only to Court personnel, to persons entitled to access to such materials under this Protective Order, or as further ordered by the Court.

## OBJECTION TO DESIGNATIONS

23.    The acceptance by the Receiving Party of material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL shall not constitute an admission, waiver, or concession, or permit an inference that such material is, in fact, confidential.  The Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to the designation.  This Protective Order shall not be construed to foreclose any party from moving the Court for an order that material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL is not confidential.  Before filing such motion, the process for resolving the dispute shall be as follows:

(a)    The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b)    The objecting party shall have the burden of conferring either in person or by telephone with the Producing Party (as well as any other interested parties) in a good faith effort to resolve the dispute.

(c)    Failing agreement, the objecting party may bring a letter motion to the Court for a ruling that the material sought to be protected is not entitled to such a designation.  On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL does constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7), F.R.Civ.P.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or TECHNICAL CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a)

the party who designated the material as CONFIDENTIAL or TECHNICAL CONFIDENTIAL

withdraws such designation in writing, or (b) the Court rules that the designation is not proper

and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

24.    Upon the completion of this litigation (including all appeals), the ultimate

disposition of CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall be subject to

a final Order of the Court.  In the absence of such an Order, each party that is subject to this

Protective Order shall either destroy or return to the Producing Party all items containing the

Producing Party's CONFIDENTIAL or TECHNICAL CONFIDENTIAL material, including all

copies of such matter that may have been made and documents or materials containing

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material.  Such items include, but are not

limited to, all documents and things produced in the litigation containing CONFIDENTIAL or

TECHNICAL CONFIDENTIAL material, as well as all transcripts, audio recordings and video

recordings of depositions, hearings or trial containing CONFIDENTIAL or TECHNICAL

CONFIDENTIAL material.  The party returning or destroying items containing another party's

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall certify by letter that all

items containing the Producing Party's CONFIDENTIAL or TECHNICAL CONFIDENTIAL

material have been returned and/or destroyed, as appropriate.  Notwithstanding the provisions of

this paragraph, each party's outside trial counsel may retain one complete set of trial transcripts

and exhibits, deposition transcripts and exhibits, pleadings, and correspondence, but any

CONFIDENTIAL or TECHNICAL CONFIDENTIAL material shall remain subject to the

provisions of this Order.

## EXEMPTED MATERIALS

25.    The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL by the designating party shall not apply to any information which:  (a) the designating party agrees in writing or on record should not be designated as CONFIDENTIAL or TECHNICAL CONFIDENTIAL; (b) the designating party agrees in writing or on record, or the Court rules, is already public knowledge; (c) the designating party agrees in writing or on record, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees or agents in violation of this Protective Order; or (d) the designating party agrees in writing or on record, or the Court rules, has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated CONFIDENTIAL or TECHNICAL CONFIDENTIAL if that person already has or obtains legitimate possession thereof.  The objecting party shall bear the burden of proof to remove the designation based on grounds (a) through (d).

CONFIDENTIAL DRAFT
May 22, 2006

## MISCELLANEOUS PROVISIONS

26.     This Protective Order shall not be construed to prevent any of the parties, or any non-party, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any non-party believed to be violating their rights.

27.     With respect to any CONFIDENTIAL or TECHNICAL CONFIDENTIAL material, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and shall continue to be binding upon all persons to whom CONFIDENTIAL or TECHNICAL CONFIDENTIAL material is disclosed hereunder. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order. Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

28.     If at any time CONFIDENTIAL or TECHNICAL CONFIDENTIAL material is subpoenaed by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or TECHNICAL CONFIDENTIAL material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or TECHNICAL CONFIDENTIAL materials. If the Producing Party does

not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

29.    All notices required by any paragraphs of this Protective Order shall be made by facsimile to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a document signed by an attorney for the noticed party.

**CONFIDENTIAL DRAFT**
**May 22, 2006**

Date: _____        _____

Counsel for Plaintiffs

Date: _____        _____

HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800

*Counsel for Defendant*

SO ORDERED, this_____day of_____, 2006

_____
United States District Court Judge

CONFIDENTIAL DRAFT
May 22, 2006

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No.: 1:05-CV-02048 (RBW) |
| TELES AG | ) |
| INFORMATIONSTECHNOLOGIEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| TELES AG | ) |
| INFORMATIONSTECHNOLOGIEN, | ) |
| | ) |
| Counterclaimant, | ) |
| v. | ) |
| | ) |
| CISCO SYSTEMS, INC., | ) |
| | ) |
| Counterdefendant. | ) |
| | ) |

## CONFIDENTIALITY AGREEMENT

The undersigned acknowledges reading the Protective Order entered on _____, 2006, in the above-captioned Action, and, understanding the terms thereof, agrees, upon threat of penalty of contempt and civil action for damages and/or injunction, to be bound by such terms. In particular, the undersigned understands that the terms of the Protective Order obligate the undersigned to use CONFIDENTIAL (and/or TECHNICAL CONFIDENTIAL) material solely for the purposes of this litigation and not to disclose any CONFIDENTIAL (and/or TECHNICAL CONFIDENTIAL) material to any other person, firm or entity.  Further, for the purpose of enforcing this Confidentiality Agreement, the undersigned agrees to be subjected to the jurisdiction of this Court.

**CONFIDENTIAL DRAFT**
**May 22, 2006**

_____          _____
Date