IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN <br><br> Defendant. <br><br><br> TELES AG INFORMATIONSTECHNOLOGIEN <br><br> Counterclaimant, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Counterdefendant. | Civil Action No.: 1:05-CV-02048(RBW) |

**REPLY SUPPORTING TELES' MOTION TO
MODIFY THE PROTECTIVE ORDER**

There is good cause to modify the Protective Order as proposed by Teles. Further, as requested in Teles' motion to expedite this motion to which Cisco did not take issue in its Opposition, Teles requests that the Court rule on this motion on the briefs unless the Court wants oral argument.[1]

**The Proposed Modification**. Teles seeks to modify the Protective Order so that its litigation counsel can continue litigating patent validity in the reexaminations. Also,

---

[1] Teles' Motion To Expedite (Dkt #59).

- 1 -

in response to Cisco's new arguments (discussed below), Teles further suggests that such litigation counsel's participation will not include drafting claim amendments or new claims. Thus, the proposed modification at issue here is:

> The Protective Order entered in this case shall be modified to allow Teles' litigation counsel in this case to participate in the reexamination proceedings currently pending before the United States Patent and Trademark Office for U.S. Patent No. 6,954,453 and U.S. Patent No. 7,145,902. Such litigation counsel shall not participate in drafting claim amendments or new claims in the reexaminations.

**Modification Was Not Foreseeable**. When the Protective Order was entered, Teles reasonably did not think that Cisco itself would seek to litigate patent validity in the Patent Office through reexamination. Cisco filed a declaratory judgment action to litigate validity in this Court – not the Patent Office – and never breathed a word about reexamination until its surprise reexamination request nearly two years later.

Thus, as Cisco's own recount in its Opposition brief confirms, the boilerplate prosecution bar provision proposed by Cisco was never a point of discussion or dispute between the parties. Such provisions are provided to prevent those who generally prosecute patents (and thus are more likely to be "competitive decisionmakers") from receiving confidential information. But Teles' litigation counsel does not prosecute patents for Teles and lead counsel's practice is almost exclusively patent litigation. Thus, the prosecution bar was a non-issue at the time, because litigation counsel reasonably did not foresee participating in the activities covered by it.

Further, the parties agreed and the Protective Order expressly provides for modification as the course of the case may require:

> 30. This Protective Order shall not be construed to prevent any of the parties … from applying to the Court for relief therefrom …

> 31. … Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order

shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.[2]

Thus, as discussed in the motion to expedite briefing this motion,[3] Teles timely sought to modify the Protective Order after Cisco filed its surprise reexamination requests.

**Cisco's Reliance**. The issue here is not reliance on the Protective Order in general, but whether Cisco relied on the Protective Order not having the specific modification sought here – *i.e.*, did Cisco produce confidential information relying on the Protective Order precluding Teles' litigation counsel from participating in the **very same reexaminations that Cisco would institute to litigate patent validity in the Patent Office**. This might be a closer call if someone else sought the reexaminations and Cisco had clean hands, but that's not the case here.

Cisco did not produce any confidential information until after or around the same time it considered reexamination. Specifically, the Protective Order was not entered until November 15, 2006 and Cisco did not produce any confidential information until after December 27, 2006[4] – *i.e.*, after the '902 Patent issued and over four months after the parties discussed adding it to this case. Further, a long-standing discovery dispute centered on Cisco's failure to produce items such as schematics, lab notes, flow charts and other confidential information that actually describe Cisco's accused products – *i.e.*, Cisco's production lacked the precise type of confidential information that Cisco claims would give an unfair advantage in reexamination.[5] Indeed, Cisco's source code (the crux of its concern here) was not produced in a useful form until February 2, 2007.[6]

---

[2] Protective Order ¶¶ 30-31 (Dkt. #37).

[3] Teles' Motion To Expedite (Dkt #59).

[4] Cisco first produced some confidential documents on December 29, 2006. Teles attorneys inspected Cisco's source code for the first time on December 27, 2006.

[5] *See, e.g.*, Example Teles Letters re Cisco Discovery Deficiencies (Ex. 1).

[6] Cisco initially made the source code available for inspection on December 27, 2006, but the equipment Cisco provided was not useable such that source code inspection

Thus, by the time Cisco produced the type confidential information it complains about here, Cisco apparently already had conceived its plan to abandon litigation in this Court and continue that litigation in Patent Office reexaminations. But Cisco did not breathe a word about reexamination to Teles or the Court until its surprise filing in August 2007.

Cisco cannot be heard to complain that it relied on Teles' litigation counsel not being able to participate in the reexaminations that Cisco secretly intended to file while watching (1) Teles' litigation counsel invest time and resources defending against Cisco's validity attacks and (2) Teles' litigation counsel receive information that Cisco later would argue precludes them from defending validity in the Patent Office – *i.e.*, let them first eat from the poisoned fruit before Cisco attacks.

