# Exhibit 1

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

December 15, 2006

**VIA EMAIL AND FACSIMILE**

Lana S. Shiferman, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

> Re: *Cisco Systems, Inc. v. Teles AG Informationstechnologien* – Civil Action No. 1:05-CV-02048

Dear Lana:

We have reviewed Cisco's production of documents and things in response to Teles AG Informationstechnologien's ("Teles") First Requests For Production Of Documents And Things and Teles' Second Requests For Production Of Documents And Things. We have found several deficiencies in that production that we would like to discuss with you.

**Product Development**. Other than a few publicly available user manuals, Cisco has not produced any documents or things related to its product development, such as schematics, flow charts, progress reports, meeting reports, production reports, engineering change notes, process data forms, vendor related documents, organizational charts, employee lists, design documents, and testing documents. Such documents and things are responsive to at least the following requests:

- Request No. 20 requests the production of documents such as laboratory notebooks, technical files, diaries, as well as other documents of all persons involved in the design, development and engineering of all or part of Cisco's Accused Products;

- Request No. 23 asks for all documents related to the testing or evaluation of any of Cisco's Accused Products; and

- Request No. 62 seeks documents concerning Cisco's development of Cisco's Accused Products to the extent not otherwise produced in response to the Requests listed above.

**Relevant Individuals**. Cisco has not produced documents concerning the identification of relevant persons or entities, which documents will assist identifying and prioritizing additional deposition or other relevant discovery in this case. Such documents are responsive to at least the following requests:



1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

April 16, 2007

**VIA EMAIL AND FACSIMILE**

Lana S. Shiferman, Esq.
Goodwin Procter L.L.P.
Exchange Place
Boston, MA 02109

    Re:    **Cisco Systems, Inc. v. Teles AG Informationstechnologien--
              Civil Action No. 1:05-CV-02048**

Dear Lana:

    We have reviewed Cisco's productions of documents and things. Several deficiencies in the overall production remain. We note the relative scarcity of documents relating to Cisco's design and production of the Accused Products. Our review of both the source code and the documents Cisco has produced indicates that Cisco produces and maintains detailed documentation for new features and updates to existing features that are written into its source code. For example, it would be common for a company that is the size of, or otherwise like, Cisco to create detailed documents setting forth the requirements for and proposed functionality of each new or modified feature. Thus, we would expect Cisco to have such documents for any of Cisco's Accused Products at every stage of development from conception through the product's end of life.

    To date, Cisco has produced some of these requirements and production documents, but has yet to produce the detailed production documents that were created during the design and development of the PSTN Fallback feature for the Accused Products. Please produce any solution requirements documents, product requirements documents, production requirements documents, feature functional specifications, system functional specifications, feature design specifications, system design specifications, solution functional specifications, software design specifications, functional specifications, architecture specifications, feature description documents, featurettes, functional test plans, master solution test plans, system test procedures, feature test plans, dev test plans, or any equivalent documents regarding the engineering and design of the PSTN Fallback feature, the Operetta feature, the Opera feature, the Automated Alternate Routing (AAR) feature, the Supplemental Remote Site Telephony (SRST) feature, or any other feature that has similar capabilities as the PSTN Fallback feature. Such documents would be responsive to at least the following requests: Request 62 seeking documents concerning Cisco's development of Cisco's Accused Products, and Request 23 asking for all documents related to the testing or evaluation of any of Cisco's accused products. Please produce these documents at your earliest convenience, or indicate that no such documents exist.

**HOWREY**LLP

Lana S. Shiferman, Esq.
April 16, 2007
Page 2

documents related to the testing or evaluation of any of Cisco's accused products. Please produce these documents at your earliest convenience, or indicate that no such documents exist.

