# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:03-CV-333-TJW |
| v. | ) | |
| | ) | |
| SEVEN NETWORKS, INC., | ) | Before:  Hon. T. John Ward |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| SEVEN NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:05-CV-365-TJW |
| v. | ) | |
| | ) | Before:  Hon. T. John Ward |
| VISTO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| VISTO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:05-CV-91-TJW |
| v. | ) | |
| | ) | Before:  Hon. T. John Ward |
| SMARTNER INFORMATION SYSTEMS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**SEVEN NETWORKS, INC.'S AND SMARTNER INFORMATION SYSTEMS, LTD'S
EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL**

Seven Networks, Inc. ("Seven") and Smartner Information Systems, Ltd. ("Smartner," and collectively with Seven, "Seven/Smartner") move the Court for a protective order to prevent the further misuse of their confidential "Attorneys' Eyes Only" information and to maintain the *status quo* until the Court resolves several pending motions regarding Visto's improper use of Seven/Smartner's confidential information.  This motion is necessary because Seven/Smartner learned last week that one of the law firms representing Visto, Manatt, Phelps & Phillips, LLP ("Manatt"), continues to read the Court's protective order (the "Protective Order") as permitting the same Manatt litigation attorneys who have access to Seven/Smartner's confidential technical information to continue prosecuting patents on behalf of Visto.

Specifically, at a hearing held on Wednesday, October 25, 2006, testimony by Visto's counsel and Manatt lawyer, Mr. Greg Warder, revealed that Manatt has been engaged in a long-running violation of the Protective Order entered in the *Visto v. Seven* case.[1]  Mr. Warder testified that Visto and Manatt do not believe that the Protective Order in any way prohibits the same Manatt litigation attorneys who have become intimately familiar with Seven/Smartner's most sensitive confidential technical information through their participation in this litigation from continuing to prosecute Visto patent applications currently undergoing reexamination.[2] Seven believes that such conduct is contrary to the letter and clear intent of the Protective Order and the parties' letter agreement arising from Manatt's earlier violations of the Protective Order. (*See* Docket Entry No. 206 at Valentine Decl. Ex. A.)  Although Seven and Smartner have already produced source code to Manatt, both Seven and Smartner are preparing to supplement their productions next week.  The protective order requested by this motion is necessary to assure

---

[1]    The parties have stipulated to entry of that same Protective Order in the *Visto v. Smartner* and *Seven v. Visto* cases.  No protective order has been entered in those cases because Seven and Smartner have objected to the disclosure of their confidential information to those who participated in the previous violations.

[2]    Mr. Warder specifically identified at least himself and Mr. Robert Becker as Manatt litigation attorneys who continue to prosecute Visto patent applications, including Visto patents currently being reexamined by the PTO.

that Manatt and Visto do not commit further Protective Order violations or misuse Seven/Smartner's supplemental production while the Court is considering the pending motions relating to the Protective Order violations.

In addition, because Visto and Manatt have obfuscated their misuse of Seven/Smartner confidential information, Seven/Smartner also request an order compelling Visto and its outside counsel to produce forthwith all communications relating to the prosecution of the ongoing continuation and reexamination applications. Visto waived any privilege that might otherwise attach to such communications by offering testimony regarding Manatt's practices regarding such prosecution without objection at last Wednesday's hearing. The discovery of such information is necessary for Seven/Smartner to gauge the full extent of Visto's Protective Order violations and misuse of their confidential information.

<u>Background</u>

In May 2005, Seven discovered that Manatt was violating the prosecution bar of the Protective Order. Mr. Warder was both privy to Seven's confidential Attorneys' Eyes Only information and prosecuting a continuation of one of the patents-in-suit and a reexamination of a patent-in-suit. Seven sought to resolve this matter without intervention by the Court, and the parties agreed that there would be no further violations of the Protective Order by Visto and its counsel. The parties further reaffirmed Seven's understanding of the Protective Order and agreed to adhere to that understanding. Specifically, the parties agreed:

May 12, 2005

Dear Kristi and Sam:

I understand our agreement as follows:

* * *

2.    Mr. Warder will not prosecute patents of the kind specified in the protective order for the period of time specified in the protective order and the provisions of the protective order remain in place;

* * *

Very truly yours,

*S. Calvin Capshaw*

S. Calvin Capshaw

(*See* Docket Entry No. 206 at Valentine Decl. Ex. A.)

