# EXHIBIT 12

| IN THE UNITED STATES PATENT AND TRADEMARK OFFICE | Reexamination Control Number | 95/001,001 (U.S. Patent No. 7,145,902) |
| | Request Filing Date | 09/07/2007 |
| **ATTENTION: CENTRAL REEXAMINATION UNIT** | First Named Inventor | Dr. Sigram SCHINDLER |
| | Group Art Unit | 3992 |
| | Examiner Name | O. Escalante |
| | Attorney Docket Number | 8096.046.RXUS |
| Title of the Invention: METHOD FOR TRANSMITTING DATA IN A TELECOMMUNICATIONS NETWORK AND SWITCH FOR IMPLEMENTING SAID METHOD | | |

## PETITION FOR EXTENSION OF TIME UNDER 37 CFR § 1.956

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

Patent Owner hereby petitions the Director to extend the two-month period for response to the initial Office action for period of two weeks, from January 27, 2008 to February 11, 2008. The required fee pursuant to 37 CFR § 1.17(g) is submitted herewith.

### Statement of Action Taken to Provide a Response

The initial Office action mailed November 27, 2007 was received on November 29, 2007. Since received, Patent Owner's representative has reviewed the 112 page Office action and 27 page Order Granting Reexamination, has reviewed the six prior art documents relied upon in the Office action, the specification and claims of the '902 patent, has held discussions with the inventor, Dr. Sigram Schindler, concerning the various grounds of rejection in regard to the preparation of a full and complete response, and has been working on a written draft response to the Office action, of which substantial progress has been made.

### Why The Extension Is Needed

Although Patent Owner's representative has been diligently working on a response to the Office action, more time is needed to fully respond to the multiple grounds of

Reexamination Control No. 95/001,001
January 16, 2008
Page 2

rejection of claims 36, 37, 41, 54-58, 60-62, 64, 66, 68, 69, 71, 75, 77, 79, 82, 84, 87, 90-92, 95, 98, 100, 102, 104 and 118-125 over six different prior art references. The expertise and assistance of Dr. Schindler, the main inventor, is required in this regard as Dr. Schindler possesses expert knowledge of the advanced technical subject matter of the patent, and the technical difference between the invention and the various prior art references cited against the claims. Dr. Schindler is also the CEO of the assignee Teles AG, based in Berlin, Germany, and as such, Dr. Schindler's time is limited and the time difference between Washington D.C. and Berlin, Germany has further restricted the ability for direct communication.

While significant progress has been made on the preparation of a full response to the Office action, a short extension of two weeks is needed to complete and finalize the response, due to the multiple grounds of rejection of the claims over six different prior art documents. It is submitted that a two week extension will not undermine the requirement to conduct this proceeding with special dispatch.

Reexamination Control No. 95/001,001
January 16, 2008
Page 3

### Conclusion

For the above reasons, the Director is requested to extend the period of response to the outstanding Office action for a period of two weeks, from January 27, 2008 to February 11, 2008.

Please charge any fee or credit any overpayment pursuant to 37 CFR 1.16 or 1.17 to Novak Druce Deposit Account No. 14-1437.

| RESPECTFULLY SUBMITTED, | | | | | |
|---|---|---|---|---|---|
| NAME AND REG. NUMBER | Vincent M. DeLuca<br>Attorney for Applicants<br>Registration No. 32,408 | | | | |
| SIGNATURE | *Vincent M DeLuca* | | DATE | 16 JAN 2008 | |
| Address | Novak, Druce, DeLuca + Quigg LLP<br>1300 I Street, N.W., Suite 1000 West Tower | | | | |
| City | Washington | State | D.C. | Zip Code | 20005 |
| Country | U.S.A. | Telephone | 202-659-0100 | Fax | 202-659-0105 |

# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN, )<br><br>Plaintiff, )<br><br>v. )<br><br>QUINTUM TECHNOLOGIES, INC., )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-197-SLR<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and among the parties to the above-captioned action through their respective counsel, that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the production of documents, answers to interrogatories, responses to requests for admission, deposition testimony, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information exchanged by the parties in the above-captioned action or produced by a third party witness, which the disclosing party designates as confidential hereunder.

NOW, THEREFORE, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c), IT IS ORDERED:

### DEFINITIONS

1.     "Confidential Information" shall mean all information or material that is (i) produced for or disclosed to a Receiving Party, and (ii) considered by a Producing or Designating Party to constitute or to contain trade secrets or other confidential information, including but not limited to, technical, financial or commercial information, whether embodied

in physical objects, documents, or the factual knowledge of persons, and that is designated in good faith by the Producing or Designating Party as "Confidential Information."

2.      "Confidential Attorneys' Eyes Only Information" shall mean Confidential Information that is deemed by the Producing or Designating Party to be sensitive technical, financial or commercial information that the Producing or Designating Party reasonably and in good faith believes could result in serious competitive disadvantage if disclosed to the other parties, and that is designated in good faith by the Producing or Designating Party as "Confidential Attorneys' Eyes Only Information" at the time of production.

3.      "Restricted Confidential Source Code Information" shall mean Confidential Attorneys' Eyes Only Information that is deemed by the Producing or Designating Party to be confidential and proprietary software and/or computer source code that the Producing or Designating Party reasonably and in good faith believes could result in serious competitive disadvantage if disclosed to other parties, and that is designated in good faith by the Producing or Designating Party as "Restricted Confidential Source Code Information" at the time of production.

4.      "Confidential Information," "Confidential Attorneys' Eyes Only Information" and/or "Restricted Confidential Source Code Information" shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries and abstracts of the foregoing. "Confidential Information," "Confidential Attorneys' Eyes Only Information" and/or "Restricted Confidential Source Code Information" shall not include information or material that is available to the public at the time of disclosure or becomes publicly known through means not constituting breaches of this Order by the Receiving Party. Further, "Confidential Information," "Confidential Attorneys' Eyes Only Information" and/or

"Restricted Confidential Source Code Information" shall not include information or material where the Receiving Party can show the information or material was already known to it, was independently developed by it, was received by the Receiving Party after the time of disclosure hereunder from a third party having the right to make such a disclosure, or was legitimately obtained by a party independently of this proceeding.

