**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| CISCO SYSTEMS, INC., | ) ) ) | |
| Plaintiff/ Counterclaim-Defendant, | ) ) ) | Civil Action No. 1:05-CV-02048 (RBW) |
| v. | ) ) ) | ECF Case |
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) ) ) | |
| Defendant/ Counterclaim-Plaintiff. | ) ) ) | |

_____

**CISCO'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO**
**TELES AG'S MOTION TO MODIFY THE PROTECTIVE ORDER**

Plaintiff Cisco Systems, Inc. ("Cisco") hereby submits this sur-reply in response to the Reply Brief recently submitted by Teles AG Informationstechnologien ("Teles"). A Sur-Reply is necessary to respond to certain new contentions and a proposal made by Teles for the first time in its Reply Brief.

First, for reasons stated below, Teles' self-serving assertion that it did not foresee that Cisco (or some other third party) might seek reexamination of the '902 patent after Teles brought that patent into this case is not credible. Ultimately, the issue is not whether Teles could foresee with certainty that Cisco would file a reexamination, but whether Teles as the patent owner in a patent infringement litigation should have foreseen that a reexamination might be filed. As the Court can readily see from the large number of cases dealing with Motions to Stay a case pending reexamination, the filing of reexaminations during litigation is a relatively common and foreseeable tactic employed by infringement defendants. Teles (and Howrey) knew this when

they agreed to the prosecution bar. Teles also ignores that it decided to assert the '902 patent against Cisco in this case only after the parties agreed to the prosecution bar.

Second, Teles still fails to document or explain how any alleged prejudice to Teles outweighs the significant harm to Cisco from allowing counsel who have seen Cisco's highly confidential information from participating in the reexaminations. As documented by a recent Teles filing with the Patent Office in the '902 reexamination, Teles' patent counsel (Vincent M. DeLuca) is already actively preparing a response to the reexamination together with Mr. Schindler, and they can certainly continue to handle the reexaminations.

Third, Teles' proposal that the Howrey litigation attorneys who have viewed Cisco's highly confidential source code and documents be allowed to participate in every aspect of the reexamination of the patents-in-suit except for the amendment and drafting of claims is inconsistent with the language of the prosecution bar that Teles agreed to in the Stipulated Protective Order. It is also inconsistent with the repeated examples in the case law where courts have fully supported a complete bar on litigation counsel participating in the reexamination of patents-in-suit. Teles does not cite a single case to support its new proposal. To the contrary, as discussed below and in Cisco's Opposition, courts have adopted *complete* prosecution bars for litigation counsel during reexamination of the patents-in-suit precisely because it is essentially impossible for counsel to avoid improper use of the opposing party's confidential information. Indeed, Teles' counsel (Howrey), in a case enforcing a complete prosecution bar in the Eastern District of Texas, highlighted the importance of a prosecution bar: "[Howrey's client] ***requests the prosecution bar in recognition that it is <u>virtually impossible to police protective order violations</u> once a party produces its confidential technical information***." Howrey's brief in

*Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, at 4 n.4 (E.D. Tex. Nov. 1, 2006) (emphasis added) (Ex. 11).

For the reasons stated in Cisco's Opposition and the additional reasons stated below, this Court should not go against the well-established case law here. Teles has failed to demonstrate "good cause" for the Court to rewrite the language that Teles and its counsel Howrey voluntarily agreed to at the beginning of this case.

### A.    Teles' Current Claim That A Reexamination Of The '902 Patent Was Not Foreseeable Are Not Credible

Teles does not dispute that the current Stipulated Protective Order was voluntarily agreed to by Teles' counsel before the '902 patent entered this case, that the Order bars litigation counsel who have had access to Cisco's highly confidential information from participating in the reexamination, and that the parties proposed the prosecution bar in the Stipulated Protective Order before Teles gave notice of the future issuance of the '902 patent and of its intent to add the '902 patent into this case and assert its many claims against Cisco. Teles even admits that, before it added the '902 patent into this case and identified the claims that it intended to assert against Cisco, Cisco had already produced its confidential source code.

