# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Plaintiff/ ) | Civil Action No. |
| Counterclaim-Defendant, ) | 1:05-CV-02048 (RBW) |
| ) | |
| v. ) | ECF Case |
| ) | |
| TELES AG INFORMATIONSTECHNOLOGIEN, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |
| ) | |

_____

## CISCO SYSTEMS, INC.'S MOTION TO CONTINUE
## HEARING DATE DUE TO ATTORNEY CONFLICT

Plaintiff Cisco Systems, Inc., ("Cisco") submits this motion to continue the hearing date set by the Court's February 11, 2008 minute order, from February 27, 2008 at 2:00 p.m. to one of the following dates or another mutually acceptable date: March 13, 2008, March 14, 2008, or March 21, 2008. As grounds for this motion, Cisco states as follows:

1. On February 11, 2008, the Court entered a minute order scheduling a "motion hearing on the Plaintiff's Motion to Stay this Case Pending Reexamination of the '902 Patent" for February 27, 2008 at 2:00 p.m. Given the importance of the pending motion to both parties, Cisco desires to have J. Anthony Downs, lead counsel for Cisco, appear at the hearing on its behalf.

2. Mr. Downs, however, has a previously scheduled trial in the International Trade Commission beginning on Monday, February 25, 2008 and continuing through Friday, February

29, 2008, with every day scheduled to be a full trial day.  Staff for the Court have advised Cisco that the Court has availability to hold this hearing on March 13, 2008, March 14, 2008, or March 21, 2008, and Mr. Downs is available on each of these days.

       3.       Counsel for Cisco contacted David Long, counsel for Teles, to obtain Teles' consent to this motion.  Mr. Long indicated that he would be available on the alternative dates.  Nonetheless, Teles has refused to consent to the relief sought in this motion without requiring Cisco to agree to certain conditions.

       4.       Specifically, Teles' has preconditioned its consent to this motion on Cisco's agreement to negotiate and submit to this Court a procedural schedule.  Cisco, however, believes that Teles' request is premature as this case remains stayed while the Court continues to consider Cisco's motion to stay.  In fact, Cisco understands that the upcoming hearing is "[a] motion hearing on the Plaintiff's Motion to Stay this Case Pending Reexamination of the '902 Patent."  As Cisco's motion for stay remains under consideration, Cisco believes that negotiating a specific schedule is premature at this time.  Should the Court, however, prefer that the parties negotiate a procedural schedule prior to upcoming hearing, Cisco is prepared to do so.

       5.       Cisco believes that a short postponement of the scheduled hearing will not cause undue delay or prejudice to either party.  As indicated by Teles' proposed schedule, which extends discovery through October 2008, there is no real exigency here that would require the denial of this request to reschedule the upcoming hearing.

       WHEREFORE, Plaintiff Cisco Systems, Inc. respectfully requests that this Court enter an Order resetting the hearing in this matter from February 27, 2008 at 2:00 p.m. to one of the

following dates or another mutually acceptable date: March 13, 2008, March 14, 2008, or March 21, 2008.

Dated: February 19, 2008

Respectfully submitted,

CISCO SYSTEMS, INC.
By its attorneys,

/s/ J. Anthony Downs
Marva Deskins (#D00266)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-2000
(202) 346-4444 (fax)
mdeskins@goodwinprocter.com

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)
jdowns@goodwinprocter.com
lshiferman@goodwinprocter.com

## CERTIFICATE OF CONFERENCE

I have conferred with counsel of record for Defendant Teles AG Informationstechnologien who indicated that they oppose this Motion to Continue Hearing Date Due to Attorney Conflict and plan to file an opposition.

/s/ Lana S. Shiferman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2008, true and correct copies of the foregoing document were served upon counsel of record for all parties via CM/ECF.

/s/ Lana S. Shiferman