**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN <br><br> Defendant. <br><br> TELES AG INFORMATIONSTECHNOLOGIEN <br><br> Counterclaimant, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Counterdefendant. | Civil Action No.: 1:05-CV-02048(RBW) |

**TELES' OPPOSITION TO
CISCO'S MOTION TO DELAY HEARING**

Teles opposes Cisco's motion to delay the February 27 hearing. Teles requests the Court to maintain the hearing date consider entering a Scheduling Order to put this case back on track, such as the Proposed Scheduling Order referenced in Cisco's motion and attached hereto as Exhibit 1.

**Introduction**. After the parties fully briefed and argued Cisco's stay motion, the Court indicated that it would deny that motion and call the parties back to get this case on track if the Patent Office confirmed that the *inter partes* reexamination could last at least 2.5 years (as Teles contended) rather than only a year (as Cisco contended). The Patent Office letter to the Court (attached as Exhibit 3) confirms that the reexamination still has

- 1 -

about 3.5 years **remaining** from now: between 26 and 33 months through the Patent Office (*i.e.*, about 2.5 years) plus another year on appeal to the Federal Circuit.  Based on the Patent Office's response and the Court's ruling at the stay motion hearing, the February 27 hearing should be akin to a routine scheduling conference for going forward in this case.  There is no need to delay this case any more based on Mr. Downs schedule when his Partner, Ms. Lana Shiferman, typically has handled such routine hearings.

Importantly, Teles' key concern here is conserving the Court's time and avoiding delay caused by scheduling seriatim hearings in a busy docket.  Teles proposed a compromise to Cisco of moving the February 27 hearing to the next immediately available date (March 13) if the parties timely submit before the hearing a proposed scheduling order to get this case back on track.  Cisco refused.  Cisco insisted on (1) having a first hearing for the Court to confirm its ruling on the stay motion (on the off-chance the Court actually did not mean what it said about "mov[ing] forward" if the Patent Office said reexam could take about 2.5 years) and then (2) having a second hearing at some uncertain date in the future to consider a scheduling order.  Cisco's proposal needlessly wastes this Court's time on two separate hearings that inject unnecessary delay in getting this case on track.

**Cisco's Stay Motion**.  After substantial briefing and arguments on Cisco's stay motion, the key – and ultimately dispositive – dispute was how long the Court reasonably could expect the '902 Patent *inter partes* reexamination to last.  Cisco argued – without support – that reexamination "could be a year."[1]  Teles, however, argued that reexamination could last at least 2.5 years based on Patent Office statistics and a detailed case-by-case study of the actual pendency of *inter partes* reexaminations.[2]

---

[1] Aug. 10 Hearing Tr. at 6 (Dkt #49).

[2] *See* Teles Sur-Reply at 4-5 (Dkt #56) (citing DeLuca Dec. (Teles Opp. Br. Ex. 10) (Dkt #50), Patent Office Statistics (Cisco Reply Br. Ex. 10) (Dkt #54)); Jan. 7, 2008 Hearing Tr. at 3-4, 16-17 (Ex. 2).

**Court's Ruling**.  On January 7, 2008, the Court held a hearing on Cisco's stay motion.  The Court explained that it understood the prejudice to Teles caused by a stay in this case and would directly ask the Patent Office whether reexamination would take only a year (as Cisco argued) or at least 2.5 years (as Teles argued):

> The Court: What I am going to do is I am going to send a letter to the Patent Office requesting that they advise me of how long they believe it will take for them to address this case.  **If they come back consistent with what you [Teles] indicate, and they say it's going to take two and a half years to resolve this, then I think I would be inclined to call you all back in and get this case back on track and start to move forward**.
>
> If they say, "No, that's not the case.  We will give expedited consideration to it, and we believe we can resolve this matter within a year," then I would have a different view, but I think we should find out from them how long they think it's going to take.
>
> And **if you [Teles] are right in their assessment as to how long it is going to take, then I will move forward**."[3]
>
> ***
>
> The Court: "**If you're right and they say, "We just don't have the resources, and there is no way we can resolve this matter short of two and a half years," then I will move forward**. …
>
> The Court: I assume they tell me, "Look, we would like to resolve it sooner.  We just don't have the resources.  **It's going to take us two and a half years**."  **If they say that, then we'll move forward**."[4]
>
> The Court: But I will send a very strong letter to them letting them know the implications of what they let me know, and what I am going to do.  I think that is a fair way to do it to try and get some assessment, specific to this case, as to how long they think it is going to take for them to resolve it.  **And if they tell me it's going to be two and a half years, or something of that nature, as you [Teles] indicate, I think it would be unfair to Teles to stay the matter for that period of time**.[5]

