IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Plaintiff/ ) | Civil Action No. |
| Counterclaim-Defendant, ) | 1:05-CV-02048 (RBW) |
| ) | |
| v. ) | ECF Case |
| ) | |
| TELES AG INFORMATIONSTECHNOLOGIEN, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |
| ) | |

**CISCO SYSTEMS, INC.'S RESPONSE TO
TELES' "MOTION TO CLARIFY THE RECORD"**

Plaintiff Cisco Systems, Inc., ("Cisco") submits this response to Defendant Teles AG Informationstechnologien's ("Teles") Motion to Clarify the Record on Cisco's Stay Motion. This response is made necessary by certain mischaracterizations and omissions contained in Teles' filing.

As a preliminary matter, Cisco contends that the record before the Court is clear and requires no further clarification. The Court has considered the parties' detailed submissions and conducted four separate hearings related to Cisco's Motion for Stay, first granting and then upholding the stay each and every time. Nothing further is necessary or required at this time.

Should the Court, however, determine that supplementation of the record pursuant to Teles' motion is appropriate, Cisco requests that the Court also include certain material referenced by Cisco during the January 7, 2008 hearing. More importantly, Cisco objects to Teles' characterization of certain exhibits filed concurrently with Teles' motion and the

wholesale inclusion of Teles' Exhibit 16, and requests that the modifications detailed below be made prior to permitting supplementation of the record.

First, Teles neglects to include two recent Federal Circuit decisions - *Translogic Technology, Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988, 2007 WL 2973955 (Fed. Cir. 2007) and *In re Translogic Technology, Inc.*, 504 F.3d 1249 (Fed. Cir. 2007) - referenced and submitted by Cisco's counsel during the January 7, 2008 hearing.  *See* 1/7/08 Hearing Tr. at 12:22-13:17.  Copies of the *Translogic* decisions are attached hereto as Exhibits 20 and 21.  The *Translogic* decisions discuss in detail how the PTO's decision in reexamination proceedings can have a significant effect on district court proceedings.  As the Court may recall, the *Translogic* case proceeded at the district court level in parallel with the reexamination proceeding, resulting in a jury finding of infringement.  After the PTO subsequently found the patent invalid, the Federal Circuit vacated the jury verdict.  The *Translogic* decisions should be included in any supplementation made to the Court's record.

Next, Cisco objects to Teles' characterization of Exhibit 12-4 as "Tony Down's Brief." Exhibit 12-4 is one of several briefs submitted by counsel on behalf of Mr. Downs' client Tessera, Inc. in an ongoing ITC investigation, in which the circumstances differ in significant ways from the instant case and in fact counsel against a stay.  The brief in question, as made clear by the signature page not included in Teles' filing, was submitted by counsel from Gibson Dunn & Crutcher LLP and signed by Wayne Barsky, not Tony Downs.  Moreover, as explained during the March 14, 2008 hearing, Teles' law firm, Howrey LLP was counsel for Respondents in the same ITC investigation and submitted a series of briefs arguing in favor of a stay pending the resolution of several ongoing reexamination proceedings.  *See* 3/14/08 Hearing Tr. at 18.  To the extent that it is appropriate to include any brief from the ITC investigation as part of the

official Court record in this case, it should be properly referred to as "Complainant Tessera, Inc.'s Response to Respondents' Joint Motion for Stay."

Finally, Cisco objects to Teles' inclusion of Exhibit 16, a blog post regarding reexamination pendency, due to the suspect reliability of the contents. Cisco notes that the post was completely removed from Mr. Crouch's blog, including from the archives on that site, within a couple of days of the original posting. *See* patentlyo.com. This wholesale removal of the post is evidence of the suspect reliability of its contents. Inclusion of Exhibit 16, standing alone, gives it a cloak of credibility that is not appropriate, and as such it should not be included in the record.

Dated: June 23, 2008

Respectfully submitted,

CISCO SYSTEMS, INC.
By its attorneys,

/s/ J. Anthony Downs
Marva Deskins (#D00266)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 346-2000
(202) 346-4444 (fax)

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 23, 2008, true and correct copies of the foregoing document were served upon counsel of record for all parties via CM/ECF.

                                    /s/ Lana S. Shiferman_____
                                    Lana S. Shiferman