IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CISCO SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN )<br>)<br>Defendant. )<br>_____)<br>)<br>TELES AG )<br>INFORMATIONSTECHNOLOGIEN )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>Counterdefendant. )<br>_____) | Civil Action No.: 1:05-CV-02048(RBW) |

**TELES REPLY SUPPORTING MOTION TO CLARIFY
THE RECORD ON CISCO'S STAY MOTION**

There is no real dispute about Teles' submission of documents in this motion, which the Court acknowledged would be "appropriate."[1] Cisco's Opposition objects to only two documents and seeks to add two documents, as discussed below.

<u>Case Law</u>. First, Cisco summarizes and seeks to include two cases it cited during hearings. Teles does not object to including those two cases. Indeed, consistent with

---

[1] *See* Hearing Tr. of May 30, 2008 at 30.

1

Cisco's lead here, Teles similarly submits for the record as Exhibit 22 the Federal Circuit's recent decision on declaratory judgment jurisdiction that Teles cited during the May 30 hearing: *Cat Tech LLC v. Tubemaster, Inc.*, – F.3d –, No. 2007-1443 (Fed. Cir. May 28, 2008).[2]  This decision was not cited for its particular facts, but for its summary of well-established law that declaratory judgment jurisdiction (which must exist at all times) is based on the plaintiff (Cisco here) showing that it is "threatened with **damage by delayed adjudication**."[3]  This is important because, as stated at the hearing, Cisco cannot have it both ways:

(1) Cisco cannot argue that it **will be harmed by delaying adjudication** (in order to file and maintain its declaratory judgment action here) and

(2) also argue that it **will be harmed by NOT delaying adjudication** (as required to obtain a stay).[4]

**Tony Downs' Brief (Ex. 12-4)**.  Second, although Cisco does not object to including Exhibit 12-4, Cisco does object to Teles' "characterization" of it as "Tony Downs' Brief." This objection is, at most, a non-issue because it does not affect whether the document should be lodged with the Court.  In any event, characterizing the document as "Tony Downs' Brief" accurately and properly indicates its relevance here.

First, Exhibit 12-4 is indeed a brief submitted by Tony Downs in a patent case before the International Trade Commission ("ITC").[5]  Attached as Exhibit 23 is the

---

[2] *See* Hearing Tr. of May 30, 2008 at 21-22, 23-24.

[3] *Tubemaster* at *5; *See* Hearing Tr. of May 30, 2008 at 21.

[4] *See* Hearing Tr. of May 30, 2008 at 22, 24.

[5] *See* Downs Letter To Court of Mar. 12, 2008 at 2 (Ex. 11).  Cisco itself first cited the decision from this case, which prompted Teles to review and submit the Tony Downs' Brief to tell the rest of the story.

same brief of Exhibit 12-4 along with its full signature block (which was inadvertently omitted). The signature block shows that "J. Anthony Downs" is one of the attorneys who "Respectfully submitted" the brief. Cisco is simply wrong in arguing that the brief "was submitted" only by someone else and "not Tony Downs."[6]

Second, characterizing Exhibit 12-4 as the "Tony Downs' Brief" properly indicates its relevance here. Recall that Cisco itself first raised the ITC case as supporting its stay motion.[7] Both parties agree that the circumstances of the ITC case in which the brief was filed "differ[s] in significant ways from the instant case."[8] Thus, the Tony Downs' Brief is not submitted because of everything in it, but because of specific factual representations about reexamination that Mr. Downs made to the ITC that are wholly inconsistent with his simultaneous representations to this Court. For example, Mr. Downs told the ITC that (i) reexaminations can last years, (ii) interim decisions rejecting claims deserve little weight because they are "common place", and (iii) claims in reexamination have a high survival rate.[9] But Mr. Downs told this Court the exact opposite representations about reexaminations.

**Crouch Reexam Study (Ex. 16)**. Finally, Cisco objects to Exhibit 16, which is a study by law professor Dennis Crouch that he posted on his "Patently-O" blog. Cisco's Opposition now brings to our attention that the study has since been removed from the

---

[6] Cisco Opp. at 2. Cisco's attempt to now minimize Mr. Downs' role in that ITC case is inconsistent with its prior argument to this Court. Cisco successfully sought to delay a stay hearing in this case because it conflicted with trial in that ITC case in which Mr. Downs' presumably had an important role. *See* Cisco Systems Motion to Continue Hearing Date Due to Attorney Conflict (Dkt. # 66).

[7] *See* Downs Letter To Court of Mar. 12, 2008 at 2 (Ex. 11).

[8] Cisco Opp. at 2.

[9] Tony Downs' Br. at 14-15 (Ex. 12-4). Mr. Downs' representations to the ITC are consistent with Teles' arguments and numerous studies of record in this Court.

3

blog. That study appeared reliable because it was entirely consistent with and cumulative of numerous other studies of record – and Mr. Downs' representations to the ITC – showing that reexaminations take many years to complete, such as the Senate Judiciary Committee report finding that "reexamination of patents that are simultaneously involved in district court litigation can take ... as much as **seven or eight years** to complete."[10]

DATED: June 25, 2008                                             Respectfully submitted,

**TELES AG INFORMATIONSTECHNOLOGIEN**
By its attorneys,

/s/ David W. Long
David W. Long, No. 458029
Mark L. Whitaker, No. 435755
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2008, true and correct copies of the within and foregoing documents were served upon counsel of record for all parties via CM/ECF.

/s/ David W. Long
David W. Long, No. 458029

---

[10] *See* Senate Judiciary Report on Patent Reform Act of 2007 at 19 n.87 (Ex. 12-5) (emphasis added); *see also* Institute for Progress Inter Partes Reexamination Study (Ex. 13-2) (reexams take "**between 5 and 8 years**") (emphasis added); 2007 Patent Office Annual Report at 40 (Ex. 15) ("**pendency will continue to rise**") (emphasis added); DeLuca Reexamination Pendency Study at 4 (Dkt. #50-12) (inter partes reexaminations usually last "**several years**") (emphasis added); Downs' ITC Brief at 4-5 (Ex. 18) (pending reexaminations with rejected claims "still far from over" and "may be **more than 5 years** from any final determination if PTO reexamination proceedings are allowed to take **their normal course**") (emphasis added).