In sum, the issue to be balanced is whether, at the time Cisco finally produced some confidential information about how its products work, Cisco relied on the Protective Order precluding Teles' litigation counsel from participating in the reexaminations that Cisco would seek. Of course, if Cisco was not contemplating reexamination at the time of that production, then it could not have relied on that aspect of the Protective Order. And if Cisco was contemplating reexamination at the time of production, then Cisco should have been forthright and its unclean hands preclude it from complaining now.

**Harm To Teles**. Teles will be at an unfair advantage if it cannot continue using its litigation counsel to defend against Cisco's continued validity attacks in the Patent Office. The issue is that, in over two years of defending against Cisco's validity attacks in this Court, Teles has invested substantial time and money in getting its specifically selected litigation team to understand the technology and prior art at issue. Teles'

---

could not begin in earnest until Cisco loaded its source code on the replacement equipment Teles provided on February 2, 2007.

substantial investment and time will be lost if those same litigation attorneys cannot continue the litigation in the Patent Office. This is true even if Teles used other attorneys at the same litigation law firm (Howrey LLP) – if it is not the same people, it is not the same people. Although losing the cost invested into litigation counsel may be but a drop in the bucket to a behemoth like Cisco (which had over **$34 billion** gross revenue last fiscal year alone), that cost is substantial to a small company like Teles.

Teles timely sought to modify the Protective Order and avoid the prejudice to it if required to get a new team of attorneys up to speed to the same extent as its litigation counsel. Under the Patent Office rules, Teles was not allowed to file anything concerning the reexamination request until after the Patent Office both decided whether to grant reexamination **and** issued an Office Action. Thus, well before the reexaminations had even been granted, the parties briefed in the stay motion Teles' request to modify the Protective Order. Teles did not foresee that, based on several reschedulings of the hearing, the August 2007 motion would not be heard until five months later, on January 2008. And when the '902 Patent Reexamination was granted and first Office Action issued on November 27, 2007, Teles immediately sought Court resolution of the Protective Order portion of the stay motion to allow it to timely benefit from the ruling.[7]

In sum, Teles timely and reasonably has sought to modify the Protective Order in order to avoid the substantial prejudice caused by Cisco first litigating validity in this Court, and then seeking to move that litigation into the Patent Office.

**Harm To Cisco**. Finally, Cisco complains that it will be harmed if Teles' litigation counsel inadvertently uses Cisco's confidential information to draft claim amendments during reexamination. Although initially arguing that such amendments would "strengthen[] Teles' infringement case," Cisco now argues that such amendments would strengthen Teles' validity case. As discussed in the stay motion briefing, it is very

---

[7] See Teles Motion To Expedite (Dkt. #59).

- 6 -

unlikely that Teles will amend any of the litigated claims (for infringement or validity purposes). And as discussed in Teles' opening brief, Teles' litigation counsel are not "competitive decision makers" and Cisco itself injected Teles' litigation counsel's infringement contentions into the reexaminations.[8] Thus, at most, the purported harm to Cisco here is unlikely and self-inflicted. In any event, to put this concern to rest, Teles suggests that the Protective Order modification preclude Teles' litigation counsel from participating in drafting any claim amendments or new claims in the reexaminations. That soundly addresses Cisco's concern while permitting Teles' litigation counsel to continue litigating Cisco's validity attack in the Patent Office as it has and will continue to do in this case.

**Conclusion**. For the reasons given here and in Teles' opening brief, good cause exists for modifying the Protective Order to permit Teles' litigation counsel to participate in the reexamination without participating in drafting any claim amendments or new claims (see "The Proposed Modification" above).

DATED: January 17, 2008          Respectfully submitted,


By: _____/S/   David W. Long_____
       One of its Attorneys

David W. Long, No. 458029
Mark Whitaker, No. 435755
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

---

[8] Teles Br. at 4-7.

- 7 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2008, a true and correct copy of the within and foregoing were served via CM/ECF and first class mail to the following persons listed below:

                      Lana S. Shiferman, Esq.
                      GOODWIN PROCTER LLP
                      Exchange Place
                      Boston, MA 02109
                      Phone: (617) 570-1000
                      Fax:   (617) 227-8591
                      E-mail: lshiferman@goodwinprocter.com

                      J. Anthony Downs, Esq.
                      GOODWIN PROCTER LLP
                      Exchange Place
                      53 State Street
                      Boston, MA
                      Tel.: (617) 570-1000
                      Fax: (617) 523-1231
                      JDowns@goodwinprocter.com

                      _____/s/ David W. Long_____