Along these same lines, it would be common for a company that is the size of, or otherwise like, Cisco to maintain detailed internal policies outlining exactly what types of documents and records must be created at every stage of development and production of a product, and we would expect Cisco to maintain such policies related to its Accused Products. For example, our review of the source code has revealed one such policy that must be followed when making any changes to the H.323 source code. This policy is highly detailed, and requires, among other things, that anyone wishing to make a change in the relevant code (1) identify the requirements for the change or feature interactions with H.323; (2) provide a relevant document for review; and (3) involve the H.323 mailing lists in discussion on issues. To the extent Cisco has similar document creation policies for changes to any features, products, or protocols, for any of its Accused Products, Cisco has yet to produce them. Such documents would be responsive to at least Request 27, seeking documents sufficient to show where and how Cisco maintains information regarding the manufacture of Cisco's Accused Products, and Request 28 requesting documents relating to Cisco's document retention or destruction policies and practices from January 1, 1996 to the present. Please produce any such documents at your earliest convenience, or indicate that no such documents exist.

Additionally, as of this date, Cisco has not produced any laboratory notebooks, programming notebooks, or diaries for any of the persons involved in the design, development, and engineering of any of Cisco's accused products. Such documents are responsive to at least Request 20, which requests such materials, and Request 62. Please produce any such documents at your earliest convenience, or indicate that no such documents exist.

Finally, given the length and complexity of Cisco's source code and the number of engineers Cisco employs to work on and make changes to its source code, it would be common for a company that is the size of, or otherwise like, Cisco to create and maintain training manuals or related documents designed to educate new Cisco software engineers on the workings and design of the source code. To date, Cisco has not produced any documents of this sort, which would be responsive to at least Request 62 and Request 47, requesting all documents that relate to or refer to any of the Accused Products. Please produce any such documents at your earliest convenience, or indicate that no such documents exist.

# HOWREY LLP

Lana S. Shiferman, Esq.<br>
April 16, 2007<br>
Page 3

    Teles would like to meet and confer with Cisco to discuss these discovery issues, as well as any discovery issues you may wish to raise. Please let us know if you are available sometime this week to discuss these issues. As always, should you have any questions or concerns about any issues raised in this letter, please do not hesitate to contact us.

Sincerely,<br>
<br>
Monica B. Lateef

cc:    J. Anthony Downs

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

April 27, 2007

**VIA EMAIL AND FACSIMILE**

Lana S. Shiferman, Esq.
Goodwin Procter L.L.P.
Exchange Place
Boston, MA 02109

    Re:    Cisco Systems, Inc. v. Teles AG Informationstechnologien--
             Civil Action No. 1:05-CV-02048

Dear Lana:

    We have reviewed Cisco's supplemental production of documents and things. Despite Cisco's additional productions in response to our letters of December 15, 2006 and January 12, 2007, several deficiencies in the overall production remain.

    **Product Development**. Other than a few publicly available user manuals, Cisco has not produced any documents or things related to its product development, such as flow charts, progress reports, meeting reports, production reports, engineering change notes, process data forms, vendor related documents, and organizational charts. While Cisco has produced some employee lists, design documents, and testing documents, Cisco has yet to produce documents of this type specifically related to the PSTN Fallback feature. Such documents and things are responsive to at least Document Requests Nos. 20, 23, and 62.

    **Relevant Individuals**. While Cisco has produced some documents concerning the identification of relevant persons or entities, the documents do not provide Teles with information concerning how those people listed in the documents are responsible for a relevant project. Please provide documents that identify the persons involved in the production and design of the accused products that also identify the role those persons played in relation to the accused products. Such documents are responsive to at least Document Request Nos. 29, 21, 22, 24, 30, and 73.

    **Other Litigations**. Cisco has not produced any documents related to other litigations or proceedings involving either the '453 patent or Cisco's Accused Products. Such documents are responsive to at least Document Request Nos. 59 and 60.

    **Cisco Knowledge of Teles and Patents**. Cisco has not produced documents showing its knowledge of Teles, the '453 patent or related foreign and domestic patents. Such documents are responsive to at least Document Request Nos. 18 and 44.