Thereafter, Mr. Warder's name never appeared in any public filing at the PTO.  However, at the hearing held last Wednesday, Mr. Warder revealed that – even after the parties' letter agreement – he continued to prosecute the reexamination of the '192 patent.  Mr. Warder further testified that he was assisted in such improper prosecution by another Manatt attorney, Mr. Becker, who was also precluded by the Protective Order from undertaking that activity.  Thus, while reviewing and being privy to Seven's source code and other "Attorneys' Eyes Only" information, Messrs. Warder and Becker drafted claims in the reexamination to read on Seven's products.[3]  Of course, this conduct is explicitly barred by Paragraph 15 of the Protective Order.  Indeed a fundamental purpose of that provision is to protect the parties' confidential technical information from being used for such improper purposes.  The prosecution bar further exists to

---

[3]    Messrs. Warder's and Becker's violations were concealed from Seven by having another Manatt attorney (Pamela Merkadeau) sign papers submitted to the PTO.

protect the integrity and reputation of our judicial system by strictly guarding against even the appearance of impropriety.[4]

Manatt's and Visto's effort to excuse this conduct now appears to be centered around the assertion that a reexamination is not a patent "application." Manatt's claim that reexaminations are not "applications" is disproved by the very papers signed by Mr. Warder, which refer to the '192 reexamination as an "application."

|  |  |  |
|---|---|---|
| | | PTO/SB/21 (09-04) |
| | | Approved for use through 07/31/2006. OMB 0651-0031 |
| | | U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE |

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TRANSMITTAL FORM | Application Number | 90/007,093 |
|---|---|---|
| | Filing Date | 06/18/2004 |
| | First Named Inventor | Daniel J. Mendez |
| (to be used for all correspondence after initial filing) | Art Unit | 2172 |
| | Examiner Name | Alford W. Kindred |
| Total Number of Pages in This Submission | Attorney Docket Number | 25587-033-005 RE |

| SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT | | | |
|---|---|---|---|
| Firm Name | Manatt, Phelps & Phillips, LLP | | |
| Signature | | | |
| Printed name | Greg T. Warder | | |
| Date | 5/6/05 | Reg. No. | 50,208 |

---

[4] Seven requested the prosecution bar in recognition that it is virtually impossible to police protective order violations once a party produces its confidential technical information. In this case, for example, Visto's continued disregard of the Protective Order might have remained concealed had Mr. Warder not been placed under oath during the hearing on Visto's inequitable conduct. Up until that point, Visto and Manatt had been careful to avoid having Mr. Warder sign papers filed with the PTO, and Mr. Warder admitted that he did not file a summary of his July 2005 interview with the patent examiner responsible for the reexamination of Visto's patents. Moreover, Visto and Manatt asserted privileges and the work product protection to block Seven/Smartner's investigation into their Protective Order violations and Mr. Becker's involvement in those violations. (See, e.g., Docket Entry No. 206 at Valentine Decl. ¶ 2.) Consequently, Seven did not learn of Mr. Becker's involvement until Mr. Warder was placed under oath.

Further, this Court has already considered – and rejected – Manatt's claim that reexaminations are not "applications." In *MicroUnity Systems Engineering, Inc. v. Dell, Inc. and Intel Corp.*, 2:04-CV-120 (TJW), the entered protective order was very similar to the one at issue in these cases. Under the terms of the Court's order, it was ordered that those privy to "counsel eyes only" confidential information "shall not prosecute or prepare any patent application" and "shall not have any substantive involvement in the prosecution of any applications filed, or claiming priority from any application filed …" (*See* Exhibit A at ¶ 21.) MicroUnity's litigation counsel sought to participate in a reexamination, and the Court held: "The Court finds that the Protective Order entered in this case is clear. The Protective Order includes a Prosecution Bar that applies equally to reexaminations as it does to new applications filed with the USPTO." (*See* Exhibit B.)