5.      "Producing Party" means a party or third party that produces Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.

6.      "Receiving Party" means any party receiving Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.

7.      "Designating Party" means a party or third party that designated its own materials or those of any other party or entity as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.

8.      "Authorized Personnel" who may have access to information or material designated "Restricted Confidential Source Code Information" and "Confidential Attorneys' Eyes Only Information" pursuant to this Order means:

      a.      Outside counsel for the plaintiff, namely partners and associates of Foley & Lardner LLP, Ashby & Geddes, P.A., and the Law Office of Karsten Gutsche, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

      b.      Outside counsel for the defendant, namely partners and associates of Pitney Hardin, LLP, Morris, Nichols, Arsht & Tunnell LLP, Vossius & Partner, and their

necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

    **c.**       Outside vendors and their employees acting under the direction of outside U.S. counsel identified above in subparagraphs (a) and (b) of this Paragraph 8 to provide translation, interpreting, copy services, coding, imaging or other document management services, jury research and/or analysis, and/or exhibit preparation services in connection with this litigation, provided that such employees of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business and provided the outside vendor executes, and makes its employees aware of, an undertaking in the form annexed hereto as Exhibit A, prior to the disclosure to the vendor of any Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information;

    **d.**       Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

    **e.**       The Court, the Court's staff, and the jury in this litigation;

    **f.**       Outside experts or outside consultants for any party, whose advice and consultation are being or will be used by such party in connection with this proceeding, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company. Outside experts or outside consultants, as used in this subparagraph, shall not include any employee of the Receiving Party. Each such outside expert or outside consultant shall execute an undertaking in the form annexed hereto as Exhibit A, prior to the disclosure to him or her of any Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential

Source Code Information. All such undertakings executed by outside experts or consultants, together with a copy of his or her *curriculum vitae* (C.V.) that includes the following information: the expert's full name, professional address, educational background, publications within the last five years, all present nonconfidential employment and consultancies, all prior nonconfidential full-time employment and consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years, shall be transmitted to the other parties no less than ten (10) business days prior to the disclosure of any such information. If a party believes that disclosure of Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Source Code Information to such person could injure or prejudice the Producing Party, that party may object, in writing, within ten (10) business days of the receipt of the undertaking to the party who selected the expert or consultant. Each party's counsel agrees to attempt to promptly contact their respective clients and receive an indication of whether any objection is forthcoming within five (5) business days, with the understanding that up to ten (10) business days is available to provide any objection, if a response cannot be made in five (5) business days. If a party objects pursuant to the provisions of this subparagraph and the parties cannot resolve their dispute on the terms of disclosure, no disclosure of Confidential Information or Confidential Attorneys' Eyes Only Information shall be made to any such expert or consultant with respect to whom an objection has been made except upon further Order of this Court; and

    **g.**    Any person who (1) is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not

otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium, or (2) has been identified in writing by the Designating Party as having been provided with the document, information therein or tangible medium.

     **h.**    In no event shall a Receiving Party use Confidential Attorneys' Eyes Only Information, including without limitation Restricted Confidential Source Code Information, of any Producing Party for the purpose of preparing or prosecuting any patent application or in connection with any other proceeding before the U.S. Patent and Trademark Office. Any individual who is given access to another party's Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information pursuant to this Order shall not counsel, assist, or participate in any way with the preparation, filing, or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301, or request for certificate of correction, which expressly includes the patent-in-suit, any counterpart patent/application to the patent-in-suit, any patent/application claiming priority to the patent-in-suit or any counterpart, and any patent/application to which the patent-in-suit or counterpart claims priority, until two (2) years following the earlier of (a) the date that a respective Receiving Party is dismissed from this lawsuit, or (b) the date of final termination of this lawsuit.

    **9.**    "Authorized Personnel" who may have access to information or material designated "Confidential Information" pursuant to this Order means:

     **a.**    All persons identified in Paragraph 8; and

     **b.**    One (1) additional designated in-house attorney for each party, who needs to have access to Confidential Information for the purpose of prosecuting this action for

the respective party in this action.  Each party may submit, in writing, the name of the designee for approval at any time during this litigation with a description of his or her title, job description and role with respect to this action.  Upon receiving a submission, a party shall have ten (10) business days to object to the proposed designee, if a party does not object, it shall be deemed to approve such designation.  Upon approval, any designee shall execute an Undertaking in the form annexed hereto as Exhibit A, prior to the disclosure to him or her of any Confidential Information.  Objections shall be in writing with detailed reasons for the objection.  Each party's counsel agrees to attempt to promptly contact their respective clients and receive an indication of whether any objection is forthcoming within five (5) business days, with the understanding that up to ten (10) business days is available to provide any objection, if a response cannot be made in five (5) business days.  Parties shall, in good faith, attempt to resolve disputes over objections, but no party shall disclose any Confidential Information to a designee who is the subject of a standing objection.  If the parties cannot resolve their dispute on the terms of disclosure, no disclosure of Confidential Information shall be made to any such designee with respect to whom an objection has been made except upon further order of this Court.  No replacement or substitution of any employee previously designated and approved under this provision shall be permitted unless such designated employee's relationship with the party (as well as any entity related to the party) ends, in which case a replacement employee may be designated pursuant to the terms of this subparagraph.

## DESIGNATION OF MATERIAL

10.    All documents and things produced by any party or third party shall be numbered by the Producing Party and may thereafter be identified by the parties by such numbers.