Teles' new position, however, is to baldly assert that it was "unforeseeable" that Cisco – who was a target of Teles' '453 patent from the moment issued, and who was also affirmatively targeted by Teles' for its then-pending '902 patent even before it was issued – might decide to defend itself in part by filing for reexamination of one or both of the patents.[1] Such a contention, coming these days from an experienced patent litigation firm like Howrey, is not

---

[1] As it did in response to Cisco's Motion to Stay, Teles again tries to inappropriately inject certain discovery disputes into this Motion. *See* Teles Reply at n. 5-6 and Ex. 1. Teles, of course, ignores its discovery violations, including Teles' failure to produce its own source code until July 11, 2007, seven months after Cisco made its source code available, and its failure, prior to the temporary stay being entered, to produce any emails.

credible.  The real issue is not whether Teles could foresee with certainty that Cisco would file a reexamination, but whether Teles as the patent owner in a patent infringement litigation should have foreseen that a reexamination might be filed.  The relevant statute provides that a reexamination can be filed "at any time."  35 U.S.C. § 311(a).  Teles knew when the Protective Order was being negotiated that it was prosecuting the '902 patent, and that it hoped or intended to use that patent against Cisco.

      Moreover, as this Court can readily determine from the number of cases cited in Cisco's Motion to Stay, it is a very common practice for a patent defendant, such as Cisco here, to consider and in many instances file a request for reexamination during pending litigation.  *See, e.g., EchoStar Techs. Corp. v. TiVo, Inc.,* No. 5:05 CV 81 DF, 2006 WL 2501494 (E.D. Tex. July 14, 2006); *eSoft, Inc. v. Blue Coat Sys., Inc.*, ___ F.Supp.2d ___, 2007 WL 549843 (D. Colo. Feb. 16, 2007); *Softview Computer Products Corp. v. Ergo View Tech. Corp.*, 56 U.S.P.Q. 2d 1633 (S.D.N.Y. 2000); *see generally* Cisco's Motion to Stay [D.I. No. 47] and Cisco's Reply [D.I. No. 54].  In fact, Howrey, the firm representing Teles here, specifically calls out use of reexamination proceedings on its website.  *See* http://www.howrey.com/practices/ip/index.cfm?contentID=47 ("To protect the clients' interests, Howrey attorneys make use of all available procedures, including seeking reissue or reexamination of U.S. patents, in situations where such procedures offer advantages over litigation in the federal courts.") (Ex. 10).

      Teles' counsel thus was and is well aware that litigation and parallel reexamination proceedings are common and that litigation counsel with access to confidential information may be prohibited from participation in reexamination proceedings.  In fact, Howrey has advocated this very position on behalf of other clients.  *See, e.g., Visto Corp. v. Seven Networks, Inc.*, No.

2:03-CV-333-TJW, 2006 WL 3741891 (E.D. Tex. Dec. 19, 2006).[2] In *Visto,* Howrey was one of the firms representing Defendant Seven Networks, Inc. ("Seven"). The *Visto* case involved a parallel reexamination proceeding of the patent-in-suit. The parties in *Visto* agreed to a Protective Order containing a prosecution bar. *See id.* at *5. Even though the prosecution bar in *Visto* did not expressly reference reexaminations (unlike the prosecution bar in the instant case which expressly calls out reexamination proceedings) Seven argued that the prosecution bar covered reexamination proceedings and that Visto's counsel violated the terms of the Protective Order when Warder, counsel for Visto with access to Seven's confidential information, participated in the reexamination proceedings. *See id.* at *7. In finding that Visto violated the prosecution bar of the Protective Order, the Court recognized "[t]he purpose of the prosecution bar is to prevent outside counsel from using, *even inadvertently*, confidential information obtained in the lawsuit for purposes outside the lawsuit (*e.g.* drafting claims during patent prosecution). This is true even if the result of the reexamination is narrower claim language." *Id.* at *7 (emphasis added).

Simply put, Teles' cannot make self serving claims of "surprise" to establish the "foreseeability" prong of the good cause standard. It was foreseeable when Teles agreed to the prosecution bar in the Stipulated Protective Order that, and when Teles gave notice to Cisco that it was going to assert its new '902 patent in this case, Cisco might take the well-known and foreseeable step of challenging that patent in a reexamination proceeding.[3]

---

[2] Notably, Howrey also argued in favor of a prosecution bar in *Medimmune, Inc. v. Cencor, Inc.*, 271 F. Supp. 2d 762 (D. Md. 2003), the single case that it cites in support of its argument that Teles' litigation counsel should be allowed to participate in reexamination prosecution activities. As detailed in Cisco's opposition, the holding in *Medimmune* is inapposite to the instant case.