---

[3] Jan. 7, 2008 Hearing Tr. at 17 (Ex. 2) (emphasis added).

[4] *Id*. at 19 (emphasis added).

[5] *Id*. at 23 (emphasis added).

**Patent Office Response**.  On February 4, the Patent Office responded that the '902 Patent *inter partes* reexamination could last another 3.5 years.  The Patent Office expressly considered the particular circumstances at issue here, including statutory and regulatory timing requirements.[6]  The Patent Office candidly admitted that "it is possible this particular proceeding may take **an additional 26 to 33 month**s" (*i.e.*, about 2.5 years) plus "a year or more" for any appeal to the Federal Circuit:

> Given the time required to complete all possible remaining stages, it may take **between 26 and 33 months** [*i.e.*, 2 yrs, 2 mos to 2 yrs, 9 mos] before the USPTO completes reexamination of the '902 Patent, but this is only an estimate.  And it is worth noting that if dissatisfied with a decision by the USPTO's Board Of Patent Appeals and Interferences, the parties may appeal to the Court of Appeals for the Federal Circuit, **which appeal itself may take a year or more**.[7]

Thus, the Patent Office has confirmed an **additional 3.5 years** remain before the process is complete.  Consistent with the Court's ruling at the January hearing, therefore, the February 27 hearing should focus on moving this case forward.  This should involve a simple scheduling conference that does not require the presence of Cisco's lead counsel, Mr. Downs.  Indeed, another Partner in his firm, Ms. Shiferman, usually has handled such simple hearings for Cisco in this case.  Perhaps Cisco intends to have Mr. Downs beat this horse some more; but the Court already had ample briefing and argument from Mr. Downs on this issue when it ruled how it would proceed based on the Patent Office's response.  There has been enough delay (and at substantial prejudice to Teles).  It is time to move forward as the Court stated it would do based on the Patent Office's response.

**Proposed Scheduling Order**.  Also consistent with the Court's ruling, Teles submits as Exhibit 1 a Proposed Scheduling Order that will "get this case back on track and start to move forward."[8]  This Proposed Scheduling Order is primarily based on the

---

[6] Patent Office Letter at 1 (Ex. 3).

[7] *Id*. at 1, 2 (emphasis added).

[8] Jan. 8, 2008 Hearing Tr. at 17 (Ex. 2)

scheduling order in place when this case was stayed last August with a couple months added at the beginning for transition.  If Cisco has concerns with this schedule, the parties may submit an alternative schedule at least 3 days before the hearing.  In either event, given the Court's busy docket and statements at the stay motion hearing that this case would move forward if the Patent Office indicated reexamination could last at least 2.5 years (which it did), it seems most efficient for the Court to consider at the February 27 hearing a proposed schedule for moving forward and avoid spending the Court's time and resources on scheduling yet another hearing on that rather straight-forward issue.

**Relief Requested**.  Based on the foregoing, Teles respectfully requests that the Court maintain the February 27 hearing date and consider entering at the hearing the Proposed Scheduling Order attached hereto as Exhibit 1, or any alternative Proposed Scheduling Order submitted by the Parties at least 3 days before the hearing.

DATED: February 19, 2008                    Respectfully submitted,

By: /S/   David W. Long_____
David W. Long, No. 458029
Mark Whitaker, No. 435755
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 19, 2008, a true and correct copy of the within and foregoing were electronically filed via CM/ECF which will cause service on counsel of record for the parties in this case.
                                        _____/s/ David W. Long_____