Rather than approaching the Court as MicroUnity did before engaging in such conduct, Manatt simply ignored the Protective Order. The whole idea of a prosecution bar is to prevent a litigation adversary from even inadvertently using confidential information obtained in the litigation to prosecute patents before the PTO. Here, that is exactly what Manatt's practice has been. Currently, reexaminations are ongoing on the '192, '708, and '221 patents, and there are at least two continuations pending that claim priority to the patents-in-suit. Given that this is at least the third very serious violation of the Protective Order by the Manatt firm discovered so far, Seven and Smartner can only expect that their confidential information is being further misused in these proceedings. Moreover, in light of Manatt's insistence that it can review the confidential information of Seven/Smartner and then draft claims in light of that information, Seven and Smartner fear that practice will continue.

In light of Visto's and Manatt's repeated violations of the Protective Order, there is an immediate danger that Seven's and Smartner's confidential information will be misused if produced to the Manatt firm. Accordingly, in order to preserve the *status quo* and prevent further harm to Seven/Smartner, Seven and Smartner request that:

(1)    any further production of confidential information be made only to Visto's other counsel, the law firm of McKool Smith ("McKool"), and that McKool not in any way (i) communicate with Manatt about the substance of such information; (ii) transfer such information to Manatt; or (iii) allow access to Manatt of such information;

(2)    Manatt be immediately barred from participating, either directly or indirectly, in any prosecution activity on behalf of Visto – including patent reexaminations – until further order of the Court; and

(3)    Visto and its outside counsel be compelled to produce forthwith all communications relating to the prosecution of the ongoing continuation and reexamination applications.

Because of the irreparable harm that is occurring to Seven and Smartner from Manatt's prosecution of Visto patents while being privy to Seven and Smartner's confidential information and the impending further production by Seven and Smartner, Seven and Smartner request that the Court order Manatt to file any opposing papers within three business days (five calendar days).  A motion requesting a shortening of the time to respond to this motion is being filed herewith.


Dated:  November 1, 2006          By:  ___/s/ Henry C. Bunsow with permission James F. Valentine
                                       Henry C. Bunsow
                                       *Lead Attorney*
                                       California State Bar No. 60707
                                       K.T. Cherian
                                       California State Bar No. 133967
                                       James F. Valentine
                                       California State Bar No. 149269
                                       James C. Pistorino
                                       Texas State Bar No. 00797828
                                       California State Bar No. 226496
                                       HOWREY LLP
                                       525 Market Street, Suite 3600
                                       San Francisco, CA  94105
                                       Telephone:  415/848-4900
                                       Facsimile:  415/848-4999

E-mail:  BunsowH@howrey.com
E-mail:  CherianK@howrey.com
E-mail:  ValentineJ@howrey.com
E-mail:  PistorinoJ@howrey.com

S. Calvin Capshaw
Texas State Bar No. 03783900
BROWN MCCARROLL, LLP
1127 Judson Road, Suite 220
Longview, TX  75601-5157
Telephone:  903/236-9800
Facsimile:  903/236-8787
E-mail:  ccapshaw@mailbmc.com

Attorneys for Plaintiff
SEVEN NETWORKS, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Seven Networks, Inc. and Smartner Information Systems, Ltd. conferred with counsel for Visto Corporation in an attempt to resolve this matter without Court intervention.  Counsel for Visto informed counsel for Seven/Smartner that it does oppose this motion.

By:  _____/s/ James F. Valentine_____
     James F. Valentine

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the above and foregoing document was served on the

following counsel as follows on this 1st day of November, 2006.


_____/s/ James F. Valentine_____
JAMES F. VALENTINE


Samuel F. Baxter, Esq.
MCKOOL SMITH, PC
505 East Travis Street, Suite 105
Marshall, TX  75670
(*Via CM/ECF*)

Ronald S. Katz, Esq.
Robert D. Becker, Esq.
J. Bruce McCubbrey, Esq.
Shawn G. Hansen, Esq.
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA  94304
(*Via CM/ECF*)

*Attorneys for Defendant Visto Corporation*