11.    At the time documents containing Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information are produced or disclosed, any document that the Producing or Designating Party desires to designate as such shall be stamped or marked on each page with one of the following legends, as applicable:

**"CONFIDENTIAL"**
or
**"CONFIDENTIAL ATTORNEYS' EYES ONLY"**
or
**"RESTRICTED CONFIDENTIAL SOURCE CODE"**

12.    Counsel for a party that is producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product doctrine. Any and all documents from which material is redacted shall identify in all redacted areas that a redaction has occurred. The parties reserve the right to pursue additional categories for redaction, by either consent of the parties or order of the Court, on a case-by-case basis.

13.    Deposition testimony that a party believes qualifies, in whole or in part, for treatment as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall be appropriately designated either as set forth in Paragraph 11 at the time of the deposition or by written notice to all counsel of record no later than thirty (30) days after the deposition testimony. Prior to the expiration of the thirty (30) day period, all material in deposition transcripts shall be treated as "Confidential Attorneys' Eyes Only Information." The party claiming confidentiality for any deposition, transcript, or portion thereof, or any deposition exhibit, shall notify the reporter to label the relevant portion(s) of the transcript and exhibit(s) as follows:

**"CONFIDENTIAL"**
or
**"CONFIDENTIAL ATTORNEYS' EYES ONLY"**
or
**"RESTRICTED CONFIDENTIAL SOURCE CODE"**

**14.**     Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legends above if written notice is given within the thirty (30) day period.  Portions of a deposition that contain Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall be taken only in the presence of Authorized Personnel entitled access to such information pursuant to the terms of this Order.

**15.**     If inspection, measuring, testing, sampling or photographing of a party's documents, processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34, or by agreement, will reveal or disclose Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information, the Producing Party shall advise the party seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information, subject to the terms of this Order.  If a Producing Party provides the Receiving Party copies of documents that were inspected, the Producing Party shall designate the documents Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information pursuant to the terms of this Order.  If photographing or taping of premises, products, equipment, processes or other property is made which the Producing Party has advised reveals Confidential Information, Confidential Attorneys'

9

Eyes Only Information or Restricted Confidential Source Code Information, such pictures or tapes shall bear the legend, Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information, as designated by the Producing Party on the photograph or videotape itself, and on any exterior packaging of the same.

## SOURCE CODE

16.    Each party producing software and/or computer source code ("Source Code") shall produce Source Code in searchable electronic form on CDs, DVDs, or hard drives bearing production identification numbers and marked as "Restricted Confidential Source Code."

17.    The CD's, DVD's, or hard drives that contain Source Code shall, at the Producing Party's discretion, be produced directly to the Receiving Party or made available for inspection as follows:

a.    in the case of production of Source Code by Quintum Technologies, Inc. ("Quintum"), at its outside counsel's, Pitney Hardin LLP's, offices in New York, New York, and

b.    in the case of production of Source Code by Teles AG Informationstechnologien ("Teles"), at its outside counsel's, Foley & Lardner's, offices in Washington, D.C., (collectively, "Source Code Custodians").

18.    The Source Code made available for inspection at Source Code Custodians will be made available for viewing only on non-networked computers in secure, locked areas of the Source Code Custodians except as provided herein.

19.    A Producing Party shall provide reasonably immediate access to Source Code upon advance notice from a Receiving Party that the Receiving Party will be sending an individual(s) authorized under Paragraph 37 below to inspect the Source Code. Unless agreed to

otherwise by the parties, such inspections may be conducted between (i) 9 a.m. to 9 p.m. local time, Monday through Friday; and (ii) 9 a.m. to 5 p.m. local time, Saturday and Sunday, provided, however, that the Receiving Party give three (3) days' advance written notice to the Producing Party for such weekend inspection.

20.    The Receiving Party shall maintain a Source Code Review Log.  Each time a person inspects the Source Code at the location of a Source Code Custodian, the person shall sign a sign-in sheet prior to, and sign-out sheet subsequent to, accessing the Source Code.  The Source Code Review Log shall include the name of the person accessing the Source Code, the date and time in and out, whether or not any paper copies were made, the Source Code files copied, and the corresponding Bates number on which the respective Source Code files are printed and/or copied.  The Source Code Review Log shall also identify all of the individuals that review Source Code at a location other than the Source Code Custodian.

21.    The Producing Party's outside attorneys and/or others working with such counsel will not be present in the secured room containing the Source Code during review by the Receiving Party.

22.    Access to information designated Restricted Confidential Source Code shall be limited to Source Code Custodians and the persons described in Paragraph 37.  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  Each excerpt of Source Code quoted in a Source Code Document shall be insubstantial when compared to the entire Source Code produced by the Producing Party, *e.g.*, excerpts shall be approximately 25 to 40 lines in length.

23.     To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as Restricted Confidential Source Code or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as Restricted Confidential Source Code.

24.     No electronic copies of Source Code shall be made, except as necessary to provide an electronic copy of such Source Code at each location of a Source Code Custodian and to maintain back-up copies of the information on each such computer.  However, to the extent portions of Source Code are quoted in a Source Code Document, Source Code Custodians and the persons described in Paragraph 37 shall be permitted to store and access those necessary portions or excerpts of the Source Code Documents on a computer and on a computer network that limits access to only necessary viewers.  Source Code Custodians and Authorized Personnel described in Paragraph 37 may also send necessary portions or excerpts of Source Code Documents to other Authorized Personnel via electronic mail.

25.     Documents containing necessary portions or excerpts of Source Code stored on a computer or computer network shall be password protected so as to limit access to Authorized Personnel.

26.     With respect to any Source Code made available at the location of a Source Code Custodian, any and all such printouts or photocopies shall be made only onto paper bearing production identification numbers and marked Restricted Confidential Source Code which will be provided by the Producing Party.  As noted above, the Receiving Party's outside counsel shall maintain a Source Code Review Log, which will describe the portions of the Source Code printed or photocopied and the identification numbers of the printed or photocopied material.

27.    During the pendency of this litigation, the Source Code Review Log will not be made available to the Producing Party. If there has been or, in good faith, the Producing Party reasonably believes there to be a problem or violation of the provisions described herein or following discovery of a disclosure of Source Code to an unauthorized third party, the Producing Party may request that Receiving Party submit a copy of the Source Code Review Log to the Court for Inspection and further action as is appropriate under the circumstances. Upon the completion of this litigation, the Source Code Review Log will be turned over to the Producing Party.