[3] Not only is Howrey familiar with the use and ramifications of prosecution bars, Teles, itself, has also agreed to a similar prosecution bar in related litigation. *See Teles AG Informationstechnologien v. Quintum Technologies, Inc.,* Civ. Action No. 06-00197 SLR. (D. Del.). On March 24, 2006, Teles filed a patent infringement case against

### B. Teles' Proposal of a "Partial" Prosecution Bar Is Inconsistent with the Protective Order Terms that Teles Agreed to, Ignores the Law and Does Not Eliminate the Real Harm To Cisco

Numerous courts have recognized the serious problem caused by allowing the patent owners litigation counsel who has access to a patent defendants' confidential information to participate in prosecution or reexamination of the patents-in-suit and have enforced *complete* prosecution bars preventing the knowledge of litigation counsel from infecting prosecution and reexamination proceedings.  *See In re Papst Licensing*, 2000 WL 554219, at *12; *Visto Corp.,* 2006 WL 3741891, at *7*, Motorola, Inc. v. Interdigital Tech. Corp.*, No. Civ. A. 93-488, 1994 WL 16189689, at *5 (D. Del. Dec. 19, 1994).  The enforcement of prosecution bars is not a case by case admonishment, but rather an acknowledgement that "[a]ttorneys who were to view [their adversary's] voluminous confidential information and then later prosecute the patents would have to constantly challenge the origin of every idea, every spark of genius. … The level of introspection that would be required is simply too much to expect…." *Motorola*, 1994 WL 16189689, at *5 (internal citation omitted); *Visto Corp.*, 2006 WL 3741891 at *7 ("The purpose of the prosecution bar is to prevent outside counsel from using, *even inadvertently*, confidential information obtaining in the lawsuit for purposes outside the lawsuit (*e.g.* drafting claims during patent prosecution).").  The courts have not limited the prosecution bar to involvement in drafting or amending new claims, as Teles now suggests.  This is because, as recognized in cases such as *Mikohn Gaming Corp. v. Acres Gaming, Inc.*,  50 U.S.P.Q. 2d 1783, 1786 (D. Nev.

---

Quintum Technologies, Inc. in the United States District of Delaware asserting the '453 patent and on December 14, 2006 shortly after the '902 patent issued, Teles filed an Amended Complaint adding the '902 patent.  Although the case was soon stayed so that the parties could negotiate a settlement, the parties did negotiate and agree to a Stipulated Protective Order which was filed for execution by the Court on December 29, 2006, prior to the entry of the stay.  *See* Stipulated Protective Order, dated December 29, 2006, and Docket (Ex. 13).  Like the Stipulated Protective Order to which Teles agreed to in this case, the Stipulated Protective Order agreed to in the *Teles v. Quintum* case also contained a complete prosecution bar that expressly applied to reexamination proceedings.  *See id.,* ¶ 8h.  Teles' history of routinely agreeing to such prosecution bars belies its current cries of prejudice and surprise.

1998), no matter how much good faith [counsel] might exercise, it is unrealistic to expect that his knowledge of [the adversary's] secret technology would not or could not influence the nature of his advice to [his client]." As noted in the Introduction, Howrey made this very point in the *Visto* case: "Seven [Howrey's client] requests the prosecution bar in recognition that it is *virtually impossible to police protective order violations* once a party produces its confidential technical information." Howrey's brief in *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, at 4 n.4 (E.D. Tex. Nov. 1, 2006) (emphasis added) (Ex. 11).

Teles' new proposal that litigation counsel will "not participate in drafting claim amendments or new claims in the reexaminations" (Reply at 2) ignores these serious concerns recognized by multiple Courts and even by Howrey itself. Even if Teles' proposal addressed all of Cisco's concerns, which it does not, policing Teles' counsel (as Howrey itself acknowledges) would be "virtually impossible." Ex. 11 at 4 n.4. Teles, while in possession of Cisco's highly confidential information, will still be able to participate in reexamination strategy and drive the reexamination proceedings. Cisco Opp. at 9, 12. Howrey's litigation counsel will have to work closely with the attorneys who are drafting the claims and will be, presumably, reviewing and commenting on drafts of responses to the Patent Office, which likely include claim amendments. Even if Howrey litigation counsel are able to resist making any affirmative suggestions for claim amendments, their participation in forming and choosing Teles' reexamination arguments (based on knowledge of Cisco's highly confidential information) will ultimately impact any amendment made. It is impossible to separate out the reexamination process into discrete pieces as Teles requests. That is why courts have enforced a complete prosecution bar in these types of circumstances.