28.    If the Receiving Party or its technical advisor receives such printouts or photocopies of portions of Source Code, the Receiving Party shall keep the printouts or photocopies in a secured locked area in the office of the outside counsel or technical advisor. The Receiving Party may also temporarily keep the printouts or photocopies at:  (i) the sites where any depositions relating to the Source Code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

29.    All Restricted Confidential Source Code materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day. At no time, will any Restricted Confidential Source Code material be given to or left with the Court Reporter or any other individual.

30.    Receiving Party shall not convert any of the information contained in the hard copies into an electronic format, except as explicitly allowed elsewhere within this Order, and then only according to the restrictions on Confidential Attorneys' Eyes Only Information materials contained in this Order.

31.    The outside counsel for the Receiving Party shall notify the Producing Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of Restricted Confidential Source Code Information.

32.    The Receiving Party acknowledges that the Restricted Confidential Source Code Information received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The Receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Restricted Confidential Source Code Information of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.    The Receiving Party acknowledges Restricted Confidential Source Code Information disclosed by the Producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations or U.S. Department of Defense regulations.

### CHALLENGE TO DESIGNATION

33.    In the event that the Receiving Party disagrees with the designation by the Producing or Designating Party of any Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information, then the Receiving Party shall notify the Producing Party of its disagreement in writing at any time during this action.  The parties initially will try to resolve the dispute on an informal basis.  If the parties are unable to resolve such a dispute informally within ten (10) business days of the written notice by the Receiving Party, the Receiving Party may apply to the Court for relief, with the burden on the Designating Party to establish the appropriateness of its designation.  Any such disputed items shall be treated as Confidential Information, Confidential Attorneys' Eyes Only Information or

Restricted Confidential Source Code Information, as designated, and subject to the protections of this Order unless and until the Court determines otherwise.

## THIRD PARTY WITNESSES

34.    Discovery of a third party may involve receipt of that party's Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.    Third parties may produce materials and information designated as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information pursuant to the terms of this Order and all such materials and information and the third party shall be treated in accordance with the terms of this Order as if the third party was a party to this Order.

## LIMITATIONS ON ACCESS TO INFORMATION

35.    Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall not, without prior written consent of the Producing Party, be: (a) disclosed to anyone other than the Court and the Authorized Personnel entitled to access such information pursuant to the terms of this Order hereof; or (b) used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this proceeding without prior written consent.    Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

36.    Access to and disclosure of Confidential Information marked and identified in accordance with this Order shall be limited to Authorized Personnel listed in Paragraph 9 and shall not be provided, shown, made available or communicated, in whole or in part, to any other person or entity.    Subject to Paragraph 37, such Authorized Personnel shall not be entitled to

view, and no party shall show or share with such Authorized Personnel, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.

37.    Access to and disclosure of Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information marked and identified in accordance with this Order shall be limited solely to Authorized Personnel listed in Paragraph 8 and shall not be provided, shown, made available or communicated, in whole or in part, to any other person or entity.

38.    Nothing contained in this Order shall affect the right of the Designating Party to disclose or use for any purpose the information, documents, or things produced and/or designated by it as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.

### GENERAL PROVISIONS

39.    Execution of this Order by outside counsel for a party shall constitute a representation by outside counsel that they, all persons employed by their firm, and the party they represent will abide by the terms of this Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

40.    To the extent that documents containing Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information are submitted with any Court filing, such documents shall remain subject to the provisions of this Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement in substantially the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed only to the Court and those

persons authorized to view its contents under the terms of the Protective Order.

If the document is electronically filed, then such document will be similarly designated as "CONFIDENTIAL."

41.    If accepted for filing, such documents are to be maintained under seal by the clerk or the court reporter.  In the event that any party intends to use another party's Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information in any court proceeding in connection with this litigation, the party that intends to use such information shall provide notice to the Producing Party that its Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information may be used in the proceeding.  Any information used at a court proceeding shall not lose its status as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information through such use, provided that the Producing Party takes (and, if necessary, obtains the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use.  Any party that intends to use any third party Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information in any court proceeding in connection with this litigation is obligated to take (or to seek the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use.  A party or third party may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information is disclosed be restricted to court personnel and persons authorized to receive Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information under this Order.

**42.**    If a Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information by someone other than the Party; the Party shall give prompt actual written notice, by hand or facsimile transmission, to the Producing Party, and shall object to its production to the extent permitted by law.  Should the person seeking access to the information or material take action against the Party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Order.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Order to challenge or appeal any order requiring production of information or material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process to order, or to seek any relief from this Court.

**43.**    This Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Order, subject to the approval of the Court.

**44.**    Within sixty (60) days after the final termination of this proceeding, each party and all other persons subject to the terms of this Order shall collect and return to the Producing Party all copies of that Producing Party's Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information or certify that they have been destroyed; provided, however, that each outside counsel may retain one complete and unredacted set of pleadings and papers that were filed with the Court or served on the other party and that incorporate Confidential Information, Confidential Attorneys' Eyes Only Information or

Restricted Confidential Source Code Information. A party to this action who has disclosed Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information to any Authorized Personnel is responsible for obtaining all documents and things containing Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information from those persons, and for disposing of those documents or things in a manner provided in this Paragraph, or, alternatively, is responsible for obtaining a certificate of destruction by any such persons. With respect to any documents or things that have been filed with the Court, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court, provided that a party who seeks protection of confidentiality of its confidential document or information filed with the Court may apply to the Court for further protection of the confidentiality of such confidential materials after conclusion of this action with respect to it.

45.    This Order shall survive the final termination of this proceeding with respect to any retained Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information. Termination of the proceedings shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

46.    All notices required by this Order are to be served via facsimile or courier to the appropriate attorney(s) at the parties' outside counsel. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile or courier package was delivered. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an attorney for the designating or affected party.