Moreover, allowing Teles' counsel to participate in the reexamination and determine strategy for responding to the prior art will also likely infect Teles' prosecution of the related patent application in this patent family which is currently pending. As has been recognized by multiple courts, it is impossible for Teles' litigation counsel to put aside the detailed knowledge that it has obtained regarding Cisco's accused products and to guarantee that their knowledge will not infect the reexamination proceedings. The only real remedy to enforce the agreed upon *complete* prosecution bar.

C.   **Teles Has Not Presented Evidence Of Actual Harm**

Teles also fails again to meet the "good cause" standard by failing to demonstrate any real harm flowing from the continuation of the complete prosecution bar that Teles agreed to early in this case. Teles first repeats the false assertion that its litigation counsel has been litigating invalidity issues in this Court for two years. But there has not been a single motion, a single expert report, a single deposition, or anything more than interrogatory responses in this case concerning the validity issues raised in the reexamination.

Moreover, Teles clearly has other attorneys capable of responding to the reexaminations. Since Cisco submitted its Opposition, Teles has filed a new paper in the '902 reexamination. In that paper, a Petition for Extension of Time Under 37 C.F.R. § 1.956, filed on January 16, 2008, Teles' prosecution counsel Vincent M. DeLuca, who as the patent prosecutor of at least the '902 patent is intimately familiar with the patents-in-suit and the technology, states that his firm has been working with the inventor, Dr. Sigram Schindler, since receipt of the Office Action and Order Granting the Reexamination ("Order"). *See* Petition for Extension (Ex. 12). In the Petition for Extension, Mr. DeLuca indicates that he has reviewed the Office Action, the Order

and the relevant prior art[4] and has held discussions with Dr. Schindler. *See id.* at 1. Moreover, Mr. DeLuca indicates that he has been diligently working on the preparation of a written response and has made significant progress.[5] *See id.* at 1-2. As such, there is no evidence in the record that Teles will experience any ***actual*** prejudice if they honor the agreed upon Paragraph 19 of the Stipulated Protective Order.

As to the increased cost, Teles' ignores the fact that Mr. DeLuca, Teles prosecution counsel, will continue to be involved in the reexamination proceedings whether or not Teles' litigation counsel may participate. As such, Teles' cost will not be substantially increased by the enforcement of the prosecution bar. To the contrary, Teles' addition of litigation counsel to the reexamination team will serve to increase their costs. In the end, however, the cost of reexamination proceedings are an expected risk of litigation and Teles cannot reasonably claim surprise at this juncture.

## **Conclusion**

For all the reasons stated above, Cisco submits that Teles has failed to demonstrate good cause for its request to modify the Stipulated Protective Order. Wherefore, Cisco respectfully requests that this Court deny Teles' motion to modify the Stipulated Protective Order.

---

[4] In the Petition for Extension, Mr. DeLuca neglects to inform the PTO that his firm prosecuted the original '453 patent application and he personally was involved in the prosecution of the '902 patent, and as such, he was already knowledgeable regarding the specification of the '902 patent, the claims and the cited prior art references.

[5] Notably, in the litigation, Teles has yet to provide any reasons why the identified prior art does not invalidate the patents-in-suit. Teles' claim that litigation counsel has information that is pertinent to the reexamination is not supported by Teles' disclosure at this stage of the litigation.

DATED: January 22, 2008                             Respectfully Submitted,

                                                    CISCO SYSTEMS, INC.
                                                    By its attorneys,

                                                    /s/ J. Anthony Downs
                                                    Marva Deskins (#D00266)
                                                    GOODWIN PROCTER LLP
                                                    901 New York Avenue, N.W.
                                                    Washington, DC  20001
                                                    (202) 346-2000
                                                    (202) 346-4444 (fax)

                                                    J. Anthony Downs
                                                    Lana S. Shiferman
                                                    GOODWIN PROCTER LLP
                                                    Exchange Place
                                                    Boston, MA 02109
                                                    (617) 570-1000
                                                    (617) 523-1231 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2008, a true and correct copy of the within and foregoing documents was served upon counsel of record for all parties via CM/ECF.

                                                    /s/ J. Anthony Downs
                                                    J. Anthony Downs