47.     Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Order.  All Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

48.     The designation of information, documents or things as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information pursuant to this Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable.  Nor shall the inspection or receipt by a party to this action of information, documents or things designated as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information hereunder constitute a concession that the information, documents or things are confidential.

49.     Nothing in this Order shall bar or otherwise restrict any attorney identified as Authorized Personnel from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information.  In rendering such advice or in otherwise communicating with his or her client, such attorney shall not disclose the specific content of any information, document or thing identified as Confidential Information, Confidential Attorneys' Eyes Only

20

Information or Restricted Confidential Source Code Information hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Order.

50.    The inadvertent, unintentional or *in camera* disclosure by the Producing Party of information, documents or things which it believes should have been designated as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality; provided, however, that the Producing Party notifies the Receiving Party promptly upon discovery of the inadvertent or unintentional failure to designate. Any document that is produced without being designated Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information may be so designated or redesignated, with respect to future disclosure by the Producing Party, and the Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than Authorized Personnel as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons. The Receiving Party or Parties must treat such information or material as Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information, Confidential Attorneys' Eyes Only Information or Restricted Confidential Source Code Information shall not be deemed a violation of this Order.

51.    The production of any information, documents or things governed by this Order shall be without prejudice to any claim by the Producing Party that such information, documents

or things are protected from discovery on the basis of privilege and/or the work-product doctrine, so long as such production was made inadvertently. No Producing Party shall be held to have waived any of its rights by such an inadvertent production. If, after information, documents or things are produced, a claim of privilege and/or work-product is subsequently made, the Receiving Party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the Producing Party. After the return of the information, documents or things, the Receiving Party may challenge the Producing Party's claim of privilege and/or work-product by filing a motion with the Court. Any determination by the Court on the Producing Party's claim of privilege and/or work-product shall be made without regard to the fact that such information, documents or things have been inadvertently produced.

52.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**STIPULATED AND AGREED:**

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Teles AG*

*Of Counsel:*

Michael D. Kaminski
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

Andrea M. Augustine
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60610
(312) 832-4500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Rodger D. Smith, II*
_____
Rodger D. Smith, II (I.D. #3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 351-9205
rsmith@mnat.com

*Attorneys for Quintum Technologies Inc.*

*Of Counsel:*

Gerald Levy
Richard H. Brown, III
John L. Dauer, Jr.
PITNEY HARDIN, LLP
7 Times Square
New York, NY  10036-7311
(212) 297-5800

SO ORDERED this _____ day of _____, 200__.


_____
Chief Judge

176415.1

23

MEDIATION, PATENT, STAYED

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00197-SLR

| | |
|---|---|
| Teles AG Informationstechnologien v. Quintum Technologies Inc. | Date Filed: 03/24/2006 |
| | Jury Demand: Both |
| Assigned to: Honorable Sue L. Robinson | Nature of Suit: 830 Patent |
| Cause: 28:1338 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**Teles AG Informationstechnologien**  represented by  **Steven J. Balick**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: sbalick@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John G. Day**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: jday@ashby-geddes.com
*ATTORNEY TO BE NOTICED*

**Lauren E. Maguire**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: lmaguire@ashby-geddes.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Quintum Technologies Inc.**  represented by  **Rodger Dallery Smith, II**
*TERMINATED: 01/11/2008*  Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

(302) 658-9200
Email: rdsefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John G. Day**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren E. Maguire**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Quintum LLC**

**Counter Claimant**

**Quintum LLC**

**Counter Claimant**

**Quintum Technologies Inc.**
*TERMINATED: 01/11/2008*

V.

**Counter Defendant**

**Teles AG Informationstechnologien**

**Counter Claimant**

**Quintum Technologies Inc.**      represented by   **Rodger Dallery Smith, II**
*TERMINATED: 01/11/2008*                     (See above for address)
                                        *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**John G. Day**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren E. Maguire**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Teles AG Informationstechnologien**

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 03/24/2006 | 1 | COMPLAINT filed with Jury Demand against Quintum Technologies Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 250, receipt number 142881.) - filed by Teles AG Informationstechnologien. (Attachments: # 1 Exhibit A# 2 Civil Cover Sheet # 3 Acknowledgement of Consent Form)(bad, ) (Entered: 03/27/2006) |
| 03/24/2006 | | Summons Issued as to Quintum Technologies Inc. on 3/24/2006. (bad, ) (Entered: 03/27/2006) |
| 03/24/2006 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (bad, ) (Entered: 03/27/2006) |
| 03/27/2006 | 3 | Report to the Commissioner of Patents and Trademarks for Patent Number(s) 6,954,453; (bad, ) (Entered: 03/27/2006) |
| 03/27/2006 | 4 | Return of Service Executed by Teles AG Informationstechnologien. Quintum Technologies Inc. served on 3/24/2006, answer due 4/13/2006. (Balick, Steven) (Entered: 03/27/2006) |
| 04/05/2006 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 04/05/2006) |
| 04/06/2006 | 5 | Joint STIPULATION TO EXTEND TIME to Answer Complaint to May 15, 2006 - filed by Quintum Technologies Inc.. (Smith, Rodger) (Entered: 04/06/2006) |
| 04/07/2006 | | SO ORDERED, re 5 Joint STIPULATION TO EXTEND TIME to Answer Complaint to May 15, 2006 filed by Quintum Technologies Inc.,, Set/Reset Answer Deadlines: Quintum Technologies Inc. answer due 5/15/2006. Signed by Judge Sue L. Robinson on 4/6/06. (rld, ) (Entered: 04/07/2006) |
| 05/15/2006 | 6 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM *Answer, Affirmative Defenses And Counterclaim Of Defendant Quintum Technologies, Inc.* against Teles AG Informationstechnologien by Quintum Technologies Inc..(Smith, Rodger) (Entered: 05/15/2006) |
| 05/16/2006 | 7 | Disclosure Statement pursuant to Rule 7.1 filed by Quintum Technologies Inc.. (Smith, Rodger) (Entered: 05/16/2006) |
| 06/05/2006 | 8 | ANSWER to Counterclaim *of Quintum Technologies, Inc. filed* by Teles AG Informationstechnologien.(Day, John) (Entered: 06/05/2006) |
| 06/15/2006 | 9 | ORDER Setting Hearings Scheduling TeleConference set for 6/29/2006 09:00 AM before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 6/15/06. (rld, ) (Entered: 06/15/2006) |
| 06/27/2006 | 10 | Letter to The Honorable Sue L. Robinson from John G. Day regarding Proposed Scheduling Order. (Attachments: # 1 Proposed Scheduling Order)(Day, John) (Entered: 06/27/2006) |
| 06/29/2006 | | Minute Entry for proceedings held before Judge Sue L. Robinson : Scheduling TeleConference held on 6/29/2006. Counsel to submit the |

| | | |
|---|---|---|
| | | final scheduling order. (Court Reporter n/a.) (rld, ) (Entered: 06/29/2006) |
| 06/29/2006 | 11 | PROPOSED ORDER (Scheduling) by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Maguire, Lauren) (Entered: 06/29/2006) |
| 07/14/2006 | 12 | SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Joinder of Parties due by 12/4/2006. Amended Pleadings due by 12/4/2006. Discovery due by 7/29/2007. Discovery Conference set for 10/26/2006 04:30 PM in Courtroom 6B before Honorable Sue L. Robinson. Daubert Motions due no later than 9/7/07. Dispositive Motions due by 9/7/2007. Oral Argument set for 10/12/2007 10:00 AM in Courtroom 6B before Honorable Sue L. Robinson. Joint Claim Construction Statement due 7/23/07 with claim chart docketed separately. Claims Construction Opening Brief due by 7/23/2007. Pretrial Conference set for 1/8/2008 04:30 PM in Courtroom 6B before Honorable Sue L. Robinson. Jury Trial set for 1/22/2008 09:30 AM in Courtroom 6B before Honorable Sue L. Robinson. Signed by Judge Sue L. Robinson on 7/12/06. (rld, ) (Entered: 07/14/2006) |
| 07/21/2006 | 13 | NOTICE OF SERVICE of Plaintiff Teles AG Informationstechnologien's Rule 26(a)(1) Initial Disclosures by Teles AG Informationstechnologien. (Day, John) (Entered: 07/21/2006) |
| 07/21/2006 | 14 | NOTICE OF SERVICE of Defendant Quintum Technologies, Inc.'s Initial Disclosures Pursuant to Rule 26(A)(1) Of The Federal Rules Of Civil Procedure And The Court's Scheduling Order Dated July 12, 2006 by Quintum Technologies Inc..(Smith, Rodger) (Entered: 07/21/2006) |
| 07/25/2006 | 15 | NOTICE OF SERVICE of Teles' First Set of Interrogatories to Quintum by Teles AG Informationstechnologien.(Day, John) (Entered: 07/25/2006) |
| 07/25/2006 | 16 | NOTICE OF SERVICE of Teles' First Set of Requests for Production to Quintum by Teles AG Informationstechnologien.(Day, John) (Entered: 07/25/2006) |
| 08/04/2006 | 17 | NOTICE OF SERVICE of (1) Quintum Technologies, Inc.'s First Set Of Interrogatories To Teles AG Informationstechnologien and (2) Quintum Technologies, Inc.'s First Set Of Requests For Production Of Documents And Things by Quintum Technologies Inc..(Smith, Rodger) (Entered: 08/04/2006) |
| 08/16/2006 | | CASE REFERRED to Mediation. (cab, ) (Entered: 08/16/2006) |
| 08/16/2006 | 18 | Order Setting Teleconference: Telephone Conference set for 9/22/2006 09:00 AM before Honorable Mary Pat Thynge to discuss ADR. Signed by Judge Mary Pat Thynge on 8/16/2006. (cab, ) (Entered: 08/16/2006) |
| 08/25/2006 | 19 | STIPULATION TO EXTEND TIME that the deadline by which the parties must initially examine hard drives be extended to and through September 22, 2006 - filed by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 08/25/2006) |
| | | |

| | | |
|---|---|---|
| 08/25/2006 | 20 | NOTICE OF SERVICE of Response to Teles's First Set of Requests for Production and Responses to Teles's First Set of Interrogatories by Quintum Technologies Inc..(Smith, Rodger) (Entered: 08/25/2006) |
| 08/28/2006 | 21 | MOTION for Pro Hac Vice Appearance of Attorney Gerald E. Levy and John L. Dauer, Jr. at Pitney Hardin LLP, New York AND Richard H. Brown, III at Pitney Hardin LLP, Florham Park, NJ - filed by Quintum Technologies Inc.. (Smith, Rodger) (Entered: 08/28/2006) |
| 08/29/2006 | | SO ORDERED, re 19 STIPULATION TO EXTEND TIME that the deadline by which the parties must initially examine hard drives be extended to and through September 22, 2006 filed by Teles AG Informationstechnologien,, Quintum Technologies Inc . Signed by Judge Sue L. Robinson on 8/29/06. (rld, ) (Entered: 08/29/2006) |
| 08/31/2006 | | SO ORDERED, re 21 MOTION for Pro Hac Vice Appearance of Attorney Gerald E. Levy and John L. Dauer, Jr. at Pitney Hardin LLP, New York AND Richard H. Brown, III at Pitney Hardin LLP, Florham Park, NJ filed by Quintum Technologies Inc.., . Signed by Judge Sue L. Robinson on 8/30/06. (rld, ) (Entered: 08/31/2006) |
| 09/05/2006 | 22 | NOTICE OF SERVICE of Responses to Quintum's First Set of Interrogatories (Nos. 1-12) by Teles AG Informationstechnologien.(Day, John) (Entered: 09/05/2006) |
| 09/05/2006 | 23 | NOTICE OF SERVICE of Responses to Quintum's First Set of Requests for Production of Documents and Things (Nos. 1-72) by Teles AG Informationstechnologien.(Day, John) (Entered: 09/05/2006) |
| 09/25/2006 | 24 | ORDER Setting Mediation Conferences: Mediation Conference set for 4/19/2007 09:00 AM in Courtroom 6C before Honorable Mary Pat Thynge. Signed by Judge Mary Pat Thynge on 9/25/2006. (cab, ) (Entered: 09/25/2006) |
| 10/26/2006 | | ReSet Deadlines/Hearings: Discovery Conference reset for 12/5/2006 04:30 PM in Courtroom 6B before Honorable Sue L. Robinson. (rld, ) (Entered: 10/26/2006) |
| 11/29/2006 | 25 | STIPULATION TO EXTEND TIME by which the parties must file all motions to join other parties and amend the pleadings, as set forth in Paragraph 3 of the Scheduling Order (D.I. 12), to December 12, 2006 - filed by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Maguire, Lauren) (Entered: 11/29/2006) |
| 12/07/2006 | | ReSet Deadlines/Hearings: Discovery Conference reset for 1/10/2007 02:00 PM in Courtroom 6B before Honorable Sue L. Robinson. (rld) (Entered: 12/07/2006) |
| 12/07/2006 | | SO ORDERED, re 25 STIPULATION TO EXTEND TIME by which the parties must file all motions to join other parties and amend the pleadings, as set forth in Paragraph 3 of the Scheduling Order (D.I. 12), to December 12, 2006 filed by Quintum Technologies Inc., Teles AG Informationstechnologien,ReSetting Scheduling Order Deadlines: |

| | | |
|---|---|---|
| | | Amended Pleadings due by 12/12/2006.,Joinder of Parties due by 12/12/2006. Signed by Judge Sue L. Robinson on 12/5/06. (rld) (Entered: 12/07/2006) |
| 12/12/2006 | 26 | MOTION for Leave to File *Amended Complaint For Patent Infringement And Demand For Jury Trial* - filed by Teles AG Informationstechnologien. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Maguire, Lauren) (Entered: 12/12/2006) |
| 12/14/2006 | 27 | NOTICE of Change of Address by Steven J. Balick (Balick, Steven) (Entered: 12/14/2006) |
| 12/14/2006 | | SO ORDERED, re 26 MOTION for Leave to File *Amended Complaint For Patent Infringement And Demand For Jury Trial* filed by Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 12/14/06. (rld) (Entered: 12/14/2006) |
| 12/14/2006 | 28 | AMENDED COMPLAINT against Quintum Technologies Inc.- filed by Teles AG Informationstechnologien.(rld) (Entered: 12/14/2006) |
| 12/20/2006 | 29 | NOTICE OF SERVICE of Supplemental Rule 26(A)(1) Initial Disclosures by Teles AG Informationstechnologien.(Maguire, Lauren) (Entered: 12/20/2006) |
| 12/29/2006 | 30 | PROPOSED ORDER (Stipulated Protective Order) by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Attachments: # 1 Exhibit A)(Day, John) (Entered: 12/29/2006) |
| 01/02/2007 | 31 | ANSWER to Amended Complaint with Jury Demand *and Affirmative Defenses To Amended Complaint and*, COUNTERCLAIM *s of Defendant Quintum Technologies, Inc.* against Teles AG Informationstechnologien by Quintum Technologies Inc..(Smith, Rodger) (Entered: 01/02/2007) |
| 01/02/2007 | 32 | NOTICE of Change of Law Firm Name to Day Pitney LLP by Quintum Technologies Inc. (Smith, Rodger) (Entered: 01/02/2007) |
| 01/04/2007 | | Note to Counsel: Chief Judge Robinson has revised the language in paragraph (f)(1) of the patent scheduling order regarding motions to compel and motions for protective order. Please review this information by downloading the pdf for Scheduling Order-Patent on Her Honors website under Forms. (rld) (Entered: 01/04/2007) |
| 01/05/2007 | | SO ORDERED, re 30 Proposed Order filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 1/4/07. (rld) (Entered: 01/05/2007) |
| 01/09/2007 | | ReSet Deadlines/Hearings: Discovery Conference reset for 2/27/2007 04:30 PM in Courtroom 6B before Honorable Sue L. Robinson. (rld) (Entered: 01/09/2007) |
| 01/22/2007 | 33 | Second ANSWER to Counterclaim *of Defendant, Quintum Technologies, Inc.* by Teles AG Informationstechnologien.(Maguire, Lauren) (Entered: 01/22/2007) |

| | | |
|---|---|---|
| 01/26/2007 | 34 | STIPULATION TO EXTEND TIME of various deadlines in the Court's July 12, 2006 Scheduling Order to February 28, 2007 - filed by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Smith, Rodger) (Entered: 01/26/2007) |
| 01/30/2007 | | SO ORDERED, re 34 STIPULATION TO EXTEND TIME of various deadlines in the Court's July 12, 2006 Scheduling Order to February 28, 2007 filed by Quintum Technologies Inc., Teles AG Informationstechnologien; document production shall be completed by 2/28/07; parties shall exchange lists of claim terms believed to be in need of construction and proposed claim construction of those terms by 2/28/07. Signed by Judge Sue L. Robinson on 1/30/07. (rld) (Entered: 01/30/2007) |
| 02/27/2007 | 35 | STIPULATION Amended Scheduling Order re 12 Scheduling Order,,, *Stipulation And Order Amending Scheduling Order (DI 12)* by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Smith, Rodger) (Entered: 02/27/2007) |
| 02/27/2007 | | ReSet Deadlines/Hearings: Discovery Conference set for 4/3/2007 10:00 AM in Courtroom 6B before Honorable Sue L. Robinson. (rld) (Entered: 02/27/2007) |
| 03/02/2007 | | SO ORDERED, re 35 Stipulation filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 3/1/07. (rld) (Entered: 03/02/2007) |
| 03/16/2007 | 36 | STIPULATION TO EXTEND TIME of various deadlines in the Court's July 12, 2006 Scheduling Order to March 23, 2007 - filed by Quintum Technologies Inc.. (Smith, Rodger) (Entered: 03/16/2007) |
| 03/23/2007 | | SO ORDERED, re 36 STIPULATION TO EXTEND TIME of various deadlines in the Court's July 12, 2006 Scheduling Order to March 23, 2007 filed by Quintum Technologies Inc. Signed by Judge Sue L. Robinson on 3/22/07. (rld) (Entered: 03/23/2007) |
| 03/23/2007 | 37 | PROPOSED ORDER staying action for 30 days pending completion of settlement documentation by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 03/23/2007) |
| 04/02/2007 | | SO ORDERED, re 37 Proposed Order to STAY case for 30 days; if stip. of dismissal is not filed by then, counsel shall submit a new status report to the court; filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 3/30/07. (rld) (Entered: 04/02/2007) |
| 04/09/2007 | 38 | ORDER The mediation scheduled for 4/19/20097 at 9:00 AM with Judge Thynge is canceled. Signed by Judge Mary Pat Thynge on 4/9/2007. (cak) (Entered: 04/09/2007) |
| 05/02/2007 | 39 | PROPOSED ORDER staying action for 30 days pending completion of settlement documentation by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 05/02/2007) |

| | | |
|---|---|---|
| 05/02/2007 | | SO ORDERED, re 39 Proposed Order STAYING case for 30 days; if stip. of dismissal is not filed by then, counsel shall submit a new status report to the court, filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 5/2/07. (rld) (Entered: 05/02/2007) |
| 06/01/2007 | 40 | Third PROPOSED ORDER staying action for 30 days pending completion of settlement documentation by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 06/01/2007) |
| 06/07/2007 | | SO ORDERED, re 40 Proposed Order STAYING action for 30 days pending completion of settlement documentation, filed by Quintum Technologies Inc., Teles AG Informationstechnologien. If stipulation of dismissal is not filed in 30 days counsel shall submit a status report to the court. Signed by Judge Sue L. Robinson on 6/5/07. (rld) (Entered: 06/07/2007) |
| 07/05/2007 | 41 | Fourth PROPOSED ORDER staying action for 30 days pending completion of settlement documentation by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 07/05/2007) |
| 07/12/2007 | | SO ORDERED, re 41 Fourth Proposed Order staying action for 30 days pending completion of settlement documentation, filed by Quintum Technologies Inc., Teles AG Informationstechnologien. If stipulation of dismissal is not filed in 30 days counsel shall submit a status report to the court. Signed by Judge Sue L. Robinson on 7/11/07. (rld) (Entered: 07/12/2007) |
| 08/13/2007 | 42 | Fifth PROPOSED ORDER staying action for 30 days pending completion of settlement documentation by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Lydon, Tiffany) (Entered: 08/13/2007) |
| 08/14/2007 | | SO ORDERED, re 42 Fifth Proposed Order staying action for 30 days pending completion of settlement documentation, filed by Quintum Technologies Inc., Teles AG Informationstechnologien. If stipulation of dismissal is not filed in 30 days counsel shall submit a status report to the court. Signed by Judge Sue L. Robinson on 8/14/07. (rld) (Entered: 08/14/2007) |
| 09/13/2007 | 43 | PROPOSED ORDER staying action for 30 days pending completion of settlement documentation. by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Day, John) (Entered: 09/13/2007) |
| 09/14/2007 | | SO ORDERED, re 43 Proposed Order STAYING this action for 30 days, if a stipulation of dismissal has not been filed, counsel shall submit a status report re settlement efforts; filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 9/14/07. (rlp) (Entered: 09/14/2007) |
| 10/15/2007 | 44 | STIPULATION seeking to stay action for another 30 days pending |

| | | |
|---|---|---|
| | | completion of settlement documentation, by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Balick, Steven) (Entered: 10/15/2007) |
| 10/16/2007 | | SO ORDERED, re 44 Stipulation STAYING this action for 30 days, if a stipulation of dismissal has not been filed, counsel shall submit a status report re settlement efforts; filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 10/16/07. (rlp) (Entered: 10/16/2007) |
| 11/15/2007 | 45 | Joint STIPULATION to Stay Action by Teles AG Informationstechnologien, Quintum Technologies Inc.. (Smith, Rodger) Additional attachment(s) added on 11/16/2007 (fmt, ). (Entered: 11/15/2007) |
| 11/16/2007 | | CORRECTING ENTRY: The initial attachment to D.I. 45 has been deleted and replaced with a version that has a corrected Judge's signature line. (fmt) (Entered: 11/16/2007) |
| 11/19/2007 | | SO ORDERED, re 45 Stipulation continuing the STAY for 75 days, filed by Quintum Technologies Inc., Teles AG Informationstechnologien. Signed by Judge Sue L. Robinson on 11/19/2007. (rlp) (Entered: 11/19/2007) |
| 01/09/2008 | 46 | MOTION to Substitute Party: Quintum LLC to replace Quintum Technologies, Inc. - filed by Quintum Technologies Inc.. (Smith, Rodger) Additional attachment(s) added on 1/10/2008 (nfn, ). (Entered: 01/09/2008) |
| 01/09/2008 | | CORRECTING ENTRY: DI 46 was modified to add an attachment at counsel's request. (nfn) (Entered: 01/10/2008) |
| 01/11/2008 | | SO ORDERED, re 46 MOTION to Substitute Party: Quintum LLC to replace Quintum Technologies, Inc. filed by Quintum Technologies Inc., Quintum LLC added. Quintum Technologies Inc. terminated.. Signed by Judge Sue L. Robinson on 1/11/08. (bkb) (Entered: 01/11/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/22/2008 09:41:57 | | |
| **PACER Login:** | gp1665 | **Client Code:** | 100294-161426 |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-00197-SLR Start date: 1/1/1970 End date: 1/22